# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFONIA

| | |
|---|---|
| The People of the State of California, et al | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. [4:23-cv-05448-YGR] |
| | ) |
| Meta Platforms, Inc. et al | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MOTION TO INTERVENE AS PLAINTIFF-INTERVENOR

## I. INTRODUCTION

Plaintiffs, a group of 42 state attorneys general filed the original complaint in this lawsuit on October 24, 2023, against Meta Platforms, Inc. et al. Plaintiffs allege that Meta through its flagship Social Media Platforms Facebook harnessed powerful and unprecedented technologies in a motivation of "profit, and in seeking to maximize its financial gain", "while falsely assuring the public that its features were safe and suitable" to young and adult users, "ignored the sweeping damage these Platforms have caused to the mental and physical health of our nation's youth". Plaintiffs further allege that Meta engaged in, and continues to engage in, deceptive and unlawful conduct in violation of state and federal law.

In August 2023, Plaintiff-Intervenor noticed that Meta's flagship social media platform, Facebook, was pushing multiple obscene materials to Plaintiff-Intervenor's timeline several times in the form of sponsored advertisements. These materials were presented as videos, with sample screen snapshots attached in Exhibit 1. Plaintiff-Intervenor neither consented to this content nor was informed that accessing Facebook would expose Plaintiff-Intervenor to obscene materials. Plaintiff-Intervenor's child was sitting next to Plaintiff-Intervenor and sharing the same computer via a split screen. These features are not safe or suitable for minor members and have negatively impacted the mental and physical health of our nation's youth.

## II. Plaintiff-Intervenor Should be Granted Intervention as of Right Pursuant to Federal Rule of Civil Procedure 24(a)(2).

Rule 24(a) of the Federal Rules of Civil Procedure sets out the standards by which parties may intervene as of right. See Fed. R. Civ. P. 24(a). Rule 24(a) articulates two ways in which a party may intervene as of right:

Upon timely application, anyone shall be permitted to intervene in an action (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

*A. Plaintiff-Intervenor Has An Interest In This Action That Is Not Adequately Represented By the Existing Parties.*

Rule 24(a)(2) of the Federal Rules of Civil Procedure permits intervention as of right if: (1) the application is timely; (2) the party has a recognized interest in seeking intervention; (3) that interest might be impaired by the disposition of the litigation; (4) the applicant's interest is not adequately represented by the existing parties. See Union Electric, 64 F.3d at 1160; Fed. R. Civ. P. 24(a)(2). Rule 24 is construed "liberally" and, in the Eighth Circuit, all doubts are resolved 'in favor of the proposed intervenors.' Id. at 1158.

   1. Interest and Impairment of Interest

Plaintiff-Intervenor has a significant interest in this case. While Texas attorneys general is not a party of 42 state attorneys general, Plaintiff-Intervenor, **Conghua Yan**, as a Pro Se litigant and Texas resident, seeks to intervene in this lawsuit to enforce the Federal law, to ensure that a Texas resident receives the same or similar reliefs as other States' residents. When Texas users represented a large user base of Media Platforms, Plaintiff-Intervenor has an interest that such RICO conduct under Facebook's powerful and unprecedented technologies be declared unlawful and enjoined, that appropriate remedies are implemented, and that the victim is made whole. Plaintiff-Intervenor also has a significant interest in the interpretation and effective enforcement of Federal law, Racketeer Influenced and Corrupt Organizations Act.

This sole interest is particularly important given the other 42 state attorneys do not possess the factual knowledge of alleged unlawful RICO conducts committed to Plaintiff-Intervenor, through its flagship Social Media Platforms Facebook, and Facebook's powerful and unprecedented technologies to distribute obscene materials in interstate, including but not limited

to the State of Texas, this distribution also affect users across other States as well. This litigation, which directly involves Defendant's powerful and unprecedented technologies, must necessarily result in factual and legal determinations concerning the nature of the damages. Such determinations when upheld by Plaintiff-Intervenor's allegation will have persuasive stare decisis effect in any parallel or subsequent litigation. Rulings of law made on the factual record provided by Plaintiff-Intervenor in this case may have an impact on subsequent enforcement actions. "[I]n appropriate circumstances . . . stare decisis may supply the requisite practical impairment warranting intervention of right." *Smith v. Pangilinan*, 651 F.2d 1320, 1324, 1325 (9th Cir. 1981). We have said that such a stare decisis effect is an important consideration in determining the extent to which an applicant's interest may be impaired, *United States v. Oregon*, 839 F.2d 635, 638 (9th Cir. 1988). Moreover, Plaintiff-Intervenor represents the interest of himself as a Meta platform user. Plaintiff-Intervenor has an interest in the effective enforcement of federal laws and that interest may be impaired unless Plaintiff-Intervenor is granted intervention in this case.

2. Adequacy of Representation

The final requirement for intervention under Rule 24(a)(2) is that the interest asserted must not be adequately represented by the existing parties. *Union Electric*, 64 F.3d at 1168. To satisfy this test, the proposed intervenor 'need only carry a 'minimal' burden of showing that their interests are inadequately represented by the existing parties.' Mille Lacs Band of Chippewa, 989 F.2d at 999 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)).

Plaintiff-Intervenor seeks to intervene, in part, to ensure that Defendant takes remedial action to ensure that no like deceptive and unlawful conducts occurs in the future. In contrast, Plaintiffs seek relief on their own State behalf excepts the State of Texas. Plaintiff-Intervenor has a unique interest in enforcing federal law which is an interest that only it can adequately represent. See generally *SEC v. United States Realty & Imp. Co.,* 310 U.S. 434, 459, 460 (1941). Therefore, the interests of Plaintiff-Intervenor are not adequately represented by the existing parties. See Union Electric, 64 F.3d at 1170 (holding that where interests of existing party and the intervenor are 'disparate, even though directed at a common legal goal, . . . intervention is appropriate').

### III. Plaintiff-Intervenor Should Be Granted Permissive Intervention Pursuant to Rule 24(b).

In the alternative, Plaintiff-Intervenor should be granted permissive intervention. Rule 24(b) states that permissive intervention is allowed:

when an applicant's claim or defense and the main action have a question of law or fact in common . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Defendants committed a series of nationwide unlawful commercial acts, profiting from the interstate distribution of obscenity materials to American families and their children, including but not limited to the Plaintiff and his family members. Defendants' reckless and malicious commercial practices have violated *18 U.S.C. § 1460, 1461, 1462, 1465, 1466, 1468, 1470*, and *18 U.S.C. § 1961-1968.* Plaintiff-Intervenor is the only party has standing to claim relief due to the damage caused to Plaintiff-Intervenor in August 2023, and holding evidences which Plaintiff-Intervenor possess.

Sections 1461–1465 are among the racketeering activities defined in 18 U.S.C. § 1961. Without the users' prior consent or knowledge, and without any age verification, Defendant has willingly, knowingly, maliciously, and recklessly distributed obscene materials. These materials were disseminated using the Defendant's advertising tools for businesses on its platforms, thereby converting the proceedings into advertising revenue. This case raises important issues concerning long-lasting, nationwide RICO activities that must be addressed to protect Meta users. It is appropriate for the Plaintiff-Intervenor to participate in such an action to enforce applicable federal law.

## V. Conclusion

For the foregoing reasons, Plaintiff-Intervenor's Motion to Intervene should be granted.

Respectfully Submitted,

    Respectfully submitted,

                      /s/ Conghua Yan

[Conghua Yan]
[2140 E Southlake Blvd, Suite L-439]
[Southlake, Texas 76092]
[214-228-1886]
[arnold200@gmail.com]