ROB BONTA
Attorney General of California
NICKLAS A. AKERS (SBN 211222)
Senior Assistant Attorney General
BERNARD A. ESKANDARI (SBN 244395)
Supervising Deputy Attorney General
JOSHUA OLSZEWSKI-JUBELIRER (SBN 336428)
MEGAN O'NEILL (SBN 343535)
MARISSA ROY (SBN 318773)
Deputy Attorneys General
  455 Golden State Ave., Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 510-4400
  Fax: (415) 703-5480
  E-mail: Marissa.Roy@doj.ca.gov
*Attorneys for The People of the State of California*

*Additional parties and counsel listed on signature pages*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Case No. 4:23-cv-05448-YGR | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>**STATES' RESPONSE TO PRO SE MOTION TO INTERVENE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Action Filed: 10/24/2023 |

**INTRODUCTION**

Texas resident Conghua Yan's pro se motion to intervene constitutes an improper attempt to insert private claims for individual relief into a public enforcement action brought by 33 state attorneys general (the States).[1] The States have exercised their sovereign authority to bring this multistate, civil enforcement action against Meta. This enforcement action includes claims entirely distinct from those available to private plaintiffs: the States seek to vindicate public rights, which the States are uniquely tasked to protect, and to obtain relief for the public rather than private individuals. While private claims may proceed in parallel to this public law enforcement action in separate suits—and, indeed, scores of private suits are proceeding in multi-district litigation currently before this Court—a motion to intervene should not conflate a public enforcement action with a private claim.

The Federal Rules of Civil Procedure and this Circuit's precedents do not allow Yan to intervene in the States' public enforcement action. The States' enforcement action involves interests separate from—and not derivative of—the interests of any private individual, including Yan. The States' pursuit of this separate public enforcement action does not impact Yan's ability to seek relief for individualized harms. And Yan's claims do not share common questions of law or fact with the States' claims, particularly because Yan's claims are predicated on alleged violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act, which none of the States invoke. Thus, not only is there no basis to grant Yan's motion to intervene, but allowing intervention by a private claimant would fundamentally disrupt the States' authority to vindicate public rights.

---

[1] The States include State of Arizona, the People of the State of California, State of Colorado, State of Connecticut, State of Delaware, State of Georgia, State of Hawaiʻi, State of Idaho, the People of the State of Illinois, State of Indiana, State of Kansas, Commonwealth of Kentucky, State of Louisiana, State of Maine, Office of the Attorney General of Maryland, State of Michigan, State of Minnesota, State of Missouri, State of Nebraska, State New Jersey and New Jersey Division of Consumer Affairs, the People of the State of New York, State of North Carolina, State of North Dakota, State of Ohio, State of Oregon, Commonwealth of Pennsylvania, State of Rhode Island, State of South Carolina, State of South Dakota, Commonwealth of Virginia, State of Washington, State of West Virginia, and State of Wisconsin.

# ARGUMENT

**I.  YAN HAS NO MANDATORY RIGHT TO INTERVENE IN THE STATES' PUBLIC ENFORCEMENT ACTION.**

Yan cannot establish a mandatory right to intervention under the Federal Rules of Civil Procedure. Rule 24(a) provides a right to intervene to anyone who is "given an unconditional right to intervene by federal statute" or, alternatively, anyone who has (1) "an interest relating to the property or transaction that is the subject of the action" that (2) would be "impair[ed] or impede[d]" if the person was not permitted to intervene and (3) could not be "adequately represent[ed]" by the parties. Fed. R. Civ. P. 24(a)(1)-(2). Yan does not provide any legal authority that provides an unconditional right to intervene in the States' law enforcement action, and Yan has not demonstrated any of the three factors that would alternatively give rise to such a right.

**A.  Yan Has No Significantly Protectable Interest that Gives Rise to a Right of Intervention Under Rule 24(a).**

Yan has failed to state an interest in the States' enforcement action that is sufficient to give rise to a right of intervention. To justify mandatory intervention, a proposed intervenor must demonstrate a "significantly protectable interest" in the property or transaction that is the subject of the underlying action. *Donaldson v. United States*, 400 U.S. 517, 531 (1971). "[A]t an irreducible minimum Rule 24(a)(2) requires that the asserted interest be 'protectable under some law' and that there exist 'a relationship between the legally protected interest and the claims at issue[.]'" *Cal. Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, 54 F.4th 1078, 1088 (9th Cir. 2022) (citation omitted). A relationship exists "only if the resolution of the plaintiff's claims actually will affect the [proposed intervenor]." *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998) (citations omitted). Accordingly, where the resolution of an action would affect the proposed intervenor's interest in real property, *see e.g.*, *Arakaki v. Cayetano*, 324 F.3d 1078 (9th Cir. 2003), or impose direct economic consequences on the proposed intervenor, *see, e.g.*, *United State v. Aerojet General Corp.*, 606 F.3d 1142 (9th Cir. 2010), the interest is significantly protectable.

By contrast, a more generalized interest in the underlying action or an interest that is several degrees removed from the disposition of the underlying action cannot sustain a right of intervention. *See, e.g.*, *United States v. Alisal Water Corp.*, 370 F.3d 915, 919-20 (9th Cir. 2004) (denying a creditor's motion to intervene in an environmental enforcement action that might impair the creditor's ability to collect a debt because "[t]his interest is several degrees removed from the overriding public . . . policies that are the backbone of this litigation"); *Westlands Water Dist. v. United States*, 700 F.2d 561, 563 (9th Cir. 1983) (denying a nonprofit's motion to intervene in a contract dispute between a water district and the federal government because the nonprofit's interest was not based on the underlying contracts but rather "enlightened public policy"). Particularly in public enforcement actions, a substantial portion of the population may have a generalized interest in the litigation and its outcome, but that generalized interest does not give rise to a right of intervention. *See, e.g.*, *People v. Tahoe Reg'l Planning Agency*, 792 F.2d 779, 780-82 (9th Cir. 1986).

Here, the States have brought a public enforcement action entirely distinct from any protectable interest Yan may have. A civil action brought by governmental entities for unfair or deceptive acts or practices is "a law enforcement action designed to protect the public and not to benefit private parties." *City & Cnty. of San Francisco v. PG & E Corp.*, 433 F.3d 1115, 1125-26 (9th Cir. 2006) (quoting *People v. Pac. Land Rsch. Co.*, 569 P.2d 125, 129 (Cal. 1977)); *see also, e.g.*, *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 149 (Colo. 2003) (holding that if a wrong is private in nature and does not affect the public, the claim is not actionable under the Colorado Consumer Protection Act); *Quattrocchi v. Georgia*, 850 S.E.2d 432, 436 (Ga. App. 2020) (holding that under the Georgia Fair Business Practices Act, although the State may seek restitution, an action by the State does not seek damages to remedy private wrongs).

The States' action is "fundamentally different from a class action or other representative litigation." *Payne v. Nat'l Collection Sys., Inc.*, 91 Cal. App. 4th 1037, 1045 (2001); *see also, e.g.*, *Tiismann v. Linda Martin Homes Corp.*, 637 S.E.2d 14, 17 (Ga. 2006) (distinguishing the elements of a private consumer protection action from those applicable to a State action). The

1  States' interests and right to pursue this action "is separate from, and not derivative of" that of
2  private plaintiffs. *City & Cnty. of San Francisco*, 433 F.3d at 1127; *see also, e.g.*, *State ex rel.*
3  *Edmisten v. Challenge, Inc.*, 284 S.E.2d 333, 339 (N.C. Ct. App. 1981) (noting that public
4  enforcement of the North Carolina Unfair or Deceptive Trade Practices Act is intended to
5  advance the public interest "rather than to redress individual grievances"); *Lightfoot v.*
6  *MacDonald*, 544 P.2d 88, 90 (Wash. 1976) (recognizing the Attorney General's ability to bring a
7  consumer protection action for the benefit of the public and noting, "[t]he Attorney General's
8  responsibility in bringing cases of this kind is to protect the public from the kinds of business
9  practices which are prohibited by the statute; it is not to seek redress for private individuals"
10 (quoting *Seaboard Sur. Co. v. Ralph Williams' Nw. Chrysler Plymouth, Inc.*, 504 P.2d 1139, 1143
11 (Wash. 1973))).

12      Yan's individual interests bear no relationship to the public interests represented by the
13 States. The States' public enforcement action does not involve real property that Yan has a claim
14 to, contracts Yan is party to, or Yan's economic interests. Nor does the disposition of this
15 litigation affect Yan's ability to vindicate private claims to redress the harm Yan personally
16 suffered on Meta's Platforms.

17      At most, Yan has expressed a generalized interest in halting Meta's misconduct—an
18 interest many members of the public share. Such generalized interest in the States' public
19 enforcement action is insufficient to support mandatory intervention. *See, e.g.*, *Tahoe Reg'l*
20 *Planning Agency*, 792 F.2d at 780-82 (denying property owners' motion to intervene in an
21 enforcement action by the state of California challenging a regional environmental plan because
22 the plan's effects on proposed intervenors' property were "incidental" and their interest was the
23 generalized interest shared by many members of the public). For this reason alone, Yan's motion
24 for mandatory intervention must be denied.

25      **B.    The States' Public Enforcement Action Does Not Impact Yan's Claims
            Because Yan Can File a Separate Action Like the Other Private Plaintiffs.**
26

27      The States' public enforcement action has no impact on Yan's interests. Individual interests
28 are not impeded or impaired by a pending action when they can be "raise[d] . . . through a

separate lawsuit[.]" *Warren v. Comm'r of Internal Revenue*, 302 F.3d 1012, 1015 (9th Cir. 2002). Particularly with regard to public enforcement actions, courts have held that an individual's interests are not impaired or impeded where the proposed intervenor can pursue a claim independently from the government. *See, e.g.*, *Equal Emp't Opportunity Comm'n v. E. Airlines, Inc.*, 736 F.3d 635, 638-39 (11th Cir. 1984) (denying a motion to intervene for one of the nineteen individuals whose age discrimination claims served as the basis for a public enforcement action brought by the Equal Employment Opportunity Commission because that individual could seek personal relief in a separate lawsuit). Even if the disposition of a pending action will create relevant precedent, that precedent must have a direct and practical effect on the proposed intervenor to justify mandatory intervention. *See Greene v. United States*, 996 F.3d 973, 977-78 (9th Cir. 1993).

Here, the States' public enforcement action is separate and distinct from a private action. As a public enforcement action, the States' case "lacks the fundamental attributes of a consumer class action filed by a private party." *Pac. Land Rsch. Co.*, 569 P.2d at 129; *see also, e.g.*, *Hall v. Walter*, 969 P.2d 224, 234-35 (Colo. 1998) (holding that private causes of action under the Colorado Consumer Protection Act are distinct from public enforcement); *Tiismann*, 637 S.E.2d at 17 (distinguishing between the elements of private and public actions under the Georgia Fair Business Practices Act). Accordingly, "traditional res judicata principles have no application to a judgment resulting from [public enforcement action for unfair or deceptive acts or practices] filed by the Attorney General or another public prosecutor in a subsequent lawsuit brought by a victim of improper business practices." *Payne*, 91 Cal. App. 4th at 1047 (citation omitted).

Yan can thus vindicate any individual interests by initiating a separate action in state court or by filing into the multi-district litigation alongside over 100 other actions, the majority of which were filed by private parties. Under either option, there will be no res judicata impact from the States' enforcement action. Furthermore, any precedent created by the States' claims would not affect Yan's case because the underlying factual and legal basis for Yan's claims are also distinct from the States': Yan seeks to claim a violation of the RICO Act stemming from obscene third-party advertising on Meta's platforms. Mot. at 1, 4. The States bring enforcement claims

under the Children's Online Privacy Protection Act of 1998 (COPPA)[2] and state consumer protection statutes that stem from Meta's unfair and deceptive business practices, unrelated to the content of third-party advertisements.

Since Yan's individual interests can be fully vindicated apart and with no practical impact from the States' enforcement action, there is no impairment that justifies mandatory intervention.

### C. The States Best Represent Public Interests.

To the extent Yan has a generalized interest in the public rights that the States seek to vindicate, the States are best situated to represent that interest. When the government is representing the public, there is an "assumption of adequacy." *Arakaki*, 324 F.3d at 1086. Thus, the proposed intervenor must make a "very compelling showing" that the government cannot adequately represent public rights. *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020). Yan makes no showing, nor could Yan. There is no question that the States are best situated to seek redress for Meta's deceptive and unlawful conduct on behalf of the public. In sum, there is no basis for mandatory intervention.

## II. YAN HAS NO BASIS TO PERMISSIVELY INTERVENE IN THE STATES' PUBLIC ENFORCEMENT ACTION.

In the absence of grounds for intervention by right, Rule 24(b) allows the court discretion to permit intervention to anyone who "is given a conditional right to intervene by a federal statute" or who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(A)-(B). Yan can make neither showing.

As an initial matter, Yan does not identify a federal statute that provides a conditional right to intervene, and the States are unaware of one. Moreover, as discussed, Yan's motion appears to raise questions of law and fact that are fundamentally different from those raised by the States.[3] Yan seeks to insert a RICO claim into this public law enforcement action—a legal

---

[2] Because "COPPA does not authorize a private right of action," *Jones v. Google LLC*, 73 F.4th 636, 641 (9th Cir. 2023), Yan could not even bring a standalone COPPA claim.

[3] Yan's motion does not comply with Rule 24(c) because it is not "accompanied by a pleading that sets out the claim . . . for which intervention is sought." Nor does it adopt a pleading by reference, which may cure this deficiency. Regardless, Yan's motion fails despite any "purely

theory advanced by none of the States. And Yan's proposed legal theory factually appears to derive exclusively from the content published on Meta's platforms (the alleged obscene materials "in the form of sponsored advertisements"). Mot. at 1. Whereas, in summary, the States allege misconduct stemming from Meta's (1) collection of data from users under thirteen years old without required parental notification and consent; (2) misrepresentations surrounding the safety of its social media platforms; and (3) the deceptive and unfair constellation of features that prolong engagement and lead to youth addiction.

It would be infeasible to litigate such distinct factual issues and private legal theories in the same public enforcement action brought by the States. And it is unnecessary to try to do so, especially when Yan has other means to pursue private litigation in either state court or alongside numerous other private claimants in the multi-district litigation. Furthermore, allowing a private claimant to intervene and exercise any influence or control over a public enforcement action would impede the States' ability and sovereign authority to vindicate the public interest. These significant differences underscore why permissive intervention should also be denied.

## CONCLUSION

For these reasons, the States respectfully request that the Court deny Conghua Yan's motion to intervene in this public enforcement action.

Dated: November 15, 2023                                 Respectfully submitted,

       /s/ Marissa Roy

Deputy Attorney General
California Department of Justice
Office of the Attorney General

*Attorney for Plaintiff the People of the State of California*

---

technical" defect. *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) (citation omitted).

| | |
|---|---|
| **KRIS MAYES**<br>Attorney General<br>State of Arizona<br><br>*/s/ Vince Rabago*<br>Vince Rabago (AZ No. 015522 CA No. 167033), *pro hac vice*<br>Chief Counsel - Consumer Protection and Advocacy Section<br>Nathan Whelihan (AZ No. 037560),<br>*pro hac vice app. forthcoming, if required*<br>Assistant Attorney General<br>Arizona Attorney General's Office<br>2005 North Central Avenue<br>Phoenix, AZ 85004<br>Phone: (602) 542-3725<br>Fax:     (602) 542-4377<br>Vince.Rabago@azag.gov<br>Nathan.Whelihan@azag.gov<br><br>*Attorneys for Plaintiff State of Arizona*<br><br>**PHILIP J. WEISER**<br>Attorney General<br>State of Colorado<br><br> */s/ Bianca E. Miyata*<br>Bianca E. Miyata (CO Reg. No. 42012), *pro hac vice*<br>Senior Assistant Attorney General<br>Lauren M. Dickey (CO Reg. No. 45773)<br>First Assistant Attorney General<br>Megan Paris Rundlet (CO Reg. No. 27474)<br>Senior Assistant Solicitor General<br>Elizabeth Orem (CO Reg. No. 58309)<br>Assistant Attorney General<br>Colorado Department of Law<br>Ralph L. Carr Judicial Center<br>Consumer Protection Section<br>1300 Broadway, 7th Floor<br>Denver, CO 80203<br>Phone: (720) 508-6651<br>bianca.miyata@coag.gov<br><br>*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General* | **KATHLEEN  JENNINGS**<br>Attorney General<br>State of Delaware<br><br>*/s/ Dashiell Raj Radosti*<br>Owen Lefkon<br>Director of Fraud and Consumer Protection<br>Marion Quirk, *pro hac vice*<br>Director of Consumer Protection<br>Dashiell Radosti (DE Bar 7100*),<br>pro hac vice*<br>Deputy Attorney General,<br>Delaware Department of Justice<br>820 N. French Street, 5th Floor<br>Wilmington, DE 19801<br>Phone: (302) 683-8800<br>Dashiell.Radosti@delaware.gov<br><br>*Attorneys for Plaintiff State of Delaware*<br><br><br>**CHRISTOPHER M. CARR**<br>Attorney General<br>State of Georgia<br><br>*/s/ Melissa M. Devine*<br>Melissa M. Devine (GA Bar No. 403670), *pro hac vice*<br>Assistant Attorney General<br>Office of the Attorney General of the State of Georgia<br>2 Martin Luther King Jr. Drive, SE, Ste. 356<br>Atlanta, GA 30334<br>Phone: (404) 458-3765<br>Fax: (404) 651-9108<br>mdevine@law.ga.gov<br><br>*Attorneys for Plaintiff State of Georgia* |

| | |
|---|---|
| **ANNE E. LOPEZ**<br>Attorney General<br>State of Hawaiʻi<br><br>/s/ *Christopher T. Han*<br>Bryan C. Yee (HI JD No. 4050),<br>*pro hac vice*<br>Supervising Deputy Attorney General<br>Christopher T. Han (HI JD No. 11311),<br>*pro hac vice*<br>Deputy Attorney General<br>Department of the Attorney General<br>Commerce and Economic Development<br>Division<br>425 Queen Street<br>Honolulu, Hawaiʻi 96813<br>Phone: (808) 586-1180<br>Bryan.c.yee@hawaii.gov<br>Christopher.t.han@hawaii.gov<br><br>*Attorneys for Plaintiff State of Hawaiʻi* | **KWAME RAOUL**<br>Attorney General<br>State of Illinois<br><br>By: /s/ *Hanan Malik*<br>Susan Ellis, Chief, Consumer Protection Division (IL Bar No. 6256460)<br>Greg Grzeskiewicz, Chief, Consumer Fraud Bureau (IL Bar No. 6272322)<br>Jacob Gilbert, Deputy Chief, Consumer Fraud Bureau (IL Bar No. 6306019)<br>Daniel Edelstein, Supervising Attorney, Consumer Fraud Bureau (IL Bar No. 6328692), *pro hac vice*<br>Adam Sokol, Senior Assistant Attorney General, Consumer Fraud Bureau (IL Bar No. 6216883)<br>Hanan Malik, Assistant Attorney General, Consumer Fraud Bureau (IL Bar No. 6316543), *pro hac vice*<br>Emily María Migliore, Assistant Attorney General, Consumer Fraud Bureau (IL Bar No. 6336392)<br>Kevin Whelan, Assistant Attorney General, Consumer Fraud Bureau (IL Bar No. 6321715), *pro hac vice*<br>Office of the Illinois Attorney General<br>100 W. Randolph Street<br>Chicago, Illinois 60601<br>312-814-2218<br>Susan.Ellis@ilag.gov<br>Greg.Grzeskiewicz@ilag.gov<br>Jacob.Gilbert@ilag.gov<br>Daniel.Edelstein@ilag.gov<br>Adam.Sokol@ilag.gov<br>Hanan.Malik@ilag.gov<br>Emily.Migliore@ilag.gov<br>Kevin.Whelan@ilag.gov<br><br>*Attorneys for Plaintiff the People of the State of Illinois* |

| | | |
|---|---|---|
| 1 | **THEODORE E. ROKITA**<br>Attorney General | **DANIEL J. CAMERON**<br>Attorney General |
| 2 | State of Indiana | Commonwealth of Kentucky |

| | |
|---|---|
| /s/ Scott L. Barnhart | /s/ J. Christian Lewis |
| Scott L. Barnhart (IN Atty No. 25474-82), *pro hac vice* | J. Christian Lewis (KY Bar No. 87109), *pro hac vice* |
| Chief Counsel and Director of Consumer Protection | Philip Heleringer (KY Bar No. 96748), *pro hac vice* |
| Corinne Gilchrist (IN Atty No. 27115-53), *pro hac vice* | Gregory B. Ladd (KY Bar No. 95886), *pro hac vice* |
| Section Chief, Consumer Litigation | Zachary Richards (KY Bar No. 99209), *pro hac vice app. forthcoming* |
| Mark M. Snodgrass (IN Atty No. 29495-49), *pro hac vice* | Daniel I. Keiser (KY Bar No. 100264), *pro hac vice app. forthcoming* |
| Deputy Attorney General | Assistant Attorneys General |
| Office of the Indiana Attorney General | 1024 Capital Center Drive, Ste. 200 |
| Indiana Government Center South | Frankfort, KY 40601 |
| 302 West Washington St., 5th Floor | christian.lewis@ky.gov |
| Indianapolis, IN 46203 | philip.heleringer@ky.gov |
| Telephone: (317) 232-6309 | greg.ladd@ky.gov |
| Scott.Barnhart@atg.in.gov | zach.richards@ky.gov |
| Corinne.Gilchrist@atg.in.gov | Phone: (502) 696-5300 |
| Mark.Snodgrass@atg.in.gov | Fax: (502) 564-2698 |
| | |
| *Attorneys for Plaintiff State of Indiana* | *Attorneys for Plaintiff the Commonwealth of Kentucky* |

| | | |
|---|---|---|
| 1 | **JEFF LANDRY** | **ANTHONY G. BROWN** |
| | Attorney General | Attorney General |
| 2 | State of Louisiana | State of Maryland |
| 3 | | |
| | /s/ *Arham Mughal* | /s/ *Elizabeth J. Stern* |
| 4 | Arham Mughal (LA Bar No. 38354), | Philip D. Ziperman (Maryland CPF No. |
| | *pro hac vice* | 9012190379), *pro hac vice* |
| 5 | L. Christopher Styron (LA Bar No. 30747), | Deputy Chief, Consumer Protection Division |
| | *pro hac vice* | Elizabeth J. Stern (Maryland CPF No. |
| 6 | Assistant Attorneys General | 1112090003), *pro hac vice* |
| | Louisiana Department of Justice | Assistant Attorney General |
| 7 | Office of the Attorney General | Office of the Attorney General of Maryland |
| | Public Protection Division | 200 St. Paul Place |
| 8 | Consumer Protection Section | Baltimore, MD 21202 |
| | 1885 N 3rd Street, 4th Floor | Phone: (410) 576-6417 (Mr. Ziperman) |
| 9 | Baton Rouge, LA 70802 | Phone: (410) 576-7226 (Ms. Stern) |
| | Tel: (225) 326-6438 | Fax: (410) 576-6566 |
| 10 | MughalA@ag.louisiana.gov | pziperman@oag.state.md.us |
| 11 | StyronL@ag.louisiana.gov | estern@oag.state.md.us |
| 12 | | |
| | *Attorneys for State of Louisiana* | *Attorneys for Plaintiff Office of the Attorney* |
| 13 | | *General of Maryland* |
| 14 | | |
| | **AARON M. FREY** | |
| 15 | Attorney General | **DANA NESSEL** |
| | State of Maine | Attorney General |
| 16 | | State of Michigan |
| 17 | /s/ *Michael Devine* | |
| | Michael Devine, Maine Bar No. 5048, | /s/ *Daniel J. Ping* |
| 18 | *pro hac vice* | Daniel J. Ping (P81482), *pro hac vice* |
| | Laura Lee Barry Wommack, Maine Bar No. | Assistant Attorney General |
| 19 | 10110, *pro hac vice* | Michigan Department of Attorney General |
| | Assistant Attorneys General | Corporate Oversight Division |
| 20 | Office of the Maine Attorney General | P.O. Box 30736 |
| | 6 State House Station | Lansing, MI 48909 |
| 21 | Augusta, ME 04333 | 517-335-7632 |
| 22 | (207) 626-8800 | PingD@michigan.gov |
| | michael.devine@maine.gov | |
| 23 | lauralee.barrywommack@maine.gov | *Attorneys for Plaintiff State of Michigan* |
| 24 | *Attorneys for Plaintiff State of Maine* | |

| | | |
|---|---|---|
| 1 | **KEITH ELLISON** <br> Attorney General | **LETITIA JAMES** <br> Attorney General |
| 2 | State of Minnesota | State of New York |
| 3 | | |
| 4 | /s/ *James Van Buskirk* <br> James Van Buskirk (MN Bar No. 0392513), <br> *pro hac vice* | /s/ *Christopher D'Angelo* <br> Christopher D'Angelo, Chief Deputy <br> Attorney General, Economic Justice |
| 5 | Assistant Attorney General | Division (NY Bar No. 4348744), |
| 6 | Office of the Minnesota Attorney General <br> 445 Minnesota Street, Suite 1200 | *pro hac vice* <br> Christopher.D'Angelo@ag.ny.gov |
| 7 | St. Paul, MN 55101-2130 <br> Tel: (651) 757-1150 | Clark Russell, Deputy Chief, Bureau of <br> Internet and Technology (NY Bar No. |
| 8 | james.vanbuskirk@ag.state.mn.us | 2848323), *pro hac vice* <br> Clark.Russell@ag.ny.gov |
| 9 | *Attorney for Plaintiff State of Minnesota, by* | Nathaniel Kosslyn, Assistant Attorney |
| 10 | *its Attorney General, Keith Ellison* | General (NY Bar No. 5773676), *pro hac vice* <br> *app. forthcoming, if required* |
| 11 | | Nathaniel.Kosslyn@ag.ny.gov |
| 12 | **MATTHEW J. PLATKIN** <br> Attorney General | New York State Office of the Attorney <br> General |
| 13 | State of New Jersey | 28 Liberty Street <br> New York, NY 10005 |
| 14 | By: /s/ *Kashif T. Chand* <br> Kashif T. Chand (NJ Bar No. 016752008), | (212) 416-8262 |
| 15 | *pro hac vice* <br> Section Chief, Deputy Attorney General | *Attorneys for Plaintiff the People of the State of New York* |
| 16 | Thomas Huynh (NJ Bar No. 200942017), <br> *pro hac vice* | |
| 17 | Assistant Section Chief, Deputy Attorney <br> General | |
| 18 | New Jersey Office of the Attorney General, | |
| 19 | Division of Law <br> 124 Halsey Street, 5th Floor | |
| 20 | Newark, NJ 07101 <br> Tel: (973) 648-2052 | |
| 21 | Kashif.Chand@law.njoag.gov | |
| 22 | Thomas.Huynh@law.njoag.gov | |
| 23 | *Attorneys for Plaintiffs State of New Jersey* | |
| 24 | *and the New Jersey Division of Consumer Affairs* | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | **JOSHUA H. STEIN** <br> Attorney General | **DAVE YOST** <br> Attorney General |
| 2 | State of North Carolina | State of Ohio |
| 3 | */s/ Kevin Anderson* <br> Kevin Anderson (N.C. Bar No. 22635), | */s/ Kevin R.Walsh* <br> Melissa G. Wright (Ohio Bar No. 0077843) |
| 4 | *pro hac vice* <br> Senior Counsel | Section Chief, Consumer Protection Section <br> Melissa.Wright@ohioago.gov |
| 5 | Sarah G. Boyce <br> Deputy Attorney General & General Counsel | Melissa S. Smith (Ohio Bar No. 0083551) <br> Asst. Section Chief, Consumer Protection |
| 6 | Jasmine S. McGhee <br> Senior Deputy Attorney General | Section <br> Melissa.S.Smith@ohioago.gov |
| 7 | Josh Abram <br> Kunal Choksi | Michael S. Ziegler (Ohio Bar No. 0042206) |
| 8 | Special Deputy Attorneys General <br> Charles G. White | Principal Assistant Attorney General <br> Michael.Ziegler@ohioago.gov |
| 9 | Assistant Attorney General <br> N.C. Department of Justice | Kevin R. Walsh (Ohio Bar No. 0073999), |
| 10 | Post Office Box 629 <br> Raleigh, North Carolina 27602 | *pro hac vice* <br> Kevin.Walsh@ohioago.gov |
| 11 | Telephone: (919) 716-6006 <br> Facsimile: (919) 716-6050 | Senior Assistant Attorney General <br> 30 East Broad Street, 14th Floor |
| 12 | kander@ncdoj.gov | Columbus, Ohio 43215 <br> Tel: 614-466-1031 |
| 13 | *Attorneys for Plaintiff State of North Carolina* | |
| 14 | | *Attorneys for State of Ohio, ex rel. Attorney General Dave Yost* |
| 15 | | |
| 16 | | |
| 17 | | **MICHELLE A. HENRY** <br> Attorney General |
| 18 | | Commonwealth of Pennsylvania |
| 19 | | */s/ Timothy R. Murphy* <br> Timothy R. Murphy |
| 20 | | Senior Deputy Attorney General (PA Bar No. 321294), *pro hac vice* |
| 21 | | Email: tmurphy@attorneygeneral.gov <br> Jonathan R. Burns |
| 22 | | Deputy Attorney General (PA Bar No. 315206), *pro hac vice* |
| 23 | | Email: jburns@attorneygeneral.gov |
| 24 | | Pennsylvania Office of Attorney General <br> Strawberry Square, 14th Floor |
| 25 | | Harrisburg, PA 17120 <br> Tel: 717.787.4530 |
| 26 | | |
| 27 | | *Attorneys for Plaintiff the Commonwealth of Pennsylvania* |
| 28 | | |

| | | |
|---|---|---|
| 1 | **ALAN WILSON**<br>Attorney General | **JASON S. MIYARES**<br>Attorney General |
| 2 | State of South Carolina | Commonwealth of Virginia |

**ALAN WILSON**
Attorney General
State of South Carolina

*/s/ Anna C. Smith*
C. Havird Jones, Jr.
Senior Assistant Deputy Attorney General
Jared Q. Libet (S.C. Bar No. 74975),
*pro hac vice*
Assistant Deputy Attorney General
Anna C. Smith (SC Bar No. 104749),
*pro hac vice*
Assistant Attorney General
Clark C. Kirkland, JR.
Assistant Attorney General
Office of the Attorney General of South Carolina
P.O. Box 11549
Columbia, South Carolina 29211
Tel: (803) 734-0536
annasmith@scag.gov

*Attorneys for Plaintiff the State of South Carolina, ex rel. Alan M. Wilson, in His Official Capacity as Attorney General of the State of South Carolina*


**MARTY J. JACKLEY**
Attorney General
State of South Dakota

*/s/ Jessica M. LaMie*
By: Jessica M. LaMie) (SD Bar No. 4831),
*pro hac vice*
Assistant Attorney General
1302 East Highway 14, Suite 1
Pierre, SD 57501-8501
Telephone: (605) 773-3215
Jessica.LaMie@state.sd.us

*Attorneys for Plaintiff State of South Dakota*

**JASON S. MIYARES**
Attorney General
Commonwealth of Virginia

*/s/ Joelle E. Gotwals*
Steven G. Popps
Deputy Attorney General
Richard S. Schweiker, Jr.
Senior Assistant Attorney General and Section Chief
Joelle E. Gotwals (VSB No. 76779),
*pro hac vice*
Assistant Attorney General
Office of the Attorney General of Virginia
Consumer Protection Section
202 N. 9th Street
Richmond, Virginia 23219
Telephone:    (804) 786-8789
Facsimile:    (804) 786-0122
E-mail: jgotwals@oag.state.va.us

*Attorneys for the Plaintiff Commonwealth of Virginia*
*ex rel. Jason S. Miyares, Attorney General*


**ROBERT W. FERGUSON**
Attorney General
State of Washington

*/s/ Joseph Kanada*
Joseph Kanada (WA Bar No. 55055),
*pro hac vice*
Alexandra Kory (WA Bar No. 49899),
*pro hac vice*
Rabi Lahiri
Gardner Reed
Alexia Diorio
Assistant Attorneys General
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 389-3843
Joe.Kanada@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

| | |
|---|---|
| 1 | **JOSHUA L. KAUL** |
| 2 | Attorney General |
|   | State of Wisconsin |
| 3 | |
|   | /s/ R. Duane Harlow |
| 4 | R. Duane Harlow |
|   | Assistant Attorney General |
| 5 | WI State Bar #1025622, *pro hac vice* |
|   | Wisconsin Department of Justice |
| 6 | Post Office Box 7857 |
| 7 | Madison, Wisconsin 53707-7857 |
|   | (608) 266-2950 |
| 8 | harlowrd@doj.state.wi.us |
| 9 | *Attorneys for Plaintiff State of Wisconsin* |

15

**ATTESTATION**

I hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: November 15, 2023      By:  */s/ Marissa Roy*
                                   Marissa Roy

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and had the foregoing document served by mail to Conghua Yan at the address provided, 2140 E Southlake Blvd, Suite L-439, Southlake, Texas 76092.

By: */s/ Marissa Roy*

Marissa Roy