UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA,** *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>**META PLATFORMS, INC.,** *et al.*,<br><br>  Defendants. | Case No. 4:23-cv-05448-YGR<br><br>**ORDER DENYING MOTION TO INTERVENE**<br><br>Re: Dkt. No. 35 |

Pending before the Court is a *pro se* motion to intervene in the above-captioned matter filed by Texas resident Conghua Yan. Mr. Yan argues he should be allowed to intervene because he is a resident of Texas, the Texas attorney general has not joined this suit, and thus, his interests are not adequately represented.

The Court disagrees. This state attorneys general enforcement action involves interests separate from Mr. Yan's. Further, the instant case does not preclude Mr. Yan from seeking relief on an individualized basis. Having carefully reviewed the briefs and for the reasons below, the Court therefore **DENIES** the motion **WITH PREJUDICE**.

**I.   BACKGROUND**

To expedite the issuance of this order, the Court assumes parties' familiarity with the relevant factual background.

**II.   LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for intervention of right as well as permissive intervention. Intervention of right is available where the putative intervenor: (i)"is given an unconditional right to intervene by federal statute;" or (ii) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede their ability to protect their interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a) (cleaned up). A court may

exercise its discretion to allow permissive intervention where the putative intervenor: (i) "is given a conditional right to intervene by a federal statute;" or (ii) "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).

**III.     ANALYSIS**

The Court addresses Mr. Yan's arguments regarding intervention of right and permissive intervention in turn.[1]

A. Intervention of Right

The Court must first decide whether Mr. Yan has a right to intervene. Since Mr. Yan does not argue he was granted a right to intervene by statute, the Court declines to conduct a statutory analysis. Instead, the Court focuses on whether he has established the existence of a protectable interest in the property or transaction here at issue such that Rule 24(a)(2) affords him the right to intervene.

*California Department of Toxic Substances Control v. Jim Dobbas, Inc*. sets forth the applicable standard:

> In this circuit, Rule 24(a)(2) requires the outsider to show that (1) it has a significant protectable interest as to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately meet the applicant's interest.

54 F.4th at 1086 (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). The burden is on the putative intervenor to establish that all four requirements are met. *Id.*

The Court concentrates its analysis on the second requirement. Assuming without deciding that Mr. Yan can establish a legally protectable interest,[2] the Court nonetheless finds that the

---

[1] "An outsider moving to intervene, whether as of right under Rule 24(a) or permissively under Rule 24(b), 'must' attach to its motion 'a pleading that sets out the claim or defense for which intervention is sought.'" *California Dep't of Toxic Substances Control*, 54 F.4th 1078, 1086 n.7 (9th Cir. 2022) (quoting Fed. R. Civ. P. 24(c)). Mr. Yan has not done so. This is reason enough to deny the pending motion as procedurally defective. However, in the interest of comprehensively addressing his motion and in light of his *pro se* status, the Court nonetheless conducts a fulsome intervention analysis.

[2] Here, Mr. Yan asserts he was served sponsored advertisements by defendant Meta Platforms, Inc. ("Meta") that contained pornography. He alleges Meta's distribution of obscene material, such as the advertisements he received, violates various federal laws pertaining to obscene materials, and that such violations constitute "racketeering activity" under the Racketeer Influenced and Corrupt Organization Act ("RICO"). It thus appears he asserts a legally protectable

2

resolution of this litigation will not impede or impair such interest. This is for at least two reasons. First, an individual's interests are not impeded or impaired by a pending case when they can be "raise[d] . . . through a separate lawsuit[.]" *Warren v. Comm'r of Internal Revenue*, 302 F.3d 1012, 1015 (9th Cir. 2002). Here, Mr. Yan is free to file a private action against defendant Meta and to seek consolidation of such an action with the multi-district litigation of which this case is a part.

Second, resolution of this case will not result in claim preclusion[3] against Mr. Yan. *See Payne v. Nat'l Collection Sys., Inc.*, 91 Cal.App.4th 1037, 1047 (2001) (holding that individual plaintiffs are not barred from asserting claims arising out of misconduct similar to misconduct challenged by public prosecutors in a successful enforcement action). His arguments to the contrary fail to persuade.[4]

---

interest under RICO.

[3] Both parties invoke the phrase "res judicata." However, such phrase is outdated. "The Supreme Court recently clarified that the terms 'claim preclusion' and 'issue preclusion' are collectively referred to as 'res judicata.'" *U.S. v. Bhatia*, 545 F.3d 757, 759 n.2 (9th Cir. 2008) (citation omitted); *see also id.* at 759 (defining "res judicata" or "claim preclusion" as "providing that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.") (cleaned up). The labels applied do not, however, impact the substantive analysis set forth above.

[4] Mr. Yan cites two cases in his motion for the proposition that judgment in this case could negatively impact his ability to protect his interest. Neither compels a different result.

*Smith v. Pangilinan* is consistent with this order. There, the U.S. Attorney General sought to intervene in a case involving interpretation of Northern Marianas Commonwealth law. *Smith v. Pangilinan*, 651 F.2d 1320, 1323-25 (9th Cir. 1981). The Ninth Circuit determined the Attorney General had a protectable interest in the proceedings because the legal issue they posed involved whether (i) certain Filipino residents of the Northern Marianas Islands were entitled to Certificates of Identity; and (ii) on that basis, could be treated as U.S. citizens. *Id.* Given the Attorney General "is charged with administration and enforcement of the laws relating to immigration and naturalization," the Court of Appeals determined the Attorney General "has an interest in a case in which people seek to have it determined that they are persons who will be entitled to become [U.S.] citizens." *Id.* at 1324. The Ninth Circuit went on to say that prohibiting the Attorney General from intervening in *Smith* would prevent her from weighing in on the construction of language in the Northern Marianas constitution and laws pertaining to Certificates of Identity. *Id.* at 1325. In this way, the Court of Appeals noted that considerations of "*stare decisis*" relative to the construction of such constitution and laws, "may supply the requisite practical impairment warranting intervention of right." *Id.* This case is distinguishable, however. First, intervention as of right was appropriate in *Smith* in large part due to the Attorney General's legally protectable interest arising from her law enforcement obligations, whereas Mr. Yan has no such duties. Second, *stare decisis* became relevant in *Smith* due to the interpretation of specific language in the Northern Marianas constitution and laws. Here, there is no such analog.

*United States v. Oregon* is also consistent with this order. There, the Ninth Circuit reversed

1    Thus, because Mr. Yan has not satisfied each of the requirements for intervention as of

2 right, his motion to intervene on that basis is denied.[5]

3    B.  Permissive Intervention

4    The Court next turns to whether Mr. Yan has established that he is eligible for permissive

5 intervention. As set forth above, courts have discretion to permit intervention where a federal

6 statute has given the putative intervenor "a conditional right to intervene" or where the putative

7 intervenor "has a claim or defense that shares with the main action a common question of law or

8 fact." Fed. R. Civ. P. 24(b)(1).

9    Here, Mr. Yan fails to make the required showing and therefore the Court has no discretion

10 to permit him to intervene. First, he concedes that no federal statute grants him a conditional right

11 to intervene. (Dkt. No. 71, Mr. Yan's Reply Brief in Support of his Motion to Intervene at 7.)

12 Second, his purported RICO claim is distinguishable from the state attorneys general's claims for

13 unfair and deceptive practices and violations of COPPA.[6] His theory derives from sponsored

---

a district court ruling denying residents of a mental institution's motion to intervene in an enforcement action brought by the United States against the State of Oregon, which operated the facility. *See generally United States v. Oregon*, 839 F.2d 635 (9th Cir. 1988). The Court of Appeals noted that, "[c]ommon to both" the putative intervenors' complaint and United States' complaint were efforts to "vindicat[e] the constitutional rights" of facility residents. *Id.* at 638. Because it determined that the government's suit, which focused on the conditions of the facility, would necessitate "factual and legal determinations concerning the nature of those conditions," the Ninth Circuit determined that "[s]uch determinations[,] when upheld by an appellate ruling[,] will have a persuasive *stare decisis* effect in any parallel or subsequent litigation," such as a potential suit by the putative intervenors, the facility residents. *Id.* On that basis, the Ninth Circuit determined that the residents had established that resolution of the pending case could impair or impede their efforts to protect their interest, and that intervention was warranted *Id.* This case is distinguishable, however, because Mr. Yan's RICO claims (insofar as they are outlined in his motion) do not have similarly strong commonalities with the state attorneys general's consumer protection and Children's Online Privacy Protection Act of 1998 ("COPPA") claims, unlike the residents' claims in *Oregon*.

Mr. Yan's arguments on reply also fail to persuade. There, he emphasizes that he need only demonstrate that resolution of this case *could* negatively impact his claims in order for his motion to be granted. However, he fails to articulate a workable theory of *how* such negative impact might arise. For instance, he refers back to the *Oregon* case, which the Court has already distinguished.

[5] The Court declines to analyze each required element since, for the reasons above, Mr. Yan's failure to satisfy the second requirement is dispositive.

[6] As the state attorneys general correctly note in their opposition, COPPA does not contain a private right of action. *Jones v. Google* LLC, 73 F.4th 636, 641 (9th Cir. 2023) ("COPPA does not authorize a private right of action."). Mr. Yan therefore may not bring a COPPA claim against

advertisements he was served on Facebook. By contrast, the state attorneys general lawsuit principally focuses on allegations of "misconduct stemming from Meta's (1) collection of data from users under thirteen years old without required parental notification and consent; (2) misrepresentations surrounding the safety of its social media platforms; and (3) the deceptive and unfair constellation of features that prolong engagement and lead to youth addiction." (Dkt. No. 67, States' Opposition to Mr. Yan's Motion to Intervene at 7:4-7.)

Thus, Mr. Yan's request for permissive intervention must also be denied.

### IV.  CONCLUSION

For the foregoing reasons, Mr. Yan has failed to demonstrate he is entitled to intervene in the above-captioned matter. He is nonetheless free to file his own complaint against defendant Meta. Nothing about this state attorneys general enforcement action precludes him from doing so. The motion to intervene is therefore **DENIED**, as is Mr. Yan's request for leave to amend.[7]

This terminates Dkt. Nos. 35 and 74.

**IT IS SO ORDERED.**

---

Meta in his individual capacity. However, Mr. Yan spends considerable time in his reply brief seeking to draw analogies between the state attorneys general's allegations with respect to their COPPA claim and his allegations with respect to RICO. Given Mr. Yan has not filed a pleading alongside his motion, as required, it is not possible for the Court to parse such similarities. Further, the Court determines any such similarities are attenuated because, as stated above, Mr. Yan cannot bring a COPPA claim in his own right. Thus, it is unlikely that allegations pertaining to COPPA in the states attorneys general's complaint would map cleanly onto a RICO complaint filed by Mr. Yan.

[7] The Court declines to grant Mr. Yan leave to amend because it determines that amendment would be futile. This is because the Court cannot discern how permitting the instant case, which again, is a state enforcement action, to proceed without Mr. Yan's participation would negatively impact his ability to bring a private action against Meta based on the misconduct he alleges.

Mr. Yan separately filed a Motion for Permission for Electronic Case Filing. *See* Dkt. No. 74. As the Court determines Mr. Yan may not intervene in the above-captioned matter, it declines to grant such privileges. The motion is therefore **DENIED WITHOUT PREJUDICE** to being refiled should Mr. Yan initiate separate, individual proceedings.

Dated:  December 19, 2023

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**