Phyllis A. Jones (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorneys for Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC, and Mark Elliot Zuckerberg*

*Additional parties and counsel listed on signature pages*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| *People of the State of California, et al.*,<br>v.<br>*Meta Platforms, Inc.*, *Instagram, LLC, Meta Payments, Inc.*, *Meta Platforms Technologies, LLC*<br><br>*Office of the Attorney General, State of Florida, Department of Legal Affairs*,<br>v.<br>*Meta Platforms, Inc.*, *Instagram LLC*<br><br>IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case Nos. 4:23-cv-05448-YGR<br>          4:23-cv-05885-YGR<br>          4:22-md-03047-YGR-PHK<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**REQUEST FOR INCORPORTION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF META'S MOTION TO DISMISS THE MULTISTATE ATTORNEYS GENERAL COMPLAINT; FLORIDA ATTORNEY GENERAL COMPLAINT; AND PERSONAL INJURY PLAINTIFFS' CONSUMER PROTECTION AND MISREPRESENTATION CLAIMS**<br><br>**Hearing:**<br>Date:  TBD<br>Time:  TBD<br>Place:  Oakland, California<br>Judge:  Hon. Yvonne Gonzalez Rogers |

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201(b), Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, Facebook Payments, Inc., Siculus, Inc., and Facebook Operations, LLC (collectively, "Meta") respectfully request that the Court treat as incorporated by reference or take notice of third-party Instagram accounts that are linked in the Multistate Complaint and video advertisements excerpted in the Multistate Complaint, in support of Meta's concurrently filed Motion to Dismiss the Multistate Attorneys General Complaint; Florida Attorney General Complaint; and Personal Injury Plaintiffs' Consumer Protection and Misrepresentation Claims.

## I. LEGAL STANDARD

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12, a district court may consider documents incorporated into the complaint by reference or subject to judicial notice without converting the motion into one for summary judgment. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

Under the incorporation by reference doctrine, the Court may look beyond the pleadings to "'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (citations omitted). Incorporation by reference is proper when the plaintiff's claims rely on the document or where it is extensively cited in the complaint. *See Khoja*, 899 F.3d at 1002.

Federal Rule of Evidence 201 permits the Court to take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

## II. ARGUMENT

### A. Third-Party Instagram Accounts and Meta Advertisements Linked and/or Excerpted in the Complaint Are Incorporated by Reference.

Judicial notice is appropriate for the content of various third-party Instagram accounts that are linked in the Complaint via their URL. The Complaint lists a number of Instagram accounts belonging

to third parties, with the URL for those accounts, but does not actually provide the content of those accounts. *See* Compl. ¶ 796. Judicial notice is appropriate for the content of a website when the Complaint cites to a URL matching that website. *See e.g.*, *Whitaker v. Montes*, 2021 WL 1839713 at *1, (N.D. Cal. May 7, 2021) ("[T]he Court does take judicial notice of the website information submitted by Defendants. That website information comes from a URL that matches the URL provided in the complaint."). Accordingly, the Court may take judicial notice of the content of the following Instagram accounts, which are incorporated by reference in the Complaint (at ¶ 796):

- Hot Wheels Official Account, https://www.instagram.com/p/CzcbCrZvLNp/?igshid=MzRlODBiNWFlZA== (published Nov. 19, 2023)

- Lego Official Account, https://www.instagram.com/reel/Cx29nWrJ0T5/?igshid=MzRlODBiNWFlZA== (published Oct. 1, 2023)

- Mickey Mouse Official Account, https://www.instagram.com/p/CyE0gNfNevy/?igshid=MzRlODBiNWFlZA== (published Oct. 6, 2023)

- Dr. Seuss Official Account, https://www.instagram.com/reel/CzEiCpHRXlA/?igshid=MzRlODBiNWFlZA== (published Oct. 31, 2023)

Additionally, the Complaint includes still screenshots of Meta video advertisements, but does not provide the Court with a link or the full video. *See* Compl. ¶¶ 760–61, 829; *see also Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (recognizing incorporation by reference doctrine "applies with equal force to internet pages as it does to printed material"). Because these snapshots in the Complaint refer to the full videos, these full videos are incorporated by reference and may be considered in adjudicating Meta's motion:

- "Instagram Hockey," April 2023 Ad, available at https://www.youtube.com/watch?v=gxy14wjki6s

- "We Are In the Making," October 2021 Instagram Ad, available at https://www.youtube.com/watch?v=iEqlzBrUWDA

- "Safe and Secure Connections," March 2022 Facebook TV Ad, available at https://www.ispot.tv/ad/bbGm/facebook-safe-and-secure-connections

### III.    CONCLUSION

Pursuant to the doctrine of incorporation by reference and/or Federal Rule of Evidence 201(b), the Court should consider Instagram accounts whose URLs are provided in the Complaint and the full videos of advertisements that the Multistate Complaint excerpts in ruling on Meta's Motion to Dismiss.

Dated: December 22, 2023               Respectfully submitted,

**COVINGTON & BURLING LLP**

 /s/ Phyllis A. Jones
Paul W. Schmidt, *pro hac vice*
 pschmidt@cov.com
Phyllis A. Jones, *pro hac vice*
 pajones@cov.com
Christian J. Pistilli (*pro hac vice* pending)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291

Emily Johnson Henn (State Bar No. 269482)
 ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800

*Attorneys for Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC, and Mark Elliot Zuckerberg*

REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF META'S MOTION TO DISMISS THE MULTISTATE ATTORNEYS GENERAL COMPLAINT; FLORIDA ATTORNEY GENERAL COMPLAINT; AND PERSONAL INJURY PLAINTIFFS' CONSUMER PROTECTION AND MISREPRESENTATION CLAIM