UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>4:23-cv-05448, 4:23-cv-05885 | MDL No. 3047<br><br>Case Nos. 4:23-cv-05448-YGR<br>4:23-cv-05885-YGR<br><br>**ORDER DENYING MOTION TO INTERVENE AND GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*** <br><br>Re: Dkt. Nos. 99 and 100 in Case No. 4:23-cv-05448; and<br><br>Dkt. Nos. 19 and 20 in Case No. 4:23-cv-05885 |
| People of the State of California, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>Meta Platforms, Inc., *et al.*,<br><br>  Defendants. | |
| Office of the Attorney General, State of Florida, Department of Legal Affairs,<br><br>  Plaintiff,<br><br>  v.<br><br>Meta Platforms, Inc., *et al.*,<br><br>  Defendants. | |

Pending before the Court are *pro se* movant Taiming Zhang's motions to proceed *in forma pauperis* and to intervene in the above-captioned matters, i.e., two member cases in the social media multi-district litigation ("MDL") brought by a collection of state attorneys general ("State AGs"). Zhang argues intervention is warranted so that his theories of Section 230 are included in this litigation, and because of the public interest of this case, claim preclusion, and overlap between this action and separate litigation he is pursuing against Twitter.

The Court disagrees. Zhang has not presented any legally cognizable interest that would be impaired by the state attorneys general enforcement actions absent intervention, nor a claim or

defense that involves questions of law and fact common to the State AGs' actions. Further, the instant case does not preclude Zhang from seeking relief on an individualized basis. Having carefully reviewed the briefs and for the reasons below, the Court therefore **DENIES** the motion to intervene **WITH PREJUDICE**.

I.  **BACKGROUND**

To expedite the issuance of this order, the Court assumes parties' familiarity with the relevant factual background of this MDL. *See, e.g.*, *In re Soc. Media Adolescent Addiction/Pers. Inj. Prod. Liab. Litig.*, 2023 WL 7524912, at *2–6 (N.D. Cal. Nov. 14, 2023).

On March 11, 2024, Zhang filed a motion to intervene in two of the state attorneys general member-cases in this MDL. Zhang's motion focuses, as relevant, on Section 230 of the Communications Decency Act, 47 U.S.C. § 230, and the First Amendment, and Zhang expresses disagreement with Ninth Circuit precedent and this Court's prior order relating to the application of both Section 230 and the First Amendment to the defendants' alleged conduct in this MDL. Zhang presents three bases for intervention: (i) the state AGs' claims will fail without his theory of Section 230's unconstitutionality, (ii) the "extreme public interest in this case," and (iii) because the State AGs' complaint "includes claims for damages on behalf of victims," then absent intervention, Zhang "cannot claim for those damages separately due to claim preclusion." (Mot. to Intervene at 4, 6.)

Additionally, Zhang discusses litigation he is pursuing against Twitter, currently on appeal in the Ninth Circuit, which he claims presents overlapping legal issues with the State AGs' cases. *See Zhang v. Twitter Inc.*, No. 23-cv-00980, 2023 WL 5493823 (N.D. Cal. Aug. 23, 2023). There, Zhang brought breach of contract, various tort, and unfair competition claims against Twitter for permanently suspending his account in 2021. *Id.* at *1. The court granted Twitter's motion to dismiss on the grounds that Section 230 barred Zhang's claims and that, "in any event, he fails to state a plausible claim." *Id.*[1]

---

[1] Separately, Zhang also discusses litigation he is pursuing in the U.S. District Court for the Middle District of North Carolina (No. 23-cv-00627), which is unrelated to this MDL. On May 17, 2024, the magistrate judge in that case issued a report and recommendation to dismiss

2

1  The State AGs filed an opposition on March 25, 2024. As of this order's publication, the Court has not received a reply from Zhang.

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure provide for intervention as of right as well as permissive intervention. Intervention as of right is available where the putative intervenor: (i) "is given an unconditional right to intervene by federal statute;" or (ii) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede their ability to protect their interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). A court may exercise its discretion to allow permissive intervention where the putative intervenor: (i) "is given a conditional right to intervene by a federal statute;" or (ii) "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P.24(b)(1).

## III. ANALYSIS

The Court addresses Zhang's arguments regarding intervention of right and permissive intervention in turn.[2]

### A. Intervention as of Right

Because Zhang does not assert that a federal statute provides him with an unconditional right of intervention, the Court focuses on whether Zhang has shown that he has a protectable interest impaired by the future disposition of the State AGs' actions such that Rule 24(a)(2) affords him the right to intervene.

*California Department of Toxic Substances Control v. Jim Dobbas, Inc*. sets forth the

---

Zhang's complaint for improper service and, alternatively, lack of federal subject matter jurisdiction. *See Zhang v. Bonomolo*, No. 23-cv-00627 (M.D.N.C. May 17, 2024), Dkt. No. 17.

[2] "An outsider moving to intervene, whether as of right under Rule 24(a) or permissively under Rule 24(b), 'must' attach to its motion 'a pleading that sets out the claim or defense for which intervention is sought.'" *California Dep't of Toxic Substances Control*, 54 F.4th 1078, 1086 n.7 (9th Cir. 2022) (quoting Fed. R. Civ. P. 24(c)). Zhang has not done so. While this is reason enough to deny the pending motion as procedurally defective, given Zhang's *pro se* status and in the interest of efficiency, the Court nonetheless conducts a fulsome intervention analysis under the theories proffered in Zhang's motions to intervene.

applicable standard:

> In this circuit, Rule 24(a)(2) requires the outsider to show that (1) it has a significant protectable interest as to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately meet the applicant's interest.

54 F.4th 1078, 1086 (9th Cir. 2022) (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). The putative intervenor bears the burden to show that all four requirements are met. *Id.*

Zhang's motion for intervention as of right fails for similar reasons as those described in the Court's order on a prior motion for intervention. (*See* Case No. 4:23-cv-05448-YGR, Dkt. No. 80.) Assuming without deciding that Zhang can establish a legally protectable interest, resolution of this litigation will not impede or impair such interest, for two reasons.

*First*, an individual's interests are not impeded or impaired by a pending case when they can be "raise[d] . . . through a separate lawsuit." *Warren v. Comm'r of Internal Revenue*, 302 F.3d 1012, 1015 (9th Cir. 2002). Zhang is free to file a private action against the defendants and seek consolidation of such an action with the multi-district litigation of which this case is a part. *Second*, resolution of this case will not result in claim preclusion against Zhang, despite his assertions to the contrary. *See Payne v. Nat'l Collection Sys., Inc.*, 91 Cal. App. 4th 1037, 1047 (2001) (holding that individual plaintiffs were not barred from asserting claims arising out of misconduct similar to misconduct challenged by public prosecutors in a successful enforcement action).

Thus, because Zhang has failed to satisfy at least the second requirement for intervention as of right—impairment of a legally protectable interest—his motion to intervene on that basis is denied.

### B. Permissive Intervention

The Court next turns to whether Zhang has established that he is eligible for permissive intervention. As set forth above, courts have discretion to permit intervention where a federal statute has given the putative intervenor "a conditional right to intervene" or where the putative intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1); *see also Wang v. Zymergen Inc.*, No. 21-cv-06028, 2024 WL

4

576306, at *2 (N.D. Cal. Feb. 13, 2024) (holding there were "clearly common questions of law or fact between the moving parties' request to file an opposition and the underlying motion for leave to amend which they seek to oppose" where the proposed complaint would add claims against the third-party intervenors). A court may deny intervention where "the proposed intervenor's claims and plaintiffs' claims share no common factual proof." *Clear Blue Specialty Ins. Co. v. Ozy Media, Inc.*, No. 21-cv-08764, 2023 WL 7284162, at *7 (N.D. Cal. Nov. 3, 2023) (quoting *Donnelly*, 159 F.3d at 412).

Zhang fails to make the required showing and therefore the Court has no discretion to permit him to intervene. *First*, Zhang does not indicate that any federal statute grants him a conditional right to intervene. *Second*, Zhang has not shown he has a claim or defense that shares with the State AGs' actions a common question of law or fact. As previously noted, the state AGs' actions focus on "misconduct stemming from Meta's (1) collection of data from users under thirteen years old without required parental notification and consent; (2) misrepresentations surrounding the safety of its social media platforms; and (3) the deceptive and unfair constellation of features that prolong engagement and lead to youth addiction." (No. 23-cv-05448, Dkt. No. 80, Order at 5 (citation omitted).) Zhang's generalized interest in the application of Section 230 and the First Amendment to internet-content providers does not constitute a "claim or defense" that shares legal or factual questions with the state AGs' actions.

Zhang more specifically asserts that in his litigation against Twitter—in which he asserts breach of contract, various tort, and unfair competition claims—he has a "claim" that shares "a common question of law" with the State AGs' actions. (Mot. to Intervene at 1.) While Zhang does not explain what portion of his litigation against Twitter shares a common question of law with the State AGs' actions, presumably he refers to the fact that Twitter and the MDL defendants raised Section 230 and the First Amendment in their respective motions to dismiss. However, Twitter's and the MDL defendants' reliance in part on the same statutory and constitutional sources in their defenses against unrelated causes of action with independent factual allegations does not present a "common question of law" sufficient to merit permissive intervention. *Cf. Wang*, 2024 WL 576306, at *2; *Clear Blue Specialty Ins. Co.*, 2023 WL 7284162, at *7.

Thus, Zhang's request for permissive intervention must also be denied.

### IV.  APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Zhang has also moved to proceed *in forma pauperis*. Zhang has been permitted to proceed *in forma pauperis* in other litigation. *See Zhang v. Twitter*, No. 23-cv-00980 (N.D. Cal. Mar. 13, 2024), Dkt. No. 8; *Zhang v. Bonomolo*, No. 23-cv-00627 (M.D.N.C. Jan 16, 2024), Dkt. No. 6. Having considered Zhang's application, the Court **GRANTS** the motion to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915; N.D. Cal. Civil Local Rule 3-10. Zhang is not required to pay any costs associated with the filing of the at-issue motion to intervene and motion to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1).

However, because there are no valid grounds on which an appeal of this order can be based, the Court **CERTIFIES** that any appeal taken from this order will not be taken in good faith and is therefore frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A); *Ellis v. United States*, 356 U.S. 674, 674–75 (1958); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). As such, the Court does not extend Zhang's status to any appeal of this order.

### V.  CONCLUSION

For the foregoing reasons, Zhang has failed to demonstrate he is entitled to intervene in the above-captioned matter. He is nonetheless free to file his own complaint against any of the defendants. Nothing about the State AGs' enforcement actions precludes him from doing so. The motion to intervene is therefore **DENIED WITH PREJUDICE**.

This terminates Dkt. Nos. 99 and 100 in Case No. 4:23-cv-05448; and Dkt. Nos. 19 and 20 in Case No. 4:23-cv-05885.

**IT IS SO ORDERED.**

Dated: June 4, 2024

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**