Phyllis A. Jones (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorneys for Defendants Meta Platforms, Inc.,*
*Instagram, LLC, Meta Payments, Inc.,*
*Meta Platforms Technologies, LLC, Facebook*
*Payments, Inc., Siculus, Inc., Facebook*
*Operations, LLC, and Mark Elliot Zuckerberg*

*Additional counsel listed on*
*signature pages*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| *People of the State of California, et al.,* | MDL No. 3047 |
| v. | Case Nos. 4:23-cv-05448-YGR |
| *Meta Platforms, Inc.*, *Instagram, LLC, Meta Payments, Inc.*, *Meta Platforms Technologies, LLC* | 4:22-md-03047-YGR-PHK |
| . | Honorable Yvonne Gonzalez Rogers |
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | **META'S AMENDED ANSWER TO THE MULTISTATE ATTORNEYS GENERAL COMPLAINT** |
| THIS DOCUMENT RELATES TO: | |
| ALL ACTIONS | |

Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC (collectively, "Defendants" or "Meta"), by and through their attorneys, Covington & Burling, LLP, hereby respond as follows to the allegations in the Complaint filed in this action by the People of the State of California, et al. ("Plaintiffs").

## PRELIMINARY STATEMENT

The following matters are incorporated into responses to each paragraph of the Complaint:

A.      The Complaint contains purported references to documents and third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context.  These documents and third-party publications and statements should be considered, if at all, in context and in unmodified form, and Meta respectfully refers the Court to the respective materials for their complete contents.

B.      Except as otherwise expressly stated herein, Meta denies each and every allegation in the Complaint, including any allegations in the preamble, unnumbered paragraphs, subparagraphs, prayer for relief, titles, headings, subheadings, table of contents, footnotes, tables, graphs, and illustrations of the Complaint, and specifically denies liability to Plaintiffs.  To the extent not expressly denied, all allegations for which Meta denies possessing knowledge or information sufficient to form a belief are denied.

C.      Meta reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

**ANSWERING THE INTRODUCTORY ALLEGATIONS**

**Heading I.  SUMMARY OF THE CASE**

1. Meta avers that Paragraph 1 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1.

2. Meta avers that Paragraph 2 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 2.

3. Meta avers that Paragraph 3 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 3.

4. Meta avers that Paragraph 4 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 4.

5. Meta avers that Paragraph 5 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 5.

6. Meta avers that Paragraph 6 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 6.

7. Meta avers that Paragraph 7 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 7.

8. Meta avers that Paragraph 8 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 8.

9. Meta avers that Paragraph 9 represents a characterization of the States' allegations and legal conclusions and therefore requires no response. To the extent that a response is required, Meta denies the allegations of Paragraph 9.

10. Meta avers that Paragraph 10 represents a characterization of the States' allegations and legal conclusions and therefore requires no response. To the extent that a response is required, Meta denies the allegations of Paragraph 10.

11. Meta avers that Paragraph 11 represents a characterization of the States' allegations and legal conclusions and therefore requires no response. To the extent that a response is required, Meta admits that this action is brought by Arizona; the People of the State of California (California); Colorado; Connecticut; Delaware; Georgia; Hawaiʻi; Idaho; the People of the State of Illinois, by and through Attorney General Kwame Raoul (Illinois); Indiana; Kansas; Kentucky; Louisiana; Maine; Office of the Attorney General of Maryland (Maryland); Michigan; State of Minnesota, by its Attorney General, Keith Ellison (Minnesota); Missouri; Nebraska; Matthew J. Platkin, Attorney General for the State of New Jersey, and Cari Fais, Acting Director of the New Jersey Division of Consumer Affairs (New Jersey); New York; North Carolina; North Dakota, ex rel. Drew H. Wrigley, Attorney General (North Dakota); Ohio; Oregon; Pennsylvania; Rhode Island; South Carolina; South Dakota; Virginia; Washington; West Virginia; and Wisconsin. Meta otherwise denies the allegations of Paragraph 11.

**ANSWERING THE ALLEGATIONS CONCERNING THE PUBLIC INTEREST**

**Heading II.  PUBLIC INTEREST**

12. Meta avers that Paragraph 12 represents a characterization of the States' allegations and legal conclusions and therefore requires no response. To the extent that a response is required, Meta denies the allegations of Paragraph 12.

**ANSWERING THE JURISDICTION, VENUE, AND DIVISIONAL ASSIGNMENT ALLEGATIONS**

**Heading III.  JURISDICTION, VENUE AND DIVISIONAL ASSIGNMENT**

**Heading III.A.  Jurisdiction**

13. Meta avers that Paragraph 13 represents a characterization of the States' allegations and legal conclusions and therefore requires no response. To the extent that a response is required, Meta denies the allegations of Paragraph 13.

14. Meta admits that Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC maintain their principal places of business in California. Meta denies the remaining allegations of Paragraph 14.

15. Meta admits that Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC maintain their principal places of business in Menlo Park, California. Meta otherwise avers that Paragraph 15 represents a characterization of the States' allegations and legal conclusions and therefore requires no response. To the extent that a response is required, Meta denies the remaining allegations of Paragraph 15.

16. Meta admits that it conducts business within this District and that it wholly owns certain subsidiaries. Meta otherwise avers that Paragraph 16 represents a characterization of the States' allegations and legal conclusions and therefore requires no response. To the extent that a response is required, Meta denies the remaining allegations of Paragraph 16.

**Heading III.B.  Venue**

17. Meta admits that Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC maintain their principal places of business in Menlo Park, California. Meta otherwise avers that Paragraph 17 represents a characterization of the States' allegations and legal conclusions and therefore requires no response. To the extent that a response is required, Meta denies the remaining allegations of Paragraph 17.

**Heading III.C.  Divisional Assignment**

18. Meta admits that Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC maintain their principal places of business in Menlo Park, California, which is located in San Mateo County, California. Meta otherwise avers that Paragraph 18 represents a characterization of the States' allegations and legal conclusions and therefore requires no response. To the extent that a response is required, Meta denies the remaining allegations of Paragraph 18.

**ANSWERING THE ALLEGATIONS CONCERNING "RELEVANT TIMES"**

**Heading IV.  RELEVANT TIMES**

19. Meta admits that the parties entered a Tolling Agreement, which Meta's counsel signed on July 18, 2022, and which tolled claims covered by that agreement, as of the effective date of the agreement. Meta otherwise avers that Paragraph 19 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the remaining allegations of Paragraph 19.

**ANSWERING THE ALLEGATIONS CONCERNING PLAINTIFFS**

**Heading V.  PLAINTIFFS**

20. Meta admits that this action is brought by Arizona; the People of the State of California (California); Colorado; Connecticut; Delaware; Georgia; Hawai'i; Idaho; the People of the State of Illinois, by and through Attorney General Kwame Raoul (Illinois); Indiana; Kansas; Kentucky; Louisiana; Maine; Office of the Attorney General of Maryland (Maryland); Michigan; State of Minnesota, by its Attorney General, Keith Ellison (Minnesota); Missouri; Nebraska; Matthew J. Platkin, Attorney General for the State of New Jersey, and Cari Fais, Acting Director of the New Jersey Division of Consumer Affairs (New Jersey); New York; North Carolina; North Dakota, ex rel. Drew H. Wrigley, Attorney General (North Dakota); Ohio; Oregon; Pennsylvania; Rhode Island; South Carolina; South Dakota; Virginia; Washington; West Virginia; and Wisconsin.  Meta denies the remaining allegations of Paragraph 20.

21. Meta avers that Paragraph 21 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 21.

**ANSWERING THE ALLEGATIONS CONCERNING DEFENDANTS**

**Heading VI.  DEFENDANTS**

22. Meta admits that Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC are named as defendants in this action.

23. Meta admits that Meta Platforms, Inc. is a Delaware corporation with its principal place of business in Menlo Park, California.  Meta further admits that it develops, markets, and operates Facebook, Instagram, Messenger, WhatsApp, and Horizon Worlds.

24. Meta avers that Paragraph 24 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta admits that Facebook, Instagram, Messenger, WhatsApp, and Horizon Worlds are available to consumers throughout the United States.  Meta otherwise denies the allegations of Paragraph 24.

25. Meta admits that Meta Platforms, Inc. was formerly known as Facebook, Inc. and that it changed its name to Meta Platforms, Inc. in October 2021.  Meta further admits that Mark Zuckerberg founded The Facebook in 2004 while a student at Harvard University.  Meta otherwise denies the allegations of Paragraph 25.

26. Meta denies the allegations of Paragraph 26, including because Meta lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 26.

27. Meta admits that it purchased Instagram for approximately $1 billion and that it announced this acquisition on April 9, 2012.  Meta otherwise denies the allegations of Paragraph 27.

28. Meta denies the allegations of Paragraph 28.

29. Meta admits that, in December 2016, it had approximately 600 million monthly active users and that Instagram's revenues exceeded $10 billion in 2018.  Meta otherwise denies the allegations of Paragraph 29.

30. Meta admits that it acquired Oculus in 2014.  Meta otherwise denies the allegations of Paragraph 30.

31. Meta admits that it changed its name from Facebook, Inc. to Meta Platforms, Inc. in October 2021.  Meta otherwise denies the allegations of Paragraph 31.

32. Meta denies the allegations of Paragraph 32.

33. Meta avers that Paragraph 33 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 33.

34. Meta admits Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC are subsidiaries of Meta Platforms, Inc.  Meta otherwise denies the allegations of Paragraph 34.

35. Meta admits it offers the Instagram mobile application that enables users to share content such as photos and videos with others.  Meta further admits that Instagram, LLC is a Delaware limited liability company with a principal place of business in Menlo Park, California.  Meta further admits that Meta Platforms, Inc. maintains its principal place of business in Menlo Park, California, and is the sole member of Instagram, LLC.    Meta otherwise denies the allegations of Paragraph 35.

36. Meta admits that Meta Payments Inc. is incorporated in Florida with its principal place of business in Menlo Park, California.  Meta further admits that Meta Payments Inc. is a subsidiary of Meta Platforms, Inc. and that it processes certain payments made via Meta's apps.  Meta otherwise denies the allegations of Paragraph 36.

37. Meta admits that Meta Platforms Technologies, LLC is a Delaware limited liability company with its principal place of business in Menlo Park, California.  Meta further admits that Meta Platforms Technologies, LLC is a wholly owned subsidiary of Meta Platforms, Inc.  Meta further admits that Meta Platforms Technologies, LLC was formerly known as Facebook Technologies, LLC.  Meta otherwise denies the allegations of Paragraph 37.

38. Meta avers that Paragraph 38 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 38.

39. Meta admits that Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC maintain their principal places of business in Menlo Park, California.  Meta otherwise denies the allegations of Paragraph 39.

40. Meta admits that it has reported its financial results for Facebook, Instagram, Messenger, and WhatsApp as a single segment, known as "Family of Apps."  Meta further admits that it has reported its financial results for Reality Labs as a single segment.  Meta further admits that Instagram's Terms of Use have stated the following: "The Instagram Service is one of the Meta Products, provided to you by Meta Platforms, Inc."  Meta further admits that the "Supplemental Meta

Platforms Technologies Terms of Service" have stated that those terms, along with the Meta Terms of Service, "together form an agreement between you and Meta Platforms, Inc." Meta further admits that it has defined "Meta Platforms Technologies Products" to include "Meta VR Products," "Meta Quest," "Oculus Rift," and "Meta Horizon Worlds." Meta otherwise denies the allegations of Paragraph 40.

41. Meta admits that Meta's website has stated in part that Adam Mosseri is "the Head of Instagram" and has "been at Meta, formerly Facebook, for more than 11 years." Meta further admits that Meta's website has stated in part that Stephane Kasriel is "the Head of Commerce and Financial Technologies at Meta" and that "[h]e oversees all commerce and fintech work across Meta's technologies and platforms." Meta otherwise denies the allegations of Paragraph 41.

42. Meta denies the allegations of Paragraph 42.

43. Meta admits that Adam Mosseri has used email addresses with both the "@fb.com" and "@meta.com" domain names while Head of Instagram. Meta otherwise denies the allegations of Paragraph 43.

44. Meta avers that Paragraph 44 represents a characterization of the States' allegations and legal conclusions and therefore requires no response. To the extent that a response is required, Meta denies the allegations of Paragraph 44.

## ANSWERING THE ALLEGATIONS CONCERNING TRADE AND COMMERCE IN THE FILING STATES

### Heading VII. TRADE AND COMMERCE IN THE FILING STATES

45. Meta avers that Paragraph 45 represents a characterization of the States' allegations and legal conclusions and therefore requires no response. To the extent that a response is required, Meta denies the allegations of Paragraph 45.

46. Meta denies the allegations of Paragraph 46.

47. Meta admits that Instagram's Terms of Use contain the quoted language. Meta otherwise denies the allegations of Paragraph 47.

48. Meta admits that its website page entitled "Introducing the Campaign Ideas Generator" contains the quoted language.  Meta otherwise denies the allegations of Paragraph 48.

49. Meta denies the allegations of Paragraph 49.

50. Meta admits that it provides tools that allow creators to earn money through their use of Instagram and Facebook.  Meta otherwise denies the allegations of Paragraph 50.

51. Meta admits that third-party advertisements first became available on Instagram in November 2013, and they appeared with a "Sponsored" label.  Meta otherwise denies the allegations of Paragraph 51.

52. Meta admits that in 2023, it introduced Meta Verified, a subscription bundle that, as of the time of this filing, includes account verification with impersonation protections and access to increased visibility and support, and which is available on Instagram and Facebook.  Meta further admits that, as of the time of this filing, its "Standard" and "Business Standard" Meta Verified subscription packages are available for a monthly fee of $14.99 and that it offers additional Meta Verified subscription packages that are visible to Facebook account holders.  Meta otherwise denies the allegations of Paragraph 52.

## ANSWERING THE FACTUAL ALLEGATIONS

**Heading VIII.  META'S SCHEME TO EXPLOIT YOUNG USERS FOR PROFIT**

53. Meta avers that Paragraph 53 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 53.

**Heading VIII.A.  To maximize profit, Meta's business model focuses on increasing young users' engagement.**

**Heading VIII.A.1.  Meta monetizes young users' attention through data harvesting and targeted advertising.**

54. Meta denies the allegations of paragraph 54.

55. To the extent the referenced earnings call transpired, the earnings call speaks for itself, and Meta otherwise denies the allegations of Paragraph 55.

56. Meta denies the allegations of paragraph 56.

57. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 57.

58. To the extent the referenced earnings call transpired, the earnings call speaks for itself, and Meta otherwise denies the allegations of Paragraph 58.

59. Meta denies the allegations of paragraph 59.

60. Meta denies the allegations of paragraph 60.

61. Meta denies the allegations of paragraph 61.

62. To the extent the referenced earnings call transpired, the earnings call speaks for itself, and Meta otherwise denies the allegations of Paragraph 62.

63. Meta admits that Meta Platforms, Inc.'s 2021 Form 10-K Annual Report to the United States Securities and Exchange Commission contains the quoted language. Meta otherwise denies the allegations of Paragraph 63.

64. Meta denies the allegations of paragraph 64.

65. Meta denies the allegations of paragraph 65.

66. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 66.

67. To the extent the referenced earnings call transpired, the earnings call speaks for itself, and Meta otherwise denies the allegations of Paragraph 67.

**Heading VIII.A.2. Meta specifically targets young users.**

68. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 68.

69. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 69.

70. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 70.

71. Meta denies the allegations of Paragraph 71.

72. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 72.

73. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 73.

74. Meta denies the allegations of Paragraph 74.

75. Meta denies the allegations of Paragraph 75.

76. Meta denies the allegations of Paragraph 76.

77. Meta denies the allegations of Paragraph 77.

78. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 78.

79. To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 79.

80. To the extent the referenced Adult Classifier Model exists, the Adult Classifier Model speaks for itself, and Meta otherwise denies the allegations of Paragraph 80.

81. To the extent the referenced Age Affinity Model exists, the Age Affinity Model speaks for itself, and Meta otherwise denies the allegations of Paragraph 81.

82. Meta denies the allegations of Paragraph 82.

83. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 83.

84. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 84.

85. To the extent the referenced Senate subcommittee hearing occurred, that hearing speaks for itself, and Meta otherwise denies the allegations of Paragraph 85.

**Heading VIII.A.3.  Meta designs and deploys features to capture young users' attention and prolong their time on its Social Media Platforms.**

86. Meta denies the allegations of Paragraph 86.

87. Meta denies the allegations of Paragraph 87.

88. Meta admits that it began to introduce changes to the reverse chronologically ordered feeds in 2009 (for Facebook) and 2016 (for Instagram).  Meta otherwise denies the allegations of Paragraph 88.

89. Meta denies the allegations of Paragraph 89.

90. Meta denies the allegations of Paragraph 90.

91. Meta denies the allegations of Paragraph 91.

92. Meta denies the allegations of Paragraph 92.

93. Meta denies the allegations of Paragraph 93.

94. Meta denies the allegations of Paragraph 94.

95. Meta admits that it introduced certain notifications in April 2015.  Meta otherwise denies the allegations of Paragraph 95.

96. Meta denies the allegations of Paragraph 96.

97. Meta denies the allegations of Paragraph 97.

98. Meta denies the allegations of Paragraph 98.

99. Meta admits that it introduced "Instagram Stories" in August 2016 and "Facebook Stories" in 2017. Meta otherwise denies the allegations of Paragraph 99.

100.    Meta denies the allegations of Paragraph 100.

101.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 101.

102.    Meta denies the allegations of Paragraph 102.

103.    Meta admits that it introduced "Facebook Live" in August 2015 to allow public figures to share live video, that Facebook Live was launched to all users in the United States using the Facebook app by April 2016, and that Meta introduced an "Instagram Live" feature in November 2016.  Meta otherwise denies the allegations of Paragraph 103.

104.    Meta denies the allegations of Paragraph 104.

105.    Meta denies the allegations of Paragraph 105.

106.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 106.

107. Meta admits that, at certain times, it has offered features called "IGTV," "Instagram Video," and "Reels." Meta otherwise denies the allegations of Paragraph 107.

108. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 108.

109. Meta admits that it introduced "Reels" on Facebook in September 2021. Meta otherwise denies the allegations of Paragraph 109.

110. Meta denies the allegations of Paragraph 110.

111. Meta denies the allegations of Paragraph 111.

112. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 112.

113. To the extent the referenced statement exists, the statement speaks for itself, and Meta otherwise denies the allegations of Paragraph 113.

114. To the extent the referenced statements exist, the statements speak for themselves, and Meta otherwise denies the allegations of Paragraph 114.

115. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 115.

116. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 116.

**Heading VIII.B.  Meta falsely represents that its Social Media Platform features are safe and not designed to induce young users' compulsive and extended use.**

117. Meta avers that Paragraph 117 represents a characterization of the States' allegations and legal conclusions and therefore requires no response. To the extent that a response is required, Meta denies the allegations of Paragraph 117.

118. Meta denies the allegations of Paragraph 118.

119. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 119.

**Heading VIII.B.1.  Meta represents to the public that its Social Media Platforms are designed to support young users' well-being.**

120.    Meta avers that user well-being is a priority for Meta and that Meta designs its apps to be safe and age-appropriate for all users, including users between the ages of 13 and 17.  Meta otherwise denies the allegations of Paragraph 120.

121.    Meta avers that user well-being is a priority for Meta and that Meta designs its apps to be safe and age-appropriate for all users, including users between the ages of 13 and 17.  Meta otherwise denies the allegations of Paragraph 121.

122.    To the extent the referenced earnings call transpired, the earnings call speaks for itself, and Meta otherwise denies the allegations of Paragraph 122.

123.    To the extent the referenced earnings call transpired, the earnings call speaks for itself, and Meta otherwise denies the allegations of Paragraph 123.

124.    Meta denies the allegations of Paragraph 124.

125.    To the extent the referenced statement was made, the statement speaks for itself, and Meta otherwise denies the allegations of Paragraph 125.

126.    To the extent the referenced statements were made, the statements speak for themselves, and Meta otherwise denies the allegations of Paragraph 126.

127.    To the extent the referenced statement exists, the statement speaks for itself, and Meta otherwise denies the allegations of Paragraph 127.

128.    Meta admits that the quoted language appears in the transcript of the hearing held on the referenced date.  Meta denies Plaintiffs' characterization of the referenced testimony.  Meta denies the remaining allegations of Paragraph 128.

129.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 129.

130.    To the extent the referenced statement exists, the statement speaks for itself, and Meta otherwise denies the allegations of Paragraph 130.

131.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 131.

132.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 132.

133.    Meta avers that Paragraph 133 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 133.

**Heading VIII.B.2.  Meta prioritizes maximizing engagement over young users' safety.**

134.    Meta denies the allegations of Paragraph 134.

135.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 135.

136.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 136.

137.    Meta admits that the quoted language appears in the transcript of the hearing held on the referenced date.  Meta denies Plaintiffs' characterization of the referenced testimony.  Meta denies the remaining allegations of Paragraph 137.

138.    To the extent the referenced statement exists, the statement speaks for itself, and Meta otherwise denies the allegations of Paragraph 138.

139.    Meta avers that Paragraph 139 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 139.

140.    To the extent the referenced records exist, the records speak for themselves, and Meta otherwise denies the allegations of Paragraph 140.

141.    Meta denies the allegations of Paragraph 141.

142.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 142.

143.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 143.

144.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 144.

145.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 145.

146.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 146.

147.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 147.

148.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 148.

149.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 149.

150.    Meta denies the allegations of Paragraph 150.

**Heading VIII.B.3.  Meta's Recommendation Algorithms encourage compulsive use, which Meta does not disclose.**

151.    Meta denies the allegations of Paragraph 151.

152.    Meta denies the allegations of Paragraph 152.

153.    Meta denies the allegations of Paragraph 153.

154.    Meta denies the allegations of Paragraph 154.

155.    Meta denies the allegations of Paragraph 155.

156.    Meta denies the allegations of Paragraph 156.

157.    Meta denies that the document cited in footnote 9 of Paragraph 157 contains the quoted language.  Meta denies Plaintiffs' characterization of the referenced document.  Meta denies the remaining allegations of Paragraph 157.

158.    Meta admits that the document cited in footnote 10 of Paragraph 158 contains the quoted language.  Meta denies Plaintiffs' characterization of the referenced document.  Meta denies the remaining allegations of Paragraph 158.

159.    Meta admits that the document cited in footnote 11 of Paragraph 159 contains the quoted language.  Meta denies Plaintiffs' characterization of the referenced document.  Meta denies the remaining allegations of Paragraph 159.

160.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 160.

161.    Meta denies the allegations of Paragraph 161.

162.    Meta denies the allegations of Paragraph 162.

163.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 163.

164.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 164.

165.    Meta denies the allegations of Paragraph 165.

166.    Meta denies the allegations of Paragraph 166.

167.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 167.

168.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 168.

169.    Meta denies that its Privacy Policy contains the quoted language.  Meta denies Plaintiffs' characterization of the referenced Privacy Policy.  Meta denies the remaining allegations of Paragraph 169.

170.    Meta denies the allegations of Paragraph 170.

171.    Meta denies the allegations of Paragraph 171.

172.    Meta denies the allegations of Paragraph 172.

173.    Meta admits that, as of the time of this filing, its Privacy Policy contains the quoted language. Meta denies Plaintiffs' characterization of the referenced Privacy Policy. Meta denies the remaining allegations of Paragraph 173.

174.    Meta admits that, as of the time of this filing, its Privacy Policy contains the quoted language. Meta denies Plaintiffs' characterization of the referenced Privacy Policy. Meta denies the remaining allegations of Paragraph 174.

175.    Meta denies the allegations of Paragraph 175.

176.    Meta denies the allegations of Paragraph 176.

177.    Meta denies the allegations of Paragraph 177.

178.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 178.

179.    Meta denies the allegations of Paragraph 179.

180.    Meta denies the allegations of Paragraph 180.

181.    Meta denies the allegations of Paragraph 181.

182.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 182.

183.    Meta denies the allegations of Paragraph 183.

184.    Meta denies the allegations of Paragraph 184.

185.    Meta admits that the quoted language appears in the transcript of the hearing held on the referenced date. Meta denies Plaintiffs' characterization of the referenced testimony. Meta denies the remaining allegations of Paragraph 185.

186.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 186.

187.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 187.

188.    Meta admits that, as of the time of this filing, the "Recommendations on Instagram" webpage on the Instagram Help Center contains the quoted language.  Meta denies Plaintiffs' characterization of the referenced webpage.  Meta denies the remaining allegations of Paragraph 188.

189.    Meta avers that Paragraph 189 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 189.

190.    Meta denies the allegations of Paragraph 190.

**Heading VIII.B.4.  The Recommendation Algorithms are harmful to young users' mental health, notwithstanding Meta's representations to the contrary.**

191.    Meta admits that the quoted language appears in the transcript of the hearing held on the referenced date.  Meta denies Plaintiffs' characterization of the referenced testimony.  Meta denies the remaining allegations of Paragraph 191.

192.    Meta admits that Antigone Davis testified before the Subcommittee on Consumer Protection, Product Safety, and Data Security of the Senate Committee on Commerce, Science, and Transportation on September 30, 2021.  Meta denies Plaintiffs' characterization of the referenced testimony.  Meta denies the remaining allegations of Paragraph 192.

193.    Meta avers that Paragraph 193 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 193.

194.    Meta avers that Paragraph 194 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 194.

195.    To the extent the referenced document exists, that document speaks for itself, and Meta otherwise denies the allegations of Paragraph 195.

196.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 196.

197.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 197.

198.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 198.

199.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 199.

200.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 200.

201.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 201.

202.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 202.

203.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 203.

204.    Meta denies the allegations of Paragraph 204.

205.    Meta denies the allegations of Paragraph 205.

206.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 206.

207.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 207.

208.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 208.

209.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 209.

210.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 210.

211.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 211.

212.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 212.

213.    Meta denies the allegations of Paragraph 213.

214.    Meta denies the allegations of Paragraph 214.

215.    Meta denies the allegations of Paragraph 215.

216.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 216.

217.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 217.

218.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 218.

219.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 219.

220.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 220.

221.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 221.

222.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 222.

223.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 223.

224.    Meta denies the allegations of Paragraph 224.

225.    Meta denies the allegations of Paragraph 225.

**Heading VIII.B.5.  Meta's use of social comparison features such as "Likes" also promotes compulsive use and mental health harms for young users**.

226.    Meta denies the allegations of Paragraph 226.

227.    Meta denies the allegations of Paragraph 227.

228.    Meta denies the allegations of Paragraph 228.

229.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 229.

230.    Meta denies the allegations of Paragraph 230.

231.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 231.

232.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 232.

233.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 233.

234.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 234.

235.    Meta denies the allegations of Paragraph 235.

236.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 236.

237.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 237.

238.    Meta denies the allegations of Paragraph 238.

239.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 239.

240.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 240.

241.    Meta denies the allegations of Paragraph 241.

242.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 242.

243.    Meta denies the allegations of Paragraph 243.

244.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 244.

245.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 245.

246.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 246.

247.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 247.

248.    Meta denies the allegations of Paragraph 248.

249.    Meta denies the allegations of Paragraph 249.

250.    Meta denies the allegations of Paragraph 250.

251.    Meta denies the allegations of Paragraph 251.

252.    Meta denies the allegations of Paragraph 252.

253.    Meta denies the allegations of Paragraph 253.

254.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 254.

255.    Meta denies the allegations of Paragraph 255.

256.    Meta denies the allegations of Paragraph 256.

257.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 257.

258.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 258.

259.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 259.

260.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 260.

261.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 261.

262.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 262.

263.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 263.

264.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 264.

265.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 265.

266.    Meta denies the allegations of Paragraph 266.

267.    Meta denies the allegations of Paragraph 267.

268.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 268.

269.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 269.

270.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 270.

271.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 271.

272.    To the extent the referenced documents exist, the documents speaks for themselves, and Meta otherwise denies the allegations of Paragraph 272.

273.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 273.

274.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 274.

275.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 275.

276.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 276.

277.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 277.

278.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 278.

279.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 279.

280.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 280.

281.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 281.

282.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 282.

283.    Meta denies the allegations of Paragraph 283.

284.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 284.

285.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 285.

286.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 286.

287.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 287.

288.    Meta denies the allegations of Paragraph 288.

289.    Meta denies the allegations of Paragraph 289.

290.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 290.

291.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 291.

292.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 292.

293.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 293.

294.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 294.

295.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 295.

296.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 296.

297.    Meta denies the allegations of Paragraph 297.

298.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 298.

**Heading VIII.B.6.  Meta's use of disruptive audiovisual and haptic notifications interferes with young users' education and sleep.**

299.    Meta denies the allegations of Paragraph 299.

300.    Meta denies the allegations of Paragraph 300.

301.    Meta denies the allegations of Paragraph 301.

302.    Meta denies the allegations of Paragraph 302.

303.    Meta denies the allegations of Paragraph 303.

304.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 304.

305.    Meta denies the allegations of Paragraph 305.

306.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 306.

307.    Meta denies the allegations of Paragraph 307.

308.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 308.

309.    Meta denies the allegations of Paragraph 309.

310.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 310.

311.    Meta denies the allegations of Paragraph 311.

312.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 312.

313.    Meta admits that the document cited in footnote 13 of Paragraph 313 contains the quoted language.  Meta denies Plaintiffs' characterization of the referenced document.  Meta denies the remaining allegations of Paragraph 313.

314.    Meta denies the allegations of Paragraph 314.

315.    Meta denies the allegations of Paragraph 315.

316.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 316.

317.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 317.

318.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 318.

319.    Meta denies the allegations of Paragraph 319.

320.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 320.

321.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 321.

322.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 322.

323.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 323.

324.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 324.

325.    Meta denies the allegations of Paragraph 325.

326.    Meta denies the allegations of Paragraph 326.

327.    Meta denies the allegations of Paragraph 327.

328.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 328.

329.    Meta denies the allegations of Paragraph 329.

330.    Meta denies the allegations of Paragraph 330.

331.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 331.

332.    Meta denies the allegations of Paragraph 332.

**Heading VIII.B.7.  Meta promotes platform features such as visual filters known to promote eating disorders and body dysmorphia in youth.**

333.    Meta denies the allegations of Paragraph 333.

334.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 334.

335.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 335.

336.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 336.

337.    Meta denies the allegations of Paragraph 337.

338.    Meta denies the allegations of Paragraph 338.

339.    Meta denies the allegations of Paragraph 339.

340.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 340.

341.    Meta denies the allegations of Paragraph 341.

342.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 342.

343.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 343.

344.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 344.

345.    Meta denies the allegations of Paragraph 345.

346.    Meta denies the allegations of Paragraph 346.

347.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 347.

348.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 348.

349.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 349.

350.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 350.

351.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 351.

352.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 352.

353.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 353.

META'S AMENDED ANSWER TO THE MULTISTATE ATTORNEYS GENERAL COMPLAINT

354.   To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 354.

355.   Meta denies the allegations of Paragraph 355.

356.   Meta denies the allegations of Paragraph 356.

357.   Meta denies the allegations of Paragraph 357.

358.   To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 358.

359.   To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 359.

360.   To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 360.

361.   To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 361.

362.   Meta admits the allegations of Paragraph 362.

363.   Meta denies the allegations of Paragraph 363.

364.   To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 364.

365.   To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 365.

366.   Meta denies the allegations of Paragraph 366.

367.   Meta denies the allegations of Paragraph 367.

368.   Meta denies the allegations of Paragraph 368.

**Heading VIII.B.8.  Meta offers features that it claims promote connection between friends, but actually serve to increase Young Users' time spent on the platform.**

369.   Meta denies the allegations of Paragraph 369.

370.   Meta denies the allegations of Paragraph 370.

371.   Meta denies the allegations of Paragraph 371.

372.   To the extent the referenced documents exist, the documents speaks for themselves, and Meta otherwise denies the allegations of Paragraph 372.

**Heading VIII.B.9.  Through its platform features, Meta discourages Young Users' attempts to disengage, notwithstanding Meta's representations to the contrary.**

373.   Meta denies the allegations of Paragraph 373.

374.   To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 374.

375.   Meta admits that Antigone Davis testified before the Subcommittee on Consumer Protection, Product Safety, and Data Security of the Senate Committee on Commerce, Science, and Transportation on September 30, 2021.  The testimony speaks for itself, and Meta otherwise denies the allegations of Paragraph 375.

376.   Meta denies the allegations of Paragraph 376.

377.   Meta denies the allegations of Paragraph 377.

378.   To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 378.

379.   To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 379.

380.   To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 380.

381.   Meta denies the allegations of Paragraph 381.

382.   To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 382.

383.   Meta denies the allegations of Paragraph 383.

384.   Meta denies the allegations of Paragraph 384.

385.   Meta denies the allegations of Paragraph 385.

386.   To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 386.

387.    Meta denies the allegations of Paragraph 387.

388.    Meta denies the allegations of Paragraph 388.

389.    Meta denies the allegations of Paragraph 389.

390.    Meta denies the allegations of Paragraph 390.

391.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 391.

392.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 392.

393.    Meta denies the allegations of Paragraph 393.

394.    Meta denies the allegations of Paragraph 394.

395.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 395.

396.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 396.

397.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 397.

398.    Meta denies the allegations of Paragraph 398.

399.    Meta denies the allegations of Paragraph 399.

400.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 400.

401.    Meta avers that Paragraph 401 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 401.

402.    Meta denies the allegations of Paragraph 402.

403.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 403.

404.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 404.

405.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 405.

406.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 406.

407.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 407.

408.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 408.

409.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 409.

410.    Meta denies the allegations of Paragraph 410.

411.    Meta denies the allegations of Paragraph 411.

412.    Meta denies the allegations of Paragraph 412.

413.    Meta denies the allegations of Paragraph 413.

**Heading VIII.B.10.  Meta knows its platform features are addictive and harmful, but misrepresents and omits this information in public discourse.**

414.    Meta avers that Paragraph 414 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 414.

415.    Meta admits that the quoted language appears in the transcript of the hearing held on the referenced date.  Meta denies Plaintiffs' characterization of the referenced testimony.  Meta denies the remaining allegations of Paragraph 415.

416.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 416.

417.    Meta denies the allegations of Paragraph 417.

418. To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 418.

419. Meta denies the allegations of Paragraph 419.

420. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 420.

421. To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 421.

422. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 422.

423. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 423.

424. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 424.

425. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 425.

426. Meta denies the allegations of Paragraph 426.

427. Meta admits that the quoted language appears in the transcript of the hearing held on the referenced date. Meta denies Plaintiffs' characterization of the referenced testimony. Meta denies the remaining allegations of Paragraph 427.

428. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 428.

429. Meta avers that Paragraph 429 represents a characterization of the States' allegations and legal conclusions and therefore requires no response. To the extent that a response is required, Meta denies the allegations of Paragraph 429.

**Heading VIII.B.11.  Meta makes its platforms and associated harmful features available to especially young and vulnerable users.**

430. Meta denies the allegations of Paragraph 430.

431.    Meta denies the allegations of Paragraph 431.

432.    Meta avers that Paragraph 432 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 432.

433.    Meta denies the allegations of Paragraph 433.

434.    Meta denies the allegations of Paragraph 434, including because Meta lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 434.

435.    Meta denies the allegations of Paragraph 435.

436.    To the extent that the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 436.

437.    To the extent that the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 437.

438.    Meta avers that Paragraph 438 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 438.

439.    Meta denies the allegations of Paragraph 439.

440.    Meta denies the allegations of Paragraph 440.

441.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 441.

442.    Meta denies the allegations of Paragraph 442.

443.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 443.

444.    Meta denies the allegations of Paragraph 444.

445.    Meta denies the allegations of Paragraph 445.

446.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 446.

447.    Meta denies the allegations of Paragraph 447.

448.    Meta admits that the CNBC article referenced in Paragraph 448 contains the quoted language. Meta denies Plaintiffs' characterizations of the referenced Article.  Meta denies the remaining allegations of Paragraph 448.  To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 448.

449.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 449.

450.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 450.

451.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 451.

452.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 452.  Furthermore, Meta denies the allegations of Paragraph 452, including because Meta lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 452.

453.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 453.

454.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 454.

455.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 455.

456.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 456.

457.    Meta denies the allegations of Paragraph 457.

**Heading VIII.C.  Meta has misled its users and the public by boasting a low prevalence of harmful content on its social media platforms—while concealing internal studies showing the high incidence of user harms.**

458.    Meta avers that Paragraph 458 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 458.

459.    Meta denies the allegations of Paragraph 459.

460.    Meta denies the allegations of Paragraph 460.

461.    Meta denies the allegations of Paragraph 461.

462.    Meta denies the allegations of Paragraph 462.

463.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 463.

464.    Meta admits that the document referenced in Paragraph 464 contains the quoted language.  Meta denies Plaintiffs' characterization of the referenced document.  Meta denies the remaining allegations of Paragraph 464.

465.    Meta admits that the quoted language appears in the transcript of the hearing held on the referenced date.  Meta denies Plaintiffs' characterization of the referenced testimony.  Meta denies the remaining allegations of Paragraph 465.

466.    Meta avers that Paragraph 466 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 466.

467.    Meta avers that Paragraph 467 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 467.

468.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 468.

469.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 469.

470.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 470.

471.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 471.

472.    Meta denies the allegations of Paragraph 472.

473.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 473.

474.    Meta avers that Paragraph 474 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 474.

475.    Meta denies the allegations of Paragraph 475.

476.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 476.

477.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 477.

478.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 478.

479.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 479.

480.    Meta avers that Paragraph 480 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 480.

481.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 481.

482.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 482.

483.    Meta denies the allegations of Paragraph 483.

484.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 484.

485.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 485.

486.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 486.

487.    Meta denies the allegations of Paragraph 487.

488.    Meta denies the allegations of Paragraph 488.

489.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 489.

490.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 490.

491.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 491.

492.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 492.

493.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 493.

494.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 494.

495.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 495.

496.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 496.

497.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 497.

498.    Meta avers that Paragraph 498 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 498.

499.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 499.

500.    Meta denies the allegations of Paragraph 500.

501.    Meta denies the allegations of Paragraph 501.

502.    Meta denies the allegations of Paragraph 502.

503.    Meta denies the allegations of Paragraph 503.

504.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 504.

505.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 505.

506.    Meta denies the allegations of Paragraph 506.

507.    Meta denies the allegations of Paragraph 507.

**Heading VIII.D.  Meta's platform features cause Young Users significant physical and mental harm, of which Meta is keenly aware.**

508.    Meta denies the allegations of Paragraph 508.

509.    Meta denies the allegations of Paragraph 509, including because Meta lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 509.

510.    Meta denies the allegations of Paragraph 510.

511.    Meta denies the allegations of Paragraph 511.

512.    Meta denies the allegations of Paragraph 512.

513.    Meta denies the allegations of Paragraph 513.

514.    Meta denies the allegations of Paragraph 514.

515.    Meta denies the allegations of Paragraph 515.

516.    Meta denies the allegations of Paragraph 516.

517.    Meta denies the allegations of Paragraph 517.

518.    Meta denies the allegations of Paragraph 518.

519.    Meta denies the allegations of Paragraph 519.

520.    Meta denies the allegations of Paragraph 520.

521.    Meta denies the allegations of Paragraph 521.

522.    Meta denies the allegations of Paragraph 522.

523.    Meta denies the allegations of Paragraph 523.

524.    Meta denies the allegations of Paragraph 524.

525.    Meta denies the allegations of Paragraph 525.

526.    Meta denies the allegations of Paragraph 526.

527.    Meta denies the allegations of Paragraph 527.

528.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 528.

529.    Meta denies the allegations of Paragraph 529.

530.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 530.

531.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 531.

532.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 532.

533.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 533.

534.    Meta denies the allegations of Paragraph 534.

535.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 535.

536.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 536.

537.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 537.

538.    Meta denies the allegations of Paragraph 538.

539.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 539.

540.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 540.

541.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 541.

542.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 542.

543.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 543.

544.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 544.

545.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 545.

546.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 546.

547.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 547.

548.    Meta denies the allegations of Paragraph 548.

549.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 549.

550.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 550.

551.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 551.

552.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 552.

META'S AMENDED ANSWER TO THE MULTISTATE ATTORNEYS GENERAL COMPLAINT

553.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 553.

554.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 554.

555.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 555.

556.    Meta denies the allegations of Paragraph 556.

557.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 557.

558.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 558.

559.    Meta denies the allegations of Paragraph 559.

560.    Meta denies the allegations of Paragraph 560.

561.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 561.

562.    Meta denies the allegations of Paragraph 562.

563.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 563.

564.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 564.

565.    Meta admits that the referenced documents in Paragraph 565 contain the quoted language.  Meta denies Plaintiffs' characterization of the referenced documents.  Meta denies the remaining allegations of Paragraph 565.

566.    Meta admits that the document referenced in Paragraph 566 contains the quoted language.  Meta denies Plaintiffs' characterization of the referenced document.  Meta denies the remaining allegations of Paragraph 566.

567.    Meta admits that the document referenced in Paragraph 567 contains the quoted language.  Meta denies Plaintiffs' characterization of the referenced document.  Meta denies the remaining allegations of Paragraph 567.

568.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 568.

569.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 569.

570.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 570.

571.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 571.

572.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 572.

573.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 573.

574.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 574.

575.    Meta denies the allegations of Paragraph 575.

576.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 576.

577.    Meta denies the allegations of Paragraph 577.

578.    Meta denies the allegations of Paragraph 578.

579.    Meta denies the allegations of Paragraph 579.

580.    Meta denies the allegations of Paragraph 580.

581.    Meta admits that Instagram's "Take a Break" tool launched on or about December 6, 2021.  Meta denies the remaining allegations of Paragraph 581.

582.    Meta denies the allegations of Paragraph 581.

583.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 583.

584.    Meta denies the allegations of Paragraph 584.

585.    Meta denies the allegations of Paragraph 585.

586.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 586.

587.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 587.

588.    Meta denies the allegations of Paragraph 588.

589.    Meta denies the allegations of Paragraph 589.

590.    Meta denies the allegations of Paragraph 590.

591.    Meta denies the allegations of Paragraph 591.

592.    Meta admits that the quoted language appears in the transcript of the hearing held on the referenced date.  Meta denies Plaintiffs' characterization of the referenced testimony.  Meta denies the remaining allegations of Paragraph 592.

593.    Meta admits that the document referenced in Paragraph 593 contains the quoted language.  Meta denies Plaintiffs' characterization of the referenced document.   Meta denies the remaining allegations of Paragraph 593.

594.    Meta admits that more than one article mentioning Ms. Haugen has appeared in the Wall Street Journal.  Meta denies Plaintiffs' characterization of the articles referenced in Paragraph 594.  Meta denies the remaining allegations of Paragraph 594.

595.    Meta denies the allegations in Paragraph 595.

596.    Meta admits that the document referenced in Paragraph 596 contains the quoted language.  Meta denies Plaintiffs' characterization of the referenced document.  Meta denies the remaining allegations of Paragraph 596.

597.    To the extent a document containing the referenced quote exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 597.

598. Meta admits that the document referenced in Paragraph 598 contains the quoted language. Meta denies Plaintiffs' characterization of the referenced document. Meta otherwise denies the remaining allegations of Paragraph 598.

599. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 599.

600. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 600.

601. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 601.

602. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 602.

603. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 603, including because Meta lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 603.

604. Meta admits that the quoted language appears in the transcript of the hearing held on the referenced date. Meta denies Plaintiffs' characterization of the referenced testimony. Meta denies the remaining allegations of Paragraph 604.

605. Meta avers that Paragraph 605 represents a characterization of the States' allegations and legal conclusions and therefore requires no response. To the extent that a response is required, Meta denies the allegations of Paragraph 605.

606. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 606.

607. Meta denies the allegations of Paragraph 607.

608. To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 608.

609. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 609.

610.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 610.

611.    Meta denies the allegations of Paragraph 611.

612.    Meta denies the allegations of Paragraph 612.

613.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 613.

614.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 614.

615.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 615.

616.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 616.

617.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 617.

618.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 618.

619.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 619.

620.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 620.

621.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 621.

622.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 622.

623.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 623.

624.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 624.

625.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 625.

626.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 626.

627.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 627.

628.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 628.

629.    To the extent the referenced testimony exists, the testimony speaks for itself, and Meta otherwise denies the allegations of Paragraph 629.

630.    Meta avers that Paragraph 630 represents a characterization of the States' allegations and legal conclusions and therefore requires no response. To the extent that a response is required, Meta denies the allegations of Paragraph 630.

**Heading IX.  META'S COPPA NONCOMPLIANCE**

631.    Meta avers that Paragraph 631 states a legal conclusion for which no response is required. To the extent that a response is required, Meta denies the allegations of Paragraph 631.

632.    Meta avers that Paragraph 632 represents a characterization of the States' allegations and legal conclusions and therefore requires no response. To the extent that a response is required, Meta denies the allegations of Paragraph 632.

**Heading IX.A.  COPPA requires Meta to obtain verifiable parental consent for Instagram and Facebook users under the age of 13.**

633.    Meta avers that Paragraph 633 states a legal conclusion for which no response is required. To the extent that a response is required, Meta denies the allegations of Paragraph 633, including any implication that Plaintiffs are entitled to relief.

634.    Meta avers that Paragraph 634 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 634, including any implication that Plaintiffs are entitled to relief.

635.    Meta avers that Paragraph 635 states a legal conclusion for which no response is required.  To the extent that a response is required, Meta denies the allegations of Paragraph 635, including any implication that Plaintiffs are entitled to relief.

636.    Meta avers that Paragraph 636 states a legal conclusion for which no response is required.  To the extent that a response is required, Meta denies the allegations of Paragraph 636, including any implication that Plaintiffs are entitled to relief.

637.    Meta avers that Paragraph 637 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 637, including any implication that Plaintiffs are entitled to relief.

638.    Meta avers that Paragraph 638 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 638, including any implication that Plaintiffs are entitled to relief.

639.    Meta avers that Paragraph 639 states a legal conclusion for which no response is required.  To the extent that a response is required, Meta denies the allegations of Paragraph 639, including any implication that Plaintiffs are entitled to relief.

640.    Meta avers that Paragraph 640 states a legal conclusion for which no response is required.  To the extent that a response is required, Meta denies the allegations of Paragraph 640, including any implication that Plaintiffs are entitled to relief.

641.    Meta avers that Paragraph 641 represents a characterization of the States' allegations and legal conclusions and theretofore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 641.

**Heading IX.B.  Meta does not comply with COPPA with respect to Instagram**.

**Heading IX.B.1.  Meta possesses actual knowledge of children on Instagram and collects their personal information without obtaining parental consent.**

642.    Meta avers that Paragraph 642 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 642, including any implication that Plaintiffs are entitled to relief.

643.    Meta admits that Antigone Davis testified before the Senate Committee on Science, Commerce, and Transportation Subcommittee on Consumer Protection, Product Safety, and Data Security on September 30, 2021.  Meta denies Plaintiffs' characterization of the testimony referenced in Paragraph 643.  Meta denies the remaining allegations of Paragraph 643.

644.    Meta avers that Paragraph 644 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 644, including any implication that Plaintiffs are entitled to relief.

645.    Meta denies the allegations of Paragraph 645.

646.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 646.

647.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 647.

**Heading IX.B.1.a.  Internal charts boast Meta's successful penetration into 11- and 12-year-old demographic cohorts.**

648.    Meta admits that Antigone Davis testified before the Senate Committee on Science, Commerce, and Transportation Subcommittee on Consumer Protection, Product Safety, and Data Security on September 30, 2021.  Meta denies Plaintiffs' characterization of the testimony referenced in Paragraph 648.  To the extent the other referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 648.

649.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 649.

650.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 650.

651.    To the extent the document referenced in Paragraph 651 exists, that document speaks for itself. Meta otherwise denies the allegations of Paragraph 651.

652.    To the extent the referenced document exists, the document speaks for itself.  Meta otherwise denies the allegations of Paragraph 652.

653.    To the extent the referenced document exists, that document speaks for itself.  Meta otherwise denies the allegations of Paragraph 653.

654.    Meta denies the allegations of Paragraph 654.

655.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 655.

656.    Meta avers that Paragraph 656 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 656.

**Heading IX.B.1.b.  An internal report informed Zuckerberg of four million users under the age of 13 on Instagram.**

657.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 657.

658.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 658.

659.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations in Paragraph 659.

660.    Meta avers that Paragraph 660 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 660.

661.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations in Paragraph 661.

662.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 662.

663.    Meta denies the allegations of Paragraph 663.

664.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 664.

**Heading IX.B.1.c.  Emails and policies document Meta's mishandling of known accounts for users under the age of 13.**

665.    Meta avers that Paragraph 665 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 665.

666.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 666.

667.    Meta avers that Paragraph 667 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 667.

668.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 668.

669.    Meta admits that the quoted language appears in the transcript of the hearing held on the referenced date.  Meta denies Plaintiffs' characterization of the referenced testimony.  Meta denies the remaining allegations of Paragraph 669.

670.    Meta denies the allegations of Paragraph 670.

671.    Meta denies the allegations of Paragraph 671.

672.    Meta denies the allegations of Paragraph 672.

673.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 673.

674.    Meta denies the allegations of Paragraph 674.

675.    Meta denies the allegations of Paragraph 675.

676.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 676.

677.    Meta denies the allegations of Paragraph 677.

678.    To the extent the referenced instructions exist, the instructions speak for themselves.  Meta admits that, starting the week of September 29, 2020, Meta was testing "Accounts Center" in settings on Facebook, Instagram, and Messenger.  Meta otherwise denies the allegations of Paragraph 678.

679.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 679.

680.    Meta denies the allegations of Paragraph 680.

681.    Meta denies the allegations of Paragraph 681.

682.    Meta admits that a post titled "How Do We Know Someone Is Old Enough to Use Our Apps?" appeared on Meta's Newsroom page on July 27, 2021.  This document speaks for itself.  Meta otherwise denies the allegations in Paragraph 682.

683.    Meta denies the allegations of Paragraph 683.

684.    Meta avers that Paragraph 684 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 684.

685.    To the extent the referenced Instagram Help Center section and talking points exist, the documents speak for themselves.  Meta admits that the quoted language appears in the transcript of the hearing held on the referenced date.  Meta denies Plaintiffs' characterization of the referenced testimony.  Meta denies the remaining allegations of Paragraph 685.

686.    Meta denies the allegations of Paragraph 683.

687.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 687.

688.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 688.

**Heading IX.B.1.d.  Meta's researchers discussed strategic exclusion of 10- to 12-year-old Instagram users.**

689.    Meta denies the allegations of Paragraph 689.

690.    Meta denies the allegations of Paragraph 690.

691.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 691.

692.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 692.

693.    To the extent the referenced documents exist, the instructions speak for themselves.  Meta otherwise denies the allegations of Paragraph 693.

694.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 694.

695.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 695.

696.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 696.

697.    To the extent the allegations in Paragraph 697 are intended to refer to documents and to the extent the referenced documents exist, the documents speak for themselves.  Meta otherwise denies the allegations of Paragraph 697.

698.    Meta denies the allegations of Paragraph 698.

**Heading IX.B.1.e.  Meta knows that Instagram's lack of effective age-gating elicits false self-reports of children's ages.**

699.    Meta denies the allegations of Paragraph 699.

700.    Meta denies the allegations of Paragraph 700.

701.    Meta denies the allegations of Paragraph 701.

702.    Meta denies the allegations of Paragraph 702.

703.    Meta denies the allegations of Paragraph 703.

704.    Meta denies the allegations of Paragraph 704.

705.    Meta avers that Paragraph 705 states a legal conclusion for which no response is required.  To the extent that a response is required, Meta denies the allegations of Paragraph 705, including any implication that Plaintiffs are entitled to relief.

706.    Meta denies the allegations of Paragraph 706.

707.    Meta denies the allegations of Paragraph 707.

708.    Meta denies the allegations of Paragraph 708.

709.    Meta denies the allegations of Paragraph 709.

710.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 710.

711.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 711.

712.    Meta admits that the quoted language appears in the transcript of the hearing held on the referenced date.  Meta denies Plaintiffs' characterization of the referenced testimony.  Meta denies the remaining allegations of Paragraph 712.

713.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 713.

714.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 714.

715.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 715.

716.    To the extent the allegations in Paragraph 716 are intended to refer to documents and to the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 716.

717.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 717.

718.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 718.

719.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 719.

720.    Meta denies the allegations of Paragraph 720.

721.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 721.

722.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 722.

723.    Meta admits that a post titled "Pausing 'Instagram Kids' and Building Parental Supervision Tools" appeared on Meta's Newsroom page on September 27, 2021.  This document speaks for itself.  Meta otherwise denies the allegations of Paragraph 723.

724.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 724.

725.    Meta denies the allegations of Paragraph 725.

726.    Meta denies the allegations of Paragraph 726.

727.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 727.

728.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 728.

729.    Meta admits that a March 17, 2021 post on an Instagram webpage contains the quoted language.  Meta denies Plaintiffs' characterization of the referenced post.  Meta denies the remaining allegations in Paragraph 729.

730.    Meta avers that Paragraph 730 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 730.

731.    Meta avers that Paragraph 731 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 731.

**Heading IX.B.1.f.  Data from Meta's age-estimation algorithms confirms that millions of individual accounts belong to children under age 13.**

732.    Meta denies the allegations of Paragraph 732.

733.    Meta denies the allegations of Paragraph 733.

734.    Meta denies the allegations of Paragraph 734.

735.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 735.

736.    Meta denies the allegations of Paragraph 736.

737.    Meta denies the allegations of Paragraph 737.

738.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 738.

739.    Meta denies the allegations of Paragraph 739.

740.    Meta denies the allegations of Paragraph 740.

741.    Meta denies the allegations of Paragraph 741.

742.    Meta denies the allegations of Paragraph 742.

743.    Meta admits that the quoted language appears in the transcript of the hearing held on the referenced date.  Meta denies Plaintiffs' characterization of the referenced testimony.  Meta denies the remaining allegations of Paragraph 743.

744.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 744.

745.    Meta avers that Paragraph 745 represents a characterization of the States' allegations and legal conclusions and theretofore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 745.

**Heading IX.B.2.  Instagram is "directed to children."**

746.    Meta avers that Paragraph 746 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 746.

747.    Meta avers that Paragraph 747 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 747.

748.    Meta avers that Paragraph 748 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 748.

749.    Meta avers that Paragraph 749 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 749.

**Heading IX.B.2.a.  Instagram's audience composition includes millions of users under the age of 13**.

750.    Meta avers that Paragraph 750 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 750.

751.    Meta denies the allegations of Paragraph 751.

752.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 752.

753.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 753.

754.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 754.

755.    Meta denies the allegations of Paragraph 755, including because Meta lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 755.

756.    Meta avers that Paragraph 756 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 756.

757.    Meta denies the allegations of Paragraph 757.

**Heading IX.B.2.b.  Advertising that promotes Instagram and appears on Instagram is directed to children.**

758.    Meta avers that Paragraph 758 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 758.

759.    Meta denies the allegations of Paragraph 759.

760.    To the extent the referenced document exists, the document speaks for itself.  Meta otherwise denies the allegations of Paragraph 760.

761.    To the extent the referenced document exists, the document speaks for itself.  Meta otherwise denies the allegations of Paragraph 761.

762.    Meta denies the allegations of Paragraph 762.

763.    Meta denies the allegations of Paragraph 763.

764.    To the extent the referenced document exists, the document speaks for itself.  Meta otherwise denies the allegations of Paragraph 764.

765.    To the extent the referenced document exists, the document speaks for itself.  Meta otherwise denies the allegations of Paragraph 765.

766.    Meta avers that Paragraph 766 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 766.

**Heading IX.B.2.c.  Meta's design of the Instagram registration process allows children under 13 to use Instagram.**

767.    Meta denies the allegations of Paragraph 767.

768.    Meta denies the allegations of Paragraph 768.

769.    Meta denies the allegations of Paragraph 769.

770.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 770.

**Heading IX.B.2.d.  Users under age 13 are an "intended audience" of Instagram.**

771.    Meta avers that Paragraph 771 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 771.

772.    Meta denies the allegations of Paragraph 772.

773.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 773.

774.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 774.

775.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 775.

776.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 776.

777.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 777.

778.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 778.

779.    Meta denies the allegations of Paragraph 779.

780.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 780.

781.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 781.

782.    To the extent the allegations in Paragraph 782 are intended to refer to documents and to the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 782.

783.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 783.

784.    To the extent the allegations in Paragraph 742 are intended to refer to documents and to the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 784.

785.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 785.

786.    To the extent the allegations in Paragraph 786 are intended to refer to documents and to the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 786.

787.    Meta denies the allegations of Paragraph 787.

788.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 788.

789.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 789.

790.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 790.

791.    Meta denies the allegations of Paragraph 791.

792.    Meta admits that Antigone Davis testified before the Subcommittee on Consumer Protection, Product Safety, and Data Security of the Senate Committee on Commerce, Science, and Transportation on September 30, 2021.  The testimony speaks for itself, and Meta otherwise denies the allegations of Paragraph 792.

793.    Meta denies the allegations of Paragraph 793.

**Heading IX.B.2.e.  Subject matter, characters, activities, music, and other content on Instagram are child-oriented.**

794.    Meta avers that the allegations in Paragraph 794 contain a statement of law to which no response is required. To the extent a response is required, Meta denies the allegations of Paragraph 794.

795.    Meta denies the allegations of Paragraph 795.

796.    Meta admits that the referenced accounts or pages except for Nick Jr have appeared on Instagram. Meta denies the remaining allegations of Paragraph 796.

797.    Meta avers that Paragraph 797 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 797.

798.    Meta avers that Paragraph 798 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 798.

**Heading IX.B.2.f.  Models and celebrities on Instagram are children and/or child-oriented.**

799.    Meta avers that Paragraph 799 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 799.

800.    Meta denies the allegations of Paragraph 800.

801.    Meta admits that Instagram has hosted an account of Jojo Siwa.  Meta denies the remaining allegations of Paragraph 801, including because Meta lacks knowledge to form a belief to the truth of the allegations in Paragraph 801.

802.    To the extent the allegations in Paragraph 802 are intended to refer to a document and to the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 802.

803.    Meta denies the allegations of Paragraph 803.

804.    Meta denies the allegations of Paragraph 804.

805.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 805.

**Heading IX.B.3.  Meta does not obtain verifiable parental consent before collecting personal information from users under the age of 13 on Instagram.**

806.    Meta avers that Paragraph 806 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 806.

807.    Meta avers that the allegations in Paragraph 807 contain a statement of law to which no response is required. To the extent a response is required, Meta denies the allegations of Paragraph 807.

808.    Meta avers that Paragraph 808 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 808.

809.    Meta denies the allegations of Paragraph 809.

810.    Meta denies the allegations of Paragraph 810.

811.    Meta denies the allegations of Paragraph 811.

**Heading IX.C.  Meta does not comply with COPPA with respect to Facebook.**

812.    Meta avers that Paragraph 812 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 812.

**Heading IX.C.1.  Meta has actual knowledge of users under age 13 on Facebook.**

813.    Meta denies the allegations of Paragraph 813.

814.    Meta denies the allegations of Paragraph 814.

815.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 815.

816.    To the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 816.

817.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 817.

818.    To the extent the referenced data exists, the data speaks for itself, and Meta otherwise denies the allegations of Paragraph 818.

819.    Meta denies the allegations of Paragraph 819.

820.    Meta denies the allegations of Paragraph 820.

821.    Meta denies the allegations of Paragraph 821.

**Heading IX.C.2.  Facebook is "directed to children."**

822.    Meta denies the allegations of Paragraph 822.

823.    Meta denies the allegations of Paragraph 823.

824.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 824.

825.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 825.

826.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 826.

827.    To the extent the allegations in Paragraph 827 are intended to refer to documents and to the extent the referenced documents exist, the documents speak for themselves, and Meta otherwise denies the allegations of Paragraph 827.

828.    Meta denies the allegations of Paragraph 828.

829.    To the extent the referenced advertisement exists, the advertisement speaks for itself, and Meta otherwise denies the allegations of Paragraph 829.

830.    Meta denies the allegations of Paragraph 830.

831.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 831.

832.    Meta avers that Paragraph 832 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 832.

**Heading IX.C.3.  Meta does not obtain verifiable parental consent before collecting personal information from users under age 13 on Facebook.**

833.    Meta denies the allegations of Paragraph 833.

834.    Meta denies the allegations of Paragraph 834.

835.    Meta denies the allegations of Paragraph 835.

**Heading X.  META CONTINUES TO EXPAND AND INTRODUCE NEW PLATFORMS**

836.    Meta denies the allegations of Paragraph 836.

837.    Meta denies the allegations of Paragraph 837.

838.    Meta admits it acquired Oculus in 2014.  Meta further admits it has since developed "Horizon Worlds."  Meta denies the remaining allegations of Paragraph 838.

839.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 839.

840.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 840.

841.    Meta admits that in April 2023 it made Horizon Worlds available to users aged 13 to 17 in the U.S. and Canada with a robust set of age-appropriate protections and safety defaults.  Meta denies the remaining allegations of Paragraph 841.

842.    Meta admits that it received a Civil Investigative Demand from certain states on June 7, 2023.  Meta otherwise denies the allegations of Paragraph 842.

843.    Meta denies the allegations of Paragraph 843.

844.    Meta admits that it has developed new features on Horizon Worlds.  Meta further admits that users may connect their experiences in Horizon Worlds to their Facebook and Instagram accounts. Meta denies the remaining allegations of Paragraph 844.

845.    Meta avers that Paragraph 845 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 845.

**Heading XI.  SUMMARY OF META'S DECEPTIVE AND UNFAIR OR UNCONSCIONABLE ACTS AND PRACTICES**

**Heading XI.A.  Deceptive Acts and Practices**

846.    Meta denies the allegations of Paragraph 846.

**Heading XI.B.  Unfair and/or Unconscionable Acts and Practices**

847.    Meta denies the allegations of Paragraph 847.

848.    Meta denies the allegations of Paragraph 848.

849.    Meta denies the allegations of Paragraph 849.

850.    Meta denies the allegations of Paragraph 850.

**ANSWERING THE CLAIMS FOR RELIEF**

**COUNT I: COPPA VIOLATIONS BY META (15 USC § 6501 *et seq*.; 16 C.F.R. § 312.1 *et seq*.)**

851.    Meta incorporates by reference its answers to all other paragraphs.

852.    Meta denies the allegations of Paragraph 852.

853.    Meta denies the allegations of Paragraph 853.

854.    Meta denies the allegations of Paragraph 854.

855.    Meta denies the allegations of Paragraph 855.

856.    Meta avers that Paragraph 856 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 856.

857.    Meta denies the allegations of Paragraph 857.

858.    Meta avers that Paragraph 858 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 858.

859.    Meta denies the allegations of Paragraph 859.

**COUNT II: VIOLATIONS OF THE ARIZONA CONSUMER FRAUD ACT, ARIZ. REV. STAT. §§ 44-1521 to -1534**

860.    Meta incorporates by reference its answers to all other paragraphs.

861.    Meta denies the allegations of Paragraph 861.

862.    To the extent that a response is required, Meta denies the allegations of Paragraph 862.

863.    Meta denies the allegations of Paragraph 863.

864.    Meta  denies the allegations of Paragraph 864.

**COUNT III: FALSE OR MISLEADING STATEMENTS BY META IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17500 (BY THE PEOPLE OF THE STATE OF CALIFORNIA)**

865. Meta incorporates by reference its answers to all other paragraphs.

866. Meta denies the allegations of Paragraph 866.

867. Meta denies the allegations of Paragraph 867.

**COUNT IV: UNFAIR COMPETITION BY META IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 (BY THE PEOPLE OF THE STATE OF CALIFORNIA)**

868. Meta incorporates by reference its answers to all other paragraphs.

869. Meta denies the allegations of Paragraph 869.

870. Meta denies the allegations of Paragraph 870.

871. Meta denies the allegations of Paragraph 871.

872. Meta denies the allegations of Paragraph 872.

873. Meta denies the allegations of Paragraph 873.

**COUNT V: DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT, COLO. REV. STAT. § 6-1-105(1)(e)**

874. Meta incorporates by reference its answers to all other paragraphs.

875. Meta denies the allegations of Paragraph 875.

876. Meta denies the allegations of Paragraph 876.

877. Meta denies the allegations of Paragraph 877.

**COUNT VI: DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT, COLO. REV. STAT. § 6-1-105(1)(g)**

878. Meta incorporates by reference its answers to all other paragraphs.

879. Meta denies the allegations of Paragraph 879.

880. To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 880.

881.    To the extent the referenced document exists, the document speaks for itself, and Meta otherwise denies the allegations of Paragraph 881.

882.    Meta denies the allegations of Paragraph 882.

**COUNT VII: DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT, COLO. REV. STAT. § 6-1-105(1)(u)**

883.    Meta incorporates by reference its answers to all other paragraphs.

884.    Meta denies the allegations of Paragraph 884.

885.    Meta denies the allegations of Paragraph 885.

886.    Meta denies the allegations of Paragraph 886.

**COUNT VIII: DECEPTIVE AND UNFAIR ACTS OR PRACTICES BY META IN VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT, COLO. REV. STAT. § 6-1105(1)(rrr)**

887.    Meta incorporates by reference its answers to all other paragraphs.

888.    Meta denies the allegations of Paragraph 888.

889.    Meta denies the allegations of Paragraph 889.

890.    Meta denies the allegations of Paragraph 890.

891.    Meta denies the allegations of Paragraph 891.

892.    Meta denies the allegations of Paragraph 892.

**COUNT IX: VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, CONNECTICUT GENERAL STATUTES § 42-110b *et seq*.**

893.    Meta denies the allegations of Paragraph 893.

894.    Meta incorporates by reference its answers to all other paragraphs.

895.    Meta denies the allegations of Paragraph 895.

896.    Meta denies the allegations of Paragraph 896.

897.    Meta denies the allegations of Paragraph 897.

898.    Meta denies the allegations of Paragraph 898.

899.    Meta denies the allegations of Paragraph 899.

900.    Meta denies the allegations of Paragraph 900.

**COUNT X: VIOLATIONS OF THE DELAWARE CONSUMER FRAUD ACT (Delaware CFA), 6 Del. Code Ann. § 2513 *et seq.***

901.    Meta incorporates by reference its answers to all other paragraphs.

902.    Meta denies the allegations of Paragraph 902.

903.    Meta denies the allegations of Paragraph 903.

904.    Meta denies the allegations of Paragraph 904.

905.    Meta denies the allegations of Paragraph 905.

906.    Meta denies the allegations of Paragraph 906.

907.    Meta denies the allegations of Paragraph 907.

908.    Meta denies the allegations of Paragraph 908.

909.    Meta denies the allegations of Paragraph 909.

910.    Meta denies the allegations of Paragraph 910.

**COUNT XI: VIOLATIONS OF THE DELAWARE DECEPTIVE TRADE PRACTICES ACT (Delaware DTPA), 6 Del. Code Ann. § 2531 *et seq.***

911.    Meta incorporates by reference its answers to all other paragraphs.

912.    Meta avers that Paragraph 912 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 912.

913.    Meta denies the allegations of Paragraph 913.

914.    Meta denies the allegations of Paragraph 914.

915.    Meta denies the allegations of Paragraph 915.

916.    Meta denies the allegations of Paragraph 916.

917.    Meta denies the allegations of Paragraph 917.

918.    Meta denies the allegations of Paragraph 918.

**COUNT XII: DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-390 *et seq.***

919.    Meta incorporates by reference its answers to all other paragraphs.

920.    Meta avers that Paragraph 920 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 920.

921.    Meta avers that Paragraph 921 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 921.

922.    Meta denies the allegations of Paragraph 922.

923.    Meta denies the allegations of Paragraph 923.

924.    Meta denies the allegations of Paragraph 924.

925.    Meta denies the allegations of Paragraph 925.

926.    Meta avers that Paragraph 926 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 926.

**COUNT XIII: UNFAIR ACTS OR PRACTICES BY META IN VIOLATION OF GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-390 *et seq.***

927.    Meta incorporates by reference its answers to all other paragraphs.

928.    Meta avers that Paragraph 928 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 928.

929.    Meta avers that Paragraph 929 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 929.

930.    Meta denies the allegations of Paragraph 930.

931.    Meta denies the allegations of Paragraph 931.

932.    Meta denies the allegations of Paragraph 932.

933.    Meta denies the allegations of Paragraph 933.

934.    Meta denies the allegations of Paragraph 934.

935.    Meta denies the allegations of Paragraph 935.

936. Meta denies the allegations of Paragraph 936.

937. Meta denies the allegations of Paragraph 937.

938. Meta denies the allegations of Paragraph 938.

939. Meta denies the allegations of Paragraph 939.

940. Meta avers that Paragraph 940 represents a characterization of the State's allegations and legal conclusions and therefore requires no response. To the extent that a response is required, Meta denies the allegations of Paragraph 940.

**COUNT XIV: UNFAIR OR DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF THE HAWAI'I UNFAIR AND DECEPTIVE ACTS OR TRADE PRACTICES ACT, HAW. REV. STAT. CHAPTER 480**

941. Meta incorporates by reference its answers to all other paragraphs.

942. Meta denies the allegations of Paragraph 942.

943. Meta denies the allegations of Paragraph 943.

944. Meta denies the allegations of Paragraph 944.

945. Meta denies the allegations of Paragraph 945.

**COUNT XV: DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1 *et seq.***

946. Meta incorporates by reference its answers to all other paragraphs.

947. Meta denies the allegations of Paragraph 947.

948. Meta denies the allegations of Paragraph 948.

**COUNT XVI: UNFAIR ACTS OR PRACTICES BY META IN VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1 *et seq.***

949. Meta incorporates by reference its answers to all other paragraphs.

950. Meta denies the allegations of Paragraph 950.

951. Meta denies the allegations of Paragraph 951.

952. Meta denies the allegations of Paragraph 952.

953. Meta denies the allegations of Paragraph 953.

954. Meta denies the allegations of Paragraph 954.

955. Meta denies the allegations of Paragraph 955.

956. Meta denies the allegations of Paragraph 956.

**COUNT XVII: CONDUCT VIOLATIVE OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT BY META, IN VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1 *et seq*.**

957. Meta incorporates by reference its answers to all other paragraphs.

958. Meta avers that Paragraph 958 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 958.

959. Meta denies the allegations of Paragraph 959.

960. Meta denies the allegations of Paragraph 960.

**COUNT XVIII: UNFAIR OR DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF THE INDIANA DECEPTIVE CONSUMER SALES ACT, IND. CODE § 24-5-0.5-3(a), -3(b)(1), AND -3(b)(2)**

961. Meta incorporates by reference its answers to all other paragraphs.

962. Meta denies the allegations of Paragraph 962.

963. Meta avers that Paragraph 963 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 963.

964. Meta denies the allegations of Paragraph 964.

965. Meta denies the allegations of Paragraph 965.

966. Meta denies the allegations of Paragraph 966.

967. Meta denies the allegations of Paragraph 967.

968. Meta denies the allegations of Paragraph 968.

969. Meta denies the allegations of Paragraph 969.

970. Meta denies the allegations of Paragraph 970.

**COUNT XIX: KNOWING VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT AND INCURABLE DECEPTIVE ACTS, IND. CODE § 24-5-0.5-1 *et seq*.**

971.    Meta incorporates by reference its answers to all other paragraphs.

972.    Meta denies the allegations of Paragraph 972.

973.    Meta denies the allegations of Paragraph 973.

**COUNT XX: DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF THE KANSAS CONSUMER PROTECTION ACT, K.S.A. § 50-626**

974.    Meta incorporates by reference its answers to all other paragraphs.

975.    Meta denies the allegations of Paragraph 975.

976.    Meta denies the allegations of Paragraph 976.

977.    Meta denies the allegations of Paragraph 977

**COUNT XXI: UNCONSCIONABLE ACTS OR PRACTICES BY META IN VIOLATION OF THE KANSAS CONSUMER PROTECTION ACT, K.S.A. §50-627**

978.    Meta incorporates by reference its answers to all other paragraphs.

979.    Meta denies the allegations of Paragraph 979.

980.    Meta denies the allegations of Paragraph 980.

981.    Meta denies the allegations of Paragraph 981.

**COUNT XXII: VIOLATIONS OF KENTUCKY CONSUMER PROTECTION ACT, KY. REV. STAT. CHAPTER § 367 *et seq*.**

982.    Meta incorporates by reference its answers to all other paragraphs.

983.    Meta denies the allegations of Paragraph 983.

984.    Meta denies the allegations of Paragraph 984.

985.    Meta denies the allegations of Paragraph 985.

986.    Meta denies the allegations of Paragraph 986.

987.    Meta denies the allegations of Paragraph 987.

**COUNT XXIII: VIOLATIONS OF LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, LA. REV. STAT. ANN. §§ 51:1401 to 1428**

988.    Meta incorporates by reference its answers to all other paragraphs.

989.    Meta avers that Paragraph 989 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 989.

990.    Meta denies the allegations of Paragraph 990.

991.    Meta denies the allegations of Paragraph 991.

992.    Meta denies the allegations of Paragraph 992.

**COUNT XXIV: VIOLATIONS OF THE MAINE UNFAIR TRADE PRACTICES ACT, ME. REV. STAT. ANN. tit. 5, § 207**

993.    Meta incorporates by reference its answers to all other paragraphs.

994.    Meta denies the allegations of Paragraph 994.

995.    Meta denies the allegations of Paragraph 995.

**COUNT XXV: VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT, MICH. COMP. LAWS § 445.901 *et seq.***

996.    Meta incorporates by reference its answers to all other paragraphs.

997.    Meta avers that Paragraph 997 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 997.

998.    Meta avers that Paragraph 998 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 998.

999.    Meta denies the allegations of Paragraph 999.

1000.   Meta denies the allegations of Paragraph 1000.

1001.   Meta denies the allegations of Paragraph 1001.

1002.   Meta denies the allegations of Paragraph 1002.

1003.   Meta denies the allegations of Paragraph 1003.

1004.   Meta denies the allegations of Paragraph 1004.

1005.   Meta denies the allegations of Paragraph 1005

1006.   Meta denies the allegations of Paragraph 1006.

1007.   Meta denies the allegations of Paragraph 1007.

**COUNT XXVI DECEPTIVE TRADE PRACTICES MINN. STAT. § 325D.43 *et seq.***

1008.   Meta incorporates by reference its answers to all other paragraphs.

1009.   Meta avers that Paragraph 1011 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1011.

1010.   Meta denies the allegations of Paragraph 1010.

1011.   Meta denies the allegations of Paragraph 1011.

1012.   Meta denies the allegations of Paragraph 1012.

1013.   Meta denies the allegations of Paragraph 1013.

1014.   Meta denies the allegations of Paragraph.

**COUNT XXVII UNFAIR OR UNCONSCIONABLE ACTS MINN. STAT. § 325D.43 *et seq.***

1015.   Meta incorporates by reference its answers to all other paragraphs.

1016.   Meta avers that Paragraph 1016 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1016.

1017.   Meta avers that Paragraph 1017 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1017.

1018.   Meta denies the allegations of Paragraph 1018.

1019.   Meta denies the allegations of Paragraph 1019.

1020.   Meta denies the allegations of Paragraph 1020.

1021.   Meta denies the allegations of Paragraph 1021.

1022.   Meta denies the allegations of Paragraph 1022.

**COUNT XXVIII: UNFAIR AND DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT (MO. REV. STAT. § 407.020)**

1023.   Meta incorporates by reference its answers to all other paragraphs.

1024.   Meta avers that Paragraph 1024 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1024.

1025.   Meta denies the allegations of Paragraph 1025.

1026.   Meta denies the allegations of Paragraph 1026.

1027.   Meta denies the allegations of Paragraph 1027.

1028.   Meta denies the allegations of Paragraph 1028.

**COUNT XXIX: DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF THE NEBRASKA CONSUMER PROTECTION ACT**

1029.   Meta incorporates by reference its answers to all other paragraphs.

1030.   Meta avers that Paragraph 1030 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1030.

1031.   Meta denies the allegations of Paragraph 1031.

1032.   Meta denies the allegations of Paragraph 1032.

**COUNT XXX: UNFAIR ACTS OR PRACTICES BY META IN VIOLATION OF THE NEBRASKA CONSUMER PROTECTION ACT**

1033.   Meta incorporates by reference its answers to all other paragraphs.

1034.   Meta avers that Paragraph 1034 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1034.

1035.   Meta denies the allegations of Paragraph 1035.

1036.   Meta denies the allegations of Paragraph 1036.

## COUNT XXXI: DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF THE NEBRASKA UNIFORM DECEPTIVE TRADE PRACTICES ACT

1037.   Meta incorporates by reference its answers to all other paragraphs.

1038.   Meta avers that Paragraph 1038 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1038.

1039.   Meta denies the allegations of Paragraph 1039.

1040.   Meta denies the allegations of Paragraph 1040.

## COUNT XXXII: UNCONSCIONABLE ACTS OR PRACTICES BY META IN VIOLATION OF THE NEBRASKA UNIFORM DECEPTIVE TRADE PRACTICES ACT

1041.   Meta incorporates by reference its answers to all other paragraphs.

1042.   Meta avers that Paragraph 1042 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1042.

1043.   Meta denies the allegations of Paragraph 1043.

1044.   Meta denies the allegations of Paragraph 1044.

## COUNT XXXIII: VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT, N.J. STAT. ANN. §§ 56:8-1 to 227

1045.   Meta incorporates by reference its answers to all other paragraphs.

1046.   Meta denies the allegations of Paragraph 1046.

1047.   Meta denies the allegations of Paragraph 1047.

1048.   Meta denies the allegations of Paragraph 1048.

1049.   Meta denies the allegations of Paragraph 1049.

1050.   Meta denies the allegations of Paragraph 1050.

1051.   Meta denies the allegations of Paragraph 1051.

1052.   Meta denies the allegations of Paragraph 1052.

1053.   Meta denies the allegations of Paragraph 1053.

1054.  Meta denies the allegations of Paragraph 1054.

**COUNT XXXIV: VIOLATION OF N.Y. GENERAL BUSINESS LAW § 349**

1055.  Meta incorporates by reference its answers to all other paragraphs.

1056.  Meta avers that Paragraph 1056 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1056.

1057.  Meta denies the allegations of Paragraph 1057.

1058.  Meta denies the allegations of Paragraph 1058.

1059.  Meta avers that Paragraph 1059 represents a characterization of the States' allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1059.

1060.  Meta denies the allegations of Paragraph 1060.

**COUNT XXXV: VIOLATION OF N.Y. GENERAL BUSINESS LAW § 350**

1061.  Meta incorporates by reference its answers to all other paragraphs.

1062.  Meta avers that Paragraph 1062 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1062.

1063.  Meta denies the allegations of Paragraph 1063.

1064.  Meta denies the allegations of Paragraph 1064.

1065.  Meta avers that Paragraph 1065 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1065.

1066.  Meta denies the allegations of Paragraph 1066.

**COUNT XXXVI: REPEATED AND PERSISTENT FRAUD IN VIOLATION OF N.Y. EXECUTIVE LAW § 63(12)**

1067.  Meta incorporates by reference its answers to all other paragraphs.

1068.   Meta avers that Paragraph 1068 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1068.

1069.   Meta denies the allegations of Paragraph 1069.

1070.   Meta denies the allegations of Paragraph 1070

1071.   Meta denies the allegations of Paragraph 1071.

## COUNT XXXVII: REPEATED AND PERSISTENT ILLEGALITY IN VIOLATION OF N.Y. EXECUTIVE LAW § 63(12)

1072.   Meta incorporates by reference its answers to all other paragraphs.

1073.   Meta avers that Paragraph 1073 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1073.

1074.   Meta denies the allegations of Paragraph 1074.

1075.   Meta denies the allegations of Paragraph 1075.

1076.   Meta denies the allegations of Paragraph 1076.

## COUNT XXXVIII: VIOLATION OF FTC ACT § 5 IN VIOLATION OF N.Y. EXECUTIVE LAW § 63(12)

1077.   Meta incorporates by reference its answers to all other paragraphs.

1078.   Meta avers that Paragraph 1078 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1078.

1079.   Meta avers that Paragraph 1079 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1079.

1080.   Meta avers that Paragraph 1080 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1080.

1081. Meta denies the allegations of Paragraph 1076.

1082. Meta denies the allegations of Paragraph 1082.

1083. Meta denies the allegations of Paragraph 1083.

1084. Meta denies the allegations of Paragraph 1084.

**COUNT XXXIX: VIOLATIONS OF THE NORTH CAROLINA UNFAIR OR DECEPTIVE TRADE PRACTICES ACT, N.C.G.S. § 75-1.1 (BY STATE OF NORTH CAROLINA)**

1085. Meta incorporates by reference its answers to all other paragraphs.

1086. Meta avers that Paragraph 1086 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1086.

1087. Meta denies the allegations of Paragraph 1087.

1088. Meta denies the allegations of Paragraph 1088.

**COUNT XL: DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF N.D. CENT. CODE §51-15-02 (BY NORTH DAKOTA)**

1089. Meta incorporates by reference its answers to all other paragraphs.

1090. Meta denies the allegations of Paragraph 1090.

1091. Meta denies the allegations of Paragraph 1091.

**COUNT XLI: UNLAWFUL ACTS OR PRACTICES BY META IN VIOLATION OF N.D. CENT. CODE §51-15-02 (BY NORTH DAKOTA)**

1092. Meta incorporates by reference its answers to all other paragraphs.

1093. Meta denies the allegations of Paragraph 1093.

1094. Meta denies the allegations of Paragraph 1094.

**COUNT XLII: VIOLATIONS OF OHIO CONSUMER SALES PRACTICES ACT – UNFAIR OR DECEPTIVE ACTS OR PRACTICES - OHIO REVISED CODE § 1345.02**

1095. Meta incorporates by reference its answers to all other paragraphs.

1096. Meta denies the allegations of Paragraph 1096.

1097. Meta denies the allegations of Paragraph 1097.

1098.  Meta denies the allegations of Paragraph 1098.

1099.  Meta denies the allegations of Paragraph 1099.

1100.  Meta denies the allegations of Paragraph 1100.

**COUNT XLIII: VIOLATIONS OF OHIO CONSUMER SALES PRACTICES ACT – UNCONSCIONABLE CONSUMER SALES ACTS OR PRACTICES - OHIO REVISED CODE §1345.03**

1101.  Meta incorporates by reference its answers to all other paragraphs.

1102.  Meta denies the allegations of Paragraph 1101.

1103.  Meta denies the allegations of Paragraph 1103.

1104.  Meta denies the allegations of Paragraph 1104.

1105.  Meta denies the allegations of Paragraph 1105.

**COUNT XLIV: VIOLATIONS OF OREGON'S UNLAWFUL TRADE PRACTICES ACT (UTPA), O.R.S. § 646.607(1)**

1106.  Meta incorporates by reference its answers to all other paragraphs.

1107.  Meta denies the allegations of Paragraph 1107.

1108.  Meta denies the allegations of Paragraph 1108.

1109.  Meta avers that Paragraph 1109 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1109, including any allegation or implication that Plaintiffs are entitled to relief.

1110.  Meta denies the allegations of Paragraph 1110.

**COUNT XLV: VIOLATIONS OF OREGON'S UTPA, O.R.S. § 646.608(1)(e)**

1111.  Meta incorporates by reference its answers to all other paragraphs.

1112.  Meta denies the allegations of Paragraph 1112.

1113.  Meta denies the allegations of Paragraph 1113f.

1114.  Meta avers that Paragraph 1114 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta

denies the allegations of Paragraph 1114, including any allegation or implication that Plaintiffs are entitled to relief.

1115.   Meta denies the allegations of Paragraph 1115.

**COUNT XLVI: VIOLATIONS OF OREGON'S UTPA, O.R.S. § 646.608(1)(t)**

1116.   Meta incorporates by reference its answers to all other paragraphs.

1117.   Meta denies the allegations of Paragraph 1117.

1118.   Meta denies the allegations of Paragraph 1118.

1119.   Meta avers that Paragraph 1119 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1119, including any allegation or implication that Plaintiffs are entitled to relief.

1120.   Meta denies the allegations of Paragraph 1120.

**COUNT XLVII: DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)**

1121.   Meta incorporates by reference its answers to all other paragraphs.

1122.   Meta denies the allegations of Paragraph 1122.

1123.   Meta avers that Paragraph 1123 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1123.

1124.   Meta denies the allegations of Paragraph 1124.

1125.   Meta denies the allegations of Paragraph 1125.

1126.   Meta avers that Paragraph 1126 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1126.

## COUNT XLVIII: UNFAIR ACTS OR PRACTICES BY META IN VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)

1127.  Meta incorporates by reference its answers to all other paragraphs.

1128.  Meta denies the allegations of Paragraph 1128.

1129.  Meta avers that Paragraph 1129 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1129.

1130.  Meta denies the allegations of Paragraph 1130.

1131.  Meta denies the allegations of Paragraph 1131.

1132.  Meta denies the allegations of Paragraph 1132.

## COUNT XLIX: VIOLATIONS OF RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT, R.I. GEN. L. §§ 6-13.1-1 TO 6-13.1-10

1133.  Meta incorporates by reference its answers to all other paragraphs.

1134.  Meta avers that Paragraph 1134 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1134.

1135.  Meta avers that Paragraph 1135 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1135.

1136.  Meta avers that Paragraph 1136 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1136.

1137.  Meta denies the allegations of Paragraph 1137.

1138.  Meta denies the allegations of Paragraph 1138.

1139.  Meta denies the allegations of Paragraph 1139.

1140.  Meta denies the allegations of Paragraph 1140.

**COUNT L: VIOLATION OF THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT, S.C. CODE ANN. SECTION 39-5-10 *et seq.***

1141.   Meta incorporates by reference its answers to all other paragraphs.

1142.   Meta avers that Paragraph 1142 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1142.

1143.   Meta avers that Paragraph 1143 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1143.

1144.   Meta denies the allegations of Paragraph 1144.

1145.   Meta denies the allegations of Paragraph 1145.

1146.   Meta denies the allegations of Paragraph 1146.

1147.   Meta denies the allegations of Paragraph 1147.

1148.   Meta denies the allegations of Paragraph 1148.

1149.   Meta denies the allegations of Paragraph 1149.

1150.   Meta avers that Paragraph 1150 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1150, including any allegation or implication that Plaintiffs are entitled to relief.

**COUNT LI: VIOLATIONS OF VIRGINIA CONSUMER PROTECTION ACT, VA. CODE §§ 59.1-198 TO 59.1-207**

1151.   Meta incorporates by reference its answers to all other paragraphs.

1152.   Meta denies the allegations of Paragraph 1152.

1153.   Meta denies the allegations of Paragraph 1153.

1154.   Meta denies the allegations of Paragraph 1154.

1155.   Meta denies the allegations of Paragraph 1155.

1156.   Meta avers that Paragraph 1156 represents a characterization of the State's allegations and legal conclusions and therefore requires no response.  To the extent that a response is required, Meta denies the allegations of Paragraph 1156, including any allegation or implication that Plaintiffs are entitled to relief.

**COUNT LII: DECEPTIVE ACTS OR PRACTICES IN VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT, WASH. REV. CODE § 19.86.020**

1157.   Meta incorporates by reference its answers to all other paragraphs.

1158.   Meta denies the allegations of Paragraph 1158.

1159.   Meta denies the allegations of Paragraph 1159.

1160.   Meta denies the allegations of Paragraph 1160.

1161.   Meta denies the allegations of Paragraph 1161.

1162.   Meta denies the allegations of Paragraph 1162.

**COUNT LIII: UNFAIR ACTS OR PRACTICES BY META IN VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT, WASH. REV. CODE § 19.86.020**

1163.   Meta incorporates by reference its answers to all other paragraphs.

1164.   Meta denies the allegations of Paragraph 1164.

1165.   Meta denies the allegations of Paragraph 1165.

1166.   Meta denies the allegations of Paragraph 1166.

1167.   Meta denies the allegations of Paragraph 1167.

1168.   Meta denies the allegations of Paragraph 1168.

**COUNT LIV: DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF WISCONSIN'S DECEPTIVE TRADE PRACTICES ACT, WIS. STAT. § 100.18(1)**

1169.   Meta incorporates by reference its answers to all other paragraphs.

1170.   Meta denies the allegations of Meta denies the allegations of Paragraph 1170.

1171.   Meta denies the allegations of Paragraph 1171.

<u>**ANSWERING THE PRAYERS FOR RELIEF**</u>

Meta denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

Meta asserts the following affirmative and other defenses to the Complaint.  By identifying the following defenses, Meta does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any such defense.  Meta also gives notice that it intends to rely upon such other and further defenses of which it becomes aware during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

1. With respect to every action originally brought in a court located outside California, Meta avers that this Court lacks personal jurisdiction over it.

2. Plaintiffs' claims fail, in whole or in part, to the extent that they are based on nonactionable statements of puffery or opinion, rather that statements of fact.

3. Plaintiffs' claims fail, in whole or in part, to the extent that they were not made in connection with a consumer transaction.

4. Plaintiffs' claims fail, in whole or in part, to the extent that they are based on petitioning statements made to Congress.

5. Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to assert some or all of the causes of action alleged and to obtain some or all of the relief requested.

6. A percentage of the alleged harm, if proven, is attributable to the conduct of users of Meta's services, and/or others acting on their behalf.  Plaintiffs' claims are barred and/or Plaintiffs' recovery must be reduced, in whole or in part, because users' alleged injuries were caused by the contributory or comparative fault of users, and/or others acting on their behalf and because the principle of secondary assumption of risk applies to Plaintiffs' claims.

7. Meta is not liable for any harm alleged by Plaintiffs that users of Meta's services sustained as a result of the use of any non-party's website, app, online service, or other good, product, service or intangible.

8. The alleged harms, in whole or in part, resulted from independent, intervening, and/or superseding causes, for which Meta is not legally responsible and which were not foreseeable.  Meta has no duty to protect users of Meta's services from intentional criminal acts of third persons, which are superseding causes that extinguish any liability.

9.      Meta owes no duty of care toward users of Meta's services in regard to the alleged inherent risks of Meta's services, and any recovery against Meta is barred or limited under the principle of primary assumption of risk, both express and implied.

10.     Users' alleged injuries and harm, if any, were caused or contributed to, directly and proximately, in whole or in part, by misuse, unauthorized use, criminal use, unintended use, unforeseeable use and/or improper use of the service(s) at issue in this matter.

11.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands, including to the extent Plaintiffs' claims are brought despite violations by users of Meta's Terms of Service and/or Terms of Use.

12.     The alleged harms, if any, were due to illicit use or abuse of Meta's services through conduct that was fraudulent, illegal, or otherwise improper.  Meta's services were and continue to be age-restricted.  Users who began using Meta's services below the permitted age unlawfully obtained Meta's services while underage and through the use of deception, fraud, or other improper conduct, such as through misrepresentation of their true ages, use of fake identification, or attempts to circumvent age-gating technology.

13.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claims are expressly or impliedly preempted, in whole or in part, by federal or Plaintiff States' law.  Plaintiffs' claims are also preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, including the Communications Decency Act.

14.     Plaintiffs' claims are barred, in whole or in part, to the extent they seek to impose sanctions on Meta for engaging in protected activity (including but not limited to the organization, display, and dissemination of content) under the First Amendment to the United States Constitution and similar provisions of the Plaintiff States' constitutions.  Moreover, the representations or statements alleged to have been made were statements of opinion, were true and accurate at the time made and/or otherwise were made in good faith, with a reasonable belief as to their validity and accuracy and with a reasonable belief that all conduct was lawful.

15.     Plaintiffs' claims are barred in whole or in part by the Communications Decency Act. *See* 47 U.S.C. § 230(c)(1).

16.     Plaintiffs are barred from recovery to the extent of users' failure to avoid or mitigate harm, including but not limited to users' failure to cease using Meta's services; failure to seek medical or other assistance in an effort to cease using Meta's services; or failure to otherwise seek medical or other assistance in an effort to address users' alleged injuries or harm.

17.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek duplicative relief for the same conduct.

18.     Plaintiffs' claims are barred, in whole or in part, pursuant to all applicable statutory and common law doctrines regarding limitations of awards, caps on recovery, and setoffs.

19.     At all times material herein, Meta's actions were specifically authorized under the laws administered by, or rules and regulations promulgated by, regulatory bodies or officers acting under the authority of the Plaintiff States or the United States.

20.     Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and of repose.  Plaintiffs' claims are based on alleged acts or omissions that occurred before any applicable limitations period and thus are time-barred.

21.     Recovery for Plaintiffs' alleged harm should be limited insofar as Plaintiff States' consumer protection statutes provide Meta the opportunity to show by a preponderance of the evidence that such violation resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error.

22.     Meta asserts its right to a proportionate reduction of any recovery found against Meta based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

23.     Recovery for Plaintiffs' alleged harm should be barred or reduced to the extent such harm was caused by (A) content created by persons and/or entities not within Meta's control and/or (B) changes and/or alterations to Meta's products made by persons and/or entities not within Meta's control.

24.     Plaintiffs' claims for relief are barred to the extent that Meta users would be unjustly enriched if they recovered any monetary relief on such claims.

25.    Plaintiffs have failed to join necessary or indispensable parties.

26.    Meta appropriately, completely, and fully discharged any and all obligations arising out of the matters alleged in the Complaint.

27.    Plaintiffs' claims are not ripe.

28.    Plaintiffs' claims are barred in whole or in part because they are derivative of claims that could be asserted, if at all, by users of Meta's services, and/or by their parents or guardians.

29.    Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged injuries or harm Plaintiffs seek to recover.

30.    The conduct alleged in the Complaint was consented to and/or ratified.

31.    Plaintiffs' claims are barred in whole or in part because the conduct alleged in the Complaint was contemplated by contracts and/or agreements that users of Meta's services entered into with Meta or third parties.

32.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of claim and/or issue preclusion to the extent that Plaintiffs and/or Plaintiff States' users of Meta's services have brought or will bring other lawsuits against Meta that reach judgment before this action reaches judgment.

33.    To the extent any agents, employees, or contractors of Meta caused any of the injuries or harm alleged by Plaintiffs and such agents, employees, or contractors were acting outside the scope of their agency, employment, or contract with Meta, any recovery against Meta must be reduced by the proportionate fault of such agents, employees, or contractors.

34.    Plaintiffs' claims are barred, in whole or in part, because to the extent Meta engaged in any of the alleged acts, omissions, or conduct, it did so with justification.

35.    Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to provide Meta with statutorily-required pre-suit notice of and a reasonable opportunity to cure the alleged defects.

36.    The claims asserted in the Complaint are barred, in whole or in part, because the activities of Meta alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant times alleged in the Complaint.

37.    Plaintiffs may not recover from Meta because the methods, standards, or techniques of designing and making available the services at issue complied with and were in conformity with the generally recognized state of the art at the time the services were designed and made available to users.

38.    Plaintiffs' claims are barred in whole or in part because Plaintiffs and/or users of Meta's services suffered no injuries or harm as a result of any action by Meta.

39.    Plaintiffs are precluded from recovering civil penalties under applicable statutory provisions barring awards of such penalties where, as here, the defendant did not act knowingly and/or willfully.

40.    Meta is not liable for statements or omissions in the written materials of app stores through which Meta's services were made available to users.

41.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of acquiescence, settlement, and release.

42.    Plaintiffs' claims are barred in whole or in part by the dormant Commerce Clause of the United States Constitution.

43.    Plaintiffs' claims are barred in whole or in part by the Due Process Clauses of the United States and Plaintiff States' Constitutions.

44.    Plaintiffs' claims are barred or limited by the separation of powers doctrine to the extent that they raise political or policy issues, not legal or constitutional ones.

45.    Plaintiffs' consumer protection claims fail, in whole or in part, to the extent that Plaintiff States' consumer protection statutes exempt from liability publishers, broadcasters or other persons who publish, broadcast, or reproduce material without knowledge of its allegedly deceptive character.

46.    Any verdict or judgment that might be recovered by Plaintiffs must be reduced by those amounts that have already or will in the future indemnify Plaintiffs in whole or in part for any past or future claimed economic loss from any collateral source, such as insurance, social security, workers' compensation, taxes, or employee benefit programs.  Further, Plaintiffs' claims are barred, in whole or in part, to the extent they seek to recover any damages, restitution, costs, or other payments that have been reimbursed, paid, or borne by other persons or entities.  Any verdict or judgment that might be recovered

must be reduced by those amounts that already have been or will in the future, with reasonable certainty, be paid to Plaintiffs by others.

47.     Should Meta be held liable to Plaintiffs, which liability is specifically denied, Meta would be entitled to a setoff for any and all sums of money received or available from or on behalf of any tortfeasor(s) for the same injuries alleged in Plaintiffs' Complaint.

48.     Plaintiffs' claims are premised on the provisions and limitations of Plaintiff States' consumer protection statutes.  Meta is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of the Plaintiff States or any other state whose substantive law might control the action or claims.

49.     Plaintiffs' claims may be barred, in whole or in part, because users did not rely (reasonably or otherwise) upon any purported statement by Meta in determining to use Meta's services.

50.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches to the extent that Plaintiffs unreasonably delayed before pursuing their purported claims.

51.     To the extent that Plaintiffs seek relief for Meta's conduct occurring before enactment of applicable statutes or regulations, the claims fail because the statutes and regulations do not apply retroactively.

52.     Meta hereby gives notice that it reserves the right to rely upon any other defense that may become apparent as discovery progresses in this matter, and reserves its right to amend its Answer and to assert any such defense.  Meta also reserves the right to amend its Answer and to assert any such defense should Plaintiffs at any time hereafter purport to raise, rely on, or otherwise seek to proceed on any claim or theory stated in their Complaint that has been dismissed.  Meta also reserves the right to amend its Answer and to assert any such defense should Plaintiffs at any time hereafter ask the Court to award relief on the basis of Plaintiffs' prayers for "other" relief.

## **PRAYER FOR RELIEF**

Meta prays for the following:

1.  That Plaintiffs take nothing by reason of their Complaint;

2.  That judgment be rendered in favor of Meta;

3. That Meta be awarded costs and expenses incurred in defense of this action; and

4. For all such other relief as the Court deems just, equitable, and proper.

## **DEMAND FOR JURY TRIAL**

Meta hereby demands a trial by jury of all issues so triable, and gives notice of its reliance on Plaintiffs' payment of the statutory fee.

Dated: January 15, 2024                    Respectfully submitted,

**COVINGTON & BURLING LLP**

*/s/ Phyllis A. Jones*
Paul W. Schmidt, *pro hac vice*
  pschmidt@cov.com
Phyllis A. Jones, *pro hac vice*
  pajones@cov.com
Christian J. Pistilli (*pro hac vice* pending)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291

Emily Johnson Henn (State Bar No. 269482)
  ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800

*Attorneys for Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC, and Mark Elliot Zuckerberg*