1  [*Submitting Counsel on Signature Page*]

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                             OAKLAND DIVISION

11

12 | | MDL No. 3047
13 | IN RE: SOCIAL MEDIA ADOLESCENT | Case No. 4:22-md-03047-YGR
   | ADDICTION/PERSONAL INJURY |
14 | PRODUCTS LIABILITY LITIGATION | **MOTION TO STRIKE CERTAIN**
   | | **AFFIRMATIVE DEFENSES IN META'S**
15 | THIS DOCUMENT RELATES TO: | **AMENDED ANSWER TO THE**
   | | **MULTISTATE ATTORNEYS GENERAL**
16 | Case No. 4:23-cv-05448-YGR | **COMPLAINT**
17 | |
   | | **Hearing:**
18 | | Date:  March 21, 2025
   | | Time:  9:00 AM
19 | | Place:  Oakland Courthouse, Courtroom 1
   | | Judge: Hon. Yvonne Gonzalez Rogers

20

21

22

23

24

25

26

27

28

1

**NOTICE OF MOTION AND MOTION**

2       PLEASE TAKE NOTICE THAT on March 21, 2025 at 9 a.m., before the Honorable

3   Yvonne Gonzalez Rogers, in Courtroom 1, Floor 4, of the United States District Court, Northern

4   District of California, located at 1301 Clay Street in Oakland, California, the State Attorneys

5   General ("State AGs"), will and hereby do move this Court, under Federal Rule of Civil

6   Procedure 12(f), for an order striking eight of the affirmative defenses from Meta's Amended

7   Answer to the Multistate Attorneys General Complaint. *See* Dkt. No. 167 at 87 (Affirmative and

8   Other Defenses ¶¶ 1, 11, 14, 24, 41, 46, 47, and 50).

9       This Motion is based on the Memorandum of Points and Authorities submitted herewith,

10  any Reply or other papers submitted in connection with the Motion, any matter of which this

11  Court may properly take judicial notice, and any information presented at argument.

12

13  Dated: February 3, 2025                        Respectfully submitted,

14                                                  */s/ Marissa Roy*_____

15                                                  *Attorney for the People of the State of*
                                                    *California*

16                                                  *Additional counsel listed on signature pages*

17              .

18

19

20

21

22

23

24

25

26

27

28

i

1

## INTRODUCTION

2      The State Attorneys General ("State AGs") move to strike eight affirmative defenses

3  asserted by Meta[1] that are legally barred or otherwise precluded in this civil law-enforcement

4  action—an action that seeks penalties, injunctive relief, and disgorgement of ill-gotten gains in

5  connection with Meta's extremely lucrative, deceptive, and injurious scheme to addict children to

6  its various social-media platforms (e.g., Instagram and Facebook) and collect children's data in

7  violation of the Children's Online Privacy Protection Act. *See* Meta's Am. Answer to Multistate

8  AG Compl. ("Answer"), Dkt. No. 167 at 87 ("Affirmative and Other Defenses").

9      Although most—if not all—of the over 50 affirmative defenses that Meta raises are

10  deficient or defective in some way, the State AGs move to strike only a subset of three categories

11  that plainly fail as a matter of law. First, Meta asserts two equitable defenses—unclean hands

12  (¶ 11)[2] and laches (¶ 50)—that are not legally cognizable in a public law-enforcement action, like

13  this, without specific and serious allegations of governmental or prosecutorial misconduct. Meta

14  does not—nor could it—make any such allegations. Second, Meta asserts four defenses—unjust

15  enrichment (¶ 24); acquiescence, settlement, and release (¶ 41); indemnification (¶ 46); and setoff

16  (¶ 47)—that are not cognizable because the State AGs have specifically (and repeatedly)

17  disclaimed seeking restitutionary relief or damages on behalf of individuals and others. *See, e.g.*,

18  MDL Dkt. No. 618 at 7.[3] Third, Meta raises two defenses—personal jurisdiction (¶ 1) and puffery

19  (¶ 14)—which have either been waived or already ruled on by this Court in substantially denying

20  Meta's motion to dismiss back in October 2024. *See* MDL Dkt. No. 1214 at 37–40.

21      Permitting Meta to maintain defenses that are legally inapplicable, incognizable, or

22  precluded in this public law-enforcement action would prejudice the State AGs by inviting

23  irrelevant discovery and unnecessary motion practice. For these reasons, the State AGs

24  ___

[1] "Meta" collectively refers to Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC.

25  [2] Paragraph citations refer to Meta's numbering of its defenses starting on page 87 of its Answer ("Affirmative and Other Defenses").

26  [3] "The State Attorneys General do not intend to seek restitution in a form that is measured by the amount of money expended by individuals, state agencies, or the States as a result of Meta's alleged misconduct. The State Attorneys General intend to seek statutory civil penalties, among other remedies."

27

28

1

1  respectfully request that the Court strike these eight defenses from Meta's Answer (¶¶ 1, 11, 14,
2  24, 41, 46, 47, 50).

3  **STANDARD OF REVIEW**

4          Rule 12(f) of the Federal Rules of Civil Procedure empowers the Court to "strike from a
5  pleading any insufficient defense." An affirmative defense may be stricken as insufficient as a
6  matter of pleading, *see Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979), or a matter
7  of law, *see In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 999–1000 (9th Cir. 2008);
8  *Ganley v. Cnty. of San Mateo*, No. 06-03923, 2007 WL 902551 at *1 (N.D. Cal. Mar. 22, 2008)
9  ("Motions to strike . . . are proper when a defense is insufficient as a matter of law."). A motion to
10 strike affirmative defenses, though disfavored, is appropriate where, as here, "the matter to be
11 stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor*
12 *Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). "The function of a 12(f)
13 motion to strike is to avoid the expenditure of time and money that must arise from litigating
14 spurious issues by dispensing with those issues prior to trial." *Whittlestone v. Handi-Craft Co.*,
15 618 F.3d 970, 973 (9th Cir. 2010) (internal citation and quotation marks omitted).

16         "In the Ninth Circuit, motions to strike are proper, even if the material is not prejudicial to
17 the moving party, if granting the motion would make trial less complicated or otherwise
18 streamline the ultimate resolution of the action." *Ganley*, 2007 WL 902551, at *2; *see also, e.g.*,
19 *Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 575 (N.D. Cal. 2016) ("[A]
20 motion to strike an insufficient affirmative defense does not require a prejudice showing.");
21 *Bottoni v. Sallie Mae, Inc.*, No. 10-03602, 2011 WL 3678878, at *2 (N.D. Cal. Aug. 22, 2011)
22 ("A showing of prejudice is not required to strike an 'insufficient' portion of the pleading . . . .").
23 And as this District has explained, "[e]ven if prejudice were required, the burden of conducting
24 discovery regarding irrelevant and unsustainable affirmative defenses constitutes such prejudice."
25 *Hartford Underwriters Ins.*, 313 F.R.D. at 575 (internal quotation marks omitted).

26

27

28

Motion to Strike Certain Affirmative Defenses (Case No. 4:22-md-03047)

1

**ARGUMENT**

2

**I.      Defenses that Are Inapplicable to Government Enforcement Actions Must Be**

3

**Stricken.**

4          The State AGs have brought a civil law-enforcement action against Meta that is inherently

5    different from a private action. A civil action brought by a public prosecutor for unfair or

6    deceptive acts or practices is "a law enforcement action designed to protect the public and not to

7    benefit private parties." *City & Cnty. of San Francisco v. PG & E Corp.*, 433 F.3d 1115, 1125–26

8    (9th Cir. 2006) (quoting *People v. Pac. Land Rsch. Co.*, 569 P.2d 125, 129 (Cal. 1977)); *see also,*

9    *e.g.*, *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 149 (Colo.

10    2003); *Quattrocchi v. Georgia*, 850 S.E.2d 432, 436 (Ga. App. 2020). These enforcement actions

11    are "fundamentally different from a class action or other representative litigation." *Payne v. Nat'l*

12    *Collection Sys., Inc.*, 91 Cal. App. 4th 1037, 1045 (2001); *see also, e.g.*, *Tiismann v. Linda Martin*

13    *Homes Corp.*, 637 S.E.2d 14, 17 (Ga. 2006). As public prosecutors, the State AGs' interests and

14    right to pursue a civil law-enforcement action "is separate from, and not derivative of" that of

15    private plaintiffs. *City & Cnty. of San Francisco*, 433 F.3d at 1127*; see also, e.g.*, *State ex rel.*

16    *Edmisten v. Challenge, Inc.*, 284 S.E.2d 333, 339 (N.C. Ct. App. 1981) (noting that public

17    enforcement of the North Carolina Unfair or Deceptive Trade Practices Act is intended to

18    advance the public interest "rather than to redress individual grievances"); *Lightfoot v.*

19    *MacDonald*, 544 P.2d 88, 90 (Wash. 1976) (recognizing the Attorney General's ability to bring a

20    consumer protection action for the benefit of the public and noting, "[t]he Attorney General's

21    responsibility in bringing cases of this kind is to protect the public from the kinds of business

22    practices which are prohibited by the statute; it is not to seek redress for private individuals"

23    (quoting *Seaboard Sur. Co. v. Ralph Williams' Nw. Chrysler Plymouth, Inc.*, 504 P.2d 1139, 1143

24    (Wash. 1973))). Accordingly, the State AGs may pursue claims without being subject to the same

25    defenses as plaintiffs in a class action and may pursue remedies unavailable to (and thus

26    unaffected by) those plaintiffs.

27

28

3

## A.  Unclean Hands and Laches Are Equitable Defenses and Thus Not Cognizable Against Public Prosecutors, Absent Allegations of Misconduct.

The availability of equitable defenses, like unclean hands and laches, against the government "are strictly limited." *Sec. & Exch. Comm'n v. Elecs. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988) (*citing Heckler v. Cmty. Health Serv.*, 467 U.S. 51, 60 (1983); *Schweiker v. Hansen*, 405 U.S. 785, 788 (1981)); *accord, e.g.*, *Fed. Trade Comm'n v. Debt Sols., Inc.*, No. 06-00298, 2006 WL 2257022, at *1 (W.D. Wash. Aug. 7, 2006) ("[E]quitable defenses are unavailable to a party seeking to avoid a governmental entity's exercise of statutory power.").

Relevant here, "[f]ederal courts have routinely held that estoppel, laches, and unclean hands are not recognized affirmative defenses against the government in a civil suit to protect a public interest, absent outrageous conduct." *Fed. Trade Comm'n v. Green Equitable Sols.*, No. 22-06499, 2023 WL 7107273, at *2 (C.D. Cal. Sept. 29, 2023) (citing *Watkins v. U.S. Army*, 875 F.2d 699, 707 (9th Cir. 1989) (en banc)); *see also, e.g.*, *United States v. Ruby Co.*, 588 F.2d 697, 703 (9th Cir. 1978) (equitable defenses "may lie against the government" only where "affirmative misconduct"); *Fed. Trade Comm'n v. Medicor LLC*, No. 01-01896, 2001 WL 765628, at *3 (C.D. Cal. June 26, 2001) ("Some courts have held that the defense of unclean hands can be asserted against the government when the government's conduct is so outrageous as to cause constitutional injury."); *Elecs. Warehouse, Inc.*, 689 F. Supp. at 73 ("Where courts have permitted equitable defenses to be raised against the government, they have required that the agency's misconduct be egregious and the resulting prejudice to the defendant rise to a constitutional level.").

Meta makes no allegations whatsoever of affirmative misconduct by the State AGs— "outrageous" or otherwise—to support either an unclean hands or laches defense, nor could Meta. For its unclean hands defense, Meta alleges only that "Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands, including to the extent Plaintiffs' claims are brought despite violations by users of Meta's Terms of Service and/or Terms of Use." (¶ 11). Aside from the recitation of the defense, the only misconduct Meta alludes to is by private

4

1    individuals, not the State AGs. The laches defense is even more bare: "Plaintiffs' claims are

2    barred, in whole or in part, by the equitable doctrine of laches to the extent that Plaintiffs

3    unreasonably delayed before pursuing their purported claims." (¶ 50). Delay cannot be asserted

4    against the government acting in the public right absent allegations of misconduct. *See Bresson v.*

5    *Comm'r of Internal Revenue*, 213 F.3d 1173, 1176 (9th Cir. 2000) ("It was well settled that [the

6    government] is neither bound by state statutes of limitations nor is subject to the defense of

7    laches . . . .").

8         Even if these equitable defenses were cognizable in this public law-enforcement action

9    (which they are not), this District has previously rejected Meta's "single-sentence references"

10   because they "do not provide sufficient notice 'even under the most liberal of pleading standards,'

11   much less under the additional pleading requirements for asserting equitable defenses against the

12   government." *Fed. Trade Comm'n v. Meta Platforms, Inc.*, No. 22-04325, 2022 WL 16637996, at

13   *8 (N.D. Cal. Nov. 2, 2022) (quoting *MIC Prop. & Cas. Corp. v. Kennolyn Camps, Inc.*, No. 15-

14   00589, 2015 WL 4624119, at *5 (N.D. Cal. Aug. 3, 2015), and citing *Watkins*, 875 F.2d at 706).

15   Accordingly, the Court should strike Meta's equitable affirmative defenses, which include

16   unclean hands (¶ 11) and laches (¶ 50).

17        **B.  Defenses Related to Restitution and Damages Are Inapplicable.**

18        Meta cannot seek to offset or reduce the State AGs' monetary remedies (i.e., civil

19   penalties and disgorgement) by eventual recoveries that may be obtained by private individuals or

20   others. As public law enforcers, the State AGs are statutorily entitled to broader relief than private

21   plaintiffs. *See People of the State of Cal. v. IntelliGender, LLC*, 771 F.3d 1169, 1181–82 (9th Cir.

22   2014) ("Because the State action is brought on behalf of the people, it implicates the public's

23   interest as well as private interests, and therefore the remedial provisions sweep more broadly.").

24   The resolution of actions brought by private plaintiffs cannot thus be used to bind the State AGs

25   in their public law-enforcement capacity. *Id.* at 1177. While the Ninth Circuit has recognized that

26   an award of restitution to private plaintiffs may offset recovery of restitution in public law-

27   enforcement actions under "longstanding principles of preclusion," this does not prevent

28

5

government enforcers from "seek[ing] civil penalties and broad injunctive relief." *Id.* at 1181–82. Civil penalties are statutory remedies for government enforcers only—distinct from restitution owed to private plaintiffs, not duplicative. *See Am. Bankers Mgmt. Co., Inc. v. Heryford*, 885 F.3d 629, 632 (9th Cir. 2018) ("[O]nly a public prosecutor . . . may pursue civil penalties."). That civil penalties are statutory entitlements is also why they cannot qualify as unjust enrichment. *Cf. Aguilar v. Zep Inc.*, No. 13-00563, 2014 WL 4245988 at *19 (N.D. Cal. Aug. 27, 2014) (rejecting an unjust enrichment defense against remedies set out in statute because "[p]rinciples of equity cannot be used to avoid a statutory mandate").

Meta's attempt to use concurrent private actions against it to limit the State AGs' remedies in this civil law-enforcement action is improper. Meta invokes this tactic in four affirmative defenses: unjust enrichment (¶ 24); acquiescence, settlement, and release (¶ 41); indemnification (¶ 46); and setoff (¶ 47). They all have a common aim: to limit the State AGs' recovery by what might be recovered by private plaintiffs and others in separate actions. For example, Meta's defenses at ¶¶ 46 and 47 attempt to offset the amount to which the State AGs are statutorily entitled based on any damages award or indemnification to private plaintiffs. Meta's defense at ¶ 24 implies that users will be unjustly enriched by relief to the State AGs—even though the State AGs only seek forms of relief to which private individuals and entities are not entitled. And ¶ 41 seeks to limit the State AGs' claims in the event of a settlement or release from private plaintiffs.

These attempts to bind the State AGs based on the potential outcomes in other actions are improper because the State AGs seek only the public remedies to which they are statutorily entitled as government enforcers: civil penalties, disgorgement, and injunctive relief. The State AGs have specifically and repeatedly disclaimed restitutionary and damage theories that might otherwise be offset by private recovery. *See, e.g.*, MDL Dkt. No. 618 at 7 ("The State Attorneys General do not intend to seek restitution in a form that is measured by the amount of money expended by individuals, state agencies, or the States as a result of Meta's alleged misconduct. The State Attorneys General intend to seek statutory civil penalties, among other remedies.").

6

1    Whatever is sought by plaintiffs in private actions to recover for their injuries cannot bear as a

2    matter of law on the State AGs' entitlement to statutory civil penalties or disgorgement in a law-

3    enforcement action. For these reasons, this Court should strike Meta's defenses of unjust

4    enrichment (¶ 24); acquiescence, settlement, and release (¶ 41); and indemnification (¶ 46); and

5    setoff (¶47).

6    **II.    Arguments Already Disposed of by the Court Cannot Be Revived as Affirmative**
         **Defenses.**
7

8         Meta cannot resurrect arguments that it either waived or lost on a motion to dismiss as

9    affirmative defenses. First, Meta raises an untimely personal-jurisdiction defense, alleging that

10   "[w]ith respect to every action originally brought in a court located outside California, Meta avers

11   that this Court lacks personal jurisdiction over it" (¶ 1). As a factual matter, none of the

12   remaining State AGs in this MDL brought claims in a court outside California—but even if they

13   had, Meta has waived objections to personal jurisdiction by not first raising them in its

14   substantially denied motion to dismiss the State AGs' complaint. *See* MDL Dkt. No. 517 at 66–69

15   (objecting to personal jurisdiction only as to the Florida Attorney General); *see also* Fed. R. Civ.

16   Proc. 12(h)(1); *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1319 (9th Cir. 1998) ("Rule

17   12(h)(1) specifies the minimum steps that a party must take in order to preserve a [personal-

18   jurisdiction] defense.").

19        Second, Meta attempts to recast one of its motion-to-dismiss arguments—that the State

20   AGs failed to state a deception claim because the statements at issue were puffery or opinion—as

21   an "affirmative defense" (¶ 14), but this Court already addressed and rejected this argument in

22   ruling on Meta's substantially denied motion to dismiss. MDL Dkt. No. 1214 at 37–40. In that

23   Order, this Court held that Meta's "representations are part of a cohesive whole which, as alleged,

24   form a deceptive scheme by Meta to obfuscate the risks of serious harm stemming from platform

25   use" such that "the Court cannot say that Meta's statements all constitute nonactionable puffery."

26   *Id.* at 40. Accordingly, Meta already raised these arguments in its motion to dismiss as a basis for

27   the State AGs failing to state a claim. Rejected failure-to-state-a-claim arguments, however,

28

7

1  cannot be recast as affirmative defenses. *See, e.g.*, *Winns v. Exela Enter. Sols., Inc.*, No. 20-

2  06762, 2021 WL 5632587 at *3 (N.D. Cal. Dec. 1, 2021) ("[F]ailure to state a claim is not an

3  affirmative defense."); *Fabian v. LeMahieu*, No. 19-00054, 2020 WL 3402800 at *4 (N.D. Cal.

4  June 19, 2020) (striking an "affirmative defense [that] appears to be another way of stating that

5  [the plaintiff] has failed to state a claim"). The Court should therefore also strike Meta's

6  affirmative defenses of personal jurisdiction (¶ 1) and puffery (¶ 14).

**CONCLUSION**

8      For these reasons, the State AGs request that the Court strike eight of Meta's affirmative

9  defenses (¶¶ 1, 11, 14, 24, 41, 46, 47, and 50).

10  Dated: February 3, 2025                    Respectfully submitted,

11

12                                             **ROB BONTA**
                                               Attorney General
13                                             State of California

14                                             */s/ Marissa Roy*
                                               Nicklas A. Akers (CA SBN 211222)
15                                             Senior Assistant Attorney General
                                               Bernard Eskandari (CA SBN 244395)
16                                             Emily Kalanithi (CA SBN 256972)
                                               Supervising Deputy Attorney General
17                                             Megan O'Neill (CA SBN 343535)
                                               Joshua Olszewski-Jubelirer (CA SBN
18                                             33642)
                                               Marissa Roy (CA SBN 318773)
19                                             Nayha Arora (CA SBN 350467)
                                               Brendan Ruddy (CA SBN 297896)
20                                             David Beglin (CA SBN 356401)
                                               Deputy Attorneys General
21                                             California Department of Justice
                                               Office of the Attorney General
22                                             455 Golden Gate Ave., Suite 11000
                                               San Francisco, CA 94102-7004
23                                             Phone: (415) 510-4400
                                               Fax: (415) 703-5480
24                                             marissa.roy@doj.ca.gov
25
                                               *Attorneys for the People of the State of*
26                                             *California*
27

28

8

1

**KRIS MAYES**
Attorney General
State of Arizona

*/s/ Laura Dilweg*
Laura Dilweg (AZ No. 036066, CA No.
260663)
Chief Counsel - Consumer Protection and
Advocacy Section
Nathan Whelihan (AZ No. 037560, CA No.
293684), *pro hac vice*
Assistant Attorney General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax:    (602) 542-4377
Laura.Dilweg@azag.gov
Nathan.Whelihan@azag.gov

*Attorneys for Plaintiff State of Arizona*

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Krista Batchelder*
Krista Batchelder, (CO Reg.45066), *pro hac
vice*
Deputy Solicitor General
Shannon Stevenson (CO Reg. 35542), *pro
hac vice*
Solicitor General
Elizabeth Orem (CO Reg. 58309), *pro hac
vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6384
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex
rel. Philip J. Weiser, Attorney General*

9

WILLIAM TONG
Attorney General
State of Connecticut

*/s/ Lauren H. Bidra*
Lauren H. Bidra
(CT Juris No. 440552), *pro hac vice*
Special Counsel for Media and Technology
 Krislyn M. Launer
(CT Juris No. 440789), *pro hac vice*
Assistant Attorney General
Connecticut Office of the Attorney General
165 Capitol Avenue
Hartford, Connecticut 06106
Phone: 860-808-5306
Fax: 860-808-5593
Lauren.Bidra@ct.gov
Krislyn.Launer@ct.gov

*Attorneys for Plaintiff State of Connecticut*

ANNE E. LOPEZ
Attorney General
State of Hawai'i

/s/ Christopher T. Han
Christopher J.I. Leong (HI JD No. 9662) *pro hac vice*
Supervising Deputy Attorney General
Kelcie K. Nagata (HI JD No. 10649) *pro hac vice*
Christopher T. Han (HI JD No. 11311) *pro hac vice*
Deputy Attorney General
Department of the Attorney General
425 Queen Street
Honolulu, HI 96813
Christopher.ji.leong@hawaii.gov
Kelcie.k.nagata@hawaii.gov
Christopher.t.han@hawaii.gov
Phone: (808) 586-1180

*Attorneys for Plaintiff State of Hawai'i*

RAÚL R. LABRADOR
Attorney General
State of Idaho

/s/ Nathan Nielson
Nathan H. Nielson (ID Bar No. 9234)
pro hac vice
Deputy Attorney General
Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
(208) 334-2424
nathan.nielson@ag.idaho.gov
Attorneys for Plaintiff State of Idaho

KWAME RAOUL
Attorney General
State of Illinois

*/s/ Matthew Davies*
Susan Ellis, Chief, Consumer Protection Division
(IL Bar No. 6256460)
Greg Grzeskiewicz, Chief, Consumer Fraud Bureau (IL Bar No. 6272322)
Jacob Gilbert, Deputy Chief, Consumer Fraud Bureau (IL Bar No. 6306019)
Matthew Davies, Assistant Attorney General, Consumer Fraud Bureau (IL Bar No. 6299608), *pro hac vice*
Emily María Migliore, Assistant Attorney General, Consumer Fraud Bureau (IL Bar No. 6336392)
Kevin Whelan, Assistant Attorney General, Consumer Fraud Bureau (IL Bar No. 6321715), *pro hac vice*
Daniel B. Roth, Assistant Attorney General, Consumer Fraud Bureau (IL Bar No. 6290613), *pro hac vice*
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, Illinois 60603
312-814-2218
Susan.Ellis@ilag.gov
Greg.Grzeskiewicz@ilag.gov
Jacob.Gilbert@ilag.gov
Matthew.Davies@ilag.gov
Emily.Migliore@ilag.gov
Kevin.Whelan@ilag.gov
Daniel.Roth@ilag.gov

*Attorneys for Plaintiff the People of the State of Illinois*

10

1  **THEODORE E. ROKITA**
   Attorney General State of Indiana
2
   */s/ Scott L. Barnhart*
3  Scott L. Barnhart (IN Atty No. 25474-82),
   *pro hac vice*
4  Chief Counsel and Director of Consumer
   Protection
5  Corinne Gilchrist (IN Atty No. 27115-53),
   *pro hac vice*
6  Section Chief, Consumer Litigation
   Mark M. Snodgrass (IN Atty No. 29495-49),
7  *pro hac vice*
   Deputy Attorney General
8  Office of the Indiana Attorney General
   Indiana Government Center South
9  302 West Washington St., 5th Floor
   Indianapolis, IN 46203
10 Telephone: (317) 232-6309
   Scott.Barnhart@atg.in.gov
11 Corinne.Gilchrist@atg.in.gov
   Mark.Snodgrass@atg.in.gov
12
   *Attorneys for Plaintiff State of Indiana*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ J. Christian Lewis*
J. Christian Lewis (KY Bar No. 87109),
*pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*pro hac vice*
Zachary Richards (KY Bar No. 99209),
*pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Christian.Lewis@ky.gov
Philip.Heleringer@ky.gov
Zach.Richards@ky.gov
Daniel.Keiser@ky.gov
Matthew.Cocanougher@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**LIZ MURRILL**
Attorney General
State of Louisiana

*/s/ Asyl Nachabe*
Asyl Nachabe (LA Bar No. 38846)
*Pro hac vice*
Assistant Attorney General
Louisiana Department of Justice
Public Protection Division
Consumer Protection Section
1885 N. Third St.
Baton Rouge, LA 70802
Tel: (225) 326-6400
NachabeA@ag.louisiana.gov
*Attorney for State of Louisiana*

11

1

2

**AARON M. FREY**
Attorney General
State of Maine

3

4

   /s/ Michael Devine
Michael Devine (Maine Bar No. 5048), *pro hac vice*
Assistant Attorney General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
(207) 626-8829
michael.devine@maine.gov

5

6

7

8

*Attorney for Plaintiff State of Maine*

9

10

**ANTHONY G. BROWN**
Attorney General
State of Maryland

11

12

/s/ *Elizabeth J. Stern*
Philip D. Ziperman (Maryland CPF No. 9012190379), *pro hac vice*
Deputy Chief, Consumer Protection Division
Elizabeth J. Stern (Maryland CPF No. 1112090003), *pro hac vice*
Assistant Attorney General
Office of the Attorney General of Maryland
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417 (Mr. Ziperman)
Phone: (410) 576-7226 (Ms. Stern)
Fax: (410) 576-6566
pziperman@oag.state.md.us
estern@oag.state.md.us

13

14

15

16

17

18

19

20

21

22

*Attorneys for Plaintiff Office of the Attorney General of Maryland*

23

24

25

26

27

28

**KEITH ELLISON**
Attorney General
State of Minnesota

/s/ *Evan Romanoff*
Evan Romanoff (MN Bar No. 0398223)
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
St. Paul, MN 55101
Tel: (651) 728-4126
evan.romanoff@ag.state.mn.us

*Attorney for Plaintiff State of Minnesota*

**MICHAEL T. HILGERS**
Attorney General
State of Nebraska

/s/ *Colin P. Snider*
Colin P. Snider (NE #27724)
Assistant Attorney General
*pro hac vice*
Nebraska Attorney General's Office
2115 State Capitol Building
Lincoln, NE 68509
Phone: (402) 471-3840
Email: michaela.hohwieler@nebraska.gov
Email: colin.snider@nebraska.gov

*Attorneys for Plaintiff State of Nebraska*

12

1  | **MATTHEW J. PLATKIN**
2  | Attorney General
   | State of New Jersey
3  |
   | By: /s/ *Thomas Huynh*
4  | Kashif T. Chand (NJ Bar No. 016752008),
   | *pro hac vice*
5  | Section Chief, Deputy Attorney General
   | Thomas Huynh (NJ Bar No. 200942017),
6  | *Pro hac vice*
   | Assistant Section Chief, Deputy Attorney
7  | General
   | Verna J. Pradaxay (NJ Bar No.
8  | 335822021),
   | *Pro hac vice*
9  | Mandy K. Wang (NJ Bar No. 373452021),
   | *Pro hac vice*
10 | Deputy Attorneys General
11 | New Jersey Office of the Attorney General,
   | Division of Law
12 | 124 Halsey Street, 5th Floor
   | Newark, NJ 07101
13 | Tel: (973) 648-2052
   | Kashif.Chand@law.njoag.gov
14 | Thomas.Huynh@law.njoag.gov
   | Verna.Pradaxay@law.njoag.gov
15 | Mandy.Wang@law.njoag.gov
16 |
   | *Attorneys for Plaintiffs New Jersey Attorney*
17 | *General and the New Jersey Division of*
   | *Consumer Affairs, Matthew J. Platkin,*
18 | *Attorney General for the State of New*
   | *Jersey, and Cari Fais, Director of the New*
19 | *Jersey Division of Consumer Affairs*
20 |

**LETITIA JAMES**
Attorney General
State of New York

/s/ *Kevin C. Wallace*

Kevin C. Wallace, Senior Enforcement
Counsel
(NY Bar No. 3988482), *pro hac vice*
Alex Finkelstein, Assistant Attorney General
(NY Bar No. 5609623), *pro hac vice*
Nathaniel Kosslyn, Assistant Attorney
General
(NY Bar No. 5773676), *pro hac vice*
New York Office of the Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8000
kevin.wallace@ag.ny.gov
alex.finkelstein@ag.ny.gov
nathaniel.kosslyn@ag.ny.gov

*Attorneys for Plaintiff the People of the State*
*of New York*

**JOSHUA H. STEIN**
Attorney General
State of North Carolina

/s/ *Charles White*
Joshua Abram
Kunal Choksi
Special Deputy Attorneys General
Charles G. White
Assistant Attorney General
N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6006
Facsimile: (919) 716-6050
cwhite@ncdoj.gov

*Attorneys for Plaintiff State of North*
*Carolina*

13

1

**DAVE YOST**
2 Attorney General
State of Ohio

3
/s/ Kevin R. Walsh
4 Melissa G. Wright (Ohio SBN 0077843)
Section Chief, Consumer Protection Section
5 Melissa S. Smith (Ohio SBN 0083551)
Asst. Section Chief, Consumer Protection
6 Section
Michael S. Ziegler (Ohio SBN 0042206)
7 Principal Assistant Attorney General
Kevin R. Walsh (Ohio SBN 0073999)
8 Senior Assistant Attorney General
30 East Broad Street, 14th Floor
9 Columbus, Ohio 43215
614-466-1031
10 Melissa.Wright@ohioago.gov
Melissa.S.Smith@ohioago.gov
11 Michael.Ziegler@ohioago.gov
Kevin.Walsh@ohioago.gov
12

13
*Attorneys for Plaintiff State of Ohio*
14

15 **DAN RAYFIELD**
Attorney General
16 State of Oregon

17 /s/ John Dunbar
John J. Dunbar (Oregon Bar No. 842100)
18 Assistant Attorney General
Oregon Department of Justice
19 Consumer Protection Section
100 SW Market Street
20 Portland, Oregon 97201
Telephone:       (971) 673-1880
21 Facsimile:       (971) 673-1884
E-mail: john.dunbar@doj.oregon.gov
22

23 *Attorney for Plaintiff State of Oregon*

24

25

26

27

28

**DAVID W. SUNDAY, JR.**
Attorney General
Commonwealth of Pennsylvania

/s/ John M. Abel
John M. Abel
Senior Deputy Attorney General
(PA Bar No. 47313), *pro hac vice*
Jonathan R. Burns
Deputy Attorney General
(PA Bar No. 315206), *pro hac vice*
jabel@attorneygeneral.gov
jburns@attorneygeneral.gov
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Tel: 717.645.7269

*Attorneys for Plaintiff the Commonwealth of Pennsylvania*

**PETER F. NERONHA**
Attorney General
State of Rhode Island

/s/ Stephen N. Provazza
Stephen N. Provazza (R.I. Bar No. 10435),
*pro hac vice*
Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main St.
Providence, RI 02903
Phone: 401-274-4400
Email: SProvazza@riag.ri.gov

*Attorneys for Plaintiff State of Rhode Island*

14

**ALAN WILSON**
Attorney General
State of South Carolina

 /s/ Clark Kirkland, Jr.
C. Havird Jones, Jr.
Senior Assistant Deputy Attorney General
JARED Q. LIBET (SC Bar No. 74975)
Assistant Deputy Attorney General
Clark Kirkland Jr. (CA SBN 272522)
Anna C. Smith (SC Bar No. 104749)
Assistant Attorneys General
Office of the South Carolina Attorney
General
Post Office Box 11549
Columbia, South Carolina 29211
jlibet@scag.gov
ckirkland@scag.gov
annasmith@scag.gov
803-734-0057

*Attorneys for Plaintiff the State of*
*South Carolina, ex rel. Alan M. Wilson, in*
*His Official Capacity as*
*Attorney General of the State of South*
*Carolina*

**MARTY J. JACKLEY**
Attorney General State of South Dakota

*/s/ Amanda Miiller*
Amanda Miiller (D SBN 5613)
Bret Leigh Nance (SD SBN 4271)
*pro hac vice*
Assistant Attorneys General
1302 East Highway 14, Suite 1
Pierre, SD 57501-8501
Telephone: (605) 773-3215
amanda.miiller@state.sd.us
bretleigh.nance@state.sd.us

*Attorneys for Plaintiff State of South Dakota*

**JASON S. MIYARES**
Attorney General
Commonwealth Of Virginia

*/s/ Joelle E. Gotwals*
Steven G. Popps
Chief Deputy Attorney General
Thomas J. Sanford
Deputy Attorney General
Richard S. Schweiker, Jr.
Senior Assistant Attorney General and
Section Chief
Joelle E. Gotwals (VSB No. 76779),
*pro hac vice*
Assistant Attorney General
Office of the Attorney General of Virginia
Consumer Protection Section
202 N. 9th Street
Richmond, Virginia 23219
Telephone:    (804) 786-8789
Facsimile:    (804) 786-0122
E-mail: jgotwals@oag.state.va.us

*Attorneys for the Plaintiff Commonwealth of*
*Virginia*
*ex rel. Jason S. Miyares, Attorney General*

**NICHOLAS W. BROWN**
Attorney General State of Washington

*/s/ Alexandra Kory*
Alexandra Kory (WA Bar No. 49889),
*pro hac vice*
Joseph Kanada (WA Bar No. 55055),
*pro hac vice*
Rabi Lahiri
Gardner Reed
Claire McNamara
Assistant Attorneys General
Washington State Office of the Attorney
General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 516-2997
Alexandra.kory@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

15

Motion to Strike Certain Affirmative Defenses (Case No. 4:22-md-03047)

1   **JOHN B. MCCUSKEY**
    Attorney General
2   State Of West Virginia

3   */s/ Laurel K. Lackey*
    Laurel K. Lackey
4   Assistant Attorney General
    Office of the West Virginia Attorney
5   General
    Eastern Panhandle Office
6   269 Aikens Center
    Martinsburg, WV 25404
7   304-267-0239
    304-267-0248 (facsimile)
8   laurel.k.lackey@wvago.gov
9
10  *Attorney for the Plaintiff State of West*
    *Virginia*
11

12

13  **JOSHUA L. KAUL**
    Attorney General State of Wisconsin
14
    */s/ Colin R. Stroud*
15  Colin R. Stroud
    Assistant Attorney General
16  WI State Bar #1119457, *pro hac vice*
    Wisconsin Department of Justice
17  Post Office Box 7857
    Madison, Wisconsin 53707-7857
18  (608) 261-9224
    stroudcr@doj.state.wi.us
19
    *Attorneys for Plaintiff State of Wisconsin*
20

21

22

23

24

25

26

27

28

16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

I hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED:   February 3, 2025                          By:   */s/ Marissa Roy*
_____

                                                               Marissa Roy

                                                               *Attorney for the People of the State*
                                                               *of California*

17

1

**CERTIFICATE OF SERVICE**

2

3        I hereby certify that on February 3, 2025, I electronically filed the foregoing document

4   with the Clerk of the Court using the CM/ECF system.

5                                          By: */s/ Marissa Roy*_____

6                                                Marissa Roy

7

8                                                *Attorney for the People of the State of California*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18