Phyllis A. Jones (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorneys for Defendants Meta Platforms, Inc.,*
*Instagram, LLC, Meta Payments, Inc.,*
*Meta Platforms Technologies, LLC, Facebook*
*Payments, Inc., Siculus, Inc., Facebook*
*Operations, LLC, and Mark Elliot Zuckerberg*

*Additional parties and counsel listed on*
*signature pages*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| *People of the State of California, et al.,*<br><br>        v.<br><br>*Meta Platforms, Inc.*, *Instagram, LLC, Meta Payments, Inc.*, *Meta Platforms Technologies, LLC*<br><br>———————————————————<br><br>IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>4:23-cv-05448-YGR | MDL No. 3047<br><br>Case Nos. 4:23-cv-05448-YGR<br>                4:22-md-03047-YGR-PHK<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**OPPOSITION TO MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES IN META'S AMENDED ANSWER TO THE MULTISTATE ATTORNEYS GENERAL COMPLAINT**<br><br>**Hearing:**<br>Date:    March 21, 2025<br>Time:    9:00 AM<br>Place:   Oakland, California<br>Judge:  Hon. Yvonne Gonzalez Rogers |

**INTRODUCTION**

The State Attorneys General's (the "States") motion to strike Meta's affirmative defenses should be denied. As to five of the eight defenses— unclean hands (¶ 11), unjust enrichment (¶ 24), acquiescence, settlement and release (¶ 41), indemnification (¶ 46), and setoff (¶ 47)—the States have not properly dropped from their complaint their claims for monetary relief on behalf of users of Meta's services; accordingly, Meta may assert any defense that would be available in an action by the users themselves. Meta likewise should be permitted to pursue what the States refer to as a "puffery" defense (¶ 14) because, contrary to the States' argument, the Court did not foreclose that defense in its ruling on Meta's motion to dismiss; rather, the Court envisioned that Meta could raise the defense at a later stage of the proceedings. The States' request to strike Meta's laches defense (¶ 50) also should be denied because the States have not shown that the defense cannot be asserted against the government under the law of any state whose attorney general is a plaintiff here.[1]

**LEGAL STANDARD**

Motions to strike affirmative defenses are "disfavored." *See Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 965 (9th Cir. 2014); *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013); *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012). The moving party bears the burden of showing that an affirmative defense should be struck. *Weizman v. Talkspace, Inc.*, 705 F. Supp. 3d 984, 988 (N.D. Cal. 2023). As with a motion to dismiss, "a court views the pleading under attack in the light most favorable to the nonmoving party." *Freeman*, 877 F. Supp. 2d at 923. A court should not grant a motion to strike "unless the matter to be struck clearly could have no possible bearing on the subject of the litigation." *Holmes*, 966 F. Supp. 2d at 930 (citation and internal quotations omitted). "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Id.* (citation and internal quotations omitted).

---

[1] Meta withdraws its personal jurisdiction defense.

**ARGUMENT**

### A. Defenses That Are Available to Meta in Actions by Allegedly Injured Consumers Are Also Available to Meta Here.

The Court should reject the States' request to strike five of the defenses at issue because they are proper defenses to the claims that remain in the case based on alleged losses to users of Meta's services.

Many of the state consumer protection statutes under which the States have brought suit permit the state attorney general "to act on behalf of" the state's consumers. *State v. Minn. Sch. of Bus.*, 935 N.W.2d 124, 133 (Minn. 2019) (citing Minn. Stat. § 8.31); *see also, e.g., Celebrezze v. Hughes*, 479 N.E.2d 886, 888-89 (Ohio 1985) (the Attorney General is "empower[ed]" "to bring certain actions on behalf of consumers") (citing Ohio Rev. Code §§ 1345.09-10); *Commonwealth. ex rel. Beshear v. ABAC Pest Control, Inc.*, 621 S.W.2d 705, 706 (Ky. Ct. App. 1981) (the Attorney General is "vest[ed]" "with the authority to seek restitution on behalf of defrauded consumers) (citing Ky. Rev. Stat. § 367.200). Invoking this statutory authority, many of the States seek to recover money or property allegedly lost not by the State but by users of Meta's services. *See generally* Compl., Prayer for Relief. Five of the affirmative defenses challenged by the States—unclean hands (¶ 11), unjust enrichment (¶ 24), acquiescence, settlement and release (¶ 41), indemnification (¶ 46), and setoff (¶ 47)—relate to the conduct of and losses allegedly suffered by such users.

The States do not dispute that, to the extent they assert claims for monetary relief on behalf of users, Meta may assert the same defenses as would be available in actions by the users themselves. Rather, the States argue that Meta's defenses are not applicable here because the States have "disclaimed restitutionary and damages theories that might otherwise be offset by private recovery." Mot. at 6. This argument is unavailing for two reasons.

First, the States's purported disclaimer is insufficient because the States have not dismissed from the Complaint their claims for restitution and damages on behalf of consumers.[2] Although the States have

---

[2] *See* Prayer ¶ B.1.b (**Arizona**) ("order Meta to restore to all persons in interest any monies or property, real or personal, which may have been acquired"); *id.* ¶ B.2.a (**California**) ("make such orders or judgments . . . as may be necessary to restore to any person in interest any money or property"); *id.* ¶ B.3.b (**Colorado**) ("order and judgment . . . necessary to completely compensate . . . any person injured"); *id.* (continued…)

asserted in a case management statement that they "do not intend to seek restitution," *see* MDL Dkt. No. 618 at 7, the claims will remain part of the case unless and until the States amend their Complaint under Rule 15 or stipulate with Meta to a dismissal of the claims. *See, e.g., Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 688 (9th Cir. 2005) (Rule 15 "is the appropriate mechanism where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.") (cleaned up); *Wei v. San Jose Sharks*, 2018 WL 5923840, at *3 (N.D. Cal. Nov. 13, 2018) (plaintiff seeking to withdraw claims may file amended complaint omitting those claims or parties may stipulate to withdrawal of claims).

Second, putting aside the form of the States' purported disclaimer, its substance does not foreclose all claims for monetary relief on behalf of users. The States have stated that they "do not intend to seek restitution in a form that is measured by the amount of money expended by individuals," MDL Dkt. No. 618 at 7. But that statement does not squarely foreclose the full range of restitution claims asserted in the Complaint. "Money expended"—the language of the purported disclaimer—is not coextensive with, for example, "all sums necessary to restore to any consumers the money or property acquired from them by Meta," Prayer ¶ B.5.a (**Delaware**), "all ascertainable losses," *id.* ¶ B.26.b (**South Carolina**), or "any pecuniary losses suffered by any person," *id.* ¶ B.29.b (**Wisconsin**).

Unless and until the States formally remove from the Complaint the entirety of their claims and requests for relief for restitution or other monetary relief based on losses allegedly suffered by users, Meta

---

¶ B.4.a (**Connecticut**) ("award . . . damages and restitution for Connecticut consumers"); *id.* ¶¶ B.5.a-b (**Delaware**) ("award all sums necessary to restore to any consumers the money or property acquired from them by Meta"); *id.* ¶ B.8.d (**Illinois**) ("[o]rder Meta to pay monetary relief, including restitution to Illinois consumers"); *id.* ¶ B.9.b (**Indiana**) ("order Meta to pay restitution to aggrieved Indiana consumers"); *id.* ¶ B.15.a.iii (**Minnesota**) ("judgment against Meta for restitution, disgorgement, and/or damages for Minnesota consumers"); *id.* ¶ B.17.c (**Nebraska**) ("[o]rdering Meta to pay restitution"); *id.* ¶ B.18.a (**New Jersey**) ("damages and restitution for New Jersey consumers"); ¶ B.19.b (**New York**) ("[d]irecting Meta to make full restitution to consumers and pay damages"); *id.* ¶ B.24.c (**Pennsylvania**) ("[d]irecting Meta to make full restitution . . . to all consumers"); *id.* ¶ B.25.c (**Rhode Island**) ("[o]rder Restoration to any person in interest any moneys or property"); *id.* ¶ B.26.b (**South Carolina**) ("[o]rder Meta to restore to all persons and entities all ascertainable losses suffered"); *id.* ¶ B.27.c (**Virginia**) ("award all sums necessary to restore to any consumers . . . money or property"); *id.* ¶ B.28.f (**Washington**) ("[o]rder Meta to pay restitution and/or other monetary relief"); *id.* ¶ B.29.b (**Wisconsin**) ("order and judgment requiring Meta to restore any pecuniary losses suffered by any person").

is entitled to assert its defenses of unclean hands (¶ 11), unjust enrichment (¶ 24), acquiescence, settlement and release (¶ 41), indemnification (¶ 46), and setoff (¶ 47).

The States additionally argue that the defense of unclean hands (¶ 11) is not available because Meta has not alleged affirmative misconduct by the States, *see* Mot. at 4, but this argument misunderstands Meta's defense. Meta asserts the defense of unclean hands in relation to misconduct *by users*. Answer, Defenses ¶ 11 ("Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands, including to the extent Plaintiffs' claims are brought despite violations *by users* of Meta's Terms of Service and/or Terms of Use.") (emphasis added)). The cases on which the States rely, all of which addressed defenses targeting the conduct of federal governmental entities, do not apply here. *See, e.g.*, *FTC v. Medicor LLC*, 2001 WL 765628, at *3 (C.D. Cal. June 26, 2001) ("[T]he defense of unclean hands can be asserted against the government when the government's conduct is so outrageous as to cause constitutional injury."); *SEC v. Elecs. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988) (defendant's "pleading raises defenses of unclean hands and inequitable conduct on the part of the Commission"); *see also FTC v. Green Equitable Sols.,* 2023 WL 7107273, at *2 (C.D. Cal. Sept. 29, 2023) (discussing defense based on government conduct).

**B.    The Court's Motion to Dismiss Order Does Not Bar the Defense That the States' Claims Are Based in Part on Non-Actionable Statements of Opinion.**

The Court should reject the States' request to strike Meta's defense based on the fact that the States' misrepresentation allegations seek to challenge non-actionable statements of opinion (¶ 14), which the States refer to as a "puffery defense." Contrary to the States' argument, the Court did not foreclose this defense in its Order on Meta's Motion to Dismiss. *See* Mot. at 7-8. In the section of the Court's Order addressing puffery, the Court concluded that "some of the alleged statements in isolation may be nonactionable, but given the plausible breadth of the allegations, the Court cannot say that Meta's statements all constitute nonactionable puffery at this stage." Dkt. No. 83 at 40. Far from barring Meta from pursuing a puffery defense at a later stage of the proceedings, the Court's Order clearly envisioned that Meta could assert such a defense based on the evidence developed in discovery. Because it is not the case that Meta's puffery defense "could have no possible bearing on the subject of the litigation," it should not be stricken. *See Holmes*, 966 F. Supp. 2d at 930 (citation and internal quotations omitted).

### C. Meta Should Be Permitted to Pursue a Laches Defense.

#### 1. The States Have Not Shown that Meta's Laches Defense Fails Against the States.

The States argue that laches cannot be asserted against a state absent "outrageous" misconduct. *See* Mot. at 4. In support of this argument, the States rely on decisions by federal courts addressing the availability of defenses asserted against the federal government under federal law, *see* Mot. at 4-5, but those decisions are inapposite because it is state law, not federal law, that "defines the nature of the defenses" to the States' state-law claims. *See Healy Tibbitts Constr. Co. v. Ins. Co. of N. Am.*, 679 F.2d 803, 804 (9th Cir. 1982); *see also Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 610 (5th Cir. 2007) ("substantive state law determines what constitutes an affirmative defense"). And under the law of at least some states involved in this action, a State AG may not wait to "bring [an] action forever because the equitable doctrine of laches . . . appl[ies]." *Commonwealth of Pa. v. Citizens Al. for Better Neighborhoods, Inc.*, 938 A.2d 1274, 1279 (Pa. Commw. Ct. 2009).

The States appear to understand, at least implicitly, that their argument cannot succeed due to the variability in state law. The States rely on cases addressing both laches and statutes of limitation where the plaintiff is a governmental entity. *See* Mot. at 4-5. But the States did not move to strike Meta's statute of limitations defense (¶ 20). Nor could the States have done so because, under the laws of at least some of the states in this case, statutes of limitations *do* run against the state.[3]

#### 2. Meta's Defenses are Sufficiently Pled.

The States separately contend that Meta's "equitable defenses, which include unclean hands (¶ 11) and laches (¶ 50)," should be stricken because they are not pleaded with sufficient detail. Mot. at 5. In the Ninth Circuit, however, the pleading of affirmative defenses—which is a matter of procedural, and therefore federal, law—are governed by the "fair notice" standard, which "only requires describing the

---

[3] *See, e.g.*, Del. Code tit. 6 § 2506 ("Notwithstanding any other statute to the contrary, no action at law by the Attorney General brought under this chapter shall be initiated after the expiration of 5 years from the time the cause of action accrued; however, §§ 8117 and 8118 of Title 10 and any applicable tolling or savings provisions created under the common law shall apply."); Ohio Rev. Code § 1345.07 ("No action may be brought by the attorney general under this section to recover for a transaction more than two years after the occurrence of a violation.").

defense in 'general terms.'" *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Fed. Pract. & Proc.* § 1274 (3d ed. 1998)).  Here, Meta has explained the basis for both its unclean hands defense (user violations of Meta's Terms of Service) and its laches defense (delay by the States in bringing this lawsuit).  *See* Answer, Defenses ¶¶ 11, 50.  Meta's defenses are not "bare references to legal doctrines without any discussion of how they may apply to this case." *Madison v. Goldsmith & Hull*, 2013 WL 5769979, at *2 (N.D. Cal. Oct. 24, 2023); *compare, id.*, Answer ¶¶ 63-64 (Case No. 5:13-cv-01655-EJD, Dkt. No. 12) ("Plaintiff's Complaint is barred under the equitable doctrine of Laches."; "Plaintiff's Complaint is barred under the doctrine of Unclean Hands."). *See also MIC Prop. & Cas. Corp. v. Kennolyn Camps, Inc.*, 2015 WL 4624119, at *3 (N.D. Cal. Aug. 3, 2015) (quoting *Madison*); Mot. to Strike at 5 (citing *MIC Prop. & Cas. Corp.*).

## CONCLUSION

For the reasons set forth above, the Court should deny the States' requests to strike the defenses set forth in ¶¶ 11, 14, 24, 41, 46, 47, and 50 of the Affirmative and Other Defenses section of Meta's Amended Answer.

Dated: February 28, 2025                        Respectfully submitted,


                                        **COVINGTON & BURLING LLP**

                                        */s/ Phyllis A. Jones*
                                        Paul W. Schmidt, *pro hac vice*
                                          pschmidt@cov.com
                                        Phyllis A. Jones, *pro hac vice*
                                          pajones@cov.com
                                        Christian J. Pistilli (*pro hac vice* pending)
                                        COVINGTON & BURLING LLP
                                        One CityCenter
                                        850 Tenth Street, NW
                                        Washington, DC 20001-4956
                                        Telephone: + 1 (202) 662-6000
                                        Facsimile: + 1 (202) 662-6291

Emily Johnson Henn (State Bar No. 269482)
  ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800

*Attorneys for Defendants Meta Platforms, Inc.,
Instagram, LLC, Meta Payments, Inc., Meta Platforms
Technologies, LLC, Facebook Payments, Inc., Siculus,
Inc., Facebook Operations, LLC, and Mark Elliot
Zuckerberg*

OPPOSITION TO MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES IN META'S AMENDED ANSWER TO THE MULTISTATE ATTORNEYS GENERAL COMPLAINT