UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>4:23-cv-05448<br><br>**People of the State of California,** *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**Meta Platforms, Inc.,** *et al.*,<br><br>Defendants. | MDL No. 3047<br><br>Case No. 4:23-cv-05448-YGR<br><br>**ORDER DENYING STATE ATTORNEYS GENERAL'S MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 173 and 178 in Case No. 23-cv-05448 |

Before the Court is the state attorneys general's (the "States") motion to strike eight of the over fifty affirmative defenses asserted by Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC (collectively, "Meta") in their answer to the States' complaint. (*See* Dkt. No. 178, Motion to Strike ("Mot."); Dkt. No. 167 at 87–92 ("Aff. Defs.").)

Having carefully reviewed the pleadings and papers submitted in connection with the motion, and for the reasons set forth more fully below, the Court **DENIES** the motion to strike without prejudice to renewing any arguments at summary judgment.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the motions referenced herein appropriate for decision without oral argument. The hearing set on this motion for March 21, 2025 is **VACATED**.

## I. STANDARD OF REVIEW

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading any insufficient defense." "A defense may be insufficient as a matter of pleading or a matter of law." *G & G Closed Cir. Events, LLC v. Nguyen*, 2010 WL 3749284, at *1 (N.D. Cal. Sept. 23, 2010). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). "In this district, defendants provide 'fair notice' of an affirmative defense by meeting the *Twombly/Iqbal* pleading standard." *FTC v. Meta Platforms Inc.*, 2022 WL 16637996, at *1 (N.D. Cal. Nov. 2, 2022).

"[M]otions to strike pleadings are disfavored . . . ." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 965 (9th Cir. 2014). Accordingly, a "motion to strike should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted). "When ruling on a motion to strike, a court views the pleading under attack in the light most favorable to the nonmoving party." *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012). Further, the Court is hesitant to grant such disfavored motions as it signals a willingness to entertain such motions and usually increases unnecessary litigation. Thus, the Court grants them sparingly.

## II. DISCUSSION

The States move to strike eight of the more than fifty affirmative defenses asserted in Meta's answer. These eight affirmative defenses, the States argue, fall into three categories: (i) two equitable defenses, (ii) four defenses relating to recovery in restitution, and (iii) two defenses that Meta has waived or the Court has already rejected. The Court considers each set.

### A. Equitable Defenses

The States move to strike the equitable defenses of unclean hands and laches which they contend are not cognizable in a public law-enforcement action. (*See* Mot. at 1; Aff. Defs. ¶¶ 11, 50.)

2

The States argue that "[f]ederal courts have routinely held that estoppel, laches, and unclean hands are not recognized affirmative defenses against the government in a civil suit to protect a public interest, absent outrageous conduct." *FTC v. Green Equitable Sols.*, 2023 WL 7107273, at *2 (C.D. Cal. Sept. 29, 2023) (citing *Watkins v. U.S. Army*, 875 F.2d 699, 707 (9th Cir. 1989)).[2]  Because Meta's response includes no allegations of affirmative misconduct by the States, the States argue these defenses should be stricken.

Meta's response is twofold. *First*, as to unclean hands, Meta argues that this defense "relate[s] to the conduct of and losses allegedly suffered by such users," not any conduct by the States. (Dkt. No. 181 at 3.) Meta does not provide any authority as to whether this is a viable means of asserting the defense. That said, the burden here falls to the States, who respond that as public prosecutors they do not stand in the shoes of private individuals. *See City & Cnty. of San Francisco v. PG&E Corp.*, 433 F.3d 1115, 1125–26 (9th Cir. 2006) ("[A] civil action brought by a governmental entity under" California's consumer protection laws "'is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.'" (quoting *People v. Pac. Land Rsch. Co.*, 569 P.2d 125, 129 (Cal. 1977))). This contention is not dispositive of the issue. The Court declines to dismiss Meta's defense of unclean hands on the minimal authority provided to the Court. Rather, Meta should be prepared to respond to this authority at a later juncture. If true, the parties should be prepared to address the topic by way of stipulation.

*Second*, as to laches, Meta argues that the States' authorities are inapposite because they address the availability of defenses asserted against the federal government under federal law. (Dkt. No. 181 at 6.) Instead, "state law defines the nature of the defenses" for a state-law cause of action. *See Healy Tibbitts Const. Co. v. Ins. Co. of N. Am.*, 679 F.2d 803, 804 (9th Cir. 1982); *see also Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 610 (5th Cir. 2007)

---

[2] *See also FTC v. Medicor LLC*, 2001 WL 765628, at *3 (C.D. Cal. June 26, 2001) ("Some courts have held that the defense of unclean hands can be asserted against the government when the government's conduct is so outrageous as to cause constitutional injury."); *SEC v. Elecs. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988) ("[E]quitable defenses against government agencies are strictly limited."), *aff'd*, 891 F.2d 457 (2d Cir. 1989).

3

("[S]ubstantive state law determines what constitutes an affirmative defense."). Meta points to one case from Pennsylvania which indicated that its attorney general could be subject its state-law doctrine of laches, which may provide a different standard than in federal cases. *See Commonwealth ex rel. Corbett v. Citizens All. for Better Neighborhoods, Inc.*, 983 A.2d 1274, 1278–79 (Pa. Commw. Ct. 2009) (explaining that "even though more than two years passed from when the Attorney General was put on notice . . . until the complaint was brought, it is not timebarred," although "[t]hat does not mean that the Attorney General can bring the action forever because the equitable doctrine of laches would apply").[3]

The States' reply does not sufficiently grapple with this distinction, arguing instead that Meta attempts to draw a nonexistent distinction between federal and state government entities. (Dkt. No. 189 at 2.) In general, state law provides the scope of affirmative defenses to claims arising under state law. *See Healy Tibbitts Const. Co.*, 679 F.2d at 804.[4] The States do not explain how a laches defense asserted against a state government plaintiff bringing state-law consumer protection claims is a matter of federal procedural law. Given that at least one at-issue state might apply laches under a different standard than that provided by the States' cited federal cases, the Court declines to strike the affirmative defense at this stage given the minimal contrary authority provided by the States.[5]

---

[3] *See also Citizens All. for Better Neighborhoods, Inc.*, 983 A.2d at 1279 ("Laches applies when a defendant is so prejudiced by the passage of time and inexcusable delay that it would be unjust to allow the plaintiff to assert a claim. Although statutes of limitation do not apply to the Commonwealth, laches may be imputed to the Commonwealth. . . . [However,] to impute laches against the Commonwealth, a stronger case of delay or acquiescence is necessary than when a mere private right is involved, and laches is only imputed to the Commonwealth in rare cases." (alterations in original) (quoting *St. Clair Area Sch. Dist. Bd. of Educ. v. E.I. Assocs.*, 733 A.2d 677, 681 (Pa. Commw. Ct. 1999))).

[4] The States cite *California v. Am. Stores Co.*, which noted that "equitable defenses such as laches, or perhaps 'unclean hands,' may protect consummated transactions from belated attacks by private parties when it would not be too late for the Government to vindicate the public interest." 495 U.S. 271, 296 (1990). While this statement acknowledges, at a minimum, a different standard for laches to be applied between a state government entity and private plaintiffs, it does not provide the standard to apply as to that state entity.

[5] Nor is the Court persuaded that Meta's laches defense as pled fails to provide "fair notice." *See Wyshak*, 607 F.2d at 827. While cursory, that Meta alleges a potential delay in

4

1   The motion to strike as to Meta's unclean hands and laches defenses is **DENIED**.

### B. Defenses Relating to Recovery in Restitution

Arguing they have disclaimed seeking restitutionary relief or damages on behalf of individuals and others, the States move to strike Meta's defenses of unjust enrichment; acquiescence, settlement, and release; indemnification; and setoff. (Mot. at 1; Aff. Defs. ¶¶ 24, 41, 46, 47.)

State plaintiffs bringing enforcement actions are typically entitled by statute to a broader range of remedies than those available to private parties. *See California v. IntelliGender, LLC*, 771 F.3d 1169, 1178 (9th Cir. 2014) ("Because the State action is brought on behalf of the people, it implicates the public's interest as well as private interests, and therefore the remedial provisions sweep much more broadly."). While the state usually may not recover relief on behalf of individuals whose claims have already been determined, the state nonetheless "may seek civil penalties and broad injunctive relief" irrespective of individual litigants' separate recovery. *Id.* at 1181–82. Civil penalties are assessed pursuant to violations of statutory obligations, rather than as recovery in restitution. *Cf. Am. Bankers Mgmt. Co., Inc. v. Heryford*, 885 F.3d 629, 632 (9th Cir. 2018) ("Although private parties may seek injunctive relief and restitution under the UCL, only a public prosecutor . . . may pursue civil penalties."); *Aguilar v. Zep Inc.*, 2014 WL 4245988, at *19 (N.D. Cal. Aug. 27, 2014) ("Under California law, '[p]rinciples of equity cannot be used to avoid a statutory mandate.'" (alteration in original) (quoting *Ghory v. Al-Lahham*, 209 Cal. App. 3d 1487, 1492 (Cal. Ct. App. 1989))).

The States argue that, because they are statutorily entitled to pursue civil penalties, disgorgement, and injunctive relief independent of restitution to consumers, Meta's affirmative defenses relating to restitutionary relief are improper—specifically, unjust enrichment; acquiescence, settlement, and release; indemnification; and setoff. (Dkt. No. 178 at 6.) Moreover,

---

bringing this enforcement action is clear. *See* Aff. Defs. ¶ 50 ("Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches to the extent that Plaintiffs unreasonably delayed before pursuing their purported claims.").

the States note they have previously represented that they "do not intend to seek restitution in a form that is measured by the amount of money expended by individuals, state agencies, or the States as a result of Meta's alleged misconduct. The State Attorneys General intend to seek statutory civil penalties, among other remedies." (Dkt. No. 618, Agenda and Joint Statement for Feb. 23, 2024 Case Management Conference at 7.)

However, the phrase "amount of money expended" does not necessarily foreclose all forms of restitution that may be sought by the States. (*See, e.g.*, Dkt. No. 1, Complaint at 214 (seeking as relief, for South Carolina, that Meta "restore to all persons and entities all ascertainable losses suffered").) The States offer no clarifying response on reply. (*See* Dkt. No. 189 at 3–4.) This issue may ultimately be moot, depending on what the States ultimately seek as relief, which will become apparent as this litigation develops further. The Court **DENIES** the motion to strike as to Meta's defenses relating to restitutionary relief given the current procedural posture.

### C. Defenses Waived or Rejected

Finally, the States move to dismiss Meta's defenses relating to personal jurisdiction and puffery, arguing those defenses have been waived or already ruled on by the Court. (Mot. at 1; Aff. Defs. ¶¶ 1, 14.) In its opposition, Meta withdrew its personal jurisdiction defense. (Dkt. No. 181 at 2 n.1.)

As to puffery, the States argue the Court has already disposed of this defense in its order on Meta's motion to dismiss. The Court disagrees. *See In re Soc. Media Adolescent Addiction/Pers. Inj. Prod. Liab. Litig.*, 2024 WL 4532937, at *25 (N.D. Cal. Oct. 15, 2024), Dkt. No. 1214 (holding as a matter of pleading that "the Court cannot say that Meta's statements all constitute nonactionable puffery *at this stage*" (emphasis supplied)). At the motion to dismiss stage, the Court declined to parse each statement's actionability as a matter of law. Further, it is not even clear whether and/or how states would allow such a defense in a non-securities context other than the generic context of reasonableness. The context in which a statement is made is important, as well as the procedural posture. The motion to strike Meta's defense of puffery is **DENIED.**

**III.   CONCLUSION**

The States' motion to strike eight of Meta's affirmative defenses is **DENIED**.

This terminates Dkt. Nos. 173 and 178 in Case No. 23-cv-05448.

**IT IS SO ORDERED.**

Dated: March 11, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**