UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 Case Nos. 4:22-md-03047-YGR-PHK 4:23-cv-05448-YGR |
| This Filing Relates to: *People of the State of California, et al. v. Meta Platforms, Inc., et al.* | **META'S LETTER BRIEF OPPOSING STATE ATTORNEYS GENERAL'S ANTICIPATED SUMMARY JUDGMENT AND RULE 702 MOTIONS** Judge: Hon. Yvonne Gonzalez Rogers Magistrate Judge: Hon. Peter H. Kang |

Pursuant to ECF Nos. 2271 and 2274, Meta submits this letter brief to (i) set forth arguments it anticipates making in opposition to the anticipated motions for partial summary judgment previewed by the State Attorneys General ("AGs") in their November 19, 2025 letter brief (ECF No. 2465), and (ii) reserve rights as to the AGs' anticipated expert-related motions.

## I.     Motions for Summary Judgment

The AGs state that they anticipate filing two motions for partial summary judgment regarding certain aspects of their Children's Online Privacy Protection Act ("COPPA") claim. As explained below, the AGs' first proposed motion would be meritless for lack of evidence, and the second would be improper and unnecessary. To the extent the AGs clarify or refocus their arguments in any future motion, Meta reserves all rights to respond.

To prevail on their COPPA claim, the AGs must prove the following elements: (1) Meta is an "operator" of a website or online service, (2) Meta's website or online service, in whole or in part, is directed to under-13 ("U13") individuals or Meta has actual knowledge that it collected personal information of a U13 individual, and (3) Meta collected or maintained personal information from a U13 individual without providing the protections required by COPPA. *See* 15 U.S.C. § 6502(a)(1); 16 C.F.R. §§ 312.2-312.3. As set forth in Meta's letter brief dated November 19, 2025 (ECF No. 2466 at 3-4), summary judgment should be granted in *Meta's* favor on the AGs' COPPA claim in its entirety because the AGs cannot, as a matter of law, prove essential elements of their claims.

### A.  AGs' Anticipated Motion #1

The AGs are not entitled to summary judgment on their argument that Meta has violated COPPA by using "personal information" of users that Meta allegedly actually knows are U13 to train its machine learning and generative AI models for at least three independent reasons.

First, the AGs lack any evidence that Meta has actual knowledge that any checkpointed or disabled account belongs to a U13 individual. The AGs' motion is predicated on an apparent belief that Meta's age checkpointing and disablement process for accounts *suspected* of belonging to U13 individuals is sufficient to establish that Meta "has 'actual knowledge' for COPPA purposes that the users that Meta has checkpointed and disabled are [under 13]." (ECF No. 2465 at 2.) Not so.[1] For context, an account is checkpointed when Meta suspects a user

---

[1] *See Intel Corp. Inv. Pol'y Comm. v. Sulyma*, 589 U.S. 178, 184-85 (2020) ("[T]o have 'actual knowledge' of a piece of information, one must in fact be aware of it . . . . [T]he law will sometimes impute knowledge—often called 'constructive' knowledge—to a person who fails to learn something that a reasonably diligent person would have learned . . . . The addition of 'actual' in [the statute] signals that the . . . knowledge must be more than 'potential, possible, virtual, conceivable, theoretical, hypothetical, or nominal.'" (internal citations omitted)); *New Mexico ex rel. Balderas v. Tiny Lab Prods.*, 457 F. Supp. 3d 1103, 1113 (D.N.M. 2020) ("[T]he COPPA Rule reserves liability only for those . . . with a direct and clear awareness, as opposed to an awareness attributed to them based on what they reasonably should have known . . . ."); Children's Online Privacy Protection Rule, 89 Fed. Reg. 2034, 2037 (proposed Jan. 11, 2024) ("The Commission declines to change the Rule to bring operators of general audience sites and

may be under 13.  When an account is checkpointed, it is disabled, not visible to other users, and can be accessed only for age verification purposes.  If a checkpointed user fails to submit sufficient evidence that they are over 13, their account is permanently disabled and deleted.  The undisputed record confirms that Meta checkpoints or disables accounts *under the suspicion* of belonging to a U13 user, which cannot be conflated with COPPA's requirement that the defendant have "actual knowledge that it is collecting personal information from a child."  15 U.S.C. § 6502(a)(1).  And even if, as the AGs suggest, the record shows that Meta checkpoints accounts that "likely" belong to a U13 user (*see* ECF No. 2465 at 2), such checkpointing cannot equate to the "actual knowledge" required by COPPA.  To the extent the AGs contend that Meta violates COPPA by using the personal information of users whose accounts were *either* checkpointed *or* disabled, the AGs ignore the undisputed fact that *not* every checkpointed account ends up being permanently disabled—meaning, for certain checkpointed accounts, users are confirmed *not* to be under 13.  And for those accounts that ultimately are permanently disabled, the undisputed record confirms that Meta knows only that the user did not appeal the age-checkpoint designation or did not do so successfully.  But an individual can fail to appeal (or fail an appeal) for any number of reasons that have nothing to do with that user's actual age (such as, for example, because the user does not have an ID or does not want to share an ID with Meta).

Second, the AGs lack any evidence that Meta continues to use "personal information" from any known U13 accounts of users in the AGs' respective states that have been checkpointed or disabled to train its machine learning and generative AI models.  Therefore, the AGs are not entitled to summary judgment on Anticipated Motion #1 because the AGs have no evidence that Meta collects "personal information" (as defined in COPPA, 15 U.S.C. § 6501(8)) from accounts that Meta has actual knowledge belong to U13 users in the AGs' respective states, or that Meta uses "personal information" of known U13 users to train models.

Third, the AGs' Anticipated Motion #1 is improper because it seeks to pursue a new theory of COPPA liability or, at the very least, pursue the COPPA claim based on purported facts that are entirely different from those pleaded in the AGs' complaint, which nowhere mentions the use of "personal information" to train machine learning and generative AI models.  *See Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 966, 968-69 (9th Cir. 2006) (holding plaintiff improperly raised "more specific allegations" for the first time in response to a summary judgment motion where the plaintiff's pleadings failed to provide adequate notice of those allegations); *Successor Agency to Former Emeryville Redevelopment Agency & City of Emeryville v. Swagelok Co.*, 2023 WL 3805256, at \*14 (N.D. Cal. June 1, 2023) ("[A] plaintiff may . . . be precluded from grounding her pleaded theory of liability in facts asserted for the first time at summary judgment." (internal quotation marks and citations omitted)).

---

services under COPPA's jurisdiction based on constructive knowledge.  As the Commission noted in 2011, Congress has already rejected a constructive knowledge approach with respect to COPPA."); *see also* Complying with COPPA: Frequently Asked Questions, FED. TRADE COMM'N, https://www.ftc.gov/business-guidance/resources/complying-coppa-frequently-asked- questions (last visited Dec. 1, 2025).

## B. AGs' Anticipated Motion #2

The AGs' second anticipated motion for partial summary judgment seeks to establish certain purported "elements of COPPA." (ECF No. 2465 at 2.) The three issues the AGs identify are: **Issue (a)**: whether Meta "is an 'operator' of Instagram and Facebook, which are both websites or 'online services'"; **Issue (b)**: whether Meta "collects 'personal information' from users of Facebook and Instagram, including those who visit Facebook and Instagram without logging into an account"; and **Issue (c)**: whether Meta has "provided COPPA's protections for any children on Facebook or Instagram." (*Id.* at 2-3.) None is a proper basis for summary judgment.

***Issue (a): The undisputed record confirms that any summary judgment motion as to whether Meta is an "operator" of the websites or online services Instagram and Facebook is inappropriate and would waste judicial resources.*** Meta does not dispute that Meta Platforms, Inc. is an operator of Instagram and Facebook, which are websites or online services for COPPA purposes. This issue can be handled through an appropriate stipulation between the parties, making a motion for summary judgment on this issue unnecessary. As to the other Meta Defendants—Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC— the uncontradicted discovery record confirms that they are not currently operators of either Instagram or Facebook. The AGs' summary judgment motion as to these Defendants will therefore fail.

***Issue (b): The AGs are not entitled to summary judgment as to whether Meta collects "personal information" from users of Facebook and Instagram, including those who visit Facebook and Instagram without logging into an account. Establishing this disputed fact is an inappropriate basis for summary judgment because it is not sufficient to prove any part of the AGs' COPPA claim.*** Whether Meta collects personal information from users and, if so, under what circumstances is, at most, a purported fact—not an "element[] of COPPA." (*See* ECF No. 2465 at 2.) The AGs' proposed motion is therefore limited to a disputed fact that is insufficient to establish any claim, or even any element of any claim, *see* Fed. R. Civ. P. 56(a), which, as courts have held, is an improper use of Rule 56. *See, e.g.*, *Robertson v. F. Martin*, 2021 WL 545895, at *2 (C.D. Cal. Jan. 4, 2021) ("[C]ourts throughout the country have held that Rule 56 does not authorize a motion which is solely intended to establish the truth of particular facts."). While Rule 56(g) permits courts to establish undisputed facts attendant to a proper Rule 56(a) motion, this purported fact is both disputed and not attendant to any properly raised Rule 56(a) argument, and, therefore, partial summary judgment is inappropriate on this issue. *See id.* ("Plaintiff seeks an adjudication of discrete, assertedly undisputed facts. The use of Rule 56 for this purpose is inappropriate.").

Moreover, summary judgment on Issue (b) is inappropriate because it would not "streamlin[e] the trial," as the AGs suggest. (ECF No. 2465 at 2.) Issue (b) is not part of any element the AGs have the burden to prove at trial. Rather, to prove their COPPA claim, the AGs must demonstrate that either (1) Meta's platforms are targeted to U13 individuals; (2) Meta's platforms do not provide sufficient age-gating processes; or (3) Meta had actual knowledge that it collected personal information from a U13 user. The issue of whether Meta collects "personal information" *generally* is not relevant to the AGs' COPPA claim. Without proving that Meta collects "personal information" from *U13* users in particular, Issue (b) does nothing to narrow

the AGs' burden on any element of their COPPA claim.  *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) ("Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment."). Their proposed motion would therefore be improper and a waste of judicial resources.

*Issue (c): The AGs are not entitled to summary judgment as to whether Meta has provided COPPA protections for U13 users of whom Meta had no actual knowledge.*  A summary judgment motion on Issue (c) would be improper and unnecessary because, as with Issue (a), Issue (c) can likely be resolved through an appropriate stipulation between the parties, provided any such stipulation is consistent with Meta's complete responses to the relevant requests for admission.

As set forth in those responses (which the AGs quote selectively in their letter brief), Meta has not knowingly provided services to any U13 individuals (relying on, for example, age-gating and checkpointing to keep such users off the platforms), and as a result, Meta is not required to provide COPPA protections to parents of such unknown users on Facebook or Instagram.

## II.     **<u>Rule 702 Motions</u>**

In their affirmative letter brief, the AGs state that they "do not anticipate filing Daubert motions related to Meta's responsive experts Emilio Ferrara, Jeremy Birnholtz, Sriraman Venkataraman, Kevin Keller, and Bruce Isaacson," effectively conceding that these experts' opinions satisfy the requirements of Rule 702, but nonetheless reserve the right to seek to exclude opinions from these experts through unspecified pre-trial motions.  (*See* ECF No. 2465 at 4.)  The AGs' affirmative letter further states that they "anticipate filing Motions to exclude expert opinions that provide opinions on topics not at issue or no longer at issue in this case, such as opinions that primarily relate to content moderation or opinions responding to issues that have not been raised within the MDL State AG case."  (*Id.*)  Meta reserves all rights to oppose any such motions.

Dated:  December 1, 2025

Respectfully submitted,

**DAVIS POLK & WARDWELL LLP**

  */s/ James P. Rouhandeh*
James P. Rouhandeh (*pro hac vice*)
rouhandeh@davispolk.com
Antonio J. Perez-Marques (*pro hac vice*)
antonio.perez@davispolk.com
Caroline Stern (*pro hac vice*)
caroline.stern@davispolk.com
Corey M. Meyer (*pro hac vice*)
corey.meyer@davispolk.com
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800

**COVINGTON & BURLING LLP**

  */s/ Ashley M. Simonsen*
Ashley M. Simonsen (State Bar. No. 275203)
asimonsen@cov.com
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: (650) 632-4800

Phyllis A. Jones (*pro hac vice*)
pajones@cov.com
Paul W. Schmidt (*pro hac vice*)
pschmidt@cov.com
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

*Attorneys for Defendants Meta Platforms, Inc.;*
*Meta Payments, Inc.; Meta Platforms*
*Technologies, LLC; and Instagram, LLC*

## ATTESTATION

I, James P. Rouhandeh, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: December 1, 2025           By: */s/ James P. Rouhandeh*
                                                 James P. Rouhandeh