# Exhibit 5

[*Submitting Counsel on Signature Page*]

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| People of the State of California, et al. | MDL No. 3047 |
| v. | |
| Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC | Case Nos.: 4:23-cv-05448-YGR<br>4:23-cv-05885-YGR |
| ----------------------------------------------------- | |
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | **STATE ATTORNEYS GENERAL RESPONSE TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF INTERROGATORIES** |
| THIS DOCUMENT RELATES TO: | |
| 4:23-cv-05448, 4:23-cv-05885. | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

discussing the use of Defendants' Platforms by children or public reporting that account-holders on Defendants' Platforms have won awards indicating popularity among children.

The State AGs make this Response based on their current knowledge and information, and without prejudice to their ability to amend or supplement this response or to rely on additional facts and documents gained throughout the course of fact and expert discovery or at any time before trial.

**Interrogatory No. 8:**

Identify any (a) damage, restitution, or other compensation on behalf of residents of Your state or (b) other relief that You intend to seek.

**Response:**

The State AGs object to Interrogatory No. 8 as premature, as it purports to require Plaintiffs to marshal all proof Plaintiffs may offer at trial well before the parties' discovery cutoff in this case. *See, e.g.*, *Loeber*, 2023 WL 4703329, at *2. The State AGs further object to the extent Interrogatory No. 8 would require the State AGs to provide information relating to expert opinion or testimony that is not due to be disclosed until the parties' exchange of expert disclosures.

Subject to and without waiving their general and specific objections to this Interrogatory, the State AGs respond as follows.  The State AGs understand this Interrogatory to be requesting information only as to the relief that State AGs are seeking with respect to Defendants' violations of COPPA, and thus respond only as to relief under COPPA. The specific relief that the State AGs are seeking will be the subject of forthcoming expert discovery, and the State AGs thus reserve their full response for that time. The State AGs intend to seek several categories of relief including, but not necessarily limited to:

1. Disgorgement of Defendants' moneys acquired through their violations of COPPA, including, but not limited to, moneys obtained through targeted advertising to children or from targeted advertising to users of an unknown age;

2. Deletion of all personal information collected and stored by Defendants in violation of COPPA and any of Defendants' algorithms trained on or incorporating that personal information;

3. An injunction prohibiting Defendants from further violations of COPPA; and

4. Any other relief that the judge considers to be appropriate.

The State AGs make this response based on their current knowledge and information, and without prejudice to their ability to amend or supplement this response or to rely on additional facts and documents gained throughout the course of fact and expert discovery or at any time before trial.

**Interrogatory No. 9:**

For each category of damage, restitution, compensation or relief set forth in Plaintiff's answer to Interrogatory No. 8, identify any and all documents that support, undermine or relate to (a) Plaintiff's entitlement to such damage, restitution, compensation or relief or (b) Plaintiff's calculation of such damage, restitution, compensation or relief.

**Response:**

The State AGs object to Interrogatory No. 9 as premature, as it purports to require Plaintiffs to marshal all proof Plaintiffs may offer at trial well before the parties' discovery cutoff in this case. *See, e.g.*, *Loeber*, 2023 WL 4703329, at *2. The State AGs further object to the extent Interrogatory No. 9 would require the State AGs to provide information relating to expert opinion or testimony that is not due to be disclosed until the parties' exchange of expert disclosures, and to the extent it seeks information in Meta's own possession, custody, and control and/or that is equally available to Meta from a third party or public sources. Documents that support, undermine, or relate to the categories of damage, restitution, compensation or relief set forth in response to Interrogatory No. 8 are largely in Defendants' own possession, custody, or control, and Defendants are therefore better positioned to identify documents responsive to this Interrogatory. Finally, the State AGs object to the extent Interrogatory No. 9 calls for