[Parties and Counsel Listed on Signature Pages]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc. et al.* | MDL No. 3047<br><br>Case Nos. 4:22-md-03047-YGR (PHK)<br>4:23-cv-05448-YGR<br><br>**NOTICE BY THE STATE ATTORNEYS GENERAL REGARDING INJUNCTIVE RELIEF SOUGHT**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

In compliance with the Court's directive to provide "a specific explanation of the nature of the injunctive relief sought," the State Attorneys General ("State AGs") submit the following preliminary explanation. The State AGs note that the nature of injunctive relief sought may change depending on the proof at trial. Further, because injunctive relief is equitable in nature, the ultimate scope of any injunction firmly lies with the Court in the exercise of its broad powers and wide discretion to determine the appropriate relief. *See, e.g.*, *S.E.C. v. Capital Consultants, LLC,* 397 F.3d 733, 738 (9th Cir. 2005).

The State AGs seek permanent injunctive relief, on a nationwide—rather than state-by-state—basis, to restrain Meta's unlawful acts and practices in violation of (1) the Children's Online Privacy Protection Act ("COPPA"), *see* 15 U.S.C. § 6504(a)(1), and (2) the consumer protection laws of the eighteen State AGs that are asserting claims under such laws, *see, e.g.*, Cal. Bus. & Prof. Code §§ 17203, 17535; Colo. Rev. Stat. § 6-1-110(1). All twenty-nine State AGs seek the same injunctive relief with respect to COPPA, and all eighteen State AGs asserting consumer protection claims seek the same injunctive relief with respect to those claims. The injunctive relief sought by the State AGs is tailored to address specific, ongoing misconduct as alleged by the State AGs and is well within the Court's equitable discretion to impose.

With respect to COPPA, the State AGs seek an injunction requiring Meta to immediately delete all personal information collected from children under 13 ("child" or "children") on Instagram and Facebook ("the Platforms") in violation of COPPA, as well as all algorithms and models (including machine learning and generative AI models) trained using children's data (so-called "algorithmic disgorgement"); to cease retaining for extended periods and using or disclosing personal information of child users, including for the purpose of training its machine learning and generative AI models (absent parental consent and the provision of other COPPA protections); and to remove from its platform all accounts belonging to known child users, including accounts that Meta's soft-matching models identify as belonging to known child users. The State AGs also seek an injunction prohibiting Meta from collecting, using, or disclosing personal information from all users who have not been subject to a neutral age gate or otherwise reasonably verified to be 13 or older, including users who visit Meta's platforms without logging in, and all known child users, without providing all of COPPA's protections,

such as obtaining parental consent. This equitable relief would address the ongoing COPPA misconduct alleged by the State AGs and is therefore both reasonable and appropriate under the circumstances.

With respect to Meta's violations of the State AGs' consumer protection laws, the State AGs similarly seek specific injunctive relief that would address alleged ongoing misconduct under state law. First, with regard to the State AGs' allegations of deception and false advertising, the State AGs seek an injunction prohibiting Meta from making any false, misleading, or deceptive representations regarding (a) the safety of its Platforms; (b) the addictiveness of its Platforms; (c) its prioritization of user wellbeing; and (d) the presence of children on its Platforms. The State AGs also seek an injunction related to certain Platform features. This relief is necessary to remedy Meta's deceptive conduct regarding the Platforms' harmful nature, including misrepresentations that downplayed the addictive nature of those Platforms. Specifically, the State AGs seek an injunction requiring Meta to remove certain addictive design features from the Platforms for users under the age of 18 ("teens" or "young users"), including infinite scroll, autoplay, quantification of engagement (including "likes"), ephemeral content, beauty and similar filters (which are also encompassed by the State AGs' unfairness claims), and engagement-optimized algorithms. With respect to algorithms in particular, Meta has the technical capability and means to implement alternatives to engagement-based recommendation algorithms that prioritize well-being and integrity and provide young users and their parents with increased controls.

The State AGs also seek an injunction requiring Meta to implement time restrictions for young users. These restrictions address Meta's unfair acts and practices, including faulty time restrictions; Meta's deceptive and misleading claims regarding the safety of the Platforms; and its deceptive "Teen Accounts" feature—a public relations measure offering minimal real protections for teen users on the Platforms. Meta should be required to update its Teen Accounts to meet its public representations by putting in place default time restrictions for Platform access that limit overall daily use and prevent both schooltime and nighttime use for young users. Notifications should also be blocked during these periods of defaulted non-use. Teen Accounts should enable an easily accessible nudge feature to complement but not substitute for default time limits.

Time restrictions and the removal of certain features for young users should be implemented as defaults that parents can override in some instances. The State AGs thus will also seek an injunction

requiring Meta to implement effective parental supervision of young users' accounts. Meta should also be required to implement demonstrably effective and practical methods to detect and block the use of multiple accounts by young users to evade default protections and parental controls. Additionally, Meta should provide parents with intuitive dashboards to understand and manage their teen's platform usage, including the ability to adjust default restrictions where appropriate.

Furthermore, the State AGs seek an injunction compelling Meta to effectively prevent children from joining the Platforms, and to effectively and promptly identify and remove them if they join. Robust age assurance should also be used to identify young users for whom certain protections are put in place, as described above. This age assurance should include requiring the use of processes, techniques, and data that Meta already relies on for enforcing many of its policies, but which Meta has intentionally refused to apply at scale to its detection of underage users. The injunction would also require Meta to improve its process for receiving and reviewing reports of child users, including by removing unnecessary friction and dark patterns designed to deter reports, and by allowing Meta's reviewers to review posts, comments, and messages in which underage users have admitted their age.

The State AGs will also seek an injunction requiring Meta to fund independent third-party public audits of its age assurance system, including surveys of the number of children who use its platforms and red-team exercises to identify how easily age restrictions can be circumvented. The State AGs seek an injunction requiring Meta to provide usage data regarding teens in the United States, in a privacy protected manner, in response to research requests submitted under the auspices of an independent social media research foundation.

Finally, the State AGs seek an injunction appointing an independent monitor to oversee Meta's compliance with any injunctive terms ordered by the Court.

Respectfully submitted,

DATED: February 9, 2026                    By: **PHILIP J. WEISER**
                                               Attorney General
                                               State of Colorado

                                               /s/ Krista Batchelder
                                               Krista Batchelder, CO Reg. No. 45066,
                                               *pro hac vice*
                                               Deputy Solicitor General
                                               Shannon Stevenson, CO Reg. No. 35542, *pro hac vice*
                                               Solicitor General
                                               Elizabeth Orem, CO Reg. No. 58309, *pro hac vice*
                                               Assistant Attorney General
                                               Colorado Department of Law
                                               Ralph L. Carr Judicial Center
                                               Consumer Protection Section
                                               1300 Broadway, 7th Floor
                                               Denver, CO 80203
                                               Phone: (720) 508-6651
                                               krista.batchelder@coag.gov
                                               Shannon.stevenson@coag.gov
                                               Elizabeth.orem@coag.gov

                                               *Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*


                                               **ROB BONTA**
                                               Attorney General
                                               State of California

                                               /s/ Megan O'Neill
                                               Nicklas A. Akers (CA SBN 211222)
                                               Senior Assistant Attorney General
                                               Bernard Eskandari (SBN 244395)
                                               Emily Kalanithi (SBN 256972)
                                               Supervising Deputy Attorneys General
                                               Nayha Arora (CA SBN 350467)
                                               Megan O'Neill (CA SBN 343535)
                                               Joshua Olszewski-Jubelirer (CA SBN 336428)
                                               Marissa Roy (CA SBN 318773)
                                               Brendan Ruddy (CA SBN 297896)
                                               Deputy Attorneys General
                                               California Department of Justice
                                               Office of the Attorney General
                                               455 Golden Gate Ave., Suite 11000

San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Philip Heleringer*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**JENNIFER DAVENPORT**
Acting Attorney General
State of New Jersey

*/s/ Mandy Wang*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General

Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs Jennifer Davenport, Acting Attorney General for the State of New Jersey, and Jeremy E. Hollander, Acting Director of the New Jersey Division of Consumer Affairs*

NOTICE BY THE STATE ATTORNEYS GENERAL REGARDING INJUNCTIVE RELIEF SOUGHT
4:22-md-03047-YGR; 4:23-cv-05448-YGR

## ATTESTATION

I, Mandy K. Wang, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: February 9, 2026

By: /s/ Mandy K. Wang