# EXHIBIT 1

Confidential Under Protective Order

E. Kate Patchen (State Bar No. 349142)
  kpatchen@cov.com
Isaac D. Chaput (State Bar No. 326923)
  ichaput@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

*Attorneys for Defendants Meta Platforms, Inc. f/k/a*
*Facebook, Inc.; Facebook Holdings, LLC; Facebook*
*Operations, LLC; Meta Payments, Inc.;*
*Facebook Technologies, LLC; Instagram, LLC;*
*and Siculus, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**META DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' RULE 30(B)(6) WRITTEN QUESTIONS TO META DEFENDANTS META PLATFORMS, INC.; FACEBOOK PAYMENTS, INC.; SICULUS, INC.; FACEBOOK OPERATIONS, LLC; AND INSTAGRAM, LLC ON TOPICS 3–6** |

Pursuant to Rules 30 and 31 of the Federal Rules of Civil Procedure, Defendants Meta Platforms, Inc. ("Meta Platforms"); Facebook Payments, Inc. ("Facebook Payments"); Siculus, Inc. ("Siculus"); Facebook Operations, LLC ("Facebook Operations"); and Instagram, LLC ("Instagram, LLC")

Confidential Under Protective Order

██████ Felicia Chen, ████████████ ████████ Greg Maurer, ████████████, ██████████, Janelle Gale, ██████ ████████ ████████ ████████ ████████ ████████ ████████ ██████, ██████ ████████ ████████████ ████████ Lindsay Elin, Liza Crenshaw, ████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████████ ████████ ████████ ████████ ████████ ████████ ████████ Sayed Otaru, ████████, ████████ ████████████ ████████ ████████ ████████ ████████ and ████████. To the extent those individuals provided relevant information, that information is reflected in the answers herein.

d. To the extent Ms. ██████ reviewed any non-privileged documents in connection with her preparation that have not been produced, Meta will produce those documents.

e. Ms. ██████ did not prepare any materials or take any notes in connection with her preparation for this deposition.

f. No

**QUESTION NO. 14:**

On what date was the Facebook platform first branded as Facebook?

**RESPONSES AND OBJECTIONS TO QUESTION NO. 14:**

The Facebook platform was first branded as 'Facebook' in February 2004.

**QUESTION NO. 15:**

Was the Facebook platform originally developed and operated by Facebook, Inc.? If not, what entity did originally develop and operate Facebook?

**RESPONSES AND OBJECTIONS TO QUESTION NO. 15:**

The original entity that developed and operated the Facebook platform was TheFacebook, LLC.

**QUESTION NO. 16:**

Did Facebook, Inc. rebrand itself to be called Meta Platforms, Inc. in 2021?

**RESPONSES AND OBJECTIONS TO QUESTION NO. 16:**

Facebook, Inc. changed its corporate name to Meta Platforms Inc., in 2021.

**QUESTION NO. 17:**

[Question withdrawn by Plaintiffs.]

10

Confidential Under Protective Order

**QUESTION NO. 18:**

[Question withdrawn by Plaintiffs.]

**QUESTION NO. 19:**

Is Facebook, Inc. the corporate predecessor to Meta Platforms, Inc.?

**RESPONSES AND OBJECTIONS TO QUESTION NO. 19:**

Facebook, Inc. changed its corporate name to Meta Platforms, Inc. in 2021.

**QUESTION NO. 20:**

Please describe the corporate structure of Facebook, Inc. prior to the rebranding of Facebook, Inc. to Meta Platforms Inc.

**RESPONSES AND OBJECTIONS TO QUESTION NO. 20:**

Facebook, Inc. was a corporation chartered in Delaware whose corporate organization is described in its publicly available certificate of incorporation and filings with the Securities and Exchange Commission.

**QUESTION NO. 21:**

When did Facebook Inc. begin operating Messenger?

**RESPONSES AND OBJECTIONS TO QUESTION NO. 21:**

Messenger was launched as a standalone application in 2011 and was operated by Facebook, Inc.

**QUESTION NO. 22:**

[Question withdrawn by Plaintiffs.]

**QUESTION NO. 23:**

When did Facebook Inc. acquire Instagram?

**RESPONSES AND OBJECTIONS TO QUESTION NO. 23:**

Facebook, Inc. completed its acquisition of Instagram, Inc. in August 2012.

**QUESTION NO. 24:**

[Question withdrawn by Plaintiffs.]

**QUESTION NO. 25:**

[Question withdrawn by Plaintiffs.]

**QUESTION NO. 26:**

[Question withdrawn by Plaintiffs.]

11

Confidential Under Protective Order

Did Mr. Krieger have ultimate decision-making authority for business, management, or operational decisions for Instagram prior to his departure from Facebook Inc.? If yes, identify the categories of organizational decisions for which Mr. Krieger had or exercised ultimate decision-making authority? When Mr. Krieger left Facebook Inc., identify the person or persons who assumed ultimate decision-making authority for Instagram business decisions?

**RESPONSES AND OBJECTIONS TO QUESTION NO. 44:**

Meta objects to this question on the grounds set forth in its general objections, incorporated by reference herein. Meta further objects to this question because it is not stated with reasonable particularity and because the phrases "ultimate decision-making authority," "business, management, or operational decisions," and "categories of organizational decisions" are vague and ambiguous. Subject to, and without waiving these objections, Meta responds as follows:

After the acquisition, Mr. Krieger reported to Kevin Systrom within Instagram structure. In or around October 2018, Adam Mosseri was named Head of Instagram and exercised overall supervision of Instagram thereafter. Per the bylaws of Meta Platforms, Inc., Mark Zuckerberg's powers and duties are to "act as the general manager and, subject to the control of the Board of Directors, to have general supervision, direction and control of the business and affairs of" Meta Platforms, Inc.

**ORIGINAL QUESTION NO. 45:**

Please prepare the table at Exhibit 2 to identify and describe the ownership structure of each subsidiary, affiliated entity, or other related entity within the Meta corporate family (the "Meta-Affiliated Entities"), including: a. When and where each entity was formed; b. Where each entity has its principal place of business; and c. What the relationship of each is to Meta Platforms Inc.

**OBJECTIONS TO ORIGINAL QUESTION NO. 45:**

Meta objects to this question because it is not stated with reasonable particularity and because requesting that a deponent "prepare [a] table" is an improper use of a 30(b)(6) deposition. Meta further objects to this question because it is not stated with reasonable particularity and because the request to identify the "relationship of each [] to Meta Platforms Inc." is vague, ambiguous, and overbroad.

**REVISED QUESTION NO. 45:**

For every subsidiary or affiliated entity within the Meta corporate family ("Meta-Affiliated Entity" or collectively "Meta-Affiliated Entities"), please state when that organization was formed, its principal place of business, its ownership structure, and relationship, if any, to Meta Platforms by completing the table attached as Exhibit 2.

**RESPONSES AND OBJECTIONS TO QUESTION NO. 45:**

META DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' RULE 30(B)(6) WRITTEN QUESTIONS TO META DEFENDANTS META PLATFORMS, INC.; FACEBOOK PAYMENTS, INC.; SICULUS, INC.; FACEBOOK OPERATIONS, LLC; AND INSTAGRAM, LLC ON TOPICS 3–6

Confidential Under Protective Order

Meta objects to this question on the grounds set forth in its general objections, incorporated by reference herein.  Meta further objects to this question because it is not stated with reasonable particularity and because the phrases "ownership structure" and request to identify the "relationship [] to Meta Platforms" are vague, ambiguous, and overbroad.  Meta further objects to this question because requesting that a deponent "complet[e] [a] table" is an improper use of a 30(b)(6) deposition.  Subject to, and without waiving these objections, Meta responds as follows:

Meta directs Plaintiffs to Exhibit A.

**ORIGINAL QUESTION NO. 46:**

For each Meta-Affiliated Entity, please: a. State the business purpose of the entity; b. Summarize the function of the entity; and c. Explain whether the function of the entity has changed over time and, if so, when that change occurred.

**OBJECTIONS TO ORIGINAL QUESTION NO. 46:**

Meta objects to this question because it is not stated with reasonable particularity and because the phrases "business purpose" and "function" are vague, ambiguous, and overbroad.  Meta further objects because the request to "[e]xplain whether the function of the entity has changed over time" is overbroad.

**REVISED QUESTION NO. 46:**

For each Meta-Affiliated Entity, please: a. State the original business purpose when the entity was formed; b. The current business purposes of the entity; and c. When the business purposes of the Meta-Affiliated Entity changed, if any.

**RESPONSES AND OBJECTIONS TO QUESTION NO. 46:**

Meta objects to this question on the grounds set forth in its general objections, incorporated by reference herein.  Meta further objects to this question because it is not stated with reasonable particularity and because the phrases "business purpose" and "changed" are vague, ambiguous, and overbroad.  Subject to, and without waiving these objections, Meta responds as follows:

The business purposes of Meta Platforms, Inc., Instagram, LLC, Facebook Operations, and Siculus are to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of the State of Delaware.  Meta Payments, Inc. (f/k/a Facebook Payments, Inc.) is organized for the purpose of transacting any or all lawful business or which corporations may be organized under the Business Corporation Act of the State of Florida.  Instagram, LLC holds certain Instagram

Confidential Under Protective Order

intellectual property; Meta Payments, Inc. is a U.S. regulated Money Transmitter License licensee active in the payment processing space; Siculus and Facebook Operations each operate a data center.

**ORIGINAL QUESTION NO. 47:**

Please identify which Meta-Affiliated Entity owns the AI model(s) that curate(s) the recommendations on the Facebook or Instagram platforms.

**OBJECTIONS TO ORIGINAL QUESTION NO. 47:**

Meta objects to this question because it is not stated with reasonable particularity and because the terms "owns," "AI model(s)," "curate(s)," and "recommendations" are vague and ambiguous.

**REVISED QUESTION NO. 47:**

Please identify all AI models used on the Facebook and Instagram platforms and which Meta-Affiliated Entity owns the identified AI model(s).

**RESPONSES AND OBJECTIONS TO QUESTION NO. 47:**

Meta objects to this question on the grounds set forth in its general objections, incorporated by reference herein. Meta further objects to this question because it is not stated with reasonable particularity and because the terms "AI models," "used," and "owns" are vague and ambiguous. Meta further objects that this question is in whole or part beyond the scope of Topics 3-6. Meta further objects to this question because the request to identify "all AI models" is overbroad, unduly burdensome, and infeasible for a witness to answer. Subject to, and without waiving, those objections, Meta responds as follows:

Meta Platforms, Inc. develops the models that rank and recommend content on Facebook and Instagram.

**ORIGINAL QUESTION NO. 48:**

Please identify all entities within the Facebook, Inc. or Meta corporate structure that have played, or currently play, a role in developing and operating Instagram. For each entity, please: a. Describe the role or roles that the entity played in developing and operating Instagram; and b. Estimate the time period or periods that the entity played the role(s) described.

**OBJECTIONS TO ORIGINAL QUESTION NO. 48:**

Meta objects to this question because it is not stated with reasonable particularity and because the phrase "a role in developing and operating Instagram" is vague, ambiguous, and overbroad. Meta further objects because the request to identify "the role or roles" played is overbroad.

**REVISED QUESTION NO. 48:**

Confidential Under Protective Order

Identify the Meta-Affiliated Entity or Entities currently responsible for the development and operations of Instagram. Identify any predecessor entity or entities previously responsible for the development and operations for Instagram and the relevant time frame for each entity.

**RESPONSES AND OBJECTIONS TO QUESTION NO. 48:**

Meta objects to this question on the grounds set forth in its general objections, incorporated by reference herein. Meta further objects to this question because it is not stated with reasonable particularity and because the phrase "development and operations" is vague and ambiguous. Meta further objects that this question is in whole or part beyond the scope of Topics 3-6. Meta further objects to this question because the request for information about "development and operations" that are not relevant to this case is overbroad, unduly burdensome, and infeasible for a witness to answer. Subject to, and without waiving, those objections, Meta responds as follows:

Meta Platforms, Inc. is responsible for the development and operation of Instagram. As reflected in the response to Question 46, Instagram, LLC, holds certain Instagram intellectual property; Meta Payments, Inc. (f/k/a Facebook Payments, Inc.) is a U.S. regulated Money Transmitter License licensee active in the payment processing space; Siculus and Facebook Operations each operate a data center.

**ORIGINAL QUESTION NO. 49:**

Please identify all entities within the Facebook, Inc. or Meta corporate structure that have had responsibility for user safety and well-being for Instagram. For each entity, please: a. Describe what role or roles that the entity played in monitoring the safety of Instagram; and b. Estimate the time period or periods that the entity played the role(s) described.

**OBJECTIONS TO ORIGINAL QUESTION NO. 49:**

Meta objects to this question because it is not stated with reasonable particularity and because the phrases "responsibility for user safety and well-being for Instagram" and "monitoring the safety of Instagram" are vague, ambiguous, and overbroad. Meta further objects because the request to identify "the role or roles" played is overbroad.

**REVISED QUESTION NO. 49:**

Please describe all current and historic actions taken by Meta employees or other Meta-Affiliated Entity to protect the safety and well-being of Instagram users. Identify the person(s) or Meta-Affiliated Entity or Entities responsible for undertaking such actions and the relevant time period when the Meta-Affiliated Entity took such actions.

**RESPONSES AND OBJECTIONS TO QUESTION NO. 49:**

**COVINGTON & BURLING LLP**

*/s/ E. Kate Patchen*

E. Kate Patchen (State Bar No. 349142)
  kpatchen@cov.com
Isaac D. Chaput (State Bar No. 326923)
  ichaput@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

Ashley M. Simonsen (State Bar No. 275203)
  asimonsen@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749

Paul W. Schmidt, *pro hac vice*
  pschmidt@cov.com
Phyllis A. Jones, *pro hac vice*
  pajones@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291

Emily Johnson Henn (State Bar No. 269482)
  ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800

*Attorneys for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings, LLC;
Facebook Operations, LLC; Meta Payments, Inc.;
Facebook Technologies, LLC; Instagram, LLC;
and Siculus, Inc.*

## **DECLARATION**

I have read the answers to this Deposition on Written Questions and the same is true and accurate.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 25, 2024                              By: _DocuSigned by:_

_1F240B127547498..._