James P. Rouhandeh, *pro hac vice*
Antonio J. Perez-Marques, *pro hac vice*
Caroline Stern, *pro hac vice*
Corey M. Meyer, *pro hac vice*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   rouhandeh@davispolk.com
         antonio.perez@davispolk.com
         caroline.stern@davispolk.com
         corey.meyer@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc. and Instagram, LLC*

*Additional counsel listed on signature pages*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case Nos. 4:22-md-03047-YGR-PHK<br>        4:23-cv-05448-YGR<br><br>**META'S REPLY IN FURTHER SUPPORT OF OMNIBUS MOTION TO SEAL (META'S AND STATE AGS' MOTIONS FOR SUMMARY JUDGMENT)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

## I.   INTRODUCTION

Defendants Meta Platforms, Inc. and Instagram, LLC ("Meta") moved to redact two limited categories of confidential information from Meta's and the State AGs' summary judgment briefing (ECF 2704, 2695, 2779, 2780, 2892, 2894) and nine accompanying exhibits. As set forth in Meta's Omnibus Motion to Seal (ECF 3014, "Motion"), these requested redactions are narrowly tailored to balance the public interest in these proceedings against potential harms of improper disclosures. The State AGs' Opposition misunderstands the information at issue and Meta's bases for sealing, and thus fails to engage with the actual merits of Meta's request.

First, the State AGs mischaracterize Meta's request for sealing very limited information about its age verification systems that would undermine Meta's integrity systems if publicly disclosed. This information should be sealed to prevent potential abuse.

Second, the State AGs' conclusory arguments that the limited information Meta seeks to maintain under seal would not cause competitive harm are unavailing. This is highly sensitive information that could be used to Meta's detriment. The Court should grant Meta's limited requested sealing of this sensitive information.

## II.   ARGUMENT

Meta's proposed redactions are targeted and narrow, and do not impede the public's understanding of the issues presented in the Parties' summary judgment motions. The State AGs fail to rebut Meta's evidence demonstrating the proprietary nature of the information at issue. The Court should therefore grant Meta's sealing requests, which satisfy the applicable standard.

### A.  The State AGs mischaracterize Meta's arguments about why narrow information about Meta's age verification and detection systems should be sealed.

The State AGs' contention that disclosure of the specific parameters used by Meta's internal age review systems presents only a "minimal risk of harm [that] is outweighed by the public's right to access the information" is untenable. ECF 3030 ("Opp.") at 2. Disclosure of this information would create a significant risk that people, including potential bad actors, could exploit Meta's systems to evade detection. *See* Kira Wong O'Connor Decl. (May 1, 2026) ¶¶ 5–6. Because

1

META'S REPLY IN FURTHER SUPPORT OF OMNIBUS MOT. TO SEAL (META'S AND STATE AGS' MOTS. FOR SUMM. J.)
Case Nos. 4:22-MD-03047-YGR-PHK, 4:23-CV-05448-YGR

those risks can be mitigated through narrowly tailored redactions that do not impair the public's understanding of the documents in this case, the balance weighs decisively in favor of sealing.

As explained in the Motion, three exhibits—State AGs' Partial MSJ Exhibits 2 and 8, and State AGs' Reply MSJ Exhibit 2—describe the specific percentage threshold for age signals Meta uses to detect underage users and verify users' ages.[1] Disclosure of this information would make it easier for bad actors to create fraudulent accounts, circumvent Meta's detection systems, and target minors. O'Connor Decl. ¶¶ 5–6. Enabling bad actors to thwart security systems is a compelling reason to seal that outweighs the public's interest in access. The State AGs' attempts to distinguish the case law (Opp. at n.5) are unavailing: courts have repeatedly found that preventing bad actors meets both the compelling reason standard and lower good cause standard for sealing. *See, e.g.*, *Connor v. Quora, Inc*, 2020 WL 6700473, at *2, *1 (N.D. Cal. Nov. 13, 2020) (applying the compelling reason standard to grant sealing, not the lesser, good cause standard that applies for filings "that are only tangentially related to the merits."); *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381, at *2 (N.D. Cal. Feb. 24, 2020) (same); *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3, n.1 (N.D. Cal. Sept. 25, 2013) (rejecting plaintiff's claim because narrow redactions, like those proposed here, "only go to specific components … that are not likely to materially increase the public's understanding of the alleged wrongdoing in this case.")

Nor are Meta's sealing requests aimed at obscuring "deficien[cies] [in] its practices . . . for reviewing reports of child users," as the State AGs claim. Opp. at 1. To the contrary, Meta only seeks to redact the precise, quantitative *criteria* used to elevate accounts for human review. ECF 2696-4 at 3. It is appropriate to seal this information and not unnecessarily reveal the exact thresholds in place that trigger review, particularly where predators could exploit that threshold to dodge human review, rendering the detection criteria obsolete and undermining the effectiveness

---

[1] As described in the attached Declaration of Gregory S. Morrison, the information Meta seeks to seal in these exhibits is identical and the omission of State AGs' Reply MSJ Exhibit 2 from Meta's initial Motion and proposed order was inadvertent. Meta filed a stipulation and proposed order addressing this issue, with the State AGs' consent, on May 14, 2026 (ECF 3048).

of the process. *See* O'Connor Decl. ¶ 8 (describing sophisticated bad actors and their creation of "guides on how to locate, contact, exploit, harass and abuse minors and to evade detection").

Finally, the State AGs' contention that other general information about Meta's human review process has already been disclosed, *see* Opp. at 1 (citing ECF 2696-10 at 185:12), has no bearing on the confidentiality or sensitivity of Meta's proposed redactions, and instead highlights the narrowness of these proposed redactions. Knowing that Meta reviews underage accounts does not help bad actors pretending to be underage avoid enforcement, but knowing the *precise conditions* that result in an account being flagged would help those bad actors calibrate their behavior to avoid human review and enforcement. Narrowly redacting the specific criteria would prevent that very real harm without impeding the State AGs' ability to make their arguments on the merits or the public's ability to understand the issues. The Court should therefore permit the targeted redactions to these two exhibits.

**B. The State AGs misunderstand the sensitive nature of the information Meta seeks to seal and fail to engage with the explanations provided in Meta's supporting declarations.**

The State AGs do not contest that information that would harm Meta's competitive standing or information that would vitiate Meta's investments in development may be sealed, *see* Opp. at 3-5, nor do they seriously contest the facts set out in the declarations in support of Meta's Motion, *see generally id*. Rather, they misapprehend the competitive and sensitive nature of the information to be sealed. The irreparable harm to Meta's competitive position that would result from disclosure can be resolved through the limited redactions proposed by Meta.

***Detailed development of Meta's platforms.*** The three exhibits Meta seeks to redact that relate to its platform development contain competitively sensitive information. *First*, the information Meta proposed redactions to in the State AGs' Opposition to Meta's MSJ Exhibit 39 has not been publicly disclosed, and competitors could not "likely guess" that information, *see* Opp. at 4, because it is granular and recent usage and revenue information about certain products. As explained in the Motion, and as Max Eulenstein attests, these data points would give

competitors the advantage of replicating certain features on their own products to attract Meta's users. Eulenstein Decl. ¶ 5 (May 1, 2026).

*Second*, the proposed redactions to the State AGs' Reply Exhibit 8, are not "high-level" information as the State AGs claim, Opp. at 5, but rather, specific details about how Meta leverages data to inform product development. Disclosure of these internal assessments would give Meta's competitors a roadmap "to generate their own counter strategies to undercut Meta's goals," "anticipate Meta's competitive moves," and accelerate "their own research and platform development efforts to stay ahead of Meta." Eulenstein Decl. ¶ 7; *see also Synchronoss Techs., Inc. v. Dropbox, Inc.*, 2017 WL 11527607, at *2 (N.D. Cal. Dec. 27, 2017).

*Third*, the proposed redactions to the State AGs' Opposition to Meta's MSJ Exhibit 43 are neither "non-specific" nor "high-level," Opp. at 5—they reflect the classifiers in the code behind Meta's proprietary content recommendation algorithm that, if disclosed, could be used by competitors "to develop products and business strategies they otherwise would not be able to develop and to enhance their own platform offerings to compete with Meta's services and to attract Meta's users." Eulenstein Decl. ¶ 6; *see Doe v. Meta Platforms*, *Inc.*, 2022 WL 17970394, at *2–3 (N.D. Cal. Dec. 21, 2022).

***Internal research on users, their engagement with Meta's platforms, and value-driving features of Meta's services.*** The State AGs also misinterpret the narrow portions of four exhibits containing data on user engagement and value-driving features of Meta's platforms that should be sealed to prevent competitors from gaining an unfair advantage.

Exhibit 30 to the State AGs' Opposition to Meta's MSJ does not include the same information that was unredacted in the State AGs' Opposition to Meta's MSJ or in Exhibit 24, but rather includes research findings that identify which functions and behaviors are priorities for Meta and drive the most engagement. The fact that other, more general research-related information was unredacted from the State AGs' moving papers highlights that Meta narrowly tailored the proposed redactions. Meta invests substantial resources in the research and development that produces this data to understand activity and guide its development and strategy. Cobb Decl. ¶¶ 3-4 (May 1,

META'S OMNIBUS MOT. TO SEAL (META'S AND STATE AGS' MOTS. FOR SUMM. J.)
Case Nos. 4:22-MD-03047-YGR-PHK, 4:23-CV-05448-YGR

2020). This valuable information should be sealed to prevent competitors from optimizing their own products to attract Meta's users without incurring the same research and development costs. *Id.* ¶¶ 3-6.

Exhibits 71 and 84 to Meta's MSJ and Exhibit 1 to the State AGs' Opposition to Meta's MSJ do not "provide important context to the State AGs' claims regarding Meta's" statements about the "safety of its platforms," *see* Opp. at 3-4, but rather provide granular statistics for particular tools that Meta developed through its own research and engineering work. The State AGs articulate no reasoning for their argument that such statistics "provide important context." The State AGs are incorrect that these tools' level of performance makes that data not competitively sensitive. *See id.* Meta invested significant resources in developing tools to improve the content on its platforms, and disclosure of these performance statistics is valuable to competitors who will benefit from Meta's research without expending these same resources. *See* Cobb Decl. ¶ 6.

In sum, these redactions reflect valuable research into customer habits, preferences, and demographics. *See* Motion at 5 (collecting cases). Accordingly, the nonpublic information that would give competitors an unfair head start on research in which Meta has invested significant resources should be sealed.

## III.   CONCLUSION

The compelling interests in preventing bad actors and protecting valuable competitive information identified above, and as set forth in Meta's Motion, outweigh the public's interest in access to the limited information proposed to be sealed, and for the reasons set forth in Meta's Motion, such limited information should be sealed. The Court therefore should grant Meta's Motion and enter the Amended Proposed Order.

META'S OMNIBUS MOT. TO SEAL (META'S AND STATE AGS' MOTS. FOR SUMM. J.)
Case Nos. 4:22-MD-03047-YGR-PHK, 4:23-CV-05448-YGR

Dated: May 15, 2026

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

/s/ Antonio J. Perez-Marques

James P. Rouhandeh, *pro hac vice*
Antonio J. Perez-Marques, *pro hac vice*
Caroline Stern, *pro hac vice*
Corey M. Meyer, *pro hac vice*
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
rouhandeh@davispolk.com
antonio.perez@davispolk.com
caroline.stern@davispolk.com
corey.meyer@davispolk.com

COVINGTON & BURLING LLP

Ashley M. Simonsen, SBN 275203
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-2749
asimonsen@cov.com

Paul W. Schmidt, *pro hac vice*
Phyllis A. Jones, *pro hac vice*
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
pschmidt@cov.com
pajones@cov.com

*Attorneys for Defendants Meta Platforms, Inc.*
*and Instagram, LLC*

META'S OMNIBUS MOT. TO SEAL (META'S AND STATE AGS' MOTS. FOR SUMM. J.)
Case Nos. 4:22-MD-03047-YGR-PHK, 4:23-CV-05448-YGR

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing and its attachments will be served electronically on counsel for Plaintiffs to the email addresses that were designated by counsel for that purpose.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: May 15, 2026                                      */s/ Antonio J. Perez-Marques*
                                                          Antonio J. Perez-Marques

META'S OMNIBUS MOT. TO SEAL (META'S AND STATE AGS' MOTS. FOR SUMM. J.)
Case Nos. 4:22-MD-03047-YGR-PHK, 4:23-CV-05448-YGR