**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates To: *People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047 <br><br> Case Nos. 4:22-md-03047-YGR (PHK), 4:23-cv-05448-YGR <br><br> **PROPOSED BRIEF *AMICI CURIAE* OPPOSING PROPOSED ORDER IN JOINT STIPULATION (ECF NO. 3048)** |

**Interest of *Amici Curiae***

Free Law Project is the nonprofit host of CourtListener.com, a legal research tool that provides free public access to legal opinions and documents. (Lissner Decl. ¶¶ 2-3; all declarations are attached to the motion for leave to file this brief.) It is not a party in this case, and it lawfully obtained a copy of ECF No. 3009-1. (Lissner Decl. ¶¶ 4, 6.) It occasionally voluntarily removes material that is retroactively sealed by a court, but has no legal obligation to do so. (Lissner Decl. ¶ 5.) First Amendment Coalition is a nonprofit organization that protects the freedom of the press, freedom of expression, and the people's right to know. It is likewise not a party in this case, and lawfully obtained a copy of ECF No. 3009-1. (Loy Decl. ¶¶ 2-4.) Both file this brief to defend both their own rights (and thus of their users and readers) and the rights of other members of the public who would be bound by ECF 3048 Proposed Order (ECF No. 3048, at 4).

**Introduction**

The ECF 3048 Proposed Order would, in relevant part, order "Any . . . member of the public who may have obtained copies of ECF 3009-1 during the time that it was publicly available, including through ECF Court alerts that automatically generate PDF copies filed in the case" to "immediately delete and destroy them." That provision would violate:

1. Rule 65 of the Federal Rules of Civil Procedure, because "[a]n injunction . . . binds a non-party *only* if it . . . either abets the enjoined party in violating the injunction, or is legally

1

identified with the enjoined party," *CFPB v. Howard Law, P.C.*, 671 F. App'x 954, 955 (9th Cir. 2016) (cleaned up) (emphasis added), and Proposed *Amici* have no relationship with the original parties;

2. the Due Process Clause, under which restraints on Proposed *Amici* could not be imposed without "notice and opportunity for hearing appropriate to the nature of the case." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quotations omitted);

3. the First Amendment, because "[o]nce true information is disclosed in public court documents open to public inspection, the press cannot be sanctioned for publishing it," *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 496 (1975), and this principle extends to public information sites such as Free Law Project as well as to advocacy groups such as the First Amendment Coalition;

4. 47 U.S.C. § 230, because CourtListener is an "interactive computer service" that cannot be ordered to remove material posted at the direction of a user (which is how court filings are hosted by Free Law Project).

For these reasons, this Court should decline to issue an order that purports to direct non-parties to delete and destroy lawfully acquired documents.

**ARGUMENT**

**I.    The ECF 3048 Proposed Order Would Violate Rule 65**

"Consistent with historical practice, a federal court exercising its equitable authority may enjoin named defendants from taking specified unlawful actions. But under traditional equitable principles, no court may 'lawfully enjoin the world at large' . . . ." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 44 (2021) (quoting *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832 (2d Cir. 1930) (L. Hand, J.)). Federal Rule of Civil Procedure Rule 65 applies this principle. *Lynch v. Rank*, 639 F. Supp. 69, 72 (N.D. Cal. 1985) (citing Rule 65 and *Alemite*). "The law is clear that a court may not enforce an injunction against a nonparty who acts independently of the enjoined party." *Blockowicz v. Williams*, 630 F.3d 563, 568 (7th Cir. 2010) (cleaned up). "It is firmly established that 'a

2

court may not enter an injunction against a person who has not been made a party to the case before it.'" *LifeScan Scotland, Ltd. v. Shasta Technologies, LLC*, No. 11-cv-04494-WHO, 2013 WL 4604746, at *4 (N.D. Cal. Aug. 28, 2013) (citing *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996)).

Rule 65(d)(2) provides the only exceptions to this rule:

The order binds only the following who receive actual notice of it by personal service or otherwise:
(A) the parties;
(B) the parties' officers, agents, servants, employees, and attorneys; and
(C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

An injunction thus binds a non-party only if it "either 'abets the enjoined party' in violating the injunction, or is 'legally identified' with the enjoined party." *CFPB v. Howard Law, P.C.*, 671 F. App'x 954, 955 (9th Cir. 2016) (cleaned up) (citing *NLRB v. Sequoia Dist. Council of Carpenters, AFL-CIO*, 568 F.2d 628, 633 (9th Cir. 1997)). And "the fact that [a third party] is technologically capable of removing the postings does not render its failure to do so aiding and abetting." *Blockowicz*, 630 F.3d at 568.

Proposed *amici* have no relationship with any of the parties in this case (other than being users of defendants' products and services), nor any connection to the underlying litigation. Thus, under Rule 65, this Court may not order proposed *amici* as non-parties to delete or destroy any documents in their possession.

**II.  The ECF 3048 Proposed Order Would Violate the Due Process Clause**

Nonparties to a lawsuit, who received "neither notice of, nor sufficient representation in" the proceedings, cannot be bound by the court's decision "as a matter of federal due process." *Richards v. Jefferson County, Ala.*, 517 U.S. 793, 805 (1996). "Due process requires notice reasonably cal-culated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) (cleaned up). And the notice must be coupled with service of process:

PROPOSED BRIEF *AMICI CURIAE* OF FREE LAW PROJECT AND FIRST AMENDMENT COALITION
4:22-MD-03047-YGR (PHK), 4:23-CV-05448-YGR

Actual notice "does not alone meet the formal requirements for obtaining personal jurisdiction" over someone whom a party seeks to bind to a court order. *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 958 (4th Cir. 1999).

A federal court may not issue without "personal jurisdiction over the parties"; "it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. Immigr. & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).

> It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process. The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant.

*Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 110 (1969) (citations omitted). "Injunctive relief, by its very nature, can only be granted in an *in personam* action commenced by one party against another in accordance with established process. Consequently, a party cannot obtain injunctive relief against another without first obtaining *in personam* jurisdiction over that person or someone in legal privity with that person." *R.M.S. Titanic, Inc.*, 171 F.3d at 957.

Due process principles are especially applicable to restrictions on speech. In *Carroll v. President & Comm'rs of Princess Anne*, the Supreme Court held that even a "10-day restraining order . . ., issued *ex parte*, without formal or informal notice to the petitioners or any effort to advise them of the proceeding, cannot be sustained." 393 U.S. 175, 181 (1968). Here, the ECF 3048 proposed order would require members of the public to *permanently* delete and destroy their copies of the relevant document, without their having been given notice and the opportunity to be heard, and thus would violate both the Due Process Clause and the First Amendment. And though proposed *amici* learned of this proposed injunction by happenstance and seek to proactively oppose it, the injunction would nonetheless violate the Due Process Clause as to all other third parties that it might cover.

PROPOSED BRIEF *AMICI CURIAE* OF FREE LAW PROJECT AND FIRST AMENDMENT COALITION
4:22-MD-03047-YGR (PHK), 4:23-CV-05448-YGR

**III. The ECF 3048 Proposed Order Would Violate the First Amendment**

The proposed order compelling members of the public to delete or destroy information they lawfully obtained from court records would result in an unconstitutional prior restraint on speech. "Temporary restraining orders and permanent injunctions—*i.e.*, court orders that actually forbid speech activities—are classic examples of prior restraints." *Alexander v. United States*, 509 U.S. 544, 550 (1993). An order to delete or destroy court records that are lawfully obtained, which is inherently a "takedown order" for material that has been distributed or published, "is a classic prior restraint of speech." *Garcia v. Google, Inc.*, 786 F.3d 733, 747 (9th Cir. 2015). A "prior restraint on publication" is "one of the most extraordinary remedies known to our jurisprudence" and "the most serious and the least tolerable infringement on First Amendment rights." *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 559, 562 (1976).

"Once the government has placed . . . information in the public domain, reliance must rest upon the judgment of those who decide what to publish . . . ." *Florida Star v. B.J.F.*, 491 U.S. 524, 538 (1989) (cleaned up). Where "true information is disclosed in public court documents open to public inspection, the press cannot be sanctioned for publishing it." *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 496-97 (1975).

In *Florida Star*, a newspaper was sued by a sexual assault victim for publishing her name after lawfully obtaining it from a publicly released police report. 491 U.S. at 526. The police improperly released the report with the victim's name. *Id.* at 526-27. Yet the Supreme Court held that the newspaper still had a right to publish the released information, despite this error on the part of the police. *Id.* at 538. Therefore, even if the court record at issue was mistakenly filed on the public docket, the press and public cannot be restrained from retaining or publishing it. *See Neb. Press Ass'n*, 427 U.S. at 568 (holding that even if a preliminary hearing could have been closed, "once a public hearing had been held, what transpired there could not be subject to prior restraint").

Indeed, as the Supreme Court held in *Bartnicki v. Vopper*, even if a document on matters of public concern (and public court records would surely qualify) was originally *illegally* leaked,

PROPOSED BRIEF *AMICI CURIAE* OF FREE LAW PROJECT AND FIRST AMENDMENT COALITION
4:22-MD-03047-YGR (PHK), 4:23-CV-05448-YGR

people who innocently obtained it are free to publish it. 532 U.S. 514, 535 (2001). "The First Amendment privileges the publication of facts contained in lawfully obtained judicial records, even if reasonable people would want them concealed." *Nieman v. VersusLaw, Inc.*, 512 F. App'x 635, 637 (7th Cir. 2013) (holding that a legal research website that published "links to information and documents in the public record" was protected by the First Amendment).

And this extends to all publishers of information, not just traditional mainstream media. "We have consistently rejected the proposition that the institutional press has any constitutional privilege beyond that of other speakers." *Citizens United v. FEC*, 558 U.S. 310, 352 (2010) (cleaned up). The Supreme Court "has repeatedly refused in non-defamation contexts to accord greater First Amendment protection to the institutional media than to other speakers." *Obsidian Finance Group, LLC v. Cox*, 740 F.3d 1284, 1290 (9th Cir. 2014) (applying this principle to defamation contexts as well, *id.* at 1291). And in *Bartnicki*, the Court expressly made clear that it drew "no distinction between the media respondents" and a nonmedia defendant. 532 U.S. at 525 n.8.

Like the restriction on the newspapers in *Florida Star*, the Proposed Order would require proposed *amici* to conceal information that was lawfully accessed from the public record. The First Amendment continues to protect their right to distribute the information they legally obtained directly or indirectly from PACER.

**IV. The ECF 3048 Proposed Order Would Violate 47 U.S.C. § 230 as to Free Law Project**

Documents are made available on the CourtListener website when CourtListener users download the documents from PACER and use the RECAP browser plugin to automatically upload them to CourtListener. (Lissner Decl. ¶ 4.) Some users presumably did that with regard to Doc. 3009-1, which the Proposed Order would require Free Law Project to delete.

CourtListener is therefore an "interactive computer service" under 47 U.S.C. § 230(f)(2), much as Yahoo! or Yelp are interactive computer services. *See, e.g., Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1101 (9th Cir. 2009) (Yahoo!); *Hassell v. Bird*, 5 Cal. 5th 522, 540 (2018) (plurality opin.) (Yelp). And, just as Yelp could not be ordered to remove material posted at the direction of a user,

PROPOSED BRIEF *AMICI CURIAE* OF FREE LAW PROJECT AND FIRST AMENDMENT COALITION
4:22-MD-03047-YGR (PHK), 4:23-CV-05448-YGR

*Hassell*, 5 Cal. 5th at 547; *id.* at 548 (Kruger, J., concurring in the judgment), so Free Law Project cannot be ordered to remove material posted at the direction of a user. *See also Weitsman v. Levesque*, No. 19-CV-461 JLS (AHG), 2020 WL 6825687, at *18 (S.D. Cal. Nov. 20, 2020) (stating that "the Court has concerns about ordering third parties, including Twitter, Facebook, Instagram, and YouTube, to take action against Defendant should he fail to remove the material in accordance with the injunction" against Defendant, given § 230, and therefore declining to issue such an injunction against the third parties); *Noah v. AOL Time Warner Inc.*, 261 F. Supp. 2d 532 (E.D. Va. 2003) (likewise concluding that § 230 precludes orders requiring a hosting service to remove user-posted material); *Smith v. Intercosmos Media Group, Inc.*, No. 02-1964, 2002 WL 31844907 (E.D. La. Dec. 17, 2002) (same); *Medytox Solutions, Inc. v. Investorshub.com, Inc.*, 152 So.3d 727 (Fla. Ct. App. 2014) (same).

## CONCLUSION

The ECF 3048 proposed order, as applied to non-party members of the public, including proposed *amici*, would violate Rule 65, the First Amendment, the Due Process Clause, and (as to Free Law Project) 47 U.S.C. § 230. The members-of-the-public provision thus should not be adopted by this Court.

May 26, 2026

PROPOSED BRIEF *AMICI CURIAE* OF FREE LAW PROJECT AND FIRST AMENDMENT COALITION
4:22-MD-03047-YGR (PHK), 4:23-CV-05448-YGR

Respectfully submitted,

s/ Eugene Volokh
Eugene Volokh
Hoover Institution
434 Galvez Mall
Stanford, CA 94305
(650) 721-5092
volokh@stanford.edu
(Address for mailing and identification purposes
only; counsel is not acting on behalf of
the Hoover Institution or Stanford University)

Megan Gray (CA Bar 181204)
GrayMatters Law & Policy
2017 Kalorama Road NW #3
Washington, DC 20009
(202) 468-8869
mg@megangray.com

*Attorneys for Amici Curiae Free Law Project and
First Amendment Coalition*

PROPOSED BRIEF *AMICI CURIAE* OF FREE LAW PROJECT AND FIRST AMENDMENT COALITION
4:22-MD-03047-YGR (PHK), 4:23-CV-05448-YGR