# Exhibit 2

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a
Facebook, Inc.; Facebook Holdings, LLC; Facebook
Operations, LLC; Facebook Payments, Inc.;
Facebook Technologies, LLC; Instagram, LLC;
Siculus, Inc.; and Mark Elliot Zuckerberg*

*Additional parties and counsel listed on
signature pages*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Civil Case No. 4:22-md-03047-YGR<br><br>Honorable Yvonne Gonzalez Rogers |

**META DEFENDANTS' RESPONSES AND OBJECTIONS TO STATE PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendants Meta Platforms, Inc., Facebook Payments, Inc., Siculus, Inc., Facebook Holdings, LLC, Facebook Operations, LLC, and Instagram, LLC, (collectively, "Defendants" or "Meta"), by and through their attorneys, Covington & Burling, LLP, submit their responses and objections to the State Plaintiffs' Fourth Set of Requests for the Production of Documents ("Requests"), served on March 4, 2025.  Meta's responses to the Requests are made to the best of its current knowledge, information, and belief.  Meta reserves the right to supplement or amend any of its responses should future investigation indicate that such supplementation or amendment is necessary.

**STATEMENTS AND OBJECTIONS TO ALL REQUESTS**

1.      Meta objects to the Requests herein that do not describe each item or category of items to be inspected with reasonable particularity, and/or are otherwise vague, ambiguous, overbroad, unduly burdensome, and/or disproportionate to the needs of the litigation. Meta has, where appropriate, defined these Requests and/or the scope of its response as indicated in the specific objections below.

2.      Meta objects to the Requests and accompanying Instructions and Definitions insofar as they seek to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of California, any order of that Court in these cases including the Stipulation and Order Governing the Production of Electronically Stored Information and Hard Copy Documents, or any other applicable federal or state law. Meta will comply with applicable rules, laws and court orders.

3.      Meta objects to the Requests to the extent that they seek documents that contain confidential or proprietary business information, trade secrets, commercially sensitive information, or confidential personal information of Meta or a non-party. Responsive information, if discoverable, will be provided subject to the terms of the Third Modified Protective Order, Dkt. No. 1209, entered by the Court. Meta reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive documents and/or to object to their production altogether if, for example, their relevance is substantially outweighed by the risk of harm posed by their production in light of the protections available.

META DEFENDANTS' RESPONSES AND OBJECTIONS TO STATE PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Civil Case No. 4:22-md-03047-YGR

4.      Meta objects to the Requests to the extent they seek documents that contain information that is outside of its possession, custody, or control and to the extent the information sought is already in Plaintiffs' possession, custody, or control; information that is a matter of public record; or information that is available to Plaintiffs from public sources.

5.      Meta objects to the Requests on the ground and to the extent that they seek the disclosure of source code and/or information related to source code.  Discoverable source code and/or information related to source code will be provided subject to the terms of the Source Code Protective Order entered by the Court on February 27, 2025.

6.      Meta objects to the Requests insofar as they seek the production of contents of third-party communications maintained by Meta. The Stored Communications Act ("SCA") prohibits providers of certain technology services from "knowingly divulg[ing]" the contents of communications maintained by the provider, 18 U.S.C. § 2702(a), subject to specific exemptions, *id*. § 2702(b).

7.      Meta objects to the Requests to the extent they seek information that is not relevant to the claims or defenses in the case and/or are overbroad, unduly burdensome, and not proportional to the needs of the case. In responding to these Requests, Meta does not concede the relevance or admissibility of the information sought and reserves the right to seek to exclude such information.

8.      Meta objects to the Requests to the extent that they seek materials relating to users located outside of the United States and/or features not available in the United States. Meta will produce documents relating to users in the United States.

9.      Meta objects to Definition No. 1 ("Communication") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it imposes obligations beyond those required under Federal Rules and the ESI Order, and purports to include oral and spoken communications, messages or posts on non-Meta platforms, and voice messages.

10.     Meta objects to Definition No. 3 ("Employee") to the extent that it includes non-employees or non-party entities about which discovery would be irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, such as "any person to whom You have provided compensation or remuneration of any kind."

11. Meta objects to Definition No. 4 ("Instagram Platform") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes versions of Instagram's platforms not publicly released or publicly available during the Relevant Time Period.

12. Meta objects to Definition No. 5 ("Harmful Content") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case, including due to its broad and vague reference to "content related to" various conduct, and its use of undefined, subjective terms like "body image," "mental health," "social comparison," "and "dangerous viral trends." Meta also objects to the embedded references to "Young Adult Users," who are not the subject of these cases. Meta further objects to any implication that Meta Platform content "negatively impact[s] or affect[s]" Youth users. Nothing in Meta's responses is intended to, or does, concede the existence of any causal relationship or link between Meta's Platform content and Youth health or well-being. Meta interprets the term "Harmful Content" as used in these Requests to mean content that violates its Community Standards or Community Guidelines including content comprising bullying and harassment; child sexual exploitation, abuse, and nudity; human exploitation; and suicide, self-injury, and eating disorders.

13. Meta objects to Definition No. 7 ("User") to the extent it encompasses users that are eighteen years of age (18) or older. Meta will generally interpret this term to mean users at least 13 years of age and under the age of 18, which, for purposes of these responses, Meta will refer to as "Youth" users.

14. Meta objects to Definition No. 8 ("You," "Your," "Defendant," or "Defendants") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent those terms include non-party entities and individuals whose information is outside of Meta's possession, custody, or control, or include subsidiaries or affiliate services that are not at issue in this action. imposing obligations beyond the parties in the case. Meta will respond by interpreting these terms to mean Meta Platforms, Inc., Facebook Payments, Inc., Siculus, Inc., Facebook Holdings, LLC, Facebook Operations, LLC, and Instagram, LLC.

15. Meta objects to Rules of Construction No. 6 ("Relating to," "relate to," "concerning," or "concern") to the extent that, as used in the Requests, they render those Requests vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Meta will generally interpret

these terms to mean "discussing," "referring to," or "reflecting," or otherwise to have an objective and apparent reference to the stated subject.

16.     Meta objects to Plaintiffs' Instruction No. 2 to the extent it purports to require that "[e]ach Responding Party must respond separately" as without justification, unduly burdensome, and not proportional to the needs of the case. Meta provides these responses and objections collectively, which are made on behalf of each of the Meta Defendant entities, collectively.

17.     Meta objects to Instruction Nos. 7, 8, 9, and 10 insofar as they purport to impose requirements on Meta beyond those in the Federal Rules and the ESI Order.  In particular, Meta is not required to identify already-produced responsive documents (to the extent any such documents exist and were already produced) including by "the beginning and ending Bates number for each such Document."

18.     Meta objects to the Relevant Time Period specified in Instruction No. 12 ("January 1, 2012 to the present") as overbroad because it includes, inter alia, time periods for which claims would be barred under the relevant statute of limitations, time periods before and after the relevant underlying events, and time periods that postdate the filing of this action and the relevant time period(s) in DMO 7.  Meta also objects to Plaintiffs' proposed Relevant Time Period as disproportionate given the huge quantities of data and documents that already would need to be collected, stored and searched even for a shorter time period. For purposes of these responses and objections, Meta treats the Relevant Time Period as the period(s) ordered by Judge Kang in DMO No. 7 (i.e., January 1, 2012 – April 1, 2024 generally with other time periods for specific features).  These Requests do not relate to new developments, facts or issues that are relevant to these cases, within the contemplation of DMO 7.

19.     Meta objects to the Requests to the extent they purport to impose duties or requirements on Meta beyond those contained in the Protective Order, ESI Order and other orders, rules, or agreements applicable to this case.

20.     Meta objects to the Requests to the extent that they seek the production of information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or protection. Any disclosure of privileged or protected information is not intended to waive those privileges or protections. Meta relatedly objects to Plaintiffs' Instruction No. 4 to the extent it purports to impose duties or requirements on Meta beyond those contained in the Privilege Log Protocol

5

and other orders, rules, or agreements applicable to this case. To the extent Meta withholds any documents pursuant to an assertion of attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, Meta will produce a privilege log pursuant to the Privilege Log Order entered by the Court.

21.    Meta's responses are made without waiving or intending to waive (a) the right to object on any ground to the use of any produced documents or data, or their subject matter, in any subsequent proceeding or the trial of this or any other action; (b) the right to object to a demand for further responses to this or any other discovery involving or related to the subject matter of the Requests; and (c) the right at any time to revise, correct, add to, or clarify any or all of the objections.

22.    Any response to the Requests by Meta indicating that documents will be searched for and/or produced is not an indication or representation that responsive information or documents exist within Meta's possession, custody, or control, but only that Meta intends, subject to its objections, to conduct a reasonable and proportionate search for responsive information in files that are reasonably believed to contain responsive information, for the Relevant Time Period. This reasonable and proportionate search will be conducted pursuant to the ESI Order. Accordingly, Meta's search may include application of appropriate search terms to collect information and documents, further review for responsiveness, privilege, and confidential or private information, and may use additional search or review techniques, such as Technology-Assisted Review in line with the terms of the ESI Order.

23.    Meta will produce the version of a document as it exists at the time of collection. Meta will not endeavor to locate or recreate or produce all draft versions that might exist or be recoverable, including draft versions of documents automatically created on cloud or server-based storage systems, as doing so would be unduly burdensome and disproportionate to the needs of the litigation. Meta is willing to meet and confer concerning any targeted Request from Plaintiffs seeking draft versions of a specified document.

24.    By responding to a Request with a defined term, Meta is not by implication agreeing with any such definition.

25.    Meta is willing to meet and confer concerning the Requests and Meta's response.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 184**:

All Documents and Communications related to the policy, operational, and/or systemic changes to Meta's content moderation efforts announced by Meta CEO Mark Zuckerberg on January 7, 2025.

**RESPONSE**:

Meta objects to this Request as overly broad, vague, and lacking specificity, seeking information not relevant to the claims and defenses in the case, unduly burdensome, and not proportional to the needs of the case, including because it seeks "[a]ll Documents and Communications related to the policy, operational, and/or systemic changes to Meta's content moderation efforts announced by Meta CEO Mark Zuckerberg on January 7, 2025" without connection to the claims in this case or regard to whether the requested documents concern Youth or Youth mental health, and relate to a period of time beyond the Relevant Time Period.  This Request does not relate to new developments, facts or issues that are relevant to these cases, within the contemplation of DMO 7.  See Statement and Objection to All Requests No. 19. Meta further objects to this Request to the extent it seeks information about Meta's content moderation policies related to its implementation of Community Notes and changes related to civic content, which are not relevant to this litigation.  Meta further objects to this Request as vague and ambiguous, including with respect to the phrases "operational" and "systemic changes."  Meta further objects to this Request to the extent it seeks information about Meta's review and fact-checking of third-party content, as allegations that implicate publishing or monitoring of third-party content are barred by Section 230.  Any production(s) that Meta might later agree to make in response to this Request is subject to a full reservation of rights by Meta, including (but not limited to) Meta's right to object that Section 230 bars the introduction of the produced information (if any) as evidence; that the produced information (if any) is irrelevant and/or inadmissible on other grounds; and that the produced information (if any) may only be admitted subject to a limiting instruction.  Meta further objects to this Request to the extent that it may be read to seek documents containing users' personal identifying information and other information entitled to protection under various consumer privacy laws, including the federal Stored Communications Act, 18 U.S.C. §§ 2701 et seq.  Meta further objects to this Request to the extent it seeks communications and other documents including potentially from law enforcement that may be subject to a non-disclosure order

7

or could interfere with an ongoing investigation. Meta further objects to this Request to the extent it seeks disclosure of policies for investigating and reporting to government authorities because such processes can be highly confidential and disclosure, if known to potential wrongdoers, can increase their ability to evade detection and enforcement. Meta further objects to this Request to the extent it seeks information that may not exist in the normal course of business. Meta further objects to the Request to the extent that it seeks the production of information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or protection.

Based on these objections, Meta will not search for and produce the requested documents.

**REQUEST NO. 185**:

All Documents related to the "error" that caused some users on the Instagram Platform to see graphic or violent content on or about Feb. 26, 2025, including, but not limited to, all Documents related to the age of the affected users, Meta's efforts to prevent this "error," Meta's risk assessments related to the "error," and Meta's investigation of this "error."

**RESPONSE**:

Meta objects to this Request as overly broad, vague, and lacking specificity, seeking information not relevant to the claims and defenses in the case, unduly burdensome, and not proportional to the needs of the case, including because it seeks "[a]ll Documents related to the 'error' that caused some users on the Instagram Platform to see graphic or violent content on or about Feb. 26, 2025" without connection to the claims in this case or regard to whether the requested documents concern Youth or Youth mental health, and relate to a period of time beyond the Relevant Time Period. This Request does not relate to new developments, facts or issues that are relevant to these cases, within the contemplation of DMO 7. See Statement and Objection to All Requests No. 19. Meta further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requires extensive and highly burdensome data analysis and extraction. Meta further objects to this Request to the extent that it seeks information that Meta does not maintain in the ordinary course of business in the form requested, that does not exist or is not in Meta's possession, and/or that would be unduly burdensome and not proportional to the needs of the case to provide. Meta further objects to the Request to the extent that it

8

seeks the production of information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or protection.

Based on these objections, Meta will not search for and produce the requested documents.

**REQUEST NO. 186**:

All Communications, if any, between Meta and any former employees of Meta, or such employees' representatives, relating to this action or the subject matter of this action.

**RESPONSE**:

Meta objects to this Request as overly broad, vague, and lacking specificity, seeking information not relevant to the claims and defenses in the case, unduly burdensome, and not proportional to the needs of the case, including because it seeks "[a]ll Communications, if any, between Meta and any former employees of Meta, or such employees' representatives, relating to this action or the subject matter of this action" broadly "relating to" this action, without specificity, and without limitation to the Relevant Time Period. Meta further objects to this Request as vague and ambiguous, including with respect to the phrases "former employees of Meta" and "employees' representatives." Meta further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, and duplicative of previously-served discovery, as Meta already has searched the 127 agreed-upon custodians' documents for communications that discuss Youth or one or more of the features or alleged addictive/compulsive use or harms to mental health. As such, responsive communications with former employees would have been captured by that search. Meta further objects to this Request to the extent it seeks information that may not exist in the normal course of business. Meta further objects to the Request to the extent that it seeks the production of information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or protection.

Based on these objections, Meta will not search for and produce the requested documents.

**REQUEST NO. 187**:

With respect to META3047MDL-095-00000001 through META3047MDL-095-00000003, all data dictionaries, decoding documents, lists, and definitions for each table, field, entry code, or value, and indicating the underlying assumptions, parameters, and source data.

**RESPONSE**:

Meta objects to this Request as overly broad, vague, and lacking specificity, seeking information not relevant to the claims and defenses in the case, unduly burdensome, and not proportional to the needs of the case, including because it seeks "all data dictionaries, decoding documents, lists, and definitions for each table, field, entry code, or value, and indicating the underlying assumptions, parameters, and source data" with respect to the referenced production number range without connection to the claims in this case or regard to whether the documents concern Youth or Youth mental health. Meta further objects to this Request to the extent it seeks information that may not exist in the normal course of business. Meta further objects to the Request to the extent that it seeks the production of information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or protection. Meta further objects to this Request as duplicative of the Personal Injury Plaintiffs' Interrogatory No. 3.

Subject to and without waiving these objections, Meta states that it already has provided responsive information and documents in response to Plaintiffs' duplicative Interrogatory No. 3 and will not search for and produce additional documents in response to this Request.

Dated:  April 3, 2025

Respectfully submitted,

**COVINGTON & BURLING LLP**

 /s/ Ashley M. Simonsen
Ashley M. Simonsen (State Bar No. 275203)
asimonsen@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749

Mark W. Mosier, *pro hac vice*
mmosier@cov.com
Paul W. Schmidt, *pro hac vice*
pschmidt@cov.com
Phyllis A. Jones, *pro hac vice*
pajones@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291

Emily Johnson Henn (State Bar No. 269482)
ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via electronic mail on April 3, 2025 on the following:

PSCServiceMDL3047@motleyrice.com

~SnapMDL3047JCCP5255@mto.com

john.beisner@skadden.com

YT-MDL3047JCCP5255@list.wsgr.com

YT-ML-MDL3047JCCP5255@morganlewis.com

W&C-YT-PL-Cases@wc.com

TikTokMDL3047JCCP5255@faegredrinker.com

TikTokMDL3047JCCP5255@kslaw.com

SM.MDLAGLeads@coag.gov

mdl3047coleadfirms@listserv.motleyrice.com

Defendants-MDL3047JCCP5255@skaddenlists.

META DEFENDANTS' RESPONSES AND OBJECTIONS TO STATE PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Civil Case No. 4:22-md-03047-YGR

I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 3, 2025.

DATED:        April 3, 2025                    By:    /s/ *Ashley M. Simonsen*
                                                              Ashley M. Simonsen

META DEFENDANTS' RESPONSES AND OBJECTIONS TO STATE PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Civil Case No. 4:22-md-03047-YGR