# Exhibit 3

| | |
|---|---|
| **From:** | Simonsen, Ashley M |
| **To:** | Warren, Previn; Karan Dhadialla; Michael Ward; Chinmayi Manjunath; "Khaldoun Baghdadi"; Hazam, Lexi J.; Krista Batchelder; Megan O"Neill; Jason Slothouber; Tom P. Cartmell; Rahul Ravipudi; Emily Jeffcott x6837 |
| **Cc:** | Schmidt, Paul; Hester, Timothy; Jones, Phyllis; Halperin, Gregory; Sneed, David; Stanner, Andrew; Greenhill, Alice; Sperling, Mathew; Townes, Esther C.; Meyer, Corey M.; Perez-Marques, Antonio J. |
| **Subject:** | RE: MDL 3047 - Bejar, Jayakumar, Lee & Stewart Subpoenas from Meta |
| **Date:** | Thursday, May 7, 2026 3:56:31 PM |
| **Attachments:** | image001.png |

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Previn,

No, Meta does not intend to refresh its productions of communications for the Meta employees on its Breathitt witness list, as the end date of the "Meta Relevant Time Period" for purposes of those communications—as agreed-to by the Parties and ordered by Magistrate Judge Kang in June 2024—is April 1, 2024. *See* ECF 969 at 4 (resolving Meta and Plaintiffs' dispute as to "the Relevant Time Period ***governing Plaintiffs' discovery requests directed at Meta*** and ***Meta's*** search, collection, and review of responsive documents" (emphasis added)). Accordingly, Meta has no obligation to refresh its productions of communications for these employees.

By contrast, the non-party former employees for whom Meta is requesting refresh productions are not subject to the Meta Relevant Time Period limitation on responsive communications. Meta specified a relevant time period in its subpoenas to these former employees that runs through the date of production; the former employees did not invoke the Meta Relevant Time Period in their responses and objections to those subpoenas; where the former employees agreed to search for and produce responsive documents, they did so without specifying any relevant time period limitation; and consistent with those responses, they produced documents past the April 1, 2024 end date for the Meta Relevant Time Period, including producing documents dated as late as September 2025.

For these reasons, we renew our request that Baker Botts confirm by **Friday, May 8** whether it will (1) produce the 2019 email with Pete Fleming in which Mr. Bejar claims that Mr. Fleming stated "something along the lines of, we need you" and (2) refresh its prior productions for Mr. Bejar, Ms. Gould Stewart, Ms. Lee, and Ms. Jayakumar to include any communications with current or former Meta employees that have occurred since the last time you collected such communications from these former employees. If you are refusing to make these productions, please let us know by **Friday, May 8** your availability for an H(2) conference of lead trial counsel next week, as we will in that event need to promptly tee this up for joint letter briefing before Magistrate Judge Kang.

**From:** Warren, Previn
**Sent:** Wednesday, May 6, 2026 12:54 PM
**To:** Simonsen, Ashley M ; Karan Dhadialla ; Michael Ward ; Chinmayi Manjunath ; 'Khaldoun

Baghdadi' ; Hazam, Lexi J. ; Krista Batchelder ; Megan O'Neill ; Jason Slothouber ; Tom P. Cartmell ; Rahul Ravipudi ; Emily Jeffcott x6837

**Cc:** Schmidt, Paul ; Hester, Timothy ; Jones, Phyllis ; Halperin, Gregory ; Sneed, David ; Stanner, Andrew ; Greenhill, Alice ; Sperling, Mathew ; Townes, Esther C. ; Meyer, Corey M. ; Perez-Marques, Antonio J.

**Subject:** RE: MDL 3047 - Bejar, Jayakumar, Lee & Stewart Subpoenas from Meta

<mark>[EXTERNAL]</mark>

Ashley,

Will Meta be making "refresh" productions of communications by all of the Meta employees on its trial witness list in the *Breathitt* case? Those being:

1. Antigone Davis
2. Elena Davis
3. Monika Bickert
4. Dayna Geldwert
5. Dr. Kristin Hendrix
6. Adam Mosseri
7. Karina Newton
8. Sayed Otaru
9. Pratiti Raychoudhury
10. Guy Rosen
11. Alex Schultz
12. Yoav Shapira
13. Nick Wakefield

Thanks,

Previn



**Previn Warren** (he / him)
**Attorney at Law**

401 9th St. NW, Suite 630, Washington, DC 20004
**o.** 202.386.9610 **c.** 202.578.6281
pwarren@motleyrice.com

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Wednesday, May 6, 2026 3:30 PM
**To:** Karan Dhadialla <karan.dhadialla@bakerbotts.com>; Michael Ward <michael.ward@bakerbotts.com>; Chinmayi Manjunath <chinmayi.manjunath@bakerbotts.com>; 'Khaldoun Baghdadi' <kbaghdadi@walkuplawoffice.com>; Warren, Previn <pwarren@motleyrice.com>; Hazam, Lexi J. <lhazam@lchb.com>; Krista Batchelder <krista.batchelder@coag.gov>; Megan O'Neill <megan.oneill@doj.ca.gov>; Jason Slothouber <jason.slothouber@coag.gov>; Tom P. Cartmell <tcartmell@wcllp.com>; Rahul Ravipudi <ravipudi@panish.law>; Emily Jeffcott x6837 <ejeffcott@forthepeople.com>
**Cc:** Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Sneed, David

<DSneed@cov.com>; Stanner, Andrew <AStanner@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Sperling, Mathew <MSperling@cov.com>; Townes, Esther C. <esther.townes@davispolk.com>; Meyer, Corey M. <corey.meyer@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Subject:** RE: MDL 3047 - Bejar, Jayakumar, Lee & Stewart Subpoenas from Meta

CAUTION:EXTERNAL

Karan, Mike, all,

I am adding counsel for Breathitt, the MDL AGs, and R.K.C. to this email.

Following up on Esther's email below, Meta is requesting that you let us know by **Friday, May 8** whether you will (1) produce the 2019 email with Pete Fleming in which Mr. Bejar claims that Mr. Fleming stated "something along the lines of, we need you" and (2) refresh your prior productions for the four former employees listed below to include any communications with current or former Meta employees that have occurred since the last time you collected such communications from these former employees:

1. Arturo Bejar
2. Margaret Gould Stewart
3. Allison Lee
4. Vaishnavi Jayakumar

Meta is requesting these refresh productions based on the fact that Breathitt, the MDL AGs, and/or R.K.C. have now disclosed these individuals on their trial witness lists. *See* 5/4/26 Breathitt's updated list of witnesses to be called live; 4/16/26 State Attorneys General's Updated Preliminary Witness List (ECF 2964); 2/9/26 Joint Witness List – R.K.C; *see also* ECF 2525 at 6 ("Given that Bejar may testify at trial, Meta must have the opportunity to explore the bases of his views [and] [Magistrate Judge Kang's] May 19 Order was contrary to law or reflected clear error in its assessment that the First Amendment barred disclosure of Bejar's communications with current/former Meta employees."); *id.* at 7 ("To the extent that the Attorney Generals choose to call Jayakumar as a witness, the weighing of interests is also likely to change" such that her communications with current/former Meta employees would be discoverable).

If you are refusing to make these productions, please let us know by **Friday, May 8** your availability for an H(2) conference of lead trial counsel next week, as we will in that event need to tee this up for joint letter briefing before Magistrate Judge Kang.

Thank you,

Ashley Simonsen

---

**From:** Townes, Esther C. <esther.townes@davispolk.com>
**Sent:** Monday, May 4, 2026 9:12 AM
**To:** Karan Dhadialla <karan.dhadialla@bakerbotts.com>; Michael Ward <michael.ward@bakerbotts.com>; Chinmayi Manjunath <chinmayi.manjunath@bakerbotts.com>
**Cc:** Meyer, Corey M. <corey.meyer@davispolk.com>; Perez-Marques, Antonio J.

<antonio.perez@davispolk.com>; Simonsen, Ashley M <asimonsen@cov.com>; Jones, Phyllis <pajones@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Claudia Fernandez <cfernandez@cov.com>; Sneed, David <DSneed@cov.com>; Stanner, Andrew <AStanner@cov.com>

**Subject:** RE: MDL 3047 - Bejar, Jayakumar, Lee & Stewart Subpoenas from Meta Counsel –

We write to follow up on Meta's subpoenas to two of your clients, Arturo Bejar and Vaishnavi Jayakumar. In particular, the requests related to your clients' communications with current and former Meta employees (Bejar Request Nos. 2 and 10; Jayakumar Request Nos. 1-2).

**Arturo Bejar**

Your client has testified multiple times, including during the recent JCCP trial, about an email in 2019 with Pete Fleming in which Mr. Bejar claims that Mr. Fleming stated "something along the lines of, we need you." Meta has not been able to locate any such email or other communication matching that description in either its or Mr. Bejar's productions, or based on a search of communications on Meta systems between Mr. Bejar and Mr. Fleming. Given your client's testimony, and its relevance to upcoming TMH trials, including the first school district bellwether trial in the MDL set to commence June 15th, where Mr. Bejar has been disclosed by the plaintiff as a will-call live witness (*Breathitt County Board of Education v. Meta Platforms, Inc., et al.*, Case No 4:23-CV-1804) and the second individual plaintiff bellwether trial in the JCCP scheduled for July 27, where Mr. Bejar has been disclosed by the plaintiff as a witness to testify live or by deposition (*R.K.C. by and through his Guardian ad Litem, R.L.C. v. Meta Platforms, Inc., et al.*, Case No. 23STCV31485), we request that you search for and produce this communication, if it exists, as soon as possible.

To the extent that Mr. Bejar is unable to locate this communication, or refuses to produce it, Meta reserves the right to seek to preclude Mr. Bejar from offering this testimony in future trials.

**Vaishnavi Jayakumar**

Since her January 16, 2026 production, Ms. Jayakumar has continued to be listed as a witness who will be called to testify in upcoming TMH trials. For example, Ms. Jayakumar is listed as a will-call live witness by plaintiff in the first school district bellwether trial in the MDL currently set to begin in mid-June 2026 (*Breathitt County Board of Education vs. Meta Platforms, Inc. et al.*, Case No.: 4:23-cv-01804), and by the State AG plaintiffs in an MDL trial currently anticipated to begin in early August 2026 (*People of the State of California, et al. v. Meta Platforms, Inc., et al.*, Case No. 4:23-cv-05448).

In light of these upcoming trials and the continued relevance of Ms. Jayakumar's testimony, including related to her communications with current and former Meta employees, please provide a supplemental production reflecting any such communications that have occurred since the date of Ms. Jayakumar's last production, January 16, 2026. *See* Feb. 28, 2025 Meta Subpoena to Jayakumar, Att. A, at 4 ("Unless otherwise specified, the time period for these Requests is January 1, 2012 to the date of production of the Documents.").

To the extent that Ms. Jayakumar refuses to supplement her production, Meta reserves the right to seek relief from Magistrate Judge Kang.

To the extent helpful to discuss, please let us know times you are available to meet and confer regarding the above.

Best,

Esther

**Esther C. Townes**

**Davis Polk & Wardwell LLP**
+1 212 450 3655 office
+1 646 413 8263 mobile
esther.townes@davispolk.com

---

**From:** Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Sent:** Friday, January 30, 2026 12:07 PM
**To:** Karan Dhadialla <karan.dhadialla@bakerbotts.com>
**Cc:** Michael Ward <michael.ward@bakerbotts.com>; Meyer, Corey M. <corey.meyer@davispolk.com>; Ashley M Simonsen <asimonsen@cov.com>; Phyllis Jones <pajones@cov.com>; Townes, Esther C. <esther.townes@davispolk.com>; Chinmayi Manjunath <chinmayi.manjunath@bakerbotts.com>; Paul Schmidt <pschmidt@cov.com>; Gregory Halperin <GHalperin@cov.com>; Cecilia Bobbitt <cbobbitt@cov.com>; Claudia Fernandez <cfernandez@cov.com>; David Sneed <dsneed@cov.com>; Andrew Stanner <astanner@cov.com>
**Subject:** Re: MDL 3047 - Bejar, Jayakumar, Lee & Stewart Subpoenas from Meta

Karan—

Thank you for sending the production from Ms. Stewart and for looking into the questions below. We note that you did not respond to our request that your clients' respective responses and objections to Meta's subpoenas be updated to reflect their search efforts and what they ultimately produced, and Meta reserves all rights in that regard.

As I noted in my January 20 email, the productions contain "Attorneys' Eyes Only" designations on all of the documents, for which we reserve all rights to challenge, and we interpreted your designation of the productions as such as indicating that they should be treated as "HIGHLY CONFIDENTIAL (SII)–ATTORNEYS' EYES ONLY" under the terms of the Stipulated Third Modified Protective Order [Dkt. 1209], which we cited in our December 7 letter.

Thanks,

Tony

Antonio J. Perez-Marques

Davis Polk & Wardwell LLP

450 Lexington Avenue

New York, NY 10017

212 450 4559 tel

212 701 5559 fax

antonio.perez@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the

information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy policy located at www.davispolk.com for important information on this policy.

> On Jan 27, 2026, at 11:00 PM, Dhadialla, Karan <karan.dhadialla@bakerbotts.com> wrote:

> Tony,
>
> Each of our clients has conducted a diligent search of their electronic messages (including e-mail and text/messenger, as you will see reflected in the productions). We maintain that any request for documents as to Ms. Stewart and Ms. Lee is not mandated as Meta did not move to compel with respect to their timely objections. But, in view of Judge Gonzalez Rogers' December 9, 2025 Order and in the interest of judicial economy, each has performed a reasonable search and all responsive documents have now been produced.
>
> Ms. Stewart had one text exchange with Mr. Bejar, which was produced to you earlier today, and which you had already received over 10 months ago in Mr. Bejar's March 31, 2025 production. Ms. Stewart does not have any other documents responsive to your requests.
>
> With respect to your specific document questions, we provide the below answers:
>
> 1. For the document from Ms. Lee's production, it is our understanding that the text exchanges occurred on December 9, 2024, and on January 9, 2025.
> 2. For BEJAR0002766, we have no other versions of this message or additional parts of the exchange. It appears that Mark Zuckerberg must have deleted his portions of the message, but we imagine that you will have more insight on that.
> 3. With respect to BEJAR0003856, BEJAR0003857, BEJAR0003858, BEJAR0003861, BEJAR0003862, we have no additional documents identifying the Facebook users with which Mr. Bejar was corresponding, although we note the documents have some identifying information (e.g., first names) themselves. Given that these messages were also taken on the Facebook platform, to which Meta has access, we imagine that you are in a better position to identify these individuals than we are.
> 4. For JAYAKUMAR000039, the other person in the exchange is Mr. Bejar.
>
> As I mentioned in my previous e-mail, it is costly for our clients to have these continuous exchanges regarding their efforts to comply with Meta's subpoena. We have been responding and providing you information in good faith but cannot endlessly continue to do so.

Best,
Karan

**From:** Dhadialla, Karan
**Sent:** Monday, January 26, 2026 5:40 PM
**To:** 'Perez-Marques, Antonio J.' <antonio.perez@davispolk.com>
**Cc:** Ward, Michael <michael.ward@bakerbotts.com>; Meyer, Corey M. <corey.meyer@davispolk.com>; Ashley M Simonsen <asimonsen@cov.com>; Phyllis Jones <pajones@cov.com>; Townes, Esther C. <esther.townes@davispolk.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Paul Schmidt <pschmidt@cov.com>; Gregory Halperin <GHalperin@cov.com>; Cecilia Bobbitt <cbobbitt@cov.com>; Claudia Fernandez <cfernandez@cov.com>; David Sneed <dsneed@cov.com>; Andrew Stanner <astanner@cov.com>
**Subject:** RE: MDL 3047 - Bejar, Jayakumar, Lee & Stewart Subpoenas from Meta

Tony,

Thanks for your message. We are looking into your questions and expect to provide a response tomorrow.

Best,
Karan

**From:** Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Sent:** Friday, January 23, 2026 7:10 PM
**To:** Dhadialla, Karan <karan.dhadialla@bakerbotts.com>
**Cc:** Ward, Michael <michael.ward@bakerbotts.com>; Meyer, Corey M. <corey.meyer@davispolk.com>; Ashley M Simonsen <asimonsen@cov.com>; Phyllis Jones <pajones@cov.com>; Townes, Esther C. <esther.townes@davispolk.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Paul Schmidt <pschmidt@cov.com>; Gregory Halperin <GHalperin@cov.com>; Cecilia Bobbitt <cbobbitt@cov.com>; Claudia Fernandez <cfernandez@cov.com>; David Sneed <dsneed@cov.com>; Andrew Stanner <astanner@cov.com>
**Subject:** Re: MDL 3047 - Bejar, Jayakumar, Lee & Stewart Subpoenas from Meta

**[EXTERNAL EMAIL]**

Karan—

We appreciate the clarification, including in particular that no documents are being withheld based on any claim of First Amendment privilege. We believe we are close to a point where we might be able to avoid the need to burden the Court with another dispute. In that regard, we would appreciate it if you could simply confirm:

1. whether Ms. Stewart has any responsive documents and, if so, when we can expect a production from her;
2. that you discussed with your clients (i.e., Mr. Bejar, Ms. Lee, Dr. Sattizahn,

Ms. Jayakumar, and Ms. Stewart) and searched all relevant sources of ESI (including text messages) as part of your search efforts;

3. that you will amend the respective responses and objections to Meta's subpoenas to each of your clients (i.e., Mr. Bejar, Ms. Lee, Dr. Sattizahn, Ms. Jayakumar, and Ms. Stewart) to reflect what was ultimately searched and produced and state that all responsive documents have been produced;

4. the year associated with the single text message thread from Ms. Lee's production;

5. whether a more complete version exists of this message thread from Mr. Bejar's production, BEJAR0002766, which appears to only include his messages and not the person with whom he was corresponding (Mark Zuckerberg);

6. who are the people with whom Mr. Bejar is corresponding with in the five conversations where the recipient is listed as "Facebook user" (*see* BEJAR0003856, BEJAR0003857, BEJAR0003858, BEJAR0003861, BEJAR0003862); and

7. who is the person with whom Ms. Jayakumar set up a call to chat, JAYAKUMAR000039;

We would appreciate your confirmation today that you will look into these questions and provide a response by next week, given the start of the JCCP trial. We're happy to hop on a call to close this out if that is easier.

Best,

Tony

Antonio J. Perez-Marques

Davis Polk & Wardwell LLP

450 Lexington Avenue

New York, NY 10017

212 450 4559 tel

212 701 5559 fax

antonio.perez@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy policy located at www.davispolk.com for important information on this policy.

On Jan 23, 2026, at 2:20 PM, Dhadialla, Karan
<karan.dhadialla@bakerbotts.com> wrote:

Tony – you said you wanted to make a submission to the Court,
and we are prepared to do that. Diligent searches have been
conducted, we have produced many documents (where such
documents exist), and no documents are being withheld on the
First Amendment protection.
Our clients should not be burdened with the expense of engaging
in an endless back and forth parsing of these issues. We are
willing to do a simultaneous exchange and submission to the
Court so that we can get resolution on these issues at one time.
Beyond that, we believe our clients have met their obligations
and we have sufficiently engaged with your requests.
Let us know if you want to submit something to the Court.

**From:** Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Sent:** Friday, January 23, 2026 9:32 AM
**To:** Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Ward,
Michael <michael.ward@bakerbotts.com>
**Cc:** Meyer, Corey M. <corey.meyer@davispolk.com>; Simonsen,
Ashley M <asimonsen@cov.com>; Jones, Phyllis
<pajones@cov.com>; Townes, Esther C.
<esther.townes@davispolk.com>; Manjunath, Chinmayi
<chinmayi.manjunath@bakerbotts.com>; Schmidt, Paul
<pschmidt@cov.com>; Halperin, Gregory <GHalperin@cov.com>;
Bobbitt, Cecilia <CBobbitt@cov.com>; Fernandez, Claudia
<cfernandez@cov.com>; Sneed, David <DSneed@cov.com>;
Stanner, Andrew <AStanner@cov.com>
**Subject:** RE: MDL 3047 - Bejar, Jayakumar, Lee & Stewart Subpoenas
from Meta

[EXTERNAL EMAIL]

Karan – we have a number of questions that we have put to you which
you have not answered. To the extent what you send addresses those
questions, it may well impact our position (or potentially even moot
issues that would otherwise need to be presented to the Court). We
look forward to hearing from you.

**Antonio J. Perez-Marques**

**Davis Polk & Wardwell** LLP
+1 212 450 4559 office
+1 917 504 7980 mobile
antonio.perez@davispolk.com

**From:** Dhadialla, Karan <karan.dhadialla@bakerbotts.com>
**Sent:** Friday, January 23, 2026 12:13 PM
**To:** Perez-Marques, Antonio J. <antonio.perez@davispolk.com>;
Ward, Michael <michael.ward@bakerbotts.com>
**Cc:** Meyer, Corey M. <corey.meyer@davispolk.com>; Simonsen,
Ashley M <asimonsen@cov.com>; Jones, Phyllis
<pajones@cov.com>; Townes, Esther C.
<esther.townes@davispolk.com>; Manjunath, Chinmayi
<chinmayi.manjunath@bakerbotts.com>; Schmidt, Paul
<pschmidt@cov.com>; Halperin, Gregory <GHalperin@cov.com>;
Bobbitt, Cecilia <CBobbitt@cov.com>; Fernandez, Claudia
<cfernandez@cov.com>; Sneed, David <DSneed@cov.com>;
Stanner, Andrew <AStanner@cov.com>
**Subject:** RE: MDL 3047 - Bejar, Jayakumar, Lee & Stewart Subpoenas
from Meta

Tony – as noted last night, we are planning to send you our
position statement at 9:30 am PT, but we want you to confirm
that your statement has not changed and will not change upon
receiving ours.

Before we send our statement, please confirm that we will do a
simultaneous exchange (receiving your position statement in its
current form at 9:30 am PT) and that the e-mail will promptly be
submitted to the Court.

Best,

Karan

---

**From:** Dhadialla, Karan
**Sent:** Thursday, January 22, 2026 6:47 PM
**To:** Perez-Marques, Antonio J. <antonio.perez@davispolk.com>;
Ward, Michael <michael.ward@bakerbotts.com>
**Cc:** Meyer, Corey M. <corey.meyer@davispolk.com>; Simonsen,
Ashley M <asimonsen@cov.com>; Jones, Phyllis
<pajones@cov.com>; Townes, Esther C.
<esther.townes@davispolk.com>; Manjunath, Chinmayi
<chinmayi.manjunath@bakerbotts.com>; Schmidt, Paul
<pschmidt@cov.com>; Halperin, Gregory <GHalperin@cov.com>;
Bobbitt, Cecilia <CBobbitt@cov.com>; Fernandez, Claudia
<cfernandez@cov.com>; Sneed, David <DSneed@cov.com>;
Stanner, Andrew <AStanner@cov.com>
**Subject:** RE: MDL 3047 - Bejar, Jayakumar, Lee & Stewart Subpoenas
from Meta

Tony,

We are in receipt of your e-mail and will send you our position

statement by 9:30 am PT tomorrow morning.

Best,

Karan

**From:** Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Sent:** Thursday, January 22, 2026 1:40 PM
**To:** Ward, Michael <michael.ward@bakerbotts.com>
**Cc:** Meyer, Corey M. <corey.meyer@davispolk.com>; Simonsen, Ashley M <asimonsen@cov.com>; Jones, Phyllis <pajones@cov.com>; Townes, Esther C. <esther.townes@davispolk.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Schmidt, Paul <pschmidt@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Fernandez, Claudia <cfernandez@cov.com>; Sneed, David <DSneed@cov.com>; Stanner, Andrew <AStanner@cov.com>; Dhadialla, Karan <karan.dhadialla@bakerbotts.com>
**Subject:** RE: MDL 3047 - Bejar, Jayakumar, Lee & Stewart Subpoenas from Meta

[EXTERNAL EMAIL]

Mike—

We still have not received any responses to the questions raised in our January 7 and 13 letters, or to our follow-up below. Given that the JCCP trial is starting next week on Tuesday, we will need to raise these issues on an emergency basis with Magistrate Judge Kang if we do not receive a response from you by **5 pm PT today**, and will plan to email his chambers at **9:30 a.m. PT tomorrow morning** to request an emergency hearing **tomorrow**, or as soon thereafter before the start of the JCCP trial on January 27 as is convenient for the Court. A draft of the joint email we intend to send is below; please send us any position statement you wish to include by EOD today.

Best,
Tony
****

Dear Magistrate Judge Kang,

Meta is reaching out on an emergency basis to request Your Honor's assistance resolving outstanding disputes relating to third-party subpoenas that Meta previously issued to five former Meta employees represented by Michael Ward—Arturo Bejar, Allison Lee, Vaishnavi Jayakumar, Margaret Gould Stewart, and Dr. Jason Sattizahn (the "Former Employees")—following Judge Gonzalez-Rogers' December 9, 2025 Order (ECF 2525). The December 9 Order

granted Meta's motion to compel documents from Mr. Bejar in response to requests seeking communications with current and former Meta employees. All of Mr. Ward's clients have been listed on the MDL PI/SD and the JCCP plaintiffs' may- or will-call lists for trial, either live or via videotaped deposition, including the first bellwether trial in the JCCP that is set to begin on Tuesday, January 27.

In letters dated January 7 and 13, and a follow-up email dated January 20, Meta requested information from Mr. Ward regarding (1) whether he is improperly withholding documents for witnesses who will be testifying at trial either live or by videotaped deposition based on assertions of the First Amendment privilege that were overruled by the December 9 Order, (2) deficiencies in productions made by Mr. Bejar, Ms. Lee, Ms. Jayakumar, and Dr. Sattizahn, (3) whether a production will be made on behalf of Ms. Stewart, and (4) when privilege logs for any withheld documents will be forthcoming. Thus far, however, Meta has not received any response.

Given the impending JCCP trial and the potential need for Mr. Ward's clients to make additional productions—and for Meta to incorporate those additional productions for purposes of trial before the witnesses are called—Meta respectfully requests an emergency videoconference with the Court and Mr. Ward either tomorrow, January 23, or on Monday, January 26, as is convenient for the Court.

[*If no response is received before 9:30 a.m. PT tomorrow:*] [Meta contacted Mr. Ward by email on January 22 to alert him of Meta's intent to send this email at 9:30 a.m. today, and requested the Former Employees' position statement by the end of the day, but did not receive a response.]

Counsel to the PI/SD Plaintiffs and State AGs, as well as counsel to the JCCP Plaintiffs, are also copied on this email for awareness.

**FORMER EMPLOYEES' POSITION:**

**[xxx]**

Many thanks,

Antonio Perez-Marques

*Counsel for Meta*

**Antonio J. Perez-Marques**

**Davis Polk & Wardwell** LLP
+1 212 450 4559 office
+1 917 504 7980 mobile
antonio.perez@davispolk.com

___

**From:** Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Sent:** Tuesday, January 20, 2026 12:54 PM
**To:** Townes, Esther C. <esther.townes@davispolk.com>; Ward, Michael <michael.ward@bakerbotts.com>

**Cc:** Meyer, Corey M. <corey.meyer@davispolk.com>; Simonsen, Ashley M <asimonsen@cov.com>; Jones, Phyllis <pajones@cov.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Schmidt, Paul <pschmidt@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Fernandez, Claudia <cfernandez@cov.com>; Sneed, David <DSneed@cov.com>; Stanner, Andrew <AStanner@cov.com>; Dhadialla, Karan <karan.dhadialla@bakerbotts.com>

**Subject:** RE: MDL 3047 - Bejar, Jayakumar, Lee & Stewart Subpoenas from Meta

Mike –

We appreciate your production on January 16 on behalf of Ms. Jayakumar. However, you have not responded to our outstanding inquiries, as outlined in our January 7 and 13 letters regarding (1) the adequacy of productions from Mr. Bejar, Ms. Lee, and Dr. Sattizahn; (2) whether you will produce a privilege log of any responsive documents that are being withheld by any of your clients on the basis of any privilege; and (3) whether and when you will be making a production on behalf of Ms. Stewart. Please provide us with this information by this Wednesday, January 21.

Note that our review of the productions made on January 12 on behalf of Mr. Bejar, Ms. Lee, and Dr. Sattizahn has confirmed our concerns about deficiencies in those productions. For example:

1. Many of the documents produced by Mr. Bejar include instances where Mr. Bejar shares his phone number and suggests that the conversation be moved to a different platform (i.e., text messages, WhatsApp, or Signal). However, there are no text, WhatsApp, or Signal messages in Mr. Bejar's production, which suggests that searches of those messaging services for responsive documents were not conducted, despite evidence that they contain responsive communications, and/or such communications were not adequately preserved. Indeed, despite there being no text messages in Mr. Bejar's own production, the single document produced by Ms. Lee is a text thread between her and Mr. Bejar, which again suggests that searches were not adequately conducted, responsive documents are being unreasonably withheld, and/or relevant materials were insufficiently preserved.

2. Ms. Lee produced a single screenshot of a text message thread

with Mr. Bejar scheduling a call on January 9, but no year is reflected, and the metadata was not provided.

3. Given the very small volume of documents produced on behalf of Ms. Lee (1 screenshot of a text message thread) and Dr. Sattizahn (5 documents related to his employment dispute), in addition to preservation issues, we continue to have concerns regarding the adequacy of your searches on behalf of them and that responsive documents are being unreasonable withheld, particularly given your lack of response to our inquiries in the January 13 letter regarding what searches were undertaken to locate these clients' responsive documents, including what searches were run and which sources of ESI were searched.

With respect to the production made on January 16 on behalf of Ms. Jayakumar, we note that one of the documents is an iMessage text thread with an unknown person scheduling a time for a call, but no year is reflected, and the metadata was not provided. Please let us know the date(s) of these text messages and with whom they were with. Moreover, given the small volume of this production and that only a single text message thread was produced, please also provide information regarding what searches were undertaken to locate Ms. Jayakumar's responsive documents, including what searches were run and which sources of ESI were searched. Please provide us with this information by this Wednesday, January 21.

We reserve all rights with respect to any additional deficiencies we uncover in the productions, as well as the "Attorneys' Eyes Only" designations placed on all of the documents in these productions. For the avoidance of doubt, we interpret your designation of the productions as "Attorneys' Eyes Only" as indicating that they should be treated as "HIGHLY CONFIDENTIAL (SII)–ATTORNEYS' EYES ONLY" under the terms of the Stipulated Third Modified Protective Order [Dkt. 1209], which we cited in our December 7 letter. However, please let us know if you intended differently.

Best,
Tony
**Antonio J. Perez-Marques**

**Davis Polk & Wardwell** LLP
+1 212 450 4559 office
+1 917 504 7980 mobile
antonio.perez@davispolk.com

**From:** Townes, Esther C. <esther.townes@davispolk.com>

**Sent:** Tuesday, January 13, 2026 1:57 PM
**To:** Ward, Michael <michael.ward@bakerbotts.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Cc:** Meyer, Corey M. <corey.meyer@davispolk.com>; Simonsen, Ashley M <asimonsen@cov.com>; Jones, Phyllis <pajones@cov.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Schmidt, Paul <pschmidt@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Fernandez, Claudia <cfernandez@cov.com>; Sneed, David <DSneed@cov.com>; Stanner, Andrew <AStanner@cov.com>; Dhadialla, Karan <karan.dhadialla@bakerbotts.com>
**Subject:** RE: MDL 3047 - Bejar, Jayakumar, Lee & Stewart Subpoenas from Meta

Mike –

Please see the attached correspondence.

Best,

Esther

**Esther C. Townes**

**Davis Polk & Wardwell LLP**
+1 212 450 3655 office
+1 646 413 8263 mobile
esther.townes@davispolk.com

---

**From:** Ward, Michael <michael.ward@bakerbotts.com>
**Sent:** Thursday, January 8, 2026 5:44 PM
**To:** Townes, Esther C. <esther.townes@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Cc:** Meyer, Corey M. <corey.meyer@davispolk.com>; Simonsen, Ashley M <asimonsen@cov.com>; Jones, Phyllis <pajones@cov.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Schmidt, Paul <pschmidt@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Fernandez, Claudia <cfernandez@cov.com>; Sneed, David <DSneed@cov.com>; Stanner, Andrew <AStanner@cov.com>; Dhadialla, Karan <karan.dhadialla@bakerbotts.com>
**Subject:** RE: MDL 3047 - Bejar, Jayakumar, Lee & Stewart Subpoenas from Meta

Antonio--

I write in response to your January 7, 2026, letter regarding the subpoenas issued to Mr. Bejar, Ms. Jayakumar, Ms. Stewart, Ms. Lee, and Mr. Sattizahn and unilaterally imposing a deadline of 24 hours. As a preliminary matter, I note that all of our dealings, and my last

correspondence on this issue of December 10, 2025 (an e-mail response to David Sneed) have been with Covington. We have not been corresponding with you or your firm on this issue, nor have you made any effort to discuss the issues with us in the past month. Perhaps you have also not discussed the issue with Mr. Sneed. In fact, in my last discussion with Mr. Sneed, following the latest deposition of Mr. Bejar on December 11, 2025, I indicated to him that, despite our different interpretation of the Court's order, we were not interested in pursuing additional proceedings before the Magistrate Judge and intended to produce the few remaining communications of Mr. Bejar that were the subject of dispute. In my December 10 email, I also stated our position regarding Ms. Stewart, Ms. Lee, and Mr. Sattizahn. We received no response to that e-mail until your letter yesterday which demanded a response a by COB today. I think any suggestion that we have not been diligent in meeting our obligations is unfounded. Further, while we disagree with certain aspects of your letter (including that your requests as to Ms. Stewart, Ms. Lee, and Mr. Sattizahn for whom you have not moved with the Court are procedurally improper), in the interest of resolving this dispute we respond as follows:

As to Ms. Stewart and Ms. Jayakumar, and notwithstanding any submitted witness list, I can represent as their counsel that neither of them has agreed to testify live at trial. Accordingly, as Judge Gonzalez Rogers concluded, "Meta's interest in the communications among Jayakumar, Haugen, and Meta's former/current employees remains less weighty than the risk of chilling associational rights." Order at 6. Consistent with the Court's Order and the fact that they are not testifying at trial, we do not intend to produce any documents in response to these requests intruding on their right to privacy. To the extent any communications of Ms. Jayakumar or Ms. Stewart are in the possession of Mr. Bejar or Ms. Lee, we will produce them accordingly as noted below.

With respect to Mr. Bejar, Ms. Lee, and Dr. Sattizahn, who we understand may provide live testimony at trial and be subject to cross examination, we will produce any outstanding, non-duplicative responsive documents from their files on Monday. To be clear, in March and April 2025, we produced voluminous materials responsive to RFP Nos. 2 and 10 for Mr. Bejar, including communications with named employees Samir Patel, Kang-Xing Jin, Vaishnavi Jayakumar, Margaret Gould Stewart, and Frances Haugen. These productions also included communications with additional unnamed employees reflected in the produced threads. Any remaining documents we produce in response to those requests (and the corresponding

requests for the other witnesses) will be produced under an AEO designation. We are available to meet and confer regarding this designation on a document-by-document basis, as necessary. Finally, to the extent your January 7, 2026, letter seeks categories beyond those contemplated by the Court's order, we do not agree that such requests fall within the scope of permissible discovery at this stage.

Best regards,

Mike

**Michael Ward**

*Partner*


michael.ward@bakerbotts.com

T +1.650.739.7538

F +1.650.739.7638

M +1.415.279.8595

1001 Page Mill Road

Palo Alto, California 94304

USA

---

**From:** Townes, Esther C. <esther.townes@davispolk.com>

**Sent:** Wednesday, January 7, 2026 11:09 AM

**To:** Ward, Michael <michael.ward@bakerbotts.com>; Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>

**Cc:** Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Meyer, Corey M. <corey.meyer@davispolk.com>; Simonsen, Ashley M <asimonsen@cov.com>; Jones, Phyllis <pajones@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Fernandez, Claudia <cfernandez@cov.com>; Sneed, David <DSneed@cov.com>; Stanner, Andrew <AStanner@cov.com>

**Subject:** RE: MDL 3047 - Bejar, Jayakumar, Lee & Stewart Subpoenas from Meta

**[EXTERNAL EMAIL]**

Counsel –

Please see the attached correspondence.

Best,

Esther

**Esther C. Townes**

**Davis Polk & Wardwell** LLP

+1 212 450 3655 office

+1 646 413 8263 mobile

esther.townes@davispolk.com

**From:** Ward, Michael <michael.ward@bakerbotts.com>
**Sent:** Wednesday, December 10, 2025 5:53 PM
**To:** Sneed, David <DSneed@cov.com>; Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Simonsen, Ashley M <asimonsen@cov.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>
**Cc:** Jones, Phyllis <pajones@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Fernandez, Claudia <cfernandez@cov.com>
**Subject:** RE: MDL 3047 - Bejar, Jayakumar, Lee & Stewart Subpoenas from Meta
[EXTERNAL]

Hi David:

Thanks for your message. It will be good to see you if you proceed with the deposition of Mr. Bejar as scheduled. On that note, I should tell you that Mr. Bejar will be out of the country for a substantial period of time this month and almost all of January, which will make postponing the deposition difficult. Also, my understanding is that the scope of this deposition is not open ended but limited to issues arising from the research reports he published after your last expert deposition of him. Accordingly, I do not think there is good cause to postpone the deposition or that it is practical to do so.

Next, I do not read the District Court's limited order nearly as broadly as you have suggested. The limited relief granted applies exclusively to Mr. Bejar and not to other witnesses who you have not subpoenaed or where you have not previously moved to compel production. And with respect to Mr. Bejar, the Court fully affirmed the First Amendment protection of communications with respect to current Meta employees who were in alignment with Mr. Bejar's whistleblowing efforts and criticisms. In fact, the district court did not compel production of anything and merely directed the Magistrate Judge to reconsider a narrow part of its analysis and "oversee protocols to afford measures of protection" regarding communications with those few (I don't know of any) Meta employees who expressed disagreement with his views and actions. We look forward to meeting and conferring with you about those additional protocols after receiving direction from Judge Kang. But, very obviously, the process alluded to by Judge Gonzales-Rogers does not envision our producing any communications before Judge Kang performs that additional analysis. And that obviously won't be completed before the deposition tomorrow. Finally, as noted, my

understanding is that the deposition is limited to the recently published research reports restating and corroborating Mr. Bejar's previously disclosed opinions and methodologies to test Instagram's alleged safety tools. Those issues are not implicated by any emails he might have exchanged with Meta employees.

Lastly, I will review (and reproduce if convenient) any emails we were previously required to produce.

Best regards,

Mike

**Michael Ward**

*Partner*

michael.ward@bakerbotts.com

T +1.650.739.7538

F +1.650.739.7638

M +1.415.279.8595

1001 Page Mill Road

Palo Alto, California 94304

USA

---

**From:** Sneed, David <DSneed@cov.com>
**Sent:** Tuesday, December 9, 2025 10:42 PM
**To:** Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Simonsen, Ashley M <asimonsen@cov.com>; Ward, Michael <michael.ward@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>
**Cc:** Jones, Phyllis <pajones@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Fernandez, Claudia <cfernandez@cov.com>
**Subject:** RE: MDL 3047 - Bejar, Jayakumar, Lee & Stewart Subpoenas from Meta

**[EXTERNAL EMAIL]**

Mike,

As you are aware, earlier today we received the MDL judge's ruling regarding Meta's motion related to our subpoenas for Arturo Bejar, Vaishnavi Jayakumar and Frances Haugen.

Based on this ruling, we would like to confirm that you will proceed with providing us any further document production in accord with that order. We would also like to confirm that you will update your production of materials from Allison Lee, Margaret Gould Stewart, as well as Jason Sattizahn in line with the ruling given our standing

requests.

Finally, we wanted to reach out regarding Arturo Bejar's deposition scheduled for Thursday, December 11. Given the ruling obligates you to produce further materials for Mr. Bejar, we are open to a modest postponement of Mr. Bejar's deposition to allow you to complete this production. (We also have not received any production from our requests in our deposition notice for Mr. Bejar's deposition.) Otherwise, we anticipate that we'll proceed with a further deposition of Mr. Bejar at a later date after your production is complete. Please confirm your position regarding Mr. Bejar's deposition and production as soon as possible.

Thanks,

David

---

**From:** Dhadialla, Karan <karan.dhadialla@bakerbotts.com>
**Sent:** Thursday, May 22, 2025 8:23 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Ward, Michael <michael.ward@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>
**Cc:** Sneed, David <DSneed@cov.com>; Jones, Phyllis <pajones@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Fernandez, Claudia <cfernandez@cov.com>
**Subject:** RE: MDL 3047 - Bejar, Jayakumar, Lee & Stewart Subpoenas from Meta

**[EXTERNAL]**

Ashley,

Thanks for following up. Upon review of Judge Kang's order denying your motion to compel, the substantial materials we have already produced in the spirit of attempted compromise, and the non-responsive nature of any remaining materials collected, we do not have any additional documents to produce.

With respect to direct written communications between plaintiffs' counsel and Mr. Bejar or Ms. Jayakumar, we have consistently represented that there would be few responsive documents. As you note in your e-mail, we had previously produced communications between Mr. Bejar and several Attorney General's Offices. And, we had previously mentioned that there was some communication between non-government Plaintiffs' counsel (Mr. Warren) and Ms. Jayakumar, but it is our understanding that Plaintiffs' counsel is asserting attorney work product protection over this communication and that the scope of that protection is currently being litigated by the parties. Please reach out to Mr. Warren if you would like to discuss their assertion of work product here.

With respect to substantive communications between Mr. Bejar or Ms. Jayakumar and the "named recipients," Judge Kang had ordered us to meet and confer regarding the scope of communications that may meet the heightened relevance standard required given that Meta's requests implicated First Amendment issues. Following Judge Kang's direction, we attempted to meet and confer in good faith about this, and Meta did not reach agreement with us about what scope of communications, if any, might be permissible. While we did make a proposal in the spirit of compromise, without accepting our proposal as a reasonable compromise, Meta opted to file an administrative motion for leave to challenge the Court's oral ruling on the First Amendment (and other issues) further.

The Court has now ruled on Meta's administrative motion and broadly sustained Mr. Bejar and Ms. Jayakumar's First Amendment objections with respect to the communications either had with former or current employees—including those who have already been identified. Given that we had previously not reached agreement regarding the permissible scope of the communications, and in light of the Court's Order finding that Meta has not met the heightened relevance standard required under the First Amendment to seek any such documents (to which we agree), Mr. Bejar and Ms. Jayakumar intend to stand on their objections and will not be producing any such documents.

Best,

Karan

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Tuesday, May 20, 2025 3:22 PM
**To:** Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Ward, Michael <michael.ward@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>
**Cc:** Sneed, David <DSneed@cov.com>; Jones, Phyllis <pajones@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Fernandez, Claudia <cfernandez@cov.com>
**Subject:** RE: MDL 3047 - Bejar, Jayakumar, Lee & Stewart Subpoenas from Meta
**[EXTERNAL EMAIL]**

Karan,
Following up on this. I'd appreciate a response to my question.
Thanks,
Ashley

**From:** Simonsen, Ashley M

**Sent:** Friday, May 16, 2025 4:59 PM
**To:** 'Dhadialla, Karan' <karan.dhadialla@bakerbotts.com>; Ward, Michael <michael.ward@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>
**Cc:** Sneed, David <DSneed@cov.com>; Jones, Phyllis <pajones@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Fernandez, Claudia <cfernandez@cov.com>
**Subject:** RE: MDL 3047 - Bejar, Jayakumar, Lee & Stewart Subpoenas from Meta

Thank you, Karan. By by "grounds already discussed," are you referring to your objections based on the whistleblower statutes and First Amendment, or something else (or something more)?

**From:** Dhadialla, Karan <karan.dhadialla@bakerbotts.com>
**Sent:** Friday, May 16, 2025 4:19 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Ward, Michael <michael.ward@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>
**Cc:** Sneed, David <DSneed@cov.com>; Jones, Phyllis <pajones@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Fernandez, Claudia <cfernandez@cov.com>
**Subject:** RE: MDL 3047 - Bejar, Jayakumar, Lee & Stewart Subpoenas from Meta
[EXTERNAL]
Ashley,
We have nothing left to produce on behalf of Mr. Bejar or Ms. Stewart in any of these categories and are not withholding any documents on any grounds not already discussed.
We have a small production on behalf of Ms. Jayakumar and a small production on behalf of Ms. Lee—both of which we plan to produce by the end of next week. We are not withholding any documents for either of them except on the grounds already discussed.
Have a good weekend,
Karan

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Wednesday, May 14, 2025 3:34 PM
**To:** Ward, Michael <michael.ward@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Dhadialla, Karan <karan.dhadialla@bakerbotts.com>
**Cc:** Sneed, David <DSneed@cov.com>; Jones, Phyllis <pajones@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Bobbitt, Cecilia

<CBobbitt@cov.com>; Fernandez, Claudia <cfernandez@cov.com>
**Subject:** MDL 3047 - Bejar, Jayakumar, Lee & Stewart Subpoenas from Meta

**[EXTERNAL EMAIL]**

Mike, all,

I hope you're doing well. I am following up on Meta's outstanding subpoenas to your clients Arturo Bejar, Vaishnavi Jayakumar, Allison Lee, and Margaret Gould Stewart.

As you know, we continue to await a ruling from Magistrate Judge Kang on Meta's motion for supplemental briefing regarding the discoverability of communications between Mr. Bejar and Ms. Jayakumar, on the one hand, and (1) current Meta employees and (2) former Meta employees not identified by name in Meta's subpoenas, on the other. MDL ECF No. 1815. Meta is willing to continue to hold its requests for such communications from Ms. Lee and Ms. Stewart (Request No. 1 in both subpoenas) in abeyance pending a ruling on that motion, but cannot accept any further delay in your production of the materials outlined below.

Please let me know your response to the below; I am also glad to get on a call to discuss if that would be helpful.

1. Communications between your clients and Plaintiffs' counsel (Bejar Request No. 12; Jayakumar Request No. 3; Lee Request No. 3; and Stewart Request No. 3):

    1. Mr. Bejar and Ms. Jayakumar: Mr. Bejar and Ms. Jayakumar previously agreed to produce their communications with both private- and government-side Plaintiffs' counsel in the Social Media MDL/JCCP and related State AG matters. Thus, you produced Mr. Bejar's communications with Motley Rice (in Motley Rice's capacity as counsel to Plaintiff in the New Mexico State AG matter) as well as other State AGs who are suing in the MDL (i.e., the Massachusetts, Mississippi, Nebraska, Tennessee, and Vermont AGs). On March 31, you also "promised to produce [Mr. Bejar and Ms. Jayakumar's] contacts with plaintiffs' counsel. I understand Jayakumar had one text from Previn Warren before retaining me. I think she still has that, and I will produce it. Bejar has a few emails from some AGs, and we are getting those bates stamped on Monday." However, your productions for Ms. Jayakumar and Mr. Bejar contain no communications between them and any of the private-side Plaintiffs' counsel identified in Meta's subpoenas (in their capacity as counsel to MDL/JCCP Plaintiffs) –

namely, Motley Rice, Seeger Weiss, Lieff Cabraser, and Morgan & Morgan. **Please confirm by the end of this week that Mr. Bejar and Ms. Jayakumar (1) have produced <u>all</u> of their communications with government-side Plaintiffs' counsel and (2) will produce by no later than the end of next week <u>all</u> communications with private-side Plaintiffs' counsel. If any communications have been or are withheld, please provide a log identifying the withheld communications and the basis for withholding them.**

2. <u>Ms. Lee and Ms. Stewart</u>: In their March 14 responses to Request No. 3 of Meta's subpoenas, Ms. Lee and Ms. Stewart said they would "search for and produce any non-privileged documents provided to [them] and communications with [them] by attorneys for the Plaintiff-Government-side in this action up until the listed compliance date of the Subpoena." Consistent with your agreement to produce Ms. Jayakumar's and Mr. Bejar's communications with both the private and government-side Plaintiffs' attorneys identified in Meta's subpoenas, **please confirm by the end of this week that Ms. Lee and Ms. Stewart will produce by no later than the end of next week any such communications with those Plaintiffs' attorneys by Ms. Lee or Ms. Stewart. If any communications are withheld, please provide a log identifying the withheld communications and the basis for withholding them.**

2. <u>Communications between your clients and the former employees identified by name in Meta's subpoenas (Bejar Request No. 10; Jayakumar Request No. 2; Lee Request No. 2; Stewart Request No. 2)</u>:

1. <u>Mr. Bejar and Ms. Jayakumar</u>: Consistent with Magistrate Judge Kang's guidance at the March DMC, Mr. Bejar and Ms. Jayakumar previously agreed to produce their communications with the former employees identified by name in Meta's subpoenas (listed below). **Please confirm by the end of this week that Mr. Bejar and Ms. Jayakumar have produced <u>all</u> such communications with those former employees. If any communications have been withheld, please provide a log identifying the withheld communications and the basis for withholding them.**

2. <u>Ms. Lee and Ms. Stewart</u>: Consistent with your agreement to produce Ms. Jayakumar's and Mr. Bejar's communications with the former employees identified by name in Meta's subpoenas (listed below), **please confirm by the end of this week that Ms. Lee and Ms. Stewart will produce by no later than the end of next week any communications with those former employees. If any communications are withheld, please provide a log identifying the withheld communications and the basis for withholding them.**

<u>Former Employees Identified by Name in Meta's Subpoenas:</u>

1. Arturo Bejar
2. Frances Haugen
3. KX Jin
4. Margaret Gould Stewart
5. Allison Lee
6. Samir Patel
7. Aza Raskin
8. Vaishnavi Jayakumar

Thank you,

**Ashley Simonsen**
Pronouns: She/Her/Hers

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4782 | asimonsen@cov.com
www.cov.com

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.