# Exhibit 7

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings, LLC;
Facebook Operations, LLC; Meta Payments Inc.
f/k/a Facebook Payments Inc.; Meta Platforms
Technologies, LLC f/k/a Facebook Technologies,
LLC; Instagram, LLC; and Siculus LLC f/k/a
Siculus, Inc.*

*Additional counsel listed on
signature pages*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*ALL ACTIONS* | MDL No. 3047<br><br>Case No.: 4:22-md-03047-YGR<br><br>**META DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SEVENTH SET OF INTERROGATORIES**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Defendants Meta Platforms, Inc., Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC, and Instagram, LLC (collectively, "Defendants" or "Meta"), by and through their attorneys, Covington & Burling, LLP, submit their responses and objections to  State Attorney General Plaintiffs' ("State AG Plaintiffs") Seventh Set of Interrogatories ("Interrogatories" or "the Interrogatory") served on April 4, 2025, as modified by the parties' May 9, 2025 agreement with deadlines extended by agreement on July 31, 2025.

Meta's response to the Interrogatory is made to the best of its current knowledge, information, and belief.  Meta reserves the right to supplement or amend any of its responses should future investigation indicate that such supplementation or amendment is necessary.

## STATEMENTS AND OBJECTIONS TO ALL INTERROGATORIES

1.        Meta objects to the Interrogatory to the extent that it differs from the parties' May 9, 2025 agreement with deadlines extended by agreement on July 31, 2025.  That agreement, in relevant part, requires Meta by November 7, 2025 to "[a]nswer ROG No. 34, providing a narrative description of the facts generally supporting each such affirmative defense identified in step 1(a)[1] (this would not be an overly/extremely detailed response)."

2.        Meta objects to the Interrogatory to the extent it does not describe each category of information with reasonable particularity, and/or is otherwise duplicative, vague, ambiguous, overbroad, unduly burdensome, and/or disproportionate to the needs of the litigation.  Where appropriate, Meta has provided definitions for ambiguous terms contained in the Interrogatory and/or clarified the scope of its response as indicated in the specific objections below.

3.        This response is based upon the best knowledge, information, and belief of Meta at this time.  Meta reserves the right to make further responses if it appears that any omission or error has been made in connection with this response or that more accurate information has become available.  This

---

[1] Step 1(a) required Meta to "[i]dentify which of the defenses listed in Meta's Answer to the Multistate AG Complaint . . . (a) are true affirmative defenses (as opposed to a defense that the AGs cannot satisfy their burden of proof as to elements of their claims) and (b) for which Meta currently expects to present evidence at trial for any of the AGs, and identify as to which State AG(s) Meta intends to raise each such affirmative defense."  Meta completed Step 1(a) via email on September 29, 2025.  This response reflects Meta's further narrowing of that preliminary list of affirmative defenses.

response is made without prejudice to the right of Meta to use in later discovery or to present at trial such evidence that may be later discovered or evaluated.

4.    Meta objects to the Interrogatory on the ground and to the extent it seeks a legal conclusion and/or would require Meta to reach a legal conclusion in order to prepare a response.

5.    Meta objects to the Interrogatory on the ground and to the extent that it calls for information more appropriately sought through other types of discovery, such as requests for production of documents, special interrogatories, and/or depositions.

6.    Meta objects to the Interrogatory on the ground and to the extent that it seeks confidential or proprietary business information, trade secrets, commercially sensitive information, or confidential personal information of Meta or a non-party.  Responsive, non privileged information, if discoverable, will be provided subject to the terms of the Protective Order entered by the Court.  Meta reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive information and/or to object to providing such information altogether if, for example, their relevance is substantially outweighed by the risk of harm posed by provision of the information in light of the protections available.

7.    Meta objects to the Interrogatory on the ground and to the extent that it seeks the disclosure of source code and/or information related to source code.  Discoverable source code and/or information related to source code will be provided subject to the terms of the Source Code Protective Order entered by the Court on February 27, 2025.

8.    Meta objects to the Interrogatory and accompanying Definitions and Instructions insofar as they seek to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of California, or any other applicable federal or state law. Meta will comply with applicable rules, laws, and court orders.

9.    Meta objects to the Interrogatory on the ground and to the extent it purports to impose duties or requirements on Meta beyond those contained in the ESI Order and other orders, rules, or agreements applicable to this case.

META DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SEVENTH SET OF INTERROGATORIES
4:22-md-03047-YGR

10. The following response is made subject to all objections of competence, relevance, materiality, propriety, and admissibility and is subject to all objections that would require the exclusion of any statement, material, or information provided if such discovery request was asked of, or any statement, material, or information provided was made by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial.

11. Meta's response is made without waiving or intending to waive (a) the right to object on any ground to the use of this response, or its subject matter, in any subsequent proceeding or the trial of this or any other action; (b) the right to object to a demand for further responses to this or any other discovery involving or related to the subject matter of the Interrogatory; and (c) the right at any time to revise, correct, add to, or clarify any or all of the objections.

12. Meta objects to the Interrogatory on the ground and to the extent that it seeks information protected from disclosure by any applicable privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or protection. Any production or disclosure of privileged or protected information does not result in the waiver of any privilege or protection, including subject matter waiver, associated with such privileged or protected information. *See* Dkt. No. 248 at 1. To the extent Meta withholds information it has identified in response to the Interrogatory, based on such an assertion of privilege, Meta will produce a privilege log pursuant to the Privilege Log Protocol entered by the Court.

13. Meta objects to the Interrogatory on the ground and to the extent it calls for information that is outside of its possession, custody, or control and on the ground and to the extent it seeks information that is already in Plaintiffs' possession, custody, or control; information that is a matter of public record; or information that is available to Plaintiffs from public sources.

14. Meta objects to the Interrogatory on the ground and to the extent it seeks information that is not relevant to any party's claim or defense and/or is overbroad, unduly burdensome, and not proportional to the needs of the case. In responding to the Interrogatory, Meta does not concede the relevance or admissibility of the information sought and reserves the right to seek to exclude such information.

15. Meta objects to the Interrogatory on the ground and to the extent that it seeks information relating to or policies applicable to users located outside of the United States and/or features not available

in the United States.  Meta will provide information relating only to and policies applicable only to users in the United States.

16.     Meta's interpretation of Plaintiffs' Interrogatory is indicated in its specific responses and objections to the Interrogatory, including whether Meta objects on the grounds that the Interrogatory is vague, ambiguous, and/or overly broad.

17.     Meta objects to the Interrogatory on the ground and to the extent that it seeks documents or other materials that are not related to Youth Users or implicated features or addictive/compulsive use or harms to mental health.  Meta will generally interpret Youth Users to mean users that are at least 13 years of age and under the age of 18.

18.     Meta objects to the Interrogatory on the ground and to the extent that it seeks information regarding users under the age of 13, as Meta does not permit individuals under 13 to access Facebook or Instagram.

19.     Meta objects to the Interrogatory to the extent that it seeks information that Meta does not maintain in the ordinary course of business in the form requested, that does not exist or is not in Meta's possession, and/or that would be unduly burdensome and not proportional to the needs of the case to provide.

20.     Meta objects to the Interrogatory to the extent that it calls for information that is properly the subject of expert testimony.  Meta has served and will continue to serve expert opinions in accordance with the applicable discovery rules and the Court's Case Management Orders.

### OBJECTIONS TO DEFINED TERMS AND INSTRUCTIONS

21.     Meta objects to Definition No. 1 ("Document" and "Documents) as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it imposes obligations beyond those required under the Discovery Rules or purports to require the disclosure of source code and/or information related to source code.  Discoverable source code and/or information related to source code will be provided subject to the terms of the Source Code Protective Order entered by the Court on February 27, 2025.

22.	Meta objects to Definition No. 2 ("State the Factual Basis") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it imposes obligations beyond those required under the Discovery Rules.  Meta further objects to Definition No. 2 to the extent that it differs from the parties' May 9, 2025 agreement with deadlines extended by agreement on July 31, 2025.  That agreement, in relevant part, requires Meta by November 7, 2025 to "[a]nswer ROG No. 34, providing a narrative description of the facts generally supporting each such affirmative defense identified in step 1(a) (this would not be an overly/extremely detailed response)."  *See also supra* n.1.

23.	Meta objects to Definition No. 3 ("You," "Your," "Defendant," or "Defendants") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it includes entities and individuals over which Meta exercises no control or includes subsidiaries or affiliate services that are not at issue in this action.  Meta interprets these terms for the purposes of these responses as limited to Facebook and Instagram, the only platforms at issue in Plaintiffs' operative complaint.

24.	Meta objects to Instruction No. 8's privilege logging instructions to the extent that they purport to impose duties or requirements on Meta beyond those contained in the Privilege Log Protocol in this MDL (*see* ECF No. 740 Section III).  To the extent that Meta withholds documents it has identified in response to any Interrogatory based on such an assertion of privilege, Meta will produce a privilege log pursuant to the Privilege Log Protocol.

25.	Meta objects to Instruction No. 10's characterization of the "Relevant Time Period" ("the date You first researched, designed, or developed Your social media platform or any of its predecessors to the present") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.  Since the term is overbroad and ambiguous, and unless otherwise specified in response to a particular Interrogatory, Meta will construe the relevant time period as the period(s) ordered

by Judge Kang in DMO No. 7 (i.e., January 1, 2012 – April 1, 2024 generally with other time periods for specific features).

26.    By responding to the Interrogatory with a defined term, Meta is not by implication agreeing with any such definition.

27.    Meta is willing to meet and confer concerning the Interrogatory and this response.

## INTERROGATORIES

### INTERROGATORY 34:

Identify which plaintiff-specific affirmative defenses You will be asserting as to each State AG plaintiff and state the factual basis for each one.

### RESPONSE:

Meta incorporates its Statements and Objections to All Interrogatories and Objections to Defined Terms and Instructions by reference as though fully set forth herein.

Meta objects to this Interrogatory to the extent that it differs from the parties' May 9, 2025 agreement with deadlines extended by agreement on July 31, 2025.  That agreement, in relevant part, requires Meta by November 7, 2025 to "[a]nswer ROG No. 34, providing a narrative description of the facts generally supporting each such affirmative defense identified in step 1(a) (this would not be an overly/extremely detailed response)."

Meta further objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "the factual basis" for dozens of affirmative defenses.  *See, e.g.*, *Haggarty v. Wells Fargo Bank, N.A.,* No. 10–2416 CRB (JSC), 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012) (contention interrogatories that "require a party to state 'every fact' or 'all facts' supporting identified allegations or defenses" are "often overly broad and unduly burdensome" (citation and internal quotations omitted)); *Bovarie v. Schwarzenegger*, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *1 (S.D. Cal. Feb. 22, 2011) (interrogatory "seeking every fact that underlies every affirmative defense is unduly burdensome").

Meta further objects to this Interrogatory on the ground that its use of the undefined terms and phrases "Identify," "plaintiff-specific," "affirmative defenses," "asserting," and "factual basis" renders this Interrogatory vague and ambiguous.

Meta further objects to the Interrogatory on the ground and to the extent it seeks a legal conclusion and/or would require Meta to reach a legal conclusion in order to prepare a response.

Meta further objects to the Interrogatory on the ground and to the extent that it calls for information more appropriately sought through other types of discovery, such as requests for production of documents, special interrogatories, and/or depositions.

Meta further objects to the Interrogatory and accompanying Definitions and Instructions insofar as they seek to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of California, or any other applicable federal or state law.  Meta will comply with applicable rules, laws, and court orders.

Meta further objects to the Interrogatory on the ground and to the extent it purports to impose duties or requirements on Meta beyond those contained in the ESI Order and other orders, rules, or agreements applicable to this case.

Meta further objects to the Interrogatory on the ground and to the extent that it seeks information protected from disclosure by any applicable privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or protection.  Any production or disclosure of privileged or protected information does not result in the waiver of any privilege or protection, including subject matter waiver, associated with such privileged or protected information.  *See* Dkt. No. 248 at 1.  To the extent Meta withholds information it has identified in response to the Interrogatory, based on such an assertion of privilege, Meta will produce a privilege log pursuant to the Privilege Log Protocol entered by the Court.

Meta further objects to the Interrogatory on the ground and to the extent it calls for information that is outside of its possession, custody, or control and on the ground and to the extent it seeks information that is already in Plaintiffs' possession, custody, or control; information that is a matter of public record; or information that is available to Plaintiffs from public sources.

Meta further objects to the Interrogatory to the extent that it seeks information that Meta does not maintain in the ordinary course of business in the form requested, that does not exist or is not in Meta's possession, and/or that would be unduly burdensome and not proportional to the needs of the case to provide.

Meta further objects to this Interrogatory on the ground that many of these defenses are primarily legal in nature and on the ground and to the extent that these defenses are based on a lack of evidence.

The following response is made subject to all objections of competence, relevance, materiality, propriety, and admissibility and is subject to all objections that would require the exclusion of any statement, material, or information provided if such discovery request was asked of, or any statement, material, or information provided was made by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial.

Meta further objects to this Interrogatory to the extent that it calls for information that is properly the subject of expert testimony. Meta has served and will continue to serve expert opinions in accordance with the applicable discovery rules and the Court's Case Management Orders.

Meta's response is made without waiving or intending to waive (a) the right to object on any ground to the use of this response, or its subject matter, in any subsequent proceeding or the trial of this or any other action; (b) the right to object to a demand for further responses to this or any other discovery involving or related to the subject matter of the Interrogatory; and (c) the right at any time to revise, correct, add to, or clarify any or all of the objections.

Subject to and without waiving the foregoing General and Specific Objections, Meta provides the following response:

- **Puffery or opinion**: "Plaintiffs' claims fail, in whole or in part, to the extent that they are based on nonactionable statements of puffery or opinion, rather tha[n] statements of fact." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 2.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff asserting a consumer protection claim or claims. The facts generally supporting this affirmative defense will depend on the specific statement(s) that each State AG Plaintiff relies on at trial, but may include, without limitation, that: when viewed in their full context, Meta's statements were opinions; a reasonable

9

person would recognize that Meta's statements were opinions; Meta's statements were general and unmeasurable or unquantifiable; and a reasonable person would not have interpreted Meta's statements as reliable statements of fact.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Petitioning statements made to Congress**: "Plaintiffs' claims fail, in whole or in part, to the extent that they are based on petitioning statements made to Congress." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 4.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff asserting a consumer protection claim or claims.  The facts generally supporting this affirmative defense will depend on the specific statement(s) that each State AG Plaintiff relies on at trial, but may include, without limitation, that:  the statements themselves reflect that they were made to Congress for the purpose of obtaining or influencing government action; the testifying witness made the statements to Congress for the purpose of obtaining or influencing government action; and the State AG Plaintiffs' claims regarding Meta employees' testimony to Congress seek to restrict Meta's (and those employees') right to petition Congress.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Contributory and/or comparative fault**: "A percentage of the alleged harm, if proven, is attributable to the conduct of users of Meta's services, and/or others acting on their behalf. Plaintiffs' claims are barred and/or Plaintiffs' recovery must be reduced, in whole or in part, because users' alleged injuries were caused by the contributory or comparative fault of users, and/or others acting on their behalf and because the principle of secondary assumption of risk applies to Plaintiffs' claims." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 6.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff except Maine because Maine does not seek monetary relief.  The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that:  users were negligent; users did not read relevant warnings; users sought out and engaged with allegedly harmful content; users violated Meta's Terms of Service and/or Terms of

Use; State AG Plaintiffs facilitated and/or encouraged use of social media among adolescents; State AG Plaintiffs facilitated and/or encouraged the use of, and themselves used, Facebook and Instagram to communicate with adolescents; State AG Plaintiffs allocated resources to expand access to and promote the use of social media among adolescents; and State AG Plaintiffs did not discourage or warn against adolescent use of Facebook, Instagram, or other social media despite claiming that such use caused harms.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Harm alleged as result of the use of a non-party good, product, service or intangible**: "Meta is not liable for any harm alleged by Plaintiffs that users of Meta's services sustained as a result of the use of any non-party's website, app, online service, or other good, product, service or intangible." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 7.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff asserting a consumer protection claim or claims. The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that: users used a third party's good, product, service, or intangible, such as a smart phone; it was that third party's good, product, service, or intangible that caused the users' alleged injuries; and Meta's platforms did not cause the users' alleged injuries. Meta further directs State AG Plaintiffs to the facts, documents, opinions, and studies set forth in the expert reports prepared by Auerbach, Baiocchi, Berman, Ferrera, Honaker, Rogers, Shear, Starr, Birnholtz, Gotlib, Memon, Platt, Patten, and Gibbons served on the State AG Plaintiffs in this action, and those experts' testimony in this action.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Independent, intervening, and/or superseding causes**: "The alleged harms, in whole or in part, resulted from independent, intervening, and/or superseding causes, for which Meta is not legally responsible and which were not foreseeable. Meta has no duty to protect users of Meta's services from intentional criminal acts of third persons, which are superseding causes that extinguish any liability." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 8.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff asserting a consumer protection claim or claims.  The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that:  third-party conduct contributed to any alleged harm or injury alleged to have been caused by Meta's platforms; that the third party acted intentionally and/or criminally; the kind of harm caused by those third-party actions is different than the kind of harm that could reasonably be expected from alleged misconduct by Meta; Meta did not know, and had no reason to expect, those third parties to act as they did; and that reasonable people would not expect those third parties to act as they did.  The facts further supporting this affirmative defense include documents, testimony, and expert evidence showing that negative adolescent mental health outcomes may be caused by a variety of different factors that are not related to use of Facebook or Instagram, including but not limited to Adverse Childhood Experiences; the COVID-19 pandemic and related lockdowns and closures; disruption of youth support networks; social isolation; academic and peer pressure; political polarization; bullying and peer abuse; toxic exposures and stress; physical, emotional, and sexual abuse; alcohol use; substance abuse; the opioid and fentanyl epidemic; family and peer conflict, trauma, and neglect; natural disasters; anxiety regarding climate change and the future; global conflict; poverty and income disparities and insecurity; homelessness; familial and housing instability; discrimination; food insecurity; gun violence; violence and fear of violence; changes in diagnostic criteria; inaccessibility of medical/psychiatric care; cultural transformations; pubertal timing; pre-existing psychiatric conditions and family history; among other alternative causes.

Additionally, facts further supporting this affirmative defense include documents and testimony showing that the State AG Plaintiffs facilitated and/or encouraged use of social media among adolescents; facilitated and/or encouraged the use of, and themselves used, Facebook and Instagram to communicate with adolescents; allocated resources to expand access to and promote the use of social media among adolescents; and did not discourage or warn against adolescent use of Facebook, Instagram, or other social media despite claiming that such use caused harms.  Meta further directs State AG Plaintiffs to the facts, documents, opinions, and studies set forth in the expert reports prepared by Auerbach, Baiocchi, Berman,

Ferrera, Honaker, Rogers, Shear, Starr, Birnholtz, Gotlib, Memon, Platt, Patten, and Gibbons that Meta served on the State AG Plaintiffs in this action, and those experts' testimony in this action.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Lack of duty of care in regard to the alleged inherent risks of Meta's services and primary assumption of risk**: "Meta owes no duty of care toward users of Meta's services in regard to the alleged inherent risks of Meta's services, and any recovery against Meta is barred or limited under the principle of primary assumption of risk, both express and implied." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 9.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff asserting a consumer protection claim or claims. The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that: users received and comprehended warnings prior to using Meta's platforms; users experienced any harms alleged by voluntarily using Meta's platforms after receiving such warnings; users contractually assumed risk through terms of service or a form of acquiescence; and users violated Meta's Terms of Service and/or Terms of Use.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Misuse, unauthorized use, criminal use, unintended use, unforeseeable use and/or improper use of the service(s)**: "Users' alleged injuries and harm, if any, were caused or contributed to, directly and proximately, in whole or in part, by misuse, unauthorized use, criminal use, unintended use, unforeseeable use and/or improper use of the service(s) at issue in this matter." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 10.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff. The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that: users misused Meta's platforms, including through unauthorized, criminal, unintended, unforeseeable, and/or improper use of the platforms, including by improperly signing up when they were under the age of 13 by misrepresenting their age to Meta; the users' misuse of Meta's platforms was unforeseeable; users did not use Meta's

13

platforms as normally intended; the misuse of Meta's platforms caused the alleged harm or injuries, either in whole or in part; and users violated Meta's Terms of Service and/or Terms of Use.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Equitable doctrine of unclean hands**: "Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands, including to the extent Plaintiffs' claims are brought despite violations by users of Meta's Terms of Service and/or Terms of Use." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 11.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff. The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that: users violated Meta's Terms of Service and/or Terms of Use; users misused Meta's platforms, including through unauthorized, criminal, unintended, unforeseeable, and/or improper use of the platforms, including by improperly signing up when they were under the age of 13 by misrepresenting their age to Meta; State AG Plaintiffs facilitated and/or encouraged use of social media among adolescents; State AG Plaintiffs facilitated and/or encouraged the use of, and themselves used, Facebook and Instagram to communicate with adolescents; State AG Plaintiffs allocated resources to expand access to and promote the use of social media among adolescents; and State AG Plaintiffs did not discourage or warn against adolescent use of Facebook, Instagram, or other social media despite claiming that such use caused harms.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Illicit use or abuse of Meta's services through conduct that was fraudulent, illegal, or otherwise improper**: "The alleged harms, if any, were due to illicit use or abuse of Meta's services through conduct that was fraudulent, illegal, or otherwise improper. Meta's services were and continue to be age- restricted. Users who began using Meta's services below the permitted age unlawfully obtained Meta's services while underage and through the use of deception, fraud, or other improper conduct, such as through misrepresentation of their true ages, use of fake identification, or attempts to circumvent age- gating technology." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 12.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff. The facts generally supporting this affirmative defense will depend on the specific facts that each State

AG Plaintiff relies on at trial, but may include, without limitation, that:  users illicitly used or abused Meta's services through fraudulent, illegal, or otherwise improper conduct; users, including persons under age 13, unlawfully and/or improperly obtained access to Meta's services through misrepresenting their true ages, using fake identifications, or attempting to circumvent age-gating technology; and users violated Meta's Terms of Service and/or Terms of Use.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Preemption**: "Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claims are expressly or impliedly preempted, in whole or in part, by federal or Plaintiff States' law. Plaintiffs' claims are also preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, including the Communications Decency Act." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 13.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff. The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that:  the States AGs' claims seek to hold Meta liable for actions taken voluntarily in connection with good faith content moderation efforts and the claims seek to treat Meta as a publisher or speaker of information provided by third parties, including by challenging app features that are not independent of Meta's role as a publisher of third-party content.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **First Amendment and Plaintiff States' constitutions**: "Plaintiffs' claims are barred, in whole or in part, to the extent they seek to impose sanctions on Meta for engaging in protected activity (including but not limited to the organization, display, and dissemination of content) under the First Amendment to the United States Constitution and similar provisions of the Plaintiff States' constitutions. Moreover, the representations or statements alleged to have been made were statements of opinion, were true and accurate at the time made and/or otherwise were made in good faith, with a reasonable belief as to their validity and accuracy and with a reasonable belief that all conduct was lawful." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 14.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff. The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that:  the challenged features are an exercise of Meta's editorial discretion and First Amendment rights; the challenged features disseminate third-party content; the challenged representations were statements of opinion; the lack of research or data in each State AG Plaintiff's state identifying the use of social media (including Facebook or Instagram) and/or any social media features (including Facebook or Instagram features) as a cause of negative adolescent mental health outcomes; and State AG Plaintiffs' allegations of harm are based on the content produced by third parties rather than specific features of Facebook or Instagram.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Communications Decency Act**: "Plaintiffs' claims are barred in whole or in part by the Communications Decency Act. See 47 U.S.C. § 230(c)(1)." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 15.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff. The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that:  the claims seek to treat Meta as a publisher or speaker of information provided by third parties, including by challenging app features that are not independent of Meta's role as a publisher of third-party content; the alleged harms stemmed from exposure to third-party content; the lack of research or data in each Plaintiff State identifying the use of social media (including Facebook or Instagram) and/or any social media features (including Facebook or Instagram features) as a cause of negative adolescent mental health outcomes; and State AG Plaintiffs' allegations of harm are based on the content produced by third parties rather than specific features of Facebook or Instagram.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Users' failure to avoid or mitigate harm**: "Plaintiffs are barred from recovery to the extent of users' failure to avoid or mitigate harm, including but not limited to users' failure to cease using Meta's services; failure to seek medical or other assistance in an effort to cease using Meta's services; or failure to otherwise seek medical or other assistance in an effort to address users' alleged injuries or harm." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 16.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff except Maine because Maine does not seek monetary relief. The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that: users' alleged injuries, harm, and/or damages could have been avoided by reasonable effort or expenditure; users failed to take reasonable steps to mitigate or minimize the alleged injuries, harm, and/or damages purportedly sustained by use of Meta's services; and efforts taken by users to mitigate or minimize the alleged injuries, harm, and/or damages purportedly sustained by use of Meta's services were not reasonable. Additionally, State AG Plaintiffs facilitated and/or encouraged use of social media among adolescents; facilitated and/or encouraged the use of, and themselves used, Facebook and Instagram to communicate with adolescents; allocated resources to expand access to and promote the use of social media among adolescents; and did not discourage or warn against adolescent use of Facebook, Instagram, or other social media despite claiming that such use caused harms.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Duplicative relief for the same conduct**: "Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek duplicative relief for the same conduct." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 17.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff except Maine because Maine does not seek monetary relief. The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that: the State AG Plaintiffs seek to recover for similar relief to that sought by consumers in individual actions; there is substantial overlap between harms alleged by the AGs on different legal theories; the AGs would receive a windfall if they received all of their requested remedies; and the AGs seek to disgorge the same profits and/or revenues several times over.

17

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Statutes of limitations and repose**: "Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and of repose. Plaintiffs' claims are based on alleged acts or omissions that occurred before any applicable limitations period and thus are time-barred." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 20.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff. The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that: the alleged misstatements occurred more than 3 to 10 years before the Complaint was filed; the alleged unfair practices remaining in the case began more than 3 to 10 years before the Complaint was filed; members of the academic and scientific community expressed concerns about purported harms of social media more than 3 to 10 years before the Complaint was filed; and the alleged violative conduct occurred more than 3 to 10 years before the Complaint was filed.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Bona fide error**: "Recovery for Plaintiffs' alleged harm should be limited insofar as Plaintiff States' consumer protection statutes provide Meta the opportunity to show by a preponderance of the evidence that such violation resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 21.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff asserting a consumer protection claim or claims. The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that: Meta maintains procedures that were reasonably adopted to avoid violations; any alleged harm arising from Meta's conduct or statements resulted from a bona fide error despite the maintenance of such reasonably adopted procedures; and Meta's conduct or statements were not intentional and resulted from a bona fide error.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs**: "Meta asserts its right to a proportionate reduction of any recovery found against Meta based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 22.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff except Maine because Maine does not seek monetary relief.  The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that:  the alleged harm was caused by the users' negligence and that the alleged harm was caused by third parties.  Additionally, documents and testimony show that the State AG Plaintiffs facilitated and/or encouraged use of social media among adolescents; facilitated and/or encouraged the use of, and themselves used, Facebook and Instagram to communicate with adolescents; allocated resources to expand access to and promote the use of social media among adolescents; and did not discourage or warn against adolescent use of Facebook, Instagram, or other social media despite claiming that such use caused harms.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Alleged harm caused by persons and/or entities not within Meta's control**: "Recovery for Plaintiffs' alleged harm should be barred or reduced to the extent such harm was caused by (A) content created by persons and/or entities not within Meta's control and/or (B) changes and/or alterations to Meta's products made by persons and/or entities not within Meta's control." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 23.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff except Maine because Maine does not seek monetary relief.  The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that:  nonparty tortfeasors caused any alleged harm; for unfairness claims, evidence that alleged harm stemming from challenged features was caused by third parties outside of Meta's control, such as by the  consumption of third-party content; and for deception claims, evidence

19

that alleged harm from alleged misrepresentations or omissions was caused by third parties outside of Meta's control. Additionally, documents and testimony shows that the State AG Plaintiffs facilitated and/or encouraged use of social media among adolescents; facilitated and/or encouraged the use of, and themselves used, Facebook and Instagram to communicate with adolescents; allocated resources to expand access to and promote the use of social media among adolescents; and did not discourage or warn against adolescent use of Facebook, Instagram, or other social media despite claiming that such use caused harms. Meta further directs State AG Plaintiffs to the facts, documents, opinions, and studies set forth in the expert reports prepared by Auerbach, Baiocchi, Berman, Ferrera, Honaker, Rogers, Shear, Starr, Birnholtz, Gotlib, Memon, Platt, Patten, and Gibbons served on the State AG Plaintiffs in this action, and those experts' testimony in this action.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Unjust Enrichment**: "Plaintiffs' claims for relief are barred to the extent that Meta users would be unjustly enriched if they recovered any monetary relief on such claims." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 24.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff except Maine because Maine does not seek monetary relief. The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, documents, testimonial, and expert evidence that: users violated Meta's Terms of Service and/or Terms of Use; users misused Meta's platforms, including through unauthorized, criminal, unintended, unforeseeable, and/or improper use of the platforms, including by improperly signing up when they were under the age of 13 by misrepresenting their age to Meta; State AG Plaintiffs facilitated and/or encouraged use of social media among adolescents; State AG Plaintiffs facilitated and/or encouraged the use of, and themselves used, Facebook and Instagram to communicate with adolescents; State AG Plaintiffs allocated resources to expand access to and promote the use of social media among adolescents; and State AG Plaintiffs did not discourage or warn against adolescent use of Facebook, Instagram, or other social media despite claiming that such use caused harms.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Meta appropriately, completely, and fully discharged any and all obligations**: "Meta appropriately, completely, and fully discharged any and all obligations arising out of the matters alleged in the Complaint." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 26.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff. The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that:  Meta was in a contractual relationship with the State AG Plaintiffs, or the citizens of the State AG Plaintiffs' states (the "state citizens"); Meta owed a contractual duty to the State AG Plaintiffs or state citizens, but the State AG Plaintiffs or state citizens materially breached the underlying contract and relieved Meta of its obligation to perform; Meta provided warnings adequate under applicable products liability law to consumers; the State AG Plaintiffs, or state citizens, agreed to accept something less than that to which they were entitled, and that Meta delivered it in full satisfaction of preexisting obligations; and Meta met all of its obligations under the contracts between it and its users.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Derivative claims**: "Plaintiffs' claims are barred in whole or in part because they are derivative of claims that could be asserted, if at all, by users of Meta's services, and/or by their parents or guardians." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 28.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff asserting a consumer protection claim or claims.  The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that:  Plaintiffs are suing on behalf of particular private parties who could achieve complete relief if they brought their own suit(s) and the states lack their own interest in the litigation apart from the interests of the affected consumers in the litigation.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Conduct alleged in the Complaint was consented to and/or ratified**: "The conduct alleged in the Complaint was consented to and/or ratified." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 30.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff. The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that:  Meta disclosed that the alleged harm could occur such as through its terms of service and information published on its website and elsewhere and a reasonable person would have understood those disclosures; users knew of the potential for injury of the kind alleged by using Meta's services; Meta's disclosures or their users' expectation of the risk was not tainted by deceit or misrepresentation; Meta's users had the capacity to consent; and users violated Meta's Terms of Service and/or Terms of Use.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Conduct alleged was contemplated by contracts and/or agreements that users of Meta's services entered into with Meta or third parties**: "Plaintiffs' claims are barred in whole or in part because the conduct alleged in the Complaint was contemplated by contracts and/or agreements that users of Meta's services entered into with Meta or third parties." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 31.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff. The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that:  the conduct identified by State AG Plaintiffs was contemplated by contracts and/or agreements that users of Meta's services entered into with Meta or third parties; and users violated Meta's Terms of Service and/or Terms of Use.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Agents, employees, or contractors acting outside the scope of their agency, employment, or contract with Meta**: "To the extent any agents, employees, or contractors of Meta caused any of the injuries or harm alleged by Plaintiffs and such agents, employees, or contractors were acting outside the scope of their agency, employment, or contract with Meta, any recovery against Meta must be reduced by the proportionate fault of such agents, employees, or contractors." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 33.)

22

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff except Maine because Maine does not seek monetary relief. The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, evidence: regarding which Meta employees are alleged to have made misrepresentations or engaged in deceptive conduct; about those individuals' scope of employment responsibilities and what each such employee is authorized to do; and that the alleged conduct did not occur within the scope of the person's employment responsibilities because the conduct was not for the purpose of or incidental to the business of Meta.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Alleged acts, omissions, or conduct done with justification**: "Plaintiffs' claims are barred, in whole or in part, because to the extent Meta engaged in any of the alleged acts, omissions, or conduct, it did so with justification." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 34.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff. The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that: Meta engaged in any of the alleged acts, omissions, or conduct in good faith; and Meta had legitimate justifications for the alleged acts, omissions, or conduct, which may include, without limitation, law enforcement, national security, intelligence, and business justifications.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Conformity with all state and federal statutes, regulations, and industry standards**: "The claims asserted in the Complaint are barred, in whole or in part, because the activities of Meta alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant times alleged in the Complaint." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 36.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff. The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, evidence: regarding specific statutes,

23

regulations, or industry standards that are applicable to the States' claims; that Meta's actions (including the design of its platforms) complied with specific statutes, regulations, or industry standards that are applicable to the States' claims; and that Meta's actions (including the design of its platforms) were undertaken with consideration of specific statutes, regulations, or industry standards that are applicable to the States' claims.  Meta further directs State AG Plaintiffs to the facts, documents, opinions, and studies set forth in the expert reports prepared by Ferrera, Birnholtz, Memon, Rogers, and Starr.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Compliance and conformity with the generally recognized state of the art at the time**: "Plaintiffs may not recover from Meta because the methods, standards, or techniques of designing and making available the services at issue complied with and were in conformity with the generally recognized state of the art at the time the services were designed and made available to users." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 37.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff. The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, evidence:  regarding industry best practices; that the methods, standards, or techniques underlying the design of Meta's services and the availability of those services comply with the best practices of the industry; and that Meta considered the industry's best practices in designing its platforms and making them available to users.  Meta further directs State AG Plaintiffs to the facts, documents, opinions, and studies set forth in the expert reports prepared by Ferrera, Birnholtz, Memon, Rogers, and Starr.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Meta is not liable for statements or omissions in the written materials of app stores**: "Meta is not liable for statements or omissions in the written materials of app stores through which Meta's services were made available to users." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 40.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff asserting a consumer protection claim or claims.  The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that:  State AG Plaintiffs' allegations are based on written materials in app stores through which Meta's services were made available to users; Meta did not make the statements or omissions in the written materials in app stores through which Meta's services were made available to users; and Meta did not publish the statements or omissions in the written materials in app stores through which Meta's services were made available to users.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Doctrines of acquiescence, settlement, and release**: "Plaintiffs' claims are barred, in whole or in part, by the doctrines of acquiescence, settlement, and release." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 41.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff. The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that the State AG Plaintiffs facilitated and/or encouraged use of social media among adolescents; facilitated and/or encouraged the use of, and themselves used, Facebook and Instagram to communicate with adolescents; allocated resources to expand access to and promote the use of social media among adolescents; and did not discourage or warn against adolescent use of Facebook, Instagram, or other social media despite claiming that such use caused harms; and the existence of any settlement or release between users and Meta, or the States and Meta.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Dormant Commerce Clause of the United States Constitution**: "Plaintiffs' claims are barred in whole or in part by the dormant Commerce Clause of the United States Constitution." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 42.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff asserting a consumer protection claim or claims.  The facts generally supporting this affirmative defense

will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that:  the states' consumer protection laws treat out-of-state entities worse than in-state entities; the states' consumer protection laws impose substantial burdens on interstate commerce; and the alleged misconduct occurred outside a given state.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Separation of powers doctrine**: "Plaintiffs' claims are barred or limited by the separation of powers doctrine to the extent that they raise political or policy issues, not legal or constitutional ones." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 44.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff asserting a consumer protection claim or claims.  The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that:  the relief requested by Plaintiffs would lack judicially administrable standards and that adjudicating the case would interfere with the powers of a coordinate branch of government by requiring the court to engage in policymaking.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Plaintiff States' consumer protection statutes exempt from liability publishers, broadcasters or other persons who publish, broadcast, or reproduce material without knowledge of its allegedly deceptive character**: "Plaintiffs' consumer protection claims fail, in whole or in part, to the extent that Plaintiff States' consumer protection statutes exempt from liability publishers, broadcasters or other persons who publish, broadcast, or reproduce material without knowledge of its allegedly deceptive character." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 45.)

Meta currently expects to present evidence at trial for this defense at least as to the following State AG Plaintiffs: Colorado, Connecticut, Delaware, Illinois, Kansas, Kentucky, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, North Carolina, South Carolina, and Virginia.  The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that:  Meta is a publisher of third-party content; Plaintiff

States' admission that their allegations of harm are based on the content produced by third parties rather than specific features of Facebook or Instagram; and the State AGs seek to hold Meta liable for harms from such third-party content.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Reduction in any verdict or judgment by those amounts that have already or will in the future indemnify Plaintiffs or any claimed economic loss from any collateral source and/or claims barred to the extent they seek to recover any damages, restitution, costs, or other payments that have been reimbursed, paid, or borne by other persons or entities**: "Any verdict or judgment that might be recovered by Plaintiffs must be reduced by those amounts that have already or will in the future indemnify Plaintiffs in whole or in part for any past or future claimed economic loss from any collateral source, such as insurance, social security, workers' compensation, taxes, or employee benefit programs. Further, Plaintiffs' claims are barred, in whole or in part, to the extent they seek to recover any damages, restitution, costs, or other payments that have been reimbursed, paid, or borne by other persons or entities. Any verdict or judgment that might be recovered must be reduced by those amounts that already have been or will in the future, with reasonable certainty, be paid to Plaintiffs by others." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 46.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff except Maine because Maine does not seek monetary relief.  The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that:  consumers are seeking funds to cover any damages or costs they have borne as a result of the alleged misconduct and that insurers have covered costs the State AGs seek to recover on behalf of consumers.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Setoff for any and all sums of money received or available from or on behalf of any torteasor(s) or the same injuries alleged in Plaintiffs' Complaint**: "Should Meta be held liable to Plaintiffs, which liability is specifically denied, Meta would be entitled to a setoff for any and all sums of money received or available from or on behalf of any tortfeasor(s) for the same injuries alleged in Plaintiffs' Complaint." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 47.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff except Maine because Maine does not seek monetary relief.  The facts generally supporting this

affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that:  nonparty tortfeasors contributed to any alleged harm; citizens of the State AG Plaintiffs' states have independently settled claims with those nonparties arising from the same (or substantially similar) allegations as those the State AG Plaintiffs make against Meta and/or the State AG Plaintiffs have independently settled claims with those nonparties arising from the same (or substantially similar) allegations as those the State AG Plaintiffs make against Meta; and the State AG Plaintiffs, or citizens of the State AG Plaintiffs' states, have already received compensation for the alleged injuries from other third-party sources, such as insurance companies.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

- **Equitable doctrine of laches**: "Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches to the extent that Plaintiffs unreasonably delayed before pursuing their purported claims." (Meta's Amended Answer to the State AG Master Complaint, Affirmative and Other Defenses para. 50.)

Meta currently expects to present evidence at trial for this defense as to each State AG Plaintiff other than Colorado, Connecticut, Illinois, Indiana, Kansas, Kentucky, Louisiana, Nebraska, New York, Pennsylvania, and Wisconsin, except to the extent that the State AG Plaintiffs of those states seek recovery on behalf of consumers.  The facts generally supporting this affirmative defense will depend on the specific facts that each State AG Plaintiff relies on at trial, but may include, without limitation, that: misstatements alleged by the State AG Plaintiffs for which they seek to hold Meta liable were made long before the Complaint was filed; the alleged unfair practices remaining in the case and alleged harms from those features were publicly known long before the Complaint was filed; and members of the academic and scientific community expressed concerns about purported harms of social media long before the Complaint was filed.

Meta reserves the right to supplement or amend its response should future investigation indicate that such supplementation or amendment is necessary.

DATED:  November 7, 2025

Respectfully submitted,

By:  /s/ *Ashley M. Simonsen*

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones (*pro hac vice*)
Paul W. Schmidt (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com

*Attorneys for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings,
LLC; Facebook Operations, LLC; Meta
Payments Inc. f/k/a Facebook Payments Inc.;
Meta Platforms Technologies, LLC f/k/a
Facebook Technologies, LLC; Instagram,
LLC; and Siculus LLC f/k/a Siculus, Inc.*

29

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was served via electronic mail on November 7, 2025 on the following:

PSCServiceMDL3047@motleyrice.com

~SnapMDL3047JCCP5255@mto.com

john.beisner@skadden.com

YT-MDL3047JCCP5255@list.wsgr.com

YT-ML-MDL3047JCCP5255@morganlewis.com

W&C-YT-PL-Cases@wc.com

TikTokMDL3047JCCP5255@kslaw.com

SM.MDLAGLeads@coag.gov

mdl3047coleadfirms@listserv.motleyrice.com

Defendants-MDL3047JCCP5255@skaddenlists.com

I declare under penalty of perjury that the foregoing is true and correct.  Executed on November 7, 2025.

DATED:        November 7, 2025               By:    /s/ *Ashley M. Simonsen*
                                                    Ashley M. Simonsen

META DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SEVENTH SET OF INTERROGATORIES
4:22-md-03047-YGR

**VERIFICATION**

I, Bryce Bartlett, am Director of Research on the Demography and Survey Science team at Meta.

I am authorized to make this Verification for and on behalf of Meta. I have read META DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SEVENTH SET OF INTERROGATORIES and know the contents thereof. I affirm that I have personal knowledge that the facts set forth therein are true and correct, or as to matters that are not within my personal knowledge, that I have made a reasonable inquiry and I am informed and believe that those facts are true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct this 7th day of November, 2025, in _Palo Alto, CA_____.

Signed by:

Bryce Bartlett

305A887357244E1...

Bryce Bartlett