**Pages 1 - 109**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Yvonne Gonzalez Rogers, Judge

IN RE:  SOCIAL MEDIA           )
ADOLESCENT ADDICTION/PERSONAL  )
INJURY PRODUCTS LIABILITY      )
LITIGATION                     )
                               )  **NO. 22-MD-03047 YGR (PHK)**
                               )
_____)

San Francisco, California
Wednesday, May 27, 2026


**REPORTER'S TRANSCRIPT OF PROCEEDINGS**


**APPEARANCES:**


For Plaintiff State of California:
                    CALIFORNIA DEPARTMENT OF JUSTICE
                    455 Golden Gate Avenue, 11th Floor
                    San Francisco, California 94102
              BY:   **MEGAN O'NEILL, DEPUTY ATTORNEY GENERAL**
                    **NAYHA ARORA, DEPUTY ATTORNEY GENERAL**
                    **KATHERINE READ, DEPUTY ATTORNEY GENERAL**
                    **EMILY C. KALANITHI**
                    **SUPERVISING DEPUTY ATTORNEY GENERAL**

                    CALIFORNIA DEPARTMENT OF JUSTICE
                    OFFICE OF THE ATTORNEY GENERAL
                    1515 Clay Street, Suite 2000
                    Oakland, California 94612
              BY:   **JOSHUA OLSZEWSKI-JUBELIRER**
                    **SAMANTHA R. BECKETT**
                    **DEPUTY ATTORNEYS GENERAL**


        **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**


REPORTED STENOGRAPHICALLY BY:  ANA DUB, CSR No. 7445
                               RDR RMR, CRR, CCRR, CRG, CCG
                               OFFICIAL UNITED STATES REPORTER

**THE COURT:** Yes.  So if you could -- along with -- when you file your preliminary trial witnesses on June 17th, if you can send to us a list in alphabetical order of all witnesses.  And we had too many in the Breathitt.

So what we're looking for is -- look, I use this list to figure out if jurors know or if jurors have conflicts.  So what we want is attorneys or law firms, maybe your tech people if your tech people are local, and witnesses that you really know are probably going to testify -- and that should be sufficient -- so that I don't have some juror say, "Hey, that's my best friend's brother I know," or whatever.  I mean, that's what we're trying to do.

And it was a little bit overly inclusive, but I've had problems before, so I totally understand.  But there was, like, 200 people --

**MR. SCHMIDT:**  Yeah.

**THE COURT:**  -- and that was way too many to attach to the questionnaire.

So think about:  Is this person going to be in the courtroom?  Do we want to make sure the jurors -- whether or not a juror knows this person.  Okay?  And if I can get that by email on June 17th.

**MR. SCHMIDT:**  The geographical limitation helps a lot on that.  I think before, we listed all the tech people, all the paralegals, clients.  And we'll narrow it to people in the

courtroom who --

THE COURT: Yeah.

MR. SCHMIDT: -- they're likely to know geographically --

THE COURT: Correct. I think that's right.

MR. SCHMIDT: -- and the lawyers and the witnesses.

THE COURT: Okay. So in terms of exhibits and exhibit lists, you should be working to stipulate in advance to exhibits that can come into evidence. If there's not a stipulation, you are going to use your trial time to set foundation so that something is, in fact, admitted. I enforce the rules of evidence. So just follow them and don't make arguments that I'm just going to reject. It is going to waste your trial time.

So what some people do every morning at 8:30 or at 8 o'clock, they'll give me the list of exhibits that everybody stipulated to as they were doing their trial prep. If you can do it in advance, great. If they're business documents, you know they're going to come in, then stipulate.

But the way the examination works is that I will provisionally admit them in the morning. If you use them, then they're admitted. You do not get to stipulate to admit 50 exhibits that you never use in trial and expect that I'm going to send them to the jury room. I won't do it. So if the jury doesn't hear about it during trial, it doesn't go in, even if

you stipulate to it.  Okay?

Work on an agreement.  Do you want C.V.s of experts to come in or not?  They're hearsay.  They do not come in unless people agree on both sides that they want them to come in.  So you should talk about that.

Obviously, expert reports do not come into evidence just in case you didn't know.

I'm assuming we are dealing with a lot of evidence, in which case the rule per my standing order is that you use witness binders.

And I'll ask Mr. Cuenco.  Do you want -- do you want me to revise that?  Do you want them in binders or do you want them in manila folders?

**THE COURTROOM DEPUTY:**  Binders, Your Honor.

**THE COURT:**  Okay.  So I'm going to change my standing order.  He's now done enough trials that he has an opinion.

So if something is, in fact, admitted, you give it to Mr. Cuenco with a tab that has the exhibit number, three-hole punched.  The first time you do it, you make sure to give him a binder that says "Trial Exhibits That Are Admitted"; and then after that, he'll just collect them in chronological order.

You will be required at the close of evidence to provide us with an index of all admitted exhibits so that the jury can quickly find things.  That's typically a version of your exhibit list that has been pared back.  Okay?  So you should

MS. O'NEILL:  Thank you, Your Honor.

MR. SCHMIDT:  Bye.

THE COURTROOM DEPUTY:  Court is adjourned.

(Proceedings adjourned at 3:51 p.m.)

---o0o---


**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.


DATE:  Thursday, May 28, 2026

_____

Ana Dub, CSR No. 7445, RDR, RMR, CRR, CCRR, CRG, CCG
Official United States Reporter