**Pages 1 - 145**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Yvonne Gonzalez Rogers, Judge

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION. ) ) ) ) ) | **NO. 22-MD-03047-YGR** |
| _____ ) | |
| BREATHITT COUNTY BOARD OF EDUCATION, ) ) ) | |
| Plaintiff, ) ) | |
| VS. ) | **NO. 23-CV-01804-YGR** |
| ) | |
| META PLATFORMS, INC., et al., ) ) | |
| Defendants. ) _____ ) | |

Oakland, California
Wednesday, March 18, 2026

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiffs:

        ANDRUS ANDERSON LLP
        1970 Broadway, Suite 1070
        Oakland, CA 94612
    BY:  **JENNIE L. ANDERSON, ATTORNEY AT LAW**

        LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
        275 Battery Street, 29th Floor
        San Francisco, CA 94111-3339
    BY:  **LEXI J. HAZAM, ATTORNEY AT LAW**
        **PATRICK L. ANDREWS, ATTORNEY AT LAW**
        **NICHOLAS W. LEE, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON THE NEXT PAGE.)**

REPORTED REMOTELY BY:  Kendra A. Steppler, RPR, CRR
                     Official United States Reporter

report that misconduct.

THE COURT:  Response?

MR. JOHNSON:  The attempt at the analogy on the failure to warn issue clearly doesn't apply, because it involves a superintendent that significantly predates the relevant time period.  It was a completely different administration.

So by saying because that superintendent back in 2010, which is seven years before -- when they were here on our statute of limitations argument, they say 2017 is the first date at which Breathitt recognized harms from social media with an entirely new administration.  And they want to say what the administration did in 2010 is indicative of how they would respond to a failure to warn.  It's clearly not analogous whatsoever.

The other thing about issue 2 is, unlike issue 1, where arguably there is some reliance on these audits by their experts to reach their opinion, there is zero mention of issue 2 in any of their expert reports as the basis for any of their opinions.

THE COURT:  All right.  Number 4.

MS. MCNABB:  Good afternoon, Your Honor.  Kelly McNabb, Lieff Cabraser, for the plaintiff.

MR. DRAKE:  Good afternoon.  Geoffrey Drake, King & Spalding, for the TikTok defendants.

**THE COURT:**  Okay.  So I want to talk -- use this particular motion to talk about a number of things.  First of all, as I indicated, there is nothing that I see in these motions that should be sealed.  Is there some argument that it should be sealed, or have you all agreed that it's not to be sealed?

**MR. DRAKE:**  I think I can address that.  I think the sealings were largely related to original confidentiality designations.  The parties are working through that issue, Your Honor.  And I imagine we'll be able to reach a resolution that will clean that up on Your Honor's docket.

**THE COURT:**  When?

**MR. DRAKE:**  I think it's due next -- I think our stipulation might be due next week.  So imminently.

**THE COURT:**  Yesterday, I issued an order.  And I'm not exactly sure what either side of the aisle is thinking about.  But I do want to be clear about something:  Experts are not conduits for information.

An expert can say, I talked to 30 people.  And I gleaned from those conversations that there were mental health issues.  That expert cannot say that Bobby -- or that Mr. Andrews told me that Bobby said X.  That expert cannot say that the counselor told me X.  Experts are not conduits for hearsay.  They can rely on corporate documents.  But they cannot say, unless those things are in evidence, this corporate document

said X.

There's hearsay throughout all of your experts' reports on both sides. That doesn't mean that they can be conduits. Does anybody not understand that concept?

MS. MCNABB: No, Your Honor. It's understood.

MR. DRAKE: No, we understand. We agree with that, Your Honor.

THE COURT: Okay. Dr. Hutt.

MS. MCNABB: Your Honor, plaintiffs move to exclude two of Dr. Hutt's opinions. Essentially, what Dr. Hutt is arguing through opinion 1 and 2 is that we've had many societal issues that schools have sought to address. And in the past, we've made the public pay for that education, not private companies, through litigation. This is not proper expert testimony, for four reasons.

One, he's telling the jury don't find public nuisance, having nothing to do with the evidence in the case. He just thinks it's not wise policy to have the private company pay for something that he believes is the public's responsibility to foot the bill. He seeks to substitute his judgment for that of the trier of fact.

Two, by saying forget the evidence and focus on this public policy that he prefers, he's inviting jury nullification.

Three, he's telling the jury what he thinks the law should

be.  It's black-letter law that experts cannot do that.

And, four, none of his testimony makes any fact in dispute more or less likely, because he's simply just arguing policy.

THE COURT:  Response?

MR. DRAKE:  Your Honor, I don't think that's an accurate representation of what Dr. Hutt seeks to do.  Let me address, first of all -- in our papers, Your Honor, you saw that we volunteered to withdraw and strike, ourselves, certain paragraphs from Dr. Hutt's report.  That was responsive to Your Honor's order on Dr. Osborne and our further analysis and reflection of the issues.  I think that addresses the primary concerns that Ms. McNabb has raised.

So I'd like to just focus, if I could, on what Dr. Hutt's actually trying to do at the trial, what his actual opinion testimony will be, and why it's relevant.  He does have two general opinions that are in play here.  One, is he'll testify about how schools have made decisions over time to address various different new social phenomena of which social media is the latest.

And, second, he'll address the plaintiffs' experts claims about the issue that they believe have arisen from social media and that should result in the allocation of additional resources and time, et cetera, has historically been in effect.

Those opinions, Your Honor, are relevant and responsive to the plaintiffs' experts, really, for four different reasons.

## CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Saturday, March 21, 2026

_Kendra Steppler_

Kendra A. Steppler, RPR, CRR

Official Reporter, U.S. District Court