| | |
|---|---|
| **From:** | Bernard Eskandari |
| **To:** | Simonsen, Ashley M; Cocanougher, Matthew C (KYOAG); Chaput, Isaac; Joshua Olszewski-Jubelirer; Rice, Dale; Feng, Wendy; Flynn, Patrick N; Schmidt, Paul; Hester, Timothy; Greenhill, Alice; Porter, Abby; Howe, Samuel; Mers, Megan; Monaghan, Meghan |
| **Cc:** | Social Media MDL State AGs Lead Counsel |
| **Subject:** | RE: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice |
| **Date:** | Thursday, August 6, 2026 1:54:05 PM |
| **Attachments:** | image001.png |
| | image002.png |

[EXTERNAL]

Ashley – Thank you.  This is acceptable.   We note—uncontroversially—that our agreement not to challenge the designations in the remaining July clawbacks is without prejudice or waiver as to our ability to argue similar redactions/testimony in other documents/areas are not proper invocations of privilege.

Logistically.   We will need the 6 documents re-produced.  In accordance with the 502 order, my understanding is that the clawedbacked docs were destroyed.  Please reproduce unredacted versions of the 6 documents by tomorrow so we can get them stickered and finalized.

We will get you the list of objections to your Sattizahn-deposition privilege claims as soon as we can, we're working on it as we speak, and will propose a procedural mechanism to resolve them. Thanks again.

Barney

**Bernard A. Eskandari** | Supervising Deputy Attorney General
California Department of Justice | 300 South Spring Street, Suite 1702 | Los Angeles, CA 90013
Tel: (213) 269-6348 | Cell: (510) 681-5661 | Fax: (916) 731-2146 | bernard.eskandari@doj.ca.gov
Secure Filedrop: https://fx.doj.ca.gov/filedrop/~uLk9Gz

---

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Wednesday, August 5, 2026 8:57 PM
**To:** Bernard Eskandari <Bernard.Eskandari@doj.ca.gov>; Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>; Chaput, Isaac <IChaput@cov.com>; Joshua Olszewski-Jubelirer <Joshua.OlszewskiJubelirer@doj.ca.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>;

Hester, Timothy <thester@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Porter, Abby <APorter@cov.com>; Howe, Samuel <SHowe@cov.com>; Mers, Megan <mmers@cov.com>; Monaghan, Meghan <mmonaghan@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** RE: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Barney, all,

I write to follow up on our conversation during today's meet and confer concerning Meta's July 10 and July 21 clawback notices.

In response to your compromise offer to resolve the AGs' clawback challenges, Meta will agree to withdraw its clawbacks of the six documents identified in your email—META3047MDL-015-00000400, META3047MDL-111-00135412, META3047MDL-281-00004826, META3047MDL-287-00003183, META3047MDL-294-00126937, and META3047MDL-050-00309895—in exchange for the AGs' agreement to forego any challenge to Meta's clawbacks of the remaining documents from its July 10 and July 21 clawback notices, including any challenges to Meta's assertions of privilege in connection with the trial of this matter.  In other words, the AGs agree that they will not seek a ruling from Judge Gonzalez Rogers in the lead-up to or at trial overruling Meta's assertions of privilege with respect to the remaining documents from Meta's July 10 and July 21 clawback notices; and none of those documents will appear on the list of materials I asked the AGs to send us as soon as possible, identifying any documents or testimony for which the AGs intend to seek a ruling from Judge Gonzalez Rogers in connection with the trial of this matter overruling Meta's privilege claims.

Please confirm the AGs' agreement on these terms.  Please also confirm when we can expect to receive the list of materials referenced above.

Thank you,
Ashley

---

**From:** Simonsen, Ashley M
**Sent:** Tuesday, August 4, 2026 8:11 PM
**To:** Bernard Eskandari <Bernard.Eskandari@doj.ca.gov>; Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>; Chaput, Isaac <IChaput@cov.com>; Joshua Olszewski-Jubelirer <Joshua.OlszewskiJubelirer@doj.ca.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Porter, Abby <APorter@cov.com>; Howe, Samuel <SHowe@cov.com>; Mers, Megan <mmers@cov.com>; Monaghan, Meghan <mmonaghan@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>

**Subject:** RE: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

Barney,

The issue I've told you we plan to brief alongside yours is the AGs' refusal to confirm that they will comply with the Rule 502(d) Order's requirement (and the AGs' ethical and legal obligations) not to seek to elicit or introduce testimony or documents over which Meta has asserted claims of privilege without first seeking and obtaining a ruling overruling those claims. I'm not sure why you are referring to that issue as "[my] Sattizahn issue," since it's not an issue specific to Sattizahn; the AGs have refused to confirm that they will comply with that requirement for *any* documents over which Meta has asserted privilege.

Nor did I raise what you refer to as "[my] Sattizahn issue" "for the first time – out of the blue" in connection with the AGs' clawback-withdrawal requests. My colleagues and I have been attempting for months to get the AGs to acknowledge their legal and ethical obligations not to seek to elicit or introduce testimony or documents over which Meta has asserted privilege at trial, including in emails dated June 8 and June 19 and in our June CMC Statement, among others. Please familiarize yourself with the procedural history on issues discussed between the Parties before lodging baseless accusations like this.

You're also simply ignoring the repeated explanations I've given for why the AGs' refusal to confirm that they will comply with the Rule 502(d) Order is related to and should be briefed alongside an argument by the AGs that Meta should be held to comply with the Rule 502(d) Order (as interpreted by the AGs).

I'm happy to discuss this further with you on tomorrow's call, but I'm not going to continue to go back and forth with you on this over email when your method of responding is to simply ignore what I've written and repeat a question for which the premise is flawed. If after tomorrow's conferral there remain any clawback-withdrawal disputes that need to be briefed, we will be raising the AGs' refusal to confirm that they will honor their legal and ethical requirements and the Rule 502(d) Order's requirements in the same briefing, and you may respond however you'd like.

---

**From:** Bernard Eskandari <Bernard.Eskandari@doj.ca.gov>
**Sent:** Tuesday, August 4, 2026 6:24 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>; Chaput, Isaac <IChaput@cov.com>; Joshua Olszewski-Jubelirer <Joshua.OlszewskiJubelirer@doj.ca.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Porter, Abby <APorter@cov.com>; Howe, Samuel <SHowe@cov.com>; Mers, Megan <mmers@cov.com>; Monaghan, Meghan <mmonaghan@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** Re: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

**[EXTERNAL]**

Many thanks for this, Ashley.  We will evaluate.

My understanding is that you want to brief your Sattizahn issue alongside our July clawbacks challenge — i.e., it would be part of the same 5-pager.  I don't understand why the two have anything to do with each other such that they would be briefed together.

You in fact raised your Sattizahn issue for the first time — out of the blue, as far as I can tell — as part of a compromise offer a few emails after we first challenged the July clawbacks. Sattizahn seems to me to be entirely separate — something that you injected — and something that we're of course willing to engage in due course, once we have evaluated the NM docs.  But it should not be enmeshed with the our July clawback challenge, which is a super-clean, straightforward, independent issue.

Barney

---

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Tuesday, August 4, 2026 6:12 PM
**To:** Bernard Eskandari <Bernard.Eskandari@doj.ca.gov>; Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>; Chaput, Isaac <IChaput@cov.com>; Joshua Olszewski-Jubelirer <Joshua.OlszewskiJubelirer@doj.ca.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Porter, Abby <APorter@cov.com>; Howe, Samuel <SHowe@cov.com>; Mers, Megan <mmers@cov.com>; Monaghan, Meghan <mmonaghan@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** RE: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Barney,

I'm confused by your question about what Sattizahn has to do with clawbacks since we're not

proposing to raise anything relating to Sattizahn specifically in connection with briefing any clawback-withdrawal disputes that remain following tomorrow's conferral.  I've already explained multiple times why the issue we *would* need to raise if any disputes remain is relevant to them.

Yes, Meta's privilege objections to Sattizahn's testimony and exhibits in NM were served on the AGs last December.  I'm attaching the transmittal email.

---

**From:** Bernard Eskandari <Bernard.Eskandari@doj.ca.gov>
**Sent:** Tuesday, August 4, 2026 5:59 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>; Chaput, Isaac <IChaput@cov.com>; Joshua Olszewski-Jubelirer <Joshua.OlszewskiJubelirer@doj.ca.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Porter, Abby <APorter@cov.com>; Howe, Samuel <SHowe@cov.com>; Mers, Megan <mmers@cov.com>; Monaghan, Meghan <mmonaghan@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** Re: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

[EXTERNAL]

Ashley – Further to my email earlier today.  We're still confused as to what Sattizahn has to do with Meta's July clawbacks.  We appreciate a response on that.

In the meantime, without waiving anything, and in a good-faith attempt to understand your position, after a reasonable search, it looks like we don't have copies of Meta's objections to the Sattizahn depo transcript/exhibits in NM, nor copies of relevant NM judicial orders.  Were these served on us?  Please provide copies and we can evaluate.  Many thanks.

Barney

**From:** Bernard Eskandari <Bernard.Eskandari@doj.ca.gov>
**Sent:** Tuesday, August 4, 2026 1:37 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>; Chaput, Isaac <IChaput@cov.com>; Joshua Olszewski-Jubelirer <Joshua.OlszewskiJubelirer@doj.ca.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Porter, Abby <APorter@cov.com>; Howe, Samuel <SHowe@cov.com>; Mers, Megan <mmers@cov.com>; Monaghan, Meghan <mmonaghan@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** Re: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

Thank you, Ashely.  I will need to take this back and confer internally.  Just so we are all on the same page, can you please succinctly explain to me what Sattizahn has to do with the 57 clawbacks that Meta issued in July that are the subject of our timeliness dispute.  This will be helpful for us evaluating next steps.  Many thanks.

Barney

---

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Tuesday, August 4, 2026 1:30 PM
**To:** Bernard Eskandari <Bernard.Eskandari@doj.ca.gov>; Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>; Chaput, Isaac <IChaput@cov.com>; Joshua Olszewski-Jubelirer

<Joshua.OlszewskiJubelirer@doj.ca.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Porter, Abby <APorter@cov.com>; Howe, Samuel <SHowe@cov.com>; Mers, Megan <mmers@cov.com>; Monaghan, Meghan <mmonaghan@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** RE: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

EXTERNAL EMAIL: This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Bernard,

I would ask that you please re-read my email below.

I am not proposing to tee up the admissibility of Mr. Sattizahn's deposition transcript or his anticipated trial testimony to Magistrate Judge Kang. I am explaining to you that, to the extent we need to brief any clawback-withdrawal disputes, we will be including in that briefing a request that Magistrate Judge Kang direct the AGs to comply with the Rule 502(d) Order he entered and first raise with the Court any challenges to Meta's privilege claims—whether as to Mr. Sattizahn's testimony or as to any other testimony or documents for which Meta has asserted claims of privilege —before they seek to elicit or introduce any such testimony or documents at trial. Compliance with the Rule 502(d) Order and privilege issues more broadly are entirely within Magistrate Judge Kang's purview. Indeed, he has resolved all issues touching on privilege to date, including issues Plaintiffs previously tried to raise directly with Judge Gonzalez Rogers because they purportedly touched on "admissibility" issues but that she directed them to raise with Magistrate Judge Kang.

So, no, I'm not "denying" the AGs a conference on the clawback-withdrawal disputes they seek to brief. I've expressly agreed to confer with you on those disputes tomorrow and accepted your calendar invitation. I'm telling you that—unless the AGs confirm that they will first raise any challenges to Meta's privilege claims with the Court before seeking to elicit or introduce testimony or exhibits over which Meta has asserted privilege at trial—we will need to brief that issue with the Court at the same time.

**Please confirm that the AGs' position is that the "law and [y]our ethical obligations" permit you**

**to seek to elicit or introduce testimony or exhibits over which Meta has asserted privilege without first seeking and obtaining a ruling from the Court overruling Meta's privilege claim with respect to those materials.**

---

**From:** Bernard Eskandari <Bernard.Eskandari@doj.ca.gov>
**Sent:** Tuesday, August 4, 2026 1:11 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>; Chaput, Isaac <IChaput@cov.com>; Joshua Olszewski-Jubelirer <Joshua.OlszewskiJubelirer@doj.ca.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Porter, Abby <APorter@cov.com>; Howe, Samuel <SHowe@cov.com>; Mers, Megan <mmers@cov.com>; Monaghan, Meghan <mmonaghan@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** Re: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

<mark>[EXTERNAL]</mark>

Ashley --

I cannot provide that assurance.  It is entirely improper for Meta to deny us an H2 on a perfectly teed up discovery dispute in an attempt to shoehorn in an inchoate issue that has nothing to do with the discovery dispute we've teed up.

First.  Your Sattizahn issue has nothing to do with timeliness of Meta's July clawbacks. Again, we challenge those 57 clawbacks as too late—6 egregiously so.  What does Sattizahn have to do with the timeliness of Meta's July clawbacks?

Second.  Even if Sattizahn somehow were related—which he isn't— MJ Kang himself has made clear that any issues regarding Sattizahn's testimony or deposition are for Judge Gonzales Rogers to address, <u>not</u> MJ Kang.

On this point, at the 12/1/2025 discovery hearing, MJ Kang made this clear:

"If there is something that is truly disputed, presumably, you'd file a motion. I mean, at that point, it becomes a motion as to the admissibility of the transcript; and I think that goes probably to Judge Gonzalez Rogers, not me, because it's no longer a discovery issue, unless it's somehow tied to a request to redepose Dr. Sattizahn or something." Transc., at 43:13-18.

MJ Kang's order following the hearing memorialized this: "[A]ny arguments as to [Sattizahn] admissibility shall be raised at the appropriate time with the Court presiding over the trial at issue (i.e., Judge Gonzalez Rogers for the MDL and Judge Kuhl for the JCCP)." ECF# 2523, at 2-3.

Of course, if an issue isn't appropriate for MJ Kang, then his H2 procedure necessarily doesn't apply.

Finally, we have repeatedly assured you that we will follow the law and our ethical obligations. It is unclear what more Meta wants, what this has to do with 57 untimely clawbacks, or why MJ Kang would need to be involved.

**Please confirm that you are denying us an H2 on a properly raised discovery dispute.**

Barney

---

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Tuesday, August 4, 2026 1:02 PM
**To:** Bernard Eskandari <Bernard.Eskandari@doj.ca.gov>; Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>; Chaput, Isaac <IChaput@cov.com>; Joshua Olszewski-Jubelirer <Joshua.OlszewskiJubelirer@doj.ca.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Porter, Abby <APorter@cov.com>; Howe, Samuel <SHowe@cov.com>; Mers, Megan <mmers@cov.com>; Monaghan, Meghan <mmonaghan@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** RE: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Bernard,

No, the AGs are not "in need a privilege log and maybe other info" with respect to Mr. Sattizahn's testimony or the exhibits to his deposition.  The Privilege Log Protocol does not require parties to provide a privilege log for partial redactions of produced documents; nor is there any provision in that Protocol or otherwise that would require a privilege log for privilege redactions applied to a deposition transcript.

Moreover, the State AGs already have both the unredacted, underlying documents and Meta's privilege objections in the form of Meta's submission to the New Mexico court and Meta's correspondence with MDL Plaintiffs dated January 26, 2026; accordingly, the State AGs have access to far more information than would be reflected in a privilege log.  Specifically, the AGs already have access to highlighted copies of the deposition transcript and exhibits reflecting the substance of the material over which Meta asserted privilege, in addition to Meta's briefing on those privilege claims in the JCCP; so providing a privilege log would not provide the AGs with any information they do not already have.

More to the point, the issue I'm asking you to confirm the AGs will confer with Meta on and brief alongside any clawback-withdrawal disputes is the AGs' refusal to confirm that they will not seek to elicit or introduce testimony or exhibits over which Meta has asserted privilege at trial *unless and until they have sought and obtained a Court order overruling Meta's privilege claims*.  To be crystal clear: **we are not asking you to forgo your challenges to Meta's privilege claims relating to Mr. Sattizahn's testimony or deposition exhibits**.  We are simply asking you to confirm that you will first raise your challenges with the Court and seek an order overruling Meta's privilege claims **before** you seek to elicit or introduce testimony or exhibits over which Meta has asserted privilege at trial—as the Rule 502(d) Order and legal and ethical rules require.

If you continue to refuse to provide that confirmation, we will need to seek an order from Magistrate Judge Kang directing that you do so, and we will need to present that request in the same briefing, if any, in which the AGs seek to enforce the Rule 502(d) Order against Meta with respect to its recent clawbacks.  The precise subject matter of the documents for which the AGs are requesting Meta withdraw its clawbacks has nothing to do with that issue; and it is properly submitted to Magistrate Judge Kang in the same briefing as the AGs' clawback dispute for the reasons I've now explained several times.

**Accordingly, please confirm that the AGs agree to confer on this issue during the call set for tomorrow morning, and to brief it alongside any clawback-withdrawal disputes that may remain following that conferral.** I'll need that confirmation before we can agree to go forward with the call.

Thank you,

Ashley

---

**From:** Bernard Eskandari <Bernard.Eskandari@doj.ca.gov>
**Sent:** Tuesday, August 4, 2026 9:04 AM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>; Chaput, Isaac <IChaput@cov.com>; Joshua Olszewski-Jubelirer <Joshua.OlszewskiJubelirer@doj.ca.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Porter, Abby <APorter@cov.com>; Howe, Samuel <SHowe@cov.com>; Mers, Megan <mmers@cov.com>; Monaghan, Meghan <mmonaghan@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** RE: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

[EXTERNAL]

Ashley — I didn't realize that Meta had called an H2 on their issue. Are you all demanding an H2? Is it H2-able — i.e., is it a discovery issue that should even go to MJ Kang in the first instance? Are we at an impasse on it? Sounds like we're still in need a privilege log and maybe other info. Someone else on my team is working on that separate Sattizahn issue. I will check their availability tomorrow.

I am obviously worried that Meta is using 57 discrete July clawbacks that are untimely — at least 6 egregiously so — to shoehorn in an unrelated Sattizahn issue. Is Sattizahn the subject of any of the 57 clawbacks?

That said, I suspect you will raise whatever issues you want tomorrow. If we are an impasse on them, we can go from there. My goal is not to play procedural games. Trial is fast approaching for all of us. Thanks.

Barney

---

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Tuesday, August 4, 2026 8:52 AM
**To:** Bernard Eskandari <Bernard.Eskandari@doj.ca.gov>; Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>; Chaput, Isaac <IChaput@cov.com>; Joshua Olszewski-Jubelirer <Joshua.OlszewskiJubelirer@doj.ca.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Porter, Abby <APorter@cov.com>; Howe, Samuel <SHowe@cov.com>; Mers, Megan <mmers@cov.com>; Monaghan, Meghan <mmonaghan@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** RE: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Bernard,

Please confirm that tomorrow's call will be an H.2 for purposes of both the AGs' clawback-withdrawal requests and Meta's request that the AGs confirm they will abide by their legal and ethical obligations with respect to both the "crime-fraud" documents and the Sattizahn materials, such that any briefing will encompass both issues.

---

**From:** Bernard Eskandari <Bernard.Eskandari@doj.ca.gov>
**Sent:** Tuesday, August 4, 2026 8:49 AM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>; Chaput, Isaac <IChaput@cov.com>; Joshua Olszewski-Jubelirer <Joshua.OlszewskiJubelirer@doj.ca.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy

<wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Porter, Abby <APorter@cov.com>; Howe, Samuel <SHowe@cov.com>; Mers, Megan <mmers@cov.com>; Monaghan, Meghan <mmonaghan@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** Re: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

<mark>[EXTERNAL]</mark>

Thanks you, Asheley, for scheduling my H2 request.  We're set for tomorrow (Wednesday) from 10-11 a.m. PT.  I will circulate an invite to this group.

Barney

**Bernard A. Eskandari** | Supervising Deputy Attorney General

California Department of Justice | 300 South Spring Street, Suite 1702 | Los Angeles, CA 90013

Tel: (213) 269-6348 | Cell: (510) 681-5661 | Fax: (916) 731-2146 | bernard.eskandari@doj.ca.gov

Secure Filedrop: https://fx.doj.ca.gov/filedrop/~uLk9Gz

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Tuesday, August 4, 2026 7:30 AM
**To:** Bernard Eskandari <Bernard.Eskandari@doj.ca.gov>; Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>; Chaput, Isaac <IChaput@cov.com>; Joshua Olszewski-Jubelirer <Joshua.OlszewskiJubelirer@doj.ca.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Porter, Abby

<APorter@cov.com>; Howe, Samuel <SHowe@cov.com>; Mers, Megan <mmers@cov.com>; Monaghan, Meghan <mmonaghan@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** RE: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Bernard,

Thank you for your offer to "forego challenging 51 of [Meta's] clawbacks if Meta agrees to withdraw its clawbacks for" the six documents identified in your email below.

I am inserting Matt's separate email of this morning (regarding the Sattizahn materials) directly into the thread below.

I understand that the AGs wish to delink their legal and ethical obligations to honor Meta's privilege claims from their request that Meta withdraw certain privilege clawbacks, but the two issues are linked. The AGs conditioned their agreement to uphold their legal and ethical obligations with respect to the "crime-fraud" documents on Meta withdrawing certain privilege clawbacks. And my email of August 2 explained why the two issues are connected: the AGs are seeking to enforce the Rule 502(d) Order against Meta to obtain clawback withdrawals while refusing to confirm that they will honor Meta's remaining assertions of privilege as the Rule 502(d) Order requires—consistent with governing law and ethical standards.

Accordingly, Meta reiterates it agreement to withdraw its clawbacks for the first five documents listed in Bernard's email below, and further agrees to reconsider its prior refusal to withdraw its clawback for META3047MDL-015-00000400, *conditioned on* the AGs' providing the confirmations requested below—namely, that they will abide by their legal and ethical obligations with respect to both the "crime-fraud" documents and the Sattizahn materials. We address each set of materials further below. To the extent the AGs refuse to provide the requested confirmations, any briefing would need to address both that refusal and also any disputed clawback-withdrawal requests. We are available for a conferral tomorrow (Wednesday) from 10-11 a.m. PT.

***"Crime-Fraud" Documents.***  As to the "crime-fraud" documents, are the AGs now agreeing, without condition, "not to seek to elicit testimony about the attorney advice redacted from the documents that were the subject of the 'crime-fraud' briefing, unless and until the AGs seek and obtain an order from the Court permitting them to do so"?  *See* Email from M. Cocanougher to A. Simonsen et al. (July 29, 2026 at 12:54 PM).  Please confirm.

***Sattizahn Materials.***  In response to Matt's 4:47 AM email of this morning (August 4), the AGs do not need any more information to confirm that they will abide by their legal and ethical obligations *not* to seek to elicit privileged testimony from Mr. Sattizahn at trial and *not* to introduce portions of his deposition transcript or exhibits over which Meta has asserted privilege at trial, absent presentation of a challenge to Meta's privilege claims to the MDL Court and an order from the Court overruling those claims.

The AGs were granted permission to attend a *sequestered* deposition of Mr. Sattizahn.  The deposition was sequestered to protect any of Meta's privileged information that may be disclosed in that deposition from broader disclosure, with the AGs permitted to use the unredacted transcript and exhibits *only* (1) in connection with litigating a challenge to Meta's assertions of privilege with respect to those materials and (2) to the extent the AGs agreed and the Court expressly ordered the privileged portions to be submitted for *in camera* review (without such submission constituting a waiver of Meta's privilege).  Moreover:

- Meta already provided the AGs with Meta's original privilege objections to the Sattizahn deposition transcript and exhibits, asserted last December.
- Meta also already provided the AGs with privilege-redacted versions of the transcript and exhibits (META3047MDL_DEPO_VOL145R) along with a cover letter explaining that (1) the transcript is redacted on page 365 based on designations made by the witness and also includes privilege redactions made by Meta; (2) Exhibits 69, 70 and 71 are withheld as privileged; (3) Exhibit 75 is redacted based on the witness's confidentiality designations; (4) Exhibits 4, 56 and 57 contained redactions when provided to Meta and also contain privilege redactions made by Meta; and (5) Exhibits 3, 5, 6, 8, and 58 contain privilege redactions made by Meta.
- Finally, the parties' briefing on this issue in the JCCP and Judge Kuhl's Order affirming Meta's privilege claims with respect to Mr. Sattizahn's testimony are available to the AGs.  To the extent the AGs wish to review unredacted (*in camera*) copies of the JCCP briefing, please confirm your agreement that by sharing those materials with you, Meta does not waive privilege and that the AGs will not use the materials for any purpose *other than* an *in camera* submission to the MDL Court in connection with challenging Meta's privilege claims; with that confirmation, we will promptly share unredacted (*in camera*) copies of the JCCP briefing with you.

For these reasons, we reiterate our request for that the AGs agree, without condition, not to seek to elicit testimony about Meta's attorney-client communications from Mr. Sattizahn or introduce at trial the portions of his deposition transcript or exhibits over which Meta has asserted privilege unless and until the AGs seek and obtain an order from the Court permitting them to do so.

**From:** Cocanougher, Matthew C (KYOAG) matthew.cocanougher@ky.gov
**Sent:** Tuesday, August 4, 2026 4:47 AM
**To:** Simonsen, Ashley M asimonsen@cov.com; Chaput, Isaac IChaput@cov.com; Joshua Olszewski-Jubelirer Joshua.OlszewskiJubelirer@doj.ca.gov; Rice, Dale drice@cov.com; Feng, Wendy wfeng@cov.com; Flynn, Patrick N PFlynn@cov.com; Schmidt, Paul pschmidt@cov.com; Hester, Timothy thester@cov.com; Greenhill, Alice AGreenhill@cov.com; Porter, Abby APorter@cov.com; Howe, Samuel SHowe@cov.com; Mers, Megan mmers@cov.com; Monaghan, Meghan mmonaghan@cov.com
**Cc:** Social Media MDL State AGs Lead Counsel sm.mdlagleads@coag.gov
**Subject:** Meta - Sattizahn Privilege Log Request

[EXTERNAL]

[Changing Subject Line]

Ashley,

Thank you for your detailed response. Speaking to only the Mr. Sattizahn issues described in your email, please identify the pages and lines from Mr. Sattizahn's deposition and all portions of exhibits to Mr. Sattizahn's deposition that Meta believes are privileged. Please provide a privilege log for these entries by this Friday (August 7) so we can meaningfully review Meta's positions.

Thanks,

Matt

**From:** Bernard Eskandari <Bernard.Eskandari@doj.ca.gov>
**Sent:** Monday, August 3, 2026 4:31 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>; Chaput, Isaac <IChaput@cov.com>; Joshua Olszewski-Jubelirer <Joshua.OlszewskiJubelirer@doj.ca.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Porter, Abby <APorter@cov.com>; Howe, Samuel <SHowe@cov.com>; Mers, Megan <mmers@cov.com>; Monaghan, Meghan <mmonaghan@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** RE: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

<mark>[EXTERNAL]</mark>

Ashley –

Thank you for the weekend engagement and working with us expeditiously.  Matt will email you under separate subject regarding the Sattizahn issues.

Regarding the issue of what we maintain are Meta's improper and untimely clawbacks involving 57 documents (July 10 and July 21 clawback notices), it appears that the parties have reached an impasse.

As a last and best offer, in the interest of resolving disputes, and without waiving positions and rights, the State AGs are willing to forego challenging 51 of those clawbacks if Meta agrees to withdraw its clawbacks for the following 6 documents:

- July 10 Clawback Notice:
    - 9. META3047MDL-287-00003183 – included as Ex. 5 to the State AGs' Motion for Partial Summary Judgment on COPPA
    - 15. META3047MDL-281-00004826 – included as Ex. 133 to the State AGs' Opposition to Meta's Motion for Summary Judgment
    - 27. META3047MDL-294-00126937 – included as Ex. 106 to the State AGs' Opposition to Meta's Motion for Summary Judgment
    - 37. META3047MDL-050-00309895 – included as Ex. 37 to the State AGs' Motion for Partial Summary Judgment on COPPA
    - 41. META3047MDL-111-00135412 – included as Ex. 41 to the State AGs' Motion for

Partial Summary Judgment on COPPA
- July 21 Clawback Notice:
  - 1. META3047MDL-015-00000400 – used as Exhibit 20A to Antigone Davis's deposition, among other glaring uses throughout this litigation

We do not agree that any of Meta's clawbacks are proper.  Those listed above are egregiously untimely.  The 5 documents from the July 10 clawback notice were submitted with summary-judgment briefing months ago.  Under the 502(d) Clawback Order, Meta had 7 days—which has long since elapsed.  As for the document in the July 21 clawback notice used in Davis's deposition in March 2025, Meta waited over a year to notice a clawback, which cannot be considered prompt or timely under any definition.  *See* ECF 2949 ("Meta agrees to promptly notify Plaintiffs of any [MDL deposition] document it becomes aware of.").

If this offer doesn't resolve the issue, we need to raise the propriety of all 57 clawbacks with MJ Kang immediately, as trial is almost here.  We request an H.2 this week—to give us the 5 days' time to brief the issue for MJ Kang and get it resolved before the start of trial.  We are available Wednesday, 10am-noon PT, and 1-3pm PT.  If that doesn't work, please propose another window of times.

Many thanks,

Barney

**Bernard A. Eskandari** | Supervising Deputy Attorney General

California Department of Justice | 300 South Spring Street, Suite 1702 | Los Angeles, CA 90013

Tel: (213) 269-6348 | Cell: (510) 681-5661 | Fax: (916) 731-2146 | bernard.eskandari@doj.ca.gov

Secure Filedrop: https://fx.doj.ca.gov/filedrop/~uLk9Gz

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Sunday, August 2, 2026 5:58 PM
**To:** Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>; Chaput, Isaac <IChaput@cov.com>; Joshua Olszewski-Jubelirer <Joshua.OlszewskiJubelirer@doj.ca.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Porter, Abby <APorter@cov.com>; Howe, Samuel <SHowe@cov.com>; Mers, Megan <mmers@cov.com>; Monaghan, Meghan <mmonaghan@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** RE: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

---

EXTERNAL EMAIL: This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

---

Matt,

Josh's email of July 17 asked us to withdraw Meta's clawbacks for five specific documents. Your follow-up email of July 24 reiterated that request, while also asking Meta to withdraw its clawback for META3047MDL-015-00000400.

In response, Meta agreed on July 28 to withdraw its clawbacks for the first five documents (but not META3047MDL-015-00000400), so long as the AGs confirmed a basic, noncontroversial proposition: that they will comply with the requirement under governing law, ethical standards, and the Rule 502(d) Order *not* to use another Party's privileged material without first seeking and obtaining a Court order overruling that Party's privilege claim.

In response, the AGs "agree[d] not to seek to elicit testimony about the attorney advice redacted from the documents that were the subject of the 'crime-fraud' briefing, unless and until the AGs seek and obtain an order from the Court permitting them to do so"—but only if Meta withdraws its clawback notices as to 10 additional documents. However—and leaving aside the impropriety (and absurdity) of purporting to condition the AGs' compliance with their legal and ethical obligations on Meta waiving privilege claims—the AGs are refusing to make that same representation as to the attorney advice that was the subject of Jason

Sattizahn's sequestered deposition testimony and that is reflected in the exhibits to that deposition, all of which Meta has timely and properly asserted privilege over.

At the same time, the AGs acknowledge that "[t]he admissibility and scope of [Mr. Sattizahn's] testimony is something that will need to be resolved by the trial Court." **That is precisely the point.** If the admissibility and scope of testimony concerning Meta's privileged communications must be resolved by the Court, then the AGs may not unilaterally decide that those privilege claims lack merit and proceed to elicit testimony concerning, or otherwise use, the challenged communications and exhibits at trial. They must first seek and obtain a ruling from Judge Gonzalez Rogers authorizing such use. The AGs' refusal to provide the same assurance with respect to Mr. Sattizahn's testimony and deposition exhibits that they are willing to provide with respect to the "crime-fraud" documents strongly suggests that the AGs intend to reserve the ability to do exactly what governing law and the Rule 502(d) Order prohibit: use testimony and exhibits known to be the subject of Meta's privilege claims without first obtaining a ruling overruling those claims.

Contrary to the suggestion in your email, the relevant question is not whether the AGs *believe* that "Meta has made overbroad and inaccurate privilege claims throughout this litigation, and in particular with regard to Mr. Sattizahn and his documents," or *believe* that they will ultimately prevail on a challenge to those claims. California state and federal authorities uniformly require that privilege disputes be resolved by the Court *before* the challenged materials are used.

Put differently, a receiving party may not unilaterally decide that a privilege claim lacks merit and then present the evidence to the jury. Rather, the party must seek judicial resolution of the privilege dispute and obtain a ruling permitting use of the material. *See, e.g., State Comp. Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th 644, 656-57 (1999) (holding that a party in possession of materials claimed to be privileged may not unilaterally exploit those materials, but instead must seek resolution through agreement of the parties or court intervention before using them); *Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807, 817-18 (2007) (affirming disqualification where counsel used privileged materials rather than refraining from their use pending judicial resolution of privilege issue); *McDermott Will & Emery LLP v. Superior Court*, 10 Cal. App. 5th 1083 (2017) (upholding disqualification where counsel continued to rely on materials after a privilege claim had been asserted instead of awaiting a judicial determination concerning privilege); Cal. State Bar Formal Op. 2013-188 (explaining that even where a party believes a privilege claim may ultimately fail, it may not use the communication absent consent of the privilege holder or court approval); *In re Meta Pixel Healthcare Litig.*, No. 22-cv-03580-WHO (VKD), Dkt. 227 at 2-3 (N.D. Cal. May 2, 2023) (holding that a party challenging a privilege claim remains bound by Rule 26(b)(5)(B)'s prohibition on using or disclosing the disputed materials until the privilege claim is resolved); Fed. R. Civ. P. 26(b)(5)(B) (receiving party "must not use or disclose" materials subject to a privilege claim "until the claim is resolved").

This is clear not only under governing law, but also under the Rule 502(d) Order—the very Order the AGs purport to be enforcing against Meta in their effort to obtain 16 clawback withdrawals. *See, e.g.*, ECF 248 ¶ 6 ("To the extent any Party is aware that it has obtained Protected Materials, has received a Clawback Notice, or it is reasonably apparent that the Party has obtained Protected Material through production, disclosure, or communications, such Protected Material and/or information may not be submitted to the Court, presented for admission into evidence, or sought in discovery in this proceeding or in any other proceeding or action."); *id.* ¶ 3(a) (requiring the Receiving Party to destroy material subject to a privilege claim unless the Receiving Party prevails on a motion to compel, and to sequester such material pending resolution of such motion).

Accordingly, while we have taken back your request that Meta withdraw its clawback notices as to 10 additional documents, we are not in a position to provide any substantive response on (and will not engage in further conferrals regarding) those documents unless and until the AGs expressly confirm that they will abide by their legal and ethical obligations with respect to *all* material over which Meta has asserted privilege.  That includes not only the "crime-fraud" documents, but also Mr. Sattizahn's deposition testimony and the exhibits associated with that testimony.

Far from being "wholly separate" from the AGs' demand under the Rule 502(d) Order that Meta withdraw its clawback notices for 16 documents, the AGs' refusal to confirm that they will comply with their own legal and ethical obligations, including those imposed by the Rule 502(d) Order, with respect to material over which Meta has asserted privilege is directly relevant to those demands.  Before asking Meta to withdraw privilege assertions, the AGs should be willing to confirm that they will honor the obligations that attach when such privilege assertions are made.

We look forward to hearing back from you.

Best,

Ashley

---

**From:** Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>
**Sent:** Friday, July 31, 2026 10:39 AM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Chaput, Isaac <IChaput@cov.com>; Joshua Olszewski-Jubelirer <Joshua.OlszewskiJubelirer@doj.ca.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul

<pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Porter, Abby <APorter@cov.com>; Howe, Samuel <SHowe@cov.com>; Mers, Megan <mmers@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** RE: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

**[EXTERNAL]**

Ashley,

Please respond to the below clawback counter email by Monday (8/3) at 12 PM PT so we can finalize the document versions for trial.

If we cannot reach agreement and the State AGs need to bring this to the Court, please confirm by Monday at 12 PM PT whether Meta will agree to an expedited briefing schedule similar to the one used for the Motion to Strike Late Disclosed Witnesses. To give you an estimated timeframe, we would like to be in the position to file something with the Court on next Wednesday.

Thanks,

Matt

---

**From:** Cocanougher, Matthew C (KYOAG)
**Sent:** Wednesday, July 29, 2026 12:54 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Chaput, Isaac <IChaput@cov.com>; Joshua Olszewski-Jubelirer <Joshua.OlszewskiJubelirer@doj.ca.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Porter, Abby <APorter@cov.com>; Howe, Samuel <SHowe@cov.com>; Mers, Megan <mmers@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** RE: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

Ashley,

Thank you for your email. Since we have conferred within the 14 days required by the Rule 502 Order and are making progress toward a resolution, I think we can continue to confer over email and do not need to set a call for today.

Without waiving our positions and rights, including as articulated in our previous emails, the State AGs' response is below.

As we have repeatedly reiterated, we will follow the law and our ethical obligations with regards to claims of attorney client privilege. Meta has made overbroad and inaccurate privilege claims throughout this litigation, and in particular with regard to Mr. Sattizahn and his documents. The admissibility and scope of his testimony is something that will need to be resolved by the trial Court, and is a wholly separate issue from Meta's overbroad and untimely clawbacks. We will not agree to link these issues together in any compromise.

However, if Meta agrees to remove the clawbacks over the below documents, we will agree not to seek to elicit testimony about the attorney advice redacted from the documents that were the subject of the "crime-fraud" briefing, unless and until the AGs seek and obtain an order from the Court permitting them to do so. This list includes the 5 documents from your email and also asks Meta to reconsider its position on META3047MDL-015-00000400.

1. META3047MDL-287-00003183

2. META3047MDL-281-00004826

3. META3047MDL-294-00126937

4. META3047MDL-050-00309895

5. META3047MDL-111-00135412

6. META3047MDL-015-00000400

7. META3047MDL-034-00162125

8. META3047MDL-072-00165756

9. META3047MDL-111-00156350

10. META3047MDL-111-00260147

11. META3047MDL-275-00005154

12. META3047MDL-234-00000007

13. META3047MDL-050-00295403

14.    META3047MDL-034-00149824

15.    META3047MDL-273-00002077

16.    META3047MDL-072-01233944


Thanks,


Matt


---

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Tuesday, July 28, 2026 11:59 AM
**To:** Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>; Chaput, Isaac <IChaput@cov.com>; Joshua Olszewski-Jubelirer <Joshua.OlszewskiJubelirer@doj.ca.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Porter, Abby <APorter@cov.com>; Howe, Samuel <SHowe@cov.com>; Mers, Megan <mmers@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** RE: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice


Matt,


Meta's July 21 clawbacks  are not untimely.  The Rule 502 Clawback Order provides that a party may claw back documents when a party "discovers that it produced or disclosed" the privileged material.  ECF 248 at ¶ 2.  The Order does not limit the period during which clawbacks may occur.  Instead, the Order "provides the maximum protection allowed by Federal Rules of Evidence 502(d) with regard to Protected Material," and "the mere production of privileged or work product-protected documents in this case as part of a mass production is not itself a waiver."  *Id*. at ¶ 1.


Meta will not agree to any limitation on its right to claw back privileged material that it may discover.  Discovery and briefing remain ongoing in other jurisdictions, and Meta is obligated to promptly claw back privileged material as it is discovered.

Meta produced replacement versions of the documents from its July 21 clawback notice on Monday. Meta will not withdraw its clawback of META3047MDL-015-00000400. The citation to a document on an expert's materials-considered list or an opposing party's discovery response does not waive the protections afforded under the Rule 502 Order. We further note that the discussion of Exhibit 20A during Antigone Davis's deposition was limited to a single question that did not address the material that Meta has redacted in the replacement version. *See* 3/4/25 A. Davis Tr. at 146:17-147:4.

However, in the interest of narrowing and resolving disputes, and without waiving its positions and rights, including as articulated in my email of last week, **Meta is willing to withdraw its clawbacks for the five documents identified in Josh's email of July 17** – META3047MDL-287-00003183, META3047MDL-281-00004826, META3047MDL-294-00126937, META3047MDL-050-00309895, and META3047MDL-111-00135412 – ***conditioned upon*** the AGs' agreement to the following: (1) the AGs confirm that they will *not* seek to elicit testimony from Jason Sattizahn about Meta's attorney-client privileged communications, or to use or introduce exhibits from his deposition over which Meta has asserted privilege; and (2) the AGs confirm that they will *not* seek to elicit testimony from any witnesses about the attorney advice reflected in (but redacted from) the documents that were the subject of the "crime-fraud" briefing, *unless and until* the AGs seek and obtain an order from the Court permitting them to do so – as the Rule 502(d) Order requires. Notably, your email from last Friday does not address our prior requests for confirmation on these points.

To the extent a further conferral is needed, we are available at the following times:

•       7/28 between 1:30 and 3 pm ET

•       7/29 at 3 pm ET

•       7/29 at 5 pm ET

Thank you,

Ashley

**From:** Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>
**Sent:** Monday, July 27, 2026 1:26 PM
**To:** Chaput, Isaac <IChaput@cov.com>; Simonsen, Ashley M <asimonsen@cov.com>; Joshua Olszewski-Jubelirer <Joshua.OlszewskiJubelirer@doj.ca.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Porter, Abby <APorter@cov.com>; Howe, Samuel <SHowe@cov.com>; Mers, Megan <mmers@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** RE: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

<mark>[EXTERNAL]</mark>

Isaac,

We can be available any time tomorrow to confer. Please let us know what times work for you all.

Under the 502 Rule Order 3(d), we need to confer within 14 days of the challenge. We sent the initial challenge on July 15 so the latest possible date to confer will be Wednesday, July 29.

Thanks,

Matt

---

**From:** Chaput, Isaac <IChaput@cov.com>
**Sent:** Friday, July 24, 2026 4:23 PM
**To:** Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>; Simonsen, Ashley M <asimonsen@cov.com>; Joshua Olszewski-Jubelirer <Joshua.OlszewskiJubelirer@doj.ca.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Porter, Abby <APorter@cov.com>; Howe, Samuel <SHowe@cov.com>; Mers, Megan <mmers@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** RE: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

Matt,

The AGs waited four days to respond to Ashley's note from Monday and have demanded a conferral on a Friday afternoon with no advance notice. Our team will not be able to confer today, including due to travel schedules, but we will get back to you when we are able to with proposed times for a conferral next week.

Regards,

Isaac

---

**From:** Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>
**Sent:** Friday, July 24, 2026 1:09 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Joshua Olszewski-Jubelirer <Joshua.OlszewskiJubelirer@doj.ca.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Chaput, Isaac <IChaput@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Porter, Abby <APorter@cov.com>; Howe, Samuel <SHowe@cov.com>; Mers, Megan <mmers@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** RE: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

[EXTERNAL]

Ashley,

Thank you for your emails. Pursuant to the Rule 502 Clawback Order, the State AGs are also challenging the July 21, 2026 clawback as untimely, and we reiterate that Meta has waived its ability to claw back these documents. We continue to maintain that the time for clawbacks has passed.

Because we will not know the substantive privileges asserted in the clawbacks until we receive your privilege log and/or redacted copies, the State AGs reserve our right to object to the substance of Meta's privilege designations. To speed up this process, we would also ask that Meta provide the privilege log and redacted versions by Monday (7/27).

We look forward to conferring with you about both of these clawbacks after we receive the privilege log and redacted versions of the July 21, 2026 clawback. In the meantime, we reiterate our requests

from Josh Olszewski-Jubelirer's July 17, 2026 email (below) that Meta immediately withdraw Meta's clawback notice at least as to the following documents, all of which were used in a "submission to the Court" months ago:

9. META3047MDL-287-00003183 – included as Ex. 5 to the State AGs' Motion for Partial Summary Judgment on COPPA

15. META3047MDL-281-00004826 – included as Ex. 133 to the State AGs' Opposition to Meta's Motion for Summary Judgment

27. META3047MDL-294-00126937 – included as Ex. 106 to the State AGs' Opposition to Meta's Motion for Summary Judgment

37. META3047MDL-050-00309895 – included as Ex. 37 to the State AGs' Motion for Partial Summary Judgment on COPPA

41. META3047MDL-111-00135412 – included as Ex. 41 to the State AGs' Motion for Partial Summary Judgment on COPPA

Meta should also immediately withdraw 1. META3047MDL-015-00000400 (from the July 21, 2026 clawback) which was used as Exhibit 20A to Antigone Davis' deposition, listed on page 7 and 12 of the State AGs' Answers to Meta's Second Set of Interrogatories on **December 23, 2024** (attached), and included in the materials considered for our experts Jean Twenge and Adam Alter.

Meta's continued refusal to withdraw its purported clawback notice over documents used in summary judgment briefing many months ago, in violation of the Rule 502 order that was entered in this MDL, is entirely without basis, highly prejudicial, and grounds for sanctions.

Finally, Meta should confirm that this clawback will be its last. While we can agree to disagree on whether the July 10, 2026 clawback was prompt, we are at the eve of trial and the prejudice to the State AGs is growing with each subsequent clawback. We reserve all rights as to the remaining documents on Meta's clawback list, and do not concede that any of them were exempt from the Order's express, automatic waiver provision.

Please provide times for a conferral today on the July 10 clawback documents. If Meta does not withdraw its clawbacks, we intend to brief this dispute for the court early next week, given the short time remaining before trial and the growing prejudice to our trial preparation.

Regarding your question in your last paragraph in the email below, we will continue to uphold our ethical responsibilities, follow court orders, and follow the rules of evidence with regards to any attorney-client privilege issues. Unless there is a change of circumstance, it is our intention, should we seek to use any of the crime-fraud documents at trial, to use the privilege-redacted versions that

have been used in the MDL briefing.


Thanks,


Matt

---

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Monday, July 20, 2026 9:50 PM
**To:** Joshua Olszewski-Jubelirer <Joshua.OlszewskiJubelirer@doj.ca.gov>; Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Chaput, Isaac <IChaput@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Porter, Abby <APorter@cov.com>; Howe, Samuel <SHowe@cov.com>; Mers, Megan <mmers@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** RE: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice



Josh,


We are considering the AGs' request that Meta withdraw its Clawback Notices as to the five documents identified in your email below. Particularly in an MDL where the plaintiffs have attached large volumes of documents to their summary judgment briefing—including the AGs, who attached over 3,000 pages of exhibits to their MSJ briefing—we do not believe the language of the Rule 502(d) Order cited in your email is necessarily applicable, but will continue to consider your position and will get back to you.


In the meantime, the State AGs may not "proceed[] on th[e] basis" that "these documents are not privileged or protected" unless and until Meta has withdrawn its Clawback Notices. The Rule 502(d) Order makes clear that the Receiving Party must take certain steps to honor the Producing Party's assertion of privilege upon receipt of a Clawback Notice, *see, e.g.*, ECF 248 § 5(b); that documents or testimony subject to a privilege challenge cannot be used until such challenge is resolved by the Court, *see* ECF 248 §3 (e); and that in the interim, such material "may not be submitted to the Court [or] presented for admission into evidence," ECF 248 § 6.

Here, Meta has made a good-faith assertion of privilege over these documents, consistent with a process both sides agreed to wherein Meta would have an opportunity to review the State AGs' exhibit list and then assert clawbacks as appropriate. *See* ECF 2949 ¶ 17. Any use of these documents or inquiry into the privileged portions at trial would violate the Rule 502(d) Order and the clear ethical prohibitions on seeking to rely on evidence known to be the subject of a privilege claim. *See, e.g.*, ECF 248 § 4 (at pp. 4–5) ("Noting in this Order overrides any attorney's *ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be Protected Material*." (emphasis added)).

Finally, the AGs' repeated suggestion that they plan to simply violate those prohibitions at trial—such as by eliciting testimony from Jason Sattizahn about Meta's attorney-client privileged communications, or introducing exhibits from his deposition over which Meta has asserted privilege—has now become a concerning trend. *See, e.g.*, 6/8/26-6/19/26 Email Thread Between A. Simonsen and J. Slothouber (attached). **We reiterate our request for confirmation that the AGs will not seek to rely on such evidence, which is known to be the subject of a privilege claim by Meta, at trial. We further request confirmation that**—to the extent the AGs plan to use "Document 1-4" (from the Parties' crime-fraud briefing) or the underlying slide deck or MYST study documents at trial—**the AGs will use the versions of those documents containing Meta's redactions for privilege, which both Magistrate Judge Kang and Judge Gonzalez Rogers have now upheld; and that the AGs will not seek to elicit testimony from any witnesses about the attorney advice reflected in (but redacted from) those documents**. Please confirm.

Thank you,

Ashley

---

**From:** Joshua Olszewski-Jubelirer <Joshua.OlszewskiJubelirer@doj.ca.gov>
**Sent:** Sunday, July 19, 2026 4:36 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Chaput, Isaac <IChaput@cov.com>; Greenhill, Alice <AGreenhill@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** RE: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

[EXTERNAL]

Counsel,

As discussed below, we consider Meta's clawback notice to be entirely improper at least as to the five documents noted that were used in the parties' summary judgment briefing months ago. Because the clawback order on which Meta's notice is premised by its terms establishes that these documents are not privileged or protected, we will be proceeding on that basis.

We continue to reserve our rights with respect to the remainder of the documents listed in the notice.

Best,

Josh

**Joshua Olszewski-Jubelirer**

Deputy Attorney General – Consumer Protection | California Department of Justice

1515 Clay St., Ste. 2000 | Oakland, CA 94612

(510) 879-0170 | joshua.olszewskijubelirer@doj.ca.gov

---

**From:** Joshua Olszewski-Jubelirer
**Sent:** Friday, July 17, 2026 5:38 PM
**To:** 'Simonsen, Ashley M' <asimonsen@cov.com>; Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Chaput, Isaac <IChaput@cov.com>; Greenhill, Alice <AGreenhill@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** RE: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

Counsel,

The claw back order in the case expressly provides that "[i]f a receiving party uses discovery materials in a submission to the Court or at a hearing, and the Producing Party has not served a Clawback Notice as to those materials in advance of the submission to the Court or hearing, the Producing Party must serve a Clawback Notice within seven (7) calendar days of its receipt of the submission to the Court or the hearing or the information in question shall be deemed not to be

Privileged or Protected." ECF 248 at paragraph 5(b). Accordingly, Meta may not claw back documents, for example, that have been filed as part of the parties' submissions more than 7 days before Meta's July 10 clawback notice.

Please immediately withdraw Meta's clawback notice at least as to the following documents, all of which were used in a "submission to the Court" months ago:

9. META3047MDL-287-00003183 – included as Ex. 5 to the State AGs' Motion for Partial Summary Judgment on COPPA

15. META3047MDL-281-00004826 – included as Ex. 133 to the State AGs' Opposition to Meta's Motion for Summary Judgment

27. META3047MDL-294-00126937 – included as Ex. 106 to the State AGs' Opposition to Meta's Motion for Summary Judgment

37. META3047MDL-050-00309895 – included as Ex. 37 to the State AGs' Motion for Partial Summary Judgment on COPPA

41. META3047MDL-111-00135412 – included as Ex. 41 to the State AGs' Motion for Partial Summary Judgment on COPPA

We reserve our rights as to the remaining documents on Meta's clawback list, and do not concede that any of them were not also subject to the same express, automatic waiver position of the order. Meta's failure to immediately withdraw these claw backs may require additional relief, including holding open Ms. Hartnett's upcoming deposition.

Best,

Josh

**Joshua Olszewski-Jubelirer**

Deputy Attorney General – Consumer Protection | California Department of Justice

1515 Clay St., Ste. 2000 | Oakland, CA 94612

(510) 879-0170 | joshua.olszewskijubelirer@doj.ca.gov

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Thursday, July 16, 2026 12:56 PM
**To:** Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>; Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Chaput, Isaac <IChaput@cov.com>; Greenhill, Alice <AGreenhill@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** RE: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Matt,

Thank you for your email. Meta's July 10, 2026 clawbacks are timely. The Parties' Stipulation governing these clawbacks, which was ordered by the Court, provides that "Meta will promptly assert clawbacks over any documents on … (2) the MDL AGs' preliminary exhibit list." ECF 2949 ¶ 17. Meta complied with this provision by asserting its clawbacks within 35 days of the State AGs' serving their exhibit list.

As a reminder, during the Parties' negotiations over this particular provision of the Stipulation, Plaintiffs (both PISD Plaintiffs and the State AGs) acknowledged that Meta may assert clawbacks over documents on Plaintiffs' exhibit lists, but sought to limit the clawback period to 30 days. While Meta agreed to "target[]" that timeframe for the assertion of its clawbacks over the documents on Breathitt's exhibit list (because Meta had already received Breathitt's exhibit list and therefore knew the volume of documents the clawback review would entail), *id.* ¶ 17, Meta objected to that timeline for the State AGs' exhibit list because the State AGs had not yet served an exhibit list; thus, Meta could not be sure that it could complete a clawback review within 30 days (because it did not know how many documents would be on the AGs' list). Plaintiffs did not object. The "promptly" language agreed to by the Parties (*id.* ¶ 17) thus reflected a recognition that while Meta would endeavor to claw documents back within approximately 30 days, a hard deadline would not be imposed.

Here, the State AGs served their preliminary exhibit list containing 3,950 Meta documents on June 6, and Meta clawed the documents back 35 days later, on July 10, complying with the final terms of the Stipulation.

Further, Meta has not waived its right under the Rule 502 Clawback Order to claw these documents back.  The Rule 502(d) Clawback Order provides that Meta is entitled to claw a document back "[i]n the event that a Party discovers that it produced or disclosed Protected Material."  ECF 248 at 2.  Meta did so here.  The inclusion of a document by a Plaintiffs' expert in a lengthy materials considered list, for example, does not waive Meta's right to claw the document back.  The fact that this clawback occurred after the close of discovery is also irrelevant, particularly given the Parties' Stipulation, which acknowledged that Meta may assert clawbacks over documents on Plaintiffs' exhibit lists (which would necessarily be served after the close of fact discovery).

Of the 41 documents listed in Meta's clawback notice, Meta is clawing back only seven in full.  Meta will produce its privilege log for the seven documents clawed back to "withhold" on Friday, July 16.  Meta clawed back the majority of the remaining clawbacks, including all 13 documents listed in your email, in order to add limited redactions.  Meta expects to produce replacement versions of those documents by early next week.

Meta is available to meet and confer concerning its clawbacks, but we believe the discussion will be more productive if it occurs after Plaintiffs review the replacement production.

Thanks,

Ashley

---

**From:** Cocanougher, Matthew C (KYOAG) <matthew.cocanougher@ky.gov>
**Sent:** Wednesday, July 15, 2026 7:29 AM
**To:** Rice, Dale <drice@cov.com>; Feng, Wendy <wfeng@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Simonsen, Ashley M <asimonsen@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Chaput, Isaac <IChaput@cov.com>; Greenhill, Alice <AGreenhill@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Subject:** RE: MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

[EXTERNAL]

Wendy,

The State AGs challenge the July 10, 2026 clawback as untimely, and believe that Meta has waived its ability to claw back these documents. This challenge is pursuant to the Rule 502 Clawback Order

3(a) and covers, but is not limited to, the stipulation at Doc 2949 (attached) which provides that Meta will "promptly assert clawbacks over any document on …..(2) the MDL AGs' preliminary exhibit list."

More generally, the State AGs object to the clawback at this stage as it is coming more than two years after the close of fact discovery. At this point, Meta has waived its right to claw back documents. We also note that Meta not only had the opportunity to check for privileges throughout the discovery process but also did a second pass at the end of last year that resulted in around 70,000 documents with changed privilege designations. The time for clawbacks has passed. Moreover, Meta has implicitly waived the ability to clawback many of these documents because they were previously used in depositions and briefing.

Because we will not know the substantive privileges asserted in the clawbacks until we receive your privilege log, the State AGs reserve our right to object to the substance of Meta's privilege designations. To speed up this process, we would also ask that Meta expedite the process for providing the privilege log and provide it tomorrow (7/16), and remove from the clawback notice all documents which were previously used in depositions and briefing:

6. META3047MDL-034-00162125 - included in paragraph 254 the Trial Report of Carl Saba

9. META3047MDL-287-00003183 – included as Ex. 5 to the State AGs' Motion for Partial Summary Judgment on COPPA

12. META3047MDL-072-00165756 – included in our Misrepresentation Chart at ECF 2994

15. META3047MDL-281-00004826 – included as Ex. 133 to the State AGs' Opposition to Meta's Motion for Summary Judgment

17. META3047MDL-111-00156350 – included as a material considered in Ryan Sheatsley's Opening Report and Reply

18. META3047MDL-111-00260147 - included as a material considered in Ryan Sheatsley's Opening Report and Reply

19. META3047MDL-275-00005154 - included as a material considered in Ryan Sheatsley's Opening Report and Reply

27. META3047MDL-294-00126937 – included as Ex. 106 to the State AGs' Opposition to Meta's Motion for Summary Judgment

29. META3047MDL-234-00000007 – included as Ex. 33 to Allison Hartnett's Deposition

35. META3047MDL-050-00295403 – included in paragraph 314 of Adam Alter's Trial Report

37. META3047MDL-050-00309895 – included as Ex. 37 to the State AGs' Motion for Partial Summary Judgment on COPPA

40. META3047MDL-034-00149824 – included as a material considered in Ryan Sheatsley's

Opening Report and Reply

41. META3047MDL-111-00135412 – included as Ex. 41 to the State AGs' Motion for Partial Summary Judgment on COPPA

Please provide your availability to meet and confer on this issue.

Thanks,

Matt



**Matthew C. Cocanougher**

Asst. Attorney General | Office of Consumer Protection

Office of the Kentucky Attorney General

1024 Capital Center Drive | Suite 200 | Frankfort, Kentucky 40601

502.892.8538 | matthew.cocanougher@ky.gov

This E-mail message and any attachments may contain legally privileged, confidential or proprietary information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this E-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this E-mail message from your computer.

**From:** Rice, Dale <drice@cov.com>
**Sent:** Friday, July 10, 2026 7:05 PM
**To:** pwarren@motleyrice.com; lhazam@lchb.com; Megan.Oneill@doj.ca.gov; David.Sloves@law.njoag.gov; Keiser, Daniel I (KYOAG) <daniel.keiser@ky.gov>; Lewis, Chris C (KYOAG) <Christian.Lewis@ky.gov>; Thomas.Huynh@law.njoag.gov; Liza.Atkinson@coag.gov; Dana.LoPorto-Kiss@coag.gov; SM.MDLAGLeads@coag.gov;

PLTFSOCIALMEDIASERVICE@LISTSERV.MOTLEYRICE.COM; smmdl-school-district-bellwether-group@classlawgroup.com; mweinkowitz@classlawgroup.com; myeates@ktmc.com; jennie@andrusanderson.com; ndrake@motleyrice.com; Peter Klausner <pklausner@baronbudd.com>
**Cc:** social_media_mdl@csdisco.com; hill@csdisco.com; SCA0001@epiqglobal.com; SnapNoticeofService@mto.com; TikTokNoticeofService@faegredrinker.com; SERVICE-YOUTUBE-INRESOCIALMEDIAM@LIST.WSGR.COM; McNamara, Mariana <mmcnamara@wsgr.com>; FTIGoogleTeam <ftigoogleteam@fticonsulting.com>; Simonsen, Ashley M <asimonsen@cov.com>; Haller, David W. <dhaller@cov.com>; Kresse, Joseph <jkresse@cov.com>; Georges, Maria <mgeorges@cov.com>; Chaput, Isaac <IChaput@cov.com>; Meyer, Corey M. <corey.meyer@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Clark, Kelsey <kelsey.clark@davispolk.com>; MetaNoticeofService <MetaNoticeofService@cov.com>
**Subject:** MDL 3047 JCCP5255 - Meta MDL and JCCP Clawback Notice

**\*\*CAUTION\*\*  PDF attachments may contain links to malicious sites.  Please contact the COT Service Desk ServiceCorrespondence@ky.gov for any assistance.**

Counsel,

Please see attached Meta's clawback notice.

Best regards,

Dale

**Dale Rice**

Covington & Burling LLP
Salesforce Tower, 415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
T +1 415 591 7081 | drice@cov.com
www.cov.com

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

⚠ **EXTERNAL EMAIL:** This email has originated outside of the organization.

⚠ **EXTERNAL EMAIL:** This email has originated outside of the organization.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

⚠ **EXTERNAL EMAIL:** This email has originated outside of the organization.

⚠ **EXTERNAL EMAIL:** This email has originated outside of the organization.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

⚠ **EXTERNAL EMAIL:** This email has originated outside of the organization.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.