# Exhibit B

# *STATE OF TENNESSEE, et al.*

v.

# *META PLATFORMS, et al.*

Trial

**Day Six**

*July 29, 2026*

HARPETH
COURT REPORTERS

(615) 933-6786
www.harpethcourtreporters.com

IN THE CHANCERY COURT OF DAVIDSON COUNTY, TENNESSEE
FOR THE TWENTIETH JUDICIAL DISTRICT, AT NASHVILLE

---

STATE OF TENNESSEE, ex rel.
JONATHAN SKRMETTI, ATTORNEY GENERAL
and REPORTER,

Plaintiff,

vs. Case No. 23-1364-IV

META PLATFORMS, INC., and
INSTAGRAM,

Defendants.

---

TRIAL TRANSCRIPT

Volume 6

Before Chancellor Russell T. Perkins

July 29, 2026

8:02 a.m.

---

Reported by:
Harpeth Court Reporters
Franklin, Tennessee
PATRICIA NILSEN, RMR, CRR, LCR

**Q. Was growth and engagement, based on your experience, a goal of the company?**

A. It -- growth, which was about getting more people on or getting people to come back when they've gone off, and engagement, which is again -- they're different definitions here, so I want to be careful; but it's just different ways of how many clicks, how many times you comment, how many times you push different things. These are all proxies for how much time you're going to end up spending on the product.

And the goals of almost every -- pretty much every team that was facing users would be around these kinds of metrics that had to do with how much time you spend and how many people use the thing that you build.

The only team that didn't have goals based on people or usage, that I'm aware of, was the safety team in Instagram.

**Q. The statement by Mr. Zuckerberg, "I don't give our News Feed team or our Instagram team goals around increasing the amount of time that people spend," based on your experience, is that a truthful and accurate statement?**

A. No. That is not a truthful nor accurate

BY MR. CARTMELL:

**Q. Okay. Now, if you wouldn't mind turning to page 11, if you would, please.**

**I just want to show -- it states that this is a prepared statement of Adam Mosseri, the head of Instagram.**

**Do you see that?**

A. Yes, I do.

**Q. Was this just like we just talked about with Ms. Davis's statement, and you did one as well? There's a prepared statement that you give before your live sworn testimony?**

A. Correct.

**Q. Okay. All right. And then if you would go to page 12, please -- or no, I'm sorry, that was page 12. And then -- yeah, it says page 12. Mine's not highlighted.**

MR. PARKINSON: They got it.

MR. CARTMELL: Oh, you got it. Sorry. Thanks.

BY MR. CARTMELL:

**Q. Okay. I'm going to ask you about this statement by Mr. Mosseri. Age verification on Instagram: "Instagram is built for people 13 and older. If a child is under the age of 13, they are**

**not permitted on Instagram. When we learn someone underage has created an account, we remove them."**

**Do you see that?**

A. Yes, I do.

**Q. Do you believe that that is a truthful and accurate statement by Mr. Mosseri to Congress in 2021?**

A. I don't think that's truthful nor accurate, and I think it creates a false impression of what the company does with regards to under-13 accounts.

**Q. And based on your research and the actual publications and testing that you have done since that, is that even an accurate record today?**

A. No, it is not.

**Q. Okay. All right. So now I would like to ask you -- we're going to get to another exhibit, but we've talked about several public statements that -- sorry.**

MR. CARTMELL: Your Honor, plaintiff moves to admit PX04015.

MR. PARKINSON: No objection to that portion, understanding that's how your Honor's been ruling.

THE COURT: Yes. That portion that is reflected on page 12 is admitted into evidence,

**statements that have this row number, all the way to 196. Is that correct?**

A. I believe that to be the case.

**Q. Okay. And your testimony is that these are 196 deceptive statements from Meta, correct?**

A. Correct.

**Q. In a lot of ways, this is the foundation of the claim that Meta has not been truthful with the public. Is that fair?**

MR. CARTMELL: Object. It calls for speculation for him to say what the State's claim is.

MR. PARKINSON: I'll move on.

THE COURT: Sustained.

MR. PARKINSON: Thank you, your Honor.

BY MR. PARKINSON:

**Q. So it says "Deceptive statement" in the middle.**

**Do you see that?**

A. Yes.

**Q. And then next to that it says "Description," correct?**

A. Yes.

**Q. Okay. And what does the "Description" column contain? Just so the jury can orient itself.**

A. That is not in this document.

**Q. Sir, this is a really important document; I think that we agreed with that at the start. I don't want to keep doing this with more of these.**

**Are you prepared to testify that every single deceptive statement in the document actually exists in the documents you've cited?**

A. I am prepared to testify that the misleading documents exist in the document -- in documents that I have reviewed. I didn't, for each one of the rows, precisely cross-reference the labels. But I can absolutely say that I've read and reviewed documents that contain these statements, and that in my opinion, these statements are all misleading.

**Q. How many -- just a number -- of the deceptive statements don't actually exist in the documents that are cited, when the jury gets this document? What's the number?**

A. I wouldn't be able to say that off the top of my head.

**Q. I think you testified this morning -- I wrote it down -- that every quote in this list is an exact quote. That was a question, and you answered "Yes." Do you remember that this morning?**

A. Yes.

COURT REPORTER'S CERTIFICATE

STATE OF TENNESSEE:

I, PATRICIA A. NILSEN, Licensed Reporter for the State of Tennessee, CERTIFY:

1. The foregoing proceedings were taken before me at the time and place stated in the foregoing styled cause with the appearances as noted;

2. Being a Court Reporter, I then reported the proceedings stenographically to the best of my skill and ability, and the foregoing pages contain a full, true and correct transcript of my said stenographic notes then and there taken;

3. I am not in the employ of and am not related to any of the parties or their counsel, and I have no interest in the matter involved.

WITNESS MY SIGNATURE, this, the 29th day of July, 2026.

Patricia Nilsen

PATRICIA A. NILSEN, RMR, CRR, CRC
TN Licensed Court Reporter
LCR Number: 717
Expiration: 6/30/2028