United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEOPLE OF THE STATE OF CALIFORNIA, ET AL.,

Plaintiffs,

v.

META PLATFORMS INC., ET AL.,

Defendants.

Case No. 4:23-cv-05448-YGR

**TRIAL ORDER NO. 2 RE TESTIMONY OF SATTIZAHN AND MODY**

Pending before the Court is Meta's Motion to Preclude Testimony on Attorney-Client Privileged Communications by Former Employee Jason Sattizahn[1] (Dkt. No. 553) and disputes regarding the designations of the deposition of Shilpa Mody.

## I. META'S MOTION TO PRECLUDE TESTIMONY OF JASON SATTIZAHN

The Court has considered the materials submitted *in camera* including transcripts from testimony which Mr. Sattizahn and Exhibits "70 and 71."[2]

The Court agrees that Meta should have raised this as a pretrial motion. However, there also appears to have been a deadline that the AGs failed to meet with respect to claw backs. Nonetheless, the Court issues the following order and guidance to address the topic at hand in addition to the discussion with the parties on August 20, 2026.

The Ninth Circuit has directed courts to apply the "primary purpose test" for claims of attorney-client privilege and consider "whether the primary purpose of the communication is to

---

[1] The parties' sealing request for the briefing of this motion (Dkt. No. 554) is **GRANTED**.

[2] Meta's claim of privilege as to Exhibit 69 was withdrawn. *See* Dkt. No. 553, n. 4.

give or receive legal advice, as opposed to business" advice. *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021). Additionally, the work product doctrine protects "dual purpose" documents from disclosure where those documents were created "because of" the prospect of litigation, if "in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." See *In re Grand Jury Subpoena* (Mark Torf/Torf Env't Mgmt.), 357 F.3d 900, 908 (9th Cir. 2004) (quoting Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, 8 Fed. Prac. & Proc. Civ. § 2024 (2d ed. 1994)). With the relevant legal standard in mind, the Court has reviewed the materials over which Meta claims attorney-client privilege.

*First*, the Court finds that the primary purpose of Exhibit 71 is to outline the attorney's view of how the attorney client privilege works and its scope. Accordingly, that exhibit is privileged as is any discussion about the contents thereof. (*See* Dkt. No. 53-13 at 112-119.)

*Second,* under Ninth Circuit law, in-house counsel is wrong to the extent that they believe that they can shield business decisions by merely adding lawyers to business functions. They cannot. The primary-purpose test governs. Actions taken or advice given by attorneys regarding general business decisions untethered to a specific legal issue cannot be subsumed under a generic claim of "privilege" by framing the actions or advice with an overly broad characterization of "risk." Thus, the snippets of testimony at pages 125-126 appear not to be protected as the testimony relates to data and research, nor at pages 128-29, which relate to third-party services.

*That said, and third,* it does not appear the research or third-party services in question contain any information about the research specifically at issue in this trial. Meta suggests not. The same is true with respect to the testimony at pages 142-43 and 375-385, which concern VR data not at issue here. If the research is not relevant here, the evidence is excluded under Rules 401 and 403. Should that research relate to the issues in this case, the Court tentatively rules that the primary purpose of the lawyer's interaction was not to render legal advice on any specific issue relative to that research, but to insert themselves in day-to-day business operations under the mistaken belief that they could shield those business processes by inappropriately labeling anything the lawyers said or did as "attorney client privilege."

United States District Court
Northern District of California

## II. DEPOSITION DESIGNATION DISPUTES

With respect to the parties' objections to each other's designations of the testimony of Shilpa Mody, all objections are overruled with the following exceptions which are sustained:

Testimony at 152:10-13; 285:20-286:4; 502:7-10, 13-24, and 504:3-505:16. Also, the metadata sheet for Exhibits 13 and 14 are not admitted.

To the extent there are any further designation disputes, the parties shall provide two binders: one with the transcripts at issue and the other with the referenced exhibits, so they can be viewed simultaneously. As the Court requested here, all further charts should include the exhibit references so the Court does not need to search the transcript for the relevant documents.

**IT IS SO ORDERED.**

This Order terminates Dkt. No. 554.

Dated: August 21, 2026

YVONNE GONZALEZ ROGERS
CHIEF UNITED STATES DISTRICT COURT JUDGE