[*Submitting Counsel on Signature Page*]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR |
| THIS DOCUMENT RELATES TO: *People of the State of California, et al. v. Meta Platforms, Inc., et al.* 4:23-cv-05448-YGR | **STATE AGS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** Judge: Hon. Yvonne Gonzalez Rogers |

## INTRODUCTION

Magistrate Judge Kang's August 10 order, ECF (3361) ("Order"), misapplied controlling law, *e.g.*, *Pizzuto v. Tewalt*, 136 F.4th 855 (9th Cir. 2025), when it denied in large part the State AGs' request for undeniably relevant "Viewer" and "Collaborator" metadata for 300 trial-critical documents, even though Meta failed to establish any burden or expense to resist production. The Order prejudices the State AGs' trial presentation by preventing them from obtaining custodian data necessary to lay foundation for up to 300 of Meta's own business records.

The Order made three findings that should have resolved this dispute. First, the requested metadata is relevant. Ord. at 5–8. Second, Meta did not even argue—let alone offer declarations or evidence—that producing the metadata would impose any burden or expense. *Id*. Third, Meta did not deny that it already possesses the requested metadata in a readily producible format. *Id*. Under controlling Ninth Circuit law, once relevance is established, the resisting party bears the burden to demonstrate undue burden. *E.g.*, *Pizzuto*, 136 F.4th at 871–72. Meta demonstrated none.

Yet the Order compelled metadata production for only 43 exhibits and denied it for the remainder (242 or so) because those documents either already identify at least one (often random, unhelpful) Meta custodian or contain a Meta employee's name somewhere in the document (again, someone often random and unhelpful). Ord. at 8, 10. That reasoning cannot be reconciled with the Order's own findings or Rule 26. The Order itself found that the requested metadata is relevant, even if not strictly understood as "custodian" data under the ESI Protocol. *Id*. at 7. And identifying one Meta employee associated with a document does not reveal the distinct set of people authorized to view or edit it, which may be central to laying foundation for Meta's business records. This should be a simple, stipulated-to admissibility issue; but Meta has been intransigent for months, refusing to stipulate and instead playing tactical discovery games necessitating multiple filings before the Magistrate Judge and now this Court.

This objection is narrow. The State AGs do not ask this Court to revisit the Magistrate Judge's interpretation of the ESI Protocol. The objection concerns only Ninth Circuit proportionality. After (correctly) finding the requested metadata relevant across all 300 documents and finding no demonstrated burden or expense, the Order (incorrectly) treated the metadata as disproportionate for more than 200 documents solely because different, incomplete information—a single custodian name of

Meta's choosing or a random employee name appearing somewhere in the document—was available. Controlling law does not support the Order's distinction.

The issue matters now because Meta continues to reserve foundation and personal-knowledge objections to its internal records. As this Court observed: "Why don't we have custodians? Why haven't the custodians for these documents been produced? It absolutely matters." 7/17/26 CMC Hr'g Tr. at 63:24–64:6. The State AGs respectfully request relief from the portion of the Order denying "Viewer" and "Collaborator" metadata for the remaining documents.

## BACKGROUND

The dispute concerns Meta documents stored in Google Drive. For those documents, Google exports "Viewer" and "Collaborator" fields identifying employees that had access to view or edit the document, respectively. *See* Ord. at 4. That information can identify witnesses who could access trial-critical documents and therefore have (or should have) personal knowledge of an exhibit. *See* ECF (3023) at 6–7; ECF (3346) at 6–7. This is crucial because Meta has been playing tactical games to stymie the State AGs' ability to admit Meta's own records by omitting or obfuscating employees who could serve as a sponsoring witness for those documents.

The ESI Protocol requires produced ESI to include an "ALLCUSTODIANS" field listing "all custodians associated with" a document. ECF (690) at 22 (emphasis added). The ESI Protocol specifically requires that the producing party must "extract, capture, collect, manually populate, or produce" the ALLCUSTODIANS field if it is not "automatically extracted" from the document itself. *Id*. at 21–22 (emphasis added). Meta nevertheless produced approximately 260,000 documents with no identified human custodian, instead listing only "Meta Platforms." Ord. at 4. The State AGs sought viewer and editor metadata as a practical means of ensuring productions identifying people associated with a limited set of important documents. *See* ECF (3346) at 6–7.

The States raised the missing—and incomplete—custodian issue with Meta no later than April 1, 2026, and proposed production of the viewer and editor metadata for a limited universe of shared documents. ECF (3023-1) at 5, 12–14. Following a number of conferrals, the parties (with PISD) submitted the dispute to the Magistrate Judge on May 7, 2026. ECF (3023). Having received no word from the Magistrate Judge after nearly three months, on August 5, 2026, the State AGs respectfully

requested a ruling from the Magistrate Judge and clarified that—with trial just days away—the relief sought would be limited to just 300 trial-critical documents with either no custodian or facially incomplete custodian information. On August 5, 2026, the Magistrate Judge admonished the State AGs for requesting an "expedited" ruling and, among other things, ordered additional letter briefing to be filed by August 7, 2026. ECF (3338). The parties timely submitted the requested briefing. ECF (3346).

On August 10, 2026, the Magistrate Judge issued the Order and, as relevant here, made the following findings: (1) "The instant dispute has been narrowed to 300 Meta documents which are apparently on the States' trial exhibit list and which the States refer to as 'trial critical';" (2) Meta's relevance arguments failed because the requested metadata for all 300 documents "would disclose information that is within the scope of relevance for purposes of discovery" and "there is no basis to differentiate the documents;" (3) "Meta does not argue that there is undue burden or expense in producing the requested metadata," apart from "a broadly phrased argument" that it is "too late;" (4) Meta "never expressly denies" that it already possesses the metadata in a readily producible format; and (5) Meta "does not submit any declarations or other evidence to try to establish that producing the metadata would impose burden or expense." Ord. at 4–8.

Despite this, the Order compelled metadata production for only 43 exhibits—those Meta identified as listing the sole custodian as "Meta Platforms" and lacking any Meta employee name on their face. *Id.* at 10. It denied metadata production for the remaining 242 (or so) exhibits because existing metadata or the face of the document identified at least one Meta employee (regardless of that employee's role at Meta or at trial). *Id.* That distinction is especially difficult to reconcile with the Order's separate finding that viewer and editor metadata is broader than custodian information: "not every person who accessed a document is a custodian of that document." *Id.* at 7. In other words, the Order recognized that the requested fields contain relevant information, different from what Meta provided, but then denied production because any employee name associated with the document should be, in effect, good enough.

## ARGUMENT

### I. Standard of Review

A district court must set aside a magistrate judge's non-dispositive ruling that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "The magistrate's legal conclusions

are reviewed de novo to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

## II. THE ORDER IS CONTRARY TO LAW BECAUSE META FAILED TO CARRY ITS BURDEN ONCE RELEVANCE WAS CONCLUSIVELY ESTABLISHED

Rule 26(b)(1) permits discovery of any relevant, non-privileged matter that is proportional to the needs of the case. Once the requesting party establishes relevance, however, the resisting party bears the burden to substantiate an undue-burden objection. *Pizzuto*, 136 F.4th at 871–72 ("Plaintiff has shown that the information is relevant. Thus, it is Defendants' burden to demonstrate why the disclosures would constitute an undue burden."); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (the party resisting discovery carries a "heavy burden" to show why discovery should be denied). Consistent with this, courts routinely compel relevant discovery where the resisting party identifies no production burden. *See, e.g.*, *Gamevice, Inc. v. Nintendo Co.*, No. 18-01942, 2019 WL 2763008, at *5 (N.D. Cal. July 2, 2019) (ordering defendant to "identi[fy] all persons with knowledge of . . . each asserted claim . . . . [because] there is no burden to producing this relevant information"); *Brighton Collectibles, LLC v. Publishers Clearing House, LLC*, No. 17-02327, 2017 WL 7806625, at *1 (C.D. Cal. Nov. 28, 2017) ("[T]he emails sought here are relevant to [plaintiff]'s claims. The Court sees no burden to [defendant] in doing an email search. The discovery is not disproportionate.").

Here, the Magistrate Judge resolved relevance in the State AGs' favor for the requested metadata and expressly found "no basis to differentiate the [300] documents . . . ." Ord. at 5–6. Meta then failed to carry its burden: it did not claim undue burden or expense, did not submit a declaration quantifying a burden, and did not deny that it already possesses the metadata in a readily producible format. *Id.* at 7–8. Meta's silence on burden is not a neutral factor under *Pizzuto*. After relevance was established, Meta was required to demonstrate undue burden or expense. The Order's substantial denial of relief despite that complete absence of a burden showing misapplies governing Ninth Circuit law interpreting Rule 26. Relief from the Order should be granted on this basis alone.

## III. THE 43-DOCUMENT LIMITATION IS CLEARLY ERRONEOUS BECAUSE EXISTING CUSTODIAN INFORMATION IS NOT THE RELEVANT DISCOVERY SOUGHT

The Order's remaining rationale does not cure the error. Rule 26(b)(2)(C)(i) addresses cumulative discovery: a court may limit discovery when "the discovery sought is unreasonably cumulative or

duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." But the Order made no finding that the identities of viewers and editors can be obtained from existing metadata or from an employee name appearing on a document. They cannot. A document identifying one author, custodian, or employee does not disclose which employees—who may be trial witnesses—were authorized to edit or view that document. The Order thus recognized that the requested fields contain relevant and distinct information, Ord. at 7, but denied production because different information was available, *id.* at 10. Those findings are internally contradictory and provide an additional basis to grant relief from the Order. *See, e.g., Perez-Arceo v. Lynch*, 821 F.3d 1178, 1186 (9th Cir. 2016) ("internally inconsistent" findings are clearly erroneous); *In re U.S.A. Motel Corp.*, 450 F.2d 499, 503 (9th Cir. 1971) ("significantly contradictory" findings are clearly erroneous).

Nor can timeliness justify the Magistrate Judge's 43/242 distinction: the timing is identical for both groups, and the Order found production proportional for the 43 notwithstanding that concern. Ord. at 9–10. With no evidence of incremental burden from producing the remaining metadata, the line that the Order drew has no support in Rule 26 or the record. Further, the Magistrate Judge's timeliness conclusions are also inherently contradictory—the Order simultaneously disposed of Meta's argument as an insufficient, "broadly phrased argument that producing the metadata now is too late" under undue burden, *id.* at 7, but then relied on that argument as a separate proportionality factor weighing in Meta's favor, *id.* at 9. At bottom, the Order is clearly erroneous and contrary to law because it denied production of relevant, critical metadata information that imposed no burden or expense on Meta to produce.

## CONCLUSION

The State AGs respectfully request that the Court set aside the portion of the August 10 Order denying the requested "Viewer" and "Collaborator" metadata and further order Meta to produce that metadata for all 300 trial-critical exhibits within 24 hours of the Court's ruling. In the alternative, the State AGs respectfully request that the Court enter an evidentiary ruling that any Meta document with inadequate custodian information may be admitted through the personal knowledge of any Meta employee.

DATED: August 23, 2026

Respectfully submitted,

**ROB BONTA**
Attorney General
State of California

/s/ Bernard A. Eskandari
Megan O'Neill (CA SBN 343535)
Deputy Attorney General
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
David Beglin (CA SBN 356401)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.ONeill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**PHILIP J. WEISER**
Attorney General
State of Colorado

/s/ Jason Slothouber
Jason Slothouber, CO Reg. No. 43496, *pro hac vice*
Chief Trial Counsel, Consumer Protection
Krista Batchelder, CO Reg. No. 45066, *pro hac vice*
Deputy Solicitor General
Lauren M. Dickey, CO Reg. No. 45773, *pro hac vice*
First Assistant Attorney General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6000
Krista.Batchelder@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

/s/ J. Christian Lewis
J. Christian Lewis (KY Bar No. 87109), *pro hac vice*
Division Chief, Consumer & Senior Protection
Philip Heleringer (KY Bar No. 96748), *pro hac vice*
Zachary Richards (KY Bar No. 99209), *pro hac vice*
Daniel I. Keiser (KY Bar No. 100264), *pro hac vice*
Matthew Cocanougher (KY Bar No. 94292), *pro hac vice*

**JENNIFER DAVENPORT**
Attorney General
State of New Jersey

/s/ Mandy K. Wang
Mandy K. Wang (NJ Bar No. 373452021), *Pro hac vice*
Brian F. McDonough (NJ Bar No. 026121980), *Pro hac vice*
Deputy Attorneys General
Kashif T. Chand (NJ Bar No. 016752008), *Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017), *Pro hac vice*
Section Chief, Deputy Attorney

Assistant Attorneys General
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Christian.Lewis@ky.gov
Matthew.Cocanougher@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

General
Verna J. Pradaxay (NJ Bar No. 335822021), *Pro hac vice*
Deputy Attorneys General
New Jersey Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Kashif.Chand@law.njoag.gov

*Attorneys for Plaintiffs Jennifer Davenport, Attorney General for the State of New Jersey, and Christopher L. Peterson, Acting Director of the New Jersey Division of Consumer Affairs*

**SIGNATURE CERTIFICATION**

In accordance with Civ. L.R. 5-1(i)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

DATED: August 23, 2026

*/s/ Bernard A. Eskandari*
Bernard A. Eskandari

*Counsel to Plaintiff the People of the State of California*