Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

*Attorney for Defendant Meta Platforms, Inc. f/k/a Facebook, Inc.*

*[Additional counsel listed on signature page]*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

This Document Relates To:

*People of the State of California, et al. v. Meta Platforms, Inc., et al.*

MDL No. 3047

Case Nos.: 4:22-md-03047-YGR-PHK
4:23-cv-05448-YGR

**META'S OPPOSITION TO STATE AGS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (GRANTING AGS' REQUEST FOR ADDITIONAL METADATA FOR NON-CUSTODIAL GOOGLE DOCUMENTS ON AGS' PRIORITY EXHIBIT LIST)**

Judge: Hon. Yvonne Gonzalez Rogers
Magistrate Judge: Hon. Peter H. Kang

Date: August 24, 2026, or as soon thereafter as the Court may hear the motion
Time: 2:00 PM
Place: Courtroom 1, 4th Floor

The State AGs' motion should be denied for a simple reason: Magistrate Judge Kang granted the relief the AGs actually requested, and Meta has already complied with his Order.

Two weeks ago, on August 10, 2026, Magistrate Judge Kang entered an order requiring Meta to produce *all* of the additional metadata fields the AGs requested in their May 2026 motion, for *all* of the documents on the AGs' priority exhibit list for which they requested that metadata. ECF 3361 (4:22-md-3047) ("**Order**"). Specifically, the AGs requested that Meta produce two metadata fields, "GSUITE_VIEWER" and "GSUITE_COLLABORATOR," for Google documents on the AGs' priority trial exhibit list for which the *only* identified custodian was "Meta Platforms"—documents referred to herein as "**Non-Custodial Google Docs**." *E.g.*, ECF 3023 (4:22-md-3047) (original joint letter-briefing) at 6; *accord* ECF 510 (3346) (supplemental briefing) at 6 (describing documents at issue as those "without a human custodian") (together, the AGs' "**Motion**"). On August 13, 2026, three days after Magistrate Judge Kang entered the Order, Meta produced the requested metadata for all Non-Custodial Google Docs on both the AGs' original priority exhibit list (filed July 27, 2026) and updated priority exhibit list (filed August 7, 2026).

Having received the metadata they sought, the AGs now ask this Court for something different and broader: an order requiring Meta to produce those same fields for all Google documents on the AGs' priority exhibit list, including documents for which Meta already produced *individual custodian* metadata and documents that identify Meta employees on their face. That is not a request for relief from Magistrate Judge Kang's Order. It is a *new* discovery motion, made for the first time after the AGs received the relief for which they moved and after trial had begun.

The AGs' expanded request fails. *First*, the AGs cannot use Rule 72(a) to obtain relief they did not seek from Magistrate Judge Kang; because the Order granted the specific request they actually made, there is nothing for this Court to grant relief from. *Second*, even if the AGs' underlying briefing could be stretched to cover custodial Google documents, Magistrate Judge Kang expressly found that additional metadata for all Google documents on the AGs' priority exhibit list would not be proportional because the existing metadata, the face of the documents, or both already identify sufficient Meta employees. That proportionality finding is entitled to deference and is neither clearly erroneous nor contrary to law. *Third*,

the AGs' new request is untimely and waived: they have known since the ESI Protocol was entered in 2024, and certainly since Meta began producing documents under it shortly thereafter, that the Protocol did not require "Viewer" or "Collaborator" metadata. They waited until long after the close of fact discovery (and now, until after receiving all the relief they sought and two weeks into trial) to broaden their request. The Court should deny it.

## I. Background

In March 2024, the Court entered an ESI Protocol, heavily negotiated by the Parties, that specifies the metadata fields the Parties are required to collect and produce. ECF 690 App. 1 ¶ 4. The ESI Protocol requires the production of metadata showing, for example, the AUTHOR of a document and ALLCUSTODIANS from whose data sources the document was collected. *See generally* ECF 564 (3436) (Parties' Stipulation re Authenticity of and Definitions for Certain Metadata Fields) ¶¶ 1-9 (defining certain metadata fields). For non-custodial documents—i.e., documents stored on shared drives that were not also collected from any individual custodian—Meta identified "Meta Platforms" as the only custodian. Although Google Docs have metadata fields identifying the individuals who had *permission* to access or to edit the Google document as of the date of collection—referred to as GSUITE_VIEWER and GSUITE_COLLABORATOR metadata, respectively—Plaintiffs (including the AGs) never requested production of those metadata fields for Google documents in discovery, and the ESI Protocol does not require their production.

## II. Applicable Standard

As this Court has previously recognized, "[a] motion for relief from a non-dispositive order should only be granted when the moving party establishes that the non-dispositive order by the magistrate judge is clearly erroneous or contrary to law." ECF 439 (3212) (citing Fed. R. Civ. P. 72; *Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991); *Barnes & Noble, Inc. v. LSI Corp.*, 2013 WL 841334, at *1 (N.D.Cal. Mar. 6, 2013)). "This standard of review is extremely deferential." *Id.* (citing *Barnes & Noble, Inc.*, 2013 WL 841334, at *1).

## III. Argument

### A. The AGs Received All the Relief They Requested.

Rule 72(a) provides no vehicle for the AGs' motion because Magistrate Judge Kang granted the only relief the AGs specifically requested: "Viewer" and "Collaborator" metadata for priority-list Google documents with no individual custodian. That is the only category of documents for which the AGs specifically moved below, and Meta has produced the ordered metadata for every document in that category.

In the Parties' original joint letter-brief on the AGs' Motion, filed May 7, 2026, the AGs moved Magistrate Judge Kang for an order requiring Meta to produce GSUITE_VIEWER and GSUITE_COLLABORATOR metadata for all Google documents produced by Meta in discovery for which the *only* custodian identified in the ALLCUSTODIANS field was "Meta Platforms." ECF 3023 (4:22-md-3047). The first paragraph of the AGs' original motion made clear that they were seeking this metadata *only* for Google documents for which the sole custodian was Meta Platforms. There, they complained that "Meta did not identify ***a single human custodian*** for any of these documents, instead listing ***only 'Meta Platforms***,'" and that Meta had produced documents "***with no identified human custodian*** or Collaborators/Viewers." ECF 3023 (4:22-md-3047) at 5 (emphasis added). The AGs later narrowed their request to only those Non-Custodial Google Docs on the AGs' priority exhibit list. *See* ECF 510 (3346) at 6. The AGs did *not* newly request the production of that metadata for Google documents for which Meta *had* produced individual (human) custodian metadata.

The limited version of the AGs' request made sense on its own terms. Since custodial metadata may help identify individual(s) with familiarity or knowledge of a document, documents that were already produced with associated human custodians—often along with AUTHOR metadata and the names of individual Meta employees appearing on the face of the documents—already enabled the AGs to explore in discovery which witnesses might be able to lay sufficient foundation at trial to admit a document into evidence. *See generally* ECF 3023 at 9 (Meta's original joint letter-brief reply). It also gave the AGs ample information to identify a "Sponsoring Witness" for their exhibit list.

On August 10, 2026, Magistrate Judge Kang entered an Order resolving the AGs' Motion. Order (ECF 3361). He *agreed* with Meta that certain Google documents are non-custodial documents for which it was appropriate for Meta to identify "Meta Platforms" in the ALLCUSTODIANS metadata field; *rejected* the AGs' argument that "Viewers" and "Collaborators" are the same as "custodians"; *rejected* the AGs' argument that Meta was required to produce *any* "Viewer" or "Collaborator" data under the ESI Protocol; and *rejected* the AGs' argument that their new request (raised more than a year after the close of fact discovery) was timely because they had raised a related (but different) request in December 2024. Order at 7–10. Nevertheless, based on principles of proportionality, Magistrate Judge Kang ordered Meta to produce the "Viewer" and "Collaborator" metadata fields for all Google documents on the AGs' priority exhibit list for which the only identified custodian was "Meta Platforms," except for several documents that identified Meta employees on their face. *Id.* at 10.

Meta promptly complied. Although the Order referred to 43 documents, this tally was based on the assumptions that (1) all documents on the AGs' priority exhibit list were Google documents and that (2) if the AGs only listed "Meta Platforms" as their exhibit-list "Sponsoring Witness," then "Meta Platforms" must have been the sole custodian available to them. *Id.* at 4, 10. However, as Meta explained in a Notice of Compliance filed on August 14, "Meta Platforms" is the *sole* custodian for only 28 documents on the AGs' priority exhibit lists, of which only 6 are Google documents. ECF 532 (3390) at 3. On August 13, 2026, Meta produced a metadata overlay for all 28 documents (i) clarifying whether the document is a Google document (as opposed to some other type of non-custodial document, such as a public webpage); and, for the 6 Google documents on the list, (ii) providing the "Viewer" and "Collaborator" metadata requested by the AGs. *See id.*; *see also* **Ex. A**.[1] Although 5 of those 6 documents openly identify Meta employees on the face of the document—just like the 6 documents Magistrate Judge Kang excluded from Meta's production requirement under the Order—Meta nonetheless produced

[1] Exhibit A contains the email from Meta's counsel to the AGs transmitting the metadata overlay spreadsheet. Meta will provide a courtesy copy of the metadata overlay spreadsheet to the Court following filing.

"Viewer" and "Collaborator" metadata for all 6 of the Non-Custodial Google Documents on the AGs' priority exhibit lists.

Because the AGs did not ask Magistrate Judge Kang to order production of Viewer and Collaborator metadata for *custodial* Google documents, there is no adverse ruling on that issue for this Court to review. The AGs in fact received all the relief they sought: the requested GSuite metadata fields for the only Non-Custodial Google Documents on their priority exhibit lists. Nevertheless, the night before their deadline to file a motion for relief from nondispositive pretrial order of a magistrate judge, they filed such a motion with the Court, purporting to seek "relief" from Magistrate Judge Kang's Order. ECF 566 (3438). Unsurprisingly, since the AGs received all the relief they previously sought, their Motion does not actually seek any "relief" from that Order. Rather, it asks this Court, in the first instance, to order Meta to produce the requested metadata for *all* Google documents on the AGs' priority exhibit list—including those for which Meta long ago identified individual custodians, and including those which name authors or Meta employees on their face.

Having failed to request that information in their underlying briefing before Magistrate Judge Kang, the AGs may not now seek it from this Court under the guise of seeking "relief" from an Order that in fact granted them the relief they previously requested. *See, e.g.*, *Watson v. Kijakazi*, 2023 WL 4317188, at *1 (C.D. Cal. Apr. 5, 2023) ("[N]ew evidence and arguments are not properly raised for the first time in Objections."). Moreover, by failing to seek this metadata from documents with identified custodians in their original motion, the AGs waived the right to seek them now, whether from Magistrate Judge Kang or from this Court. *See 14 Moore's Federal Practice - Civil* § 72.11 (2026) ("A party's failure to present timely arguments, case law, or evidentiary materials to a magistrate judge prior to the magistrate's ruling, thereby depriving the magistrate of the opportunity to rectify any alleged errors, waives that party's right to present those arguments or materials to the district court on appeal from the magistrate's nondispositive order."); *cf. Shaw v. Sacramento Cnty. Sheriff's Dep't*, 2022 WL 705601, at *2 (E.D. Cal. Mar. 9, 2022) ("Plaintiff waived argument" when "she 'raised it for the first time in a motion for reconsideration of a magistrate judge order staying discovery'").

### B. Magistrate Judge Kang's Order Precludes the AGs' New Request for Metadata for All Custodial Google Documents.

Even if the AGs' underlying briefing could be construed as having requested the additional metadata fields for *custodial* Google Docs—it cannot—their motion would still fail. Under Rule 72(a), this Court may set aside a magistrate judge's nondispositive order only if it is "clearly erroneous or contrary to law." *See also* ECF 1741 (4:22-md-3047) at 2-3. That deferential standard does not permit the AGs to simply reargue proportionality or ask this Court to balance the issue differently.

Magistrate Judge Kang's Order clearly found that "requiring Meta to produce the requested additional metadata for all [Google documents on the AGs' priority exhibit list] is not proportional because either the metadata produced already identifies other custodian(s) for each document or the face of the document identifies Meta employees (or both)." Order at 10. That finding independently forecloses the AGs' attempt to obtain broader production unless they can show clear error or legal error. The AGs cannot: as Magistrate Judge Kang reasoned, "there exists a subset of the 285 trial exhibits from which the States may ascertain the author of the documents just from the contents of the documents themselves," *id.* at 8; "[t]he fact that a person could view a document does not equate [to] their being a custodian of the document," *id.* at 7; and "lists of hundreds of persons who may have been authorized to access a particular document is of limited relevance," *id.* at 5.

Moreover, as Meta argued below, the States made the "tactical decision" "not to pursue depositions of witnesses whose names appear on the documents" or to serve Requests for Admission seeking this information in discovery. *Id.* at 9. As Magistrate Judge Kang concluded, "[t]he States have not provided a reasonable explanation for their failure to employ the available discovery tools made explicitly available to them since 2024 to obtain discovery which would have obviated the need for the instant motion." *Id.* Thus, the *only* documents for which it would be proportional to order the production of additional metadata, Magistrate Judge Kang reasoned, were documents for which "there is no readily available other information for identifying persons authorized to access the documents," i.e., Non-Custodial Google Documents. That ruling is entitled to deference.

At most, the AGs' Motion disagrees with Magistrate Judge Kang's proportionality judgment. But disagreement is not clear error, and the AGs identify no legal rule requiring production of metadata that the ESI protocol omitted. Magistrate Judge Kang's findings should therefore be left undisturbed.

**C. The AGs' Request Is Time-Barred.**

Even if the AGs had not waived their latest request for metadata for all custodial Google Docs on their priority exhibit list, and even if Magistrate Judge Kang's Order did not foreclose that new request, it should still be denied as a motion for discovery that should have been filed, at the latest, by April 11, 2025. *See* L.R. 37-3 (requiring that all discovery motions be brought within one week of the close of fact discovery, which here was April 4, 2025); *Eagle Eyes Traffic Industry USA Holding LLC v. E-Go Bike LLC*, 2023 WL 6629802, at *1 (N.D. Cal. Oct. 10, 2023) ("Untimely motions related to fact discovery are not permitted under Local Rule 37-3."). "Having not raised the issue earlier, [a] party waive[s] the right to seek metadata" if it moves for such data "[s]hortly before trial" despite failing to object when ESI was originally produced without it. *The Sedona Conference, The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1, 196 (2018). The AGs cannot avoid Local Rule 37-3 now by styling an untimely discovery demand as Rule 72 relief.

The AGs have known since March 18, 2024, when the Court entered the Parties' ESI Protocol, that they would not be receiving "Viewer" or "Collaborator" metadata for any Google documents produced by Meta in discovery. As explained in the Order:

> Prior to the entry of the ESI Protocol, [Magistrate Judge Kang] was presented with and resolved multiple letter briefs on disputes between the Parties on the terms of the ESI Protocol. The terms of the ESI Protocol were discussed at multiple hearings and Discovery Management Conferences the Court held with the Parties early in the discovery process, given the number of disputes raised at that time (which even necessitated the Court developing a bespoke chart for the Parties to organize their dozens of disputes more clearly). Suffice to say that the selection of metadata fields which are required to be produced pursuant to the ESI Protocol was the product of extensive, reasoned discussions between the Parties (in their negotiations) and with the Court (in resolving the disputes). *The fact that the metadata now requested is not part of the ESI Protocol is neither an oversight nor a drafting error.*

Order at 6 (emphasis added).

The AGs also knew as early as June 2024, when Meta began producing Google documents in accordance with the ESI Protocol, that some Google documents specified only "Meta Platforms" as custodian, whereas other Google documents produced by Meta identified individual (human) custodians. As the Parties have stipulated, the ALLCUSTODIANS metadata field

> lists each custodian associated with a document, i.e., the individual responsible for storage of the document and from whose data source (e.g., email account, computer, Google Workspace, or other repository) the document was collected for purposes of this litigation (if it was collected from such source). A document may have more than one custodian if the exact duplicate file resides in more than one individual's data sources. *If a document resides on a shared drive or other shared repository that is not associated with a single, specific person, it does not have an individual custodian; in that case, the name of the Producing Party (i.e., "Meta Platforms" or "OAG") may instead be identified in this metadata field*.

ECF 564 (3436) ¶ 7 (emphasis added).

If the AGs had any concern about identifying individuals with sufficient knowledge of Google documents to potentially lay foundation for their admission into evidence at trial, that doubt was certainly resolved by March 2025. At that time, the AGs, along with the PISD Plaintiffs, raised a separate dispute with Magistrate Judge Kang in which they argued that Meta had "produced 58,627 [Highly Confidential] Documents from shared sources without comprehensive custodial metadata, instead only listing 'Meta Platforms' as the custodian." ECF 1775 (4:22-md-3047) at 1. While Plaintiffs suggested that Meta "should have produced this data to Plaintiffs at the time of production," *id.* at 2, they did not ask (nor did the Court require) Meta to produce it, ECF 1936 (4:22-md-3047).

Instead, the AGs waited until May 2026, a full year after fact discovery closed, to request new metadata for Non-Custodial Google Documents. *See* ECF 3023 (4:22-md-3047). They then waited another four months—two weeks into trial—to raise the broader request they now press: Viewer and Collaborator metadata for *all* Google documents on their priority exhibit list, including custodial documents for which Meta had already produced individual custodian metadata.

That delay is dispositive. Indeed, as the AGs themselves recently argued in opposing a motion by Meta raising a "discovery issue," filing a discovery motion "more than a year after the fact-discovery cutoff, and more than six months after [the moving party] itself identified … the possibility" of a discovery

violation shows "a complete lack of diligence." ECF 522 (3364) at 4 (citing Local R. 37-3 for the proposition that "no motions related to fact discovery may be filed more than 7 days after the fact discovery cut-off").[2] The same principle applies here. The AGs are moving for additional discovery more than *two years* after the AGs had reason to believe they might need additional metadata for Google Docs; over 1.5 years after they raised a related (but different) discovery dispute; and four months after they moved for the exact same metadata for a more limited set of (purely Non-Custodial) Google Docs. There can be no serious dispute that there has been a complete lack of diligence. Indeed, Magistrate Judge Kang recognized that the AGs' request was untimely. Order at 9. Nevertheless, he proceeded to resolve the dispute on the merits, granting the AGs all the relief they were requesting. They should not now be heard to ask for more.

## CONCLUSION

For the foregoing reasons, the AGs' Motion should be denied.

[2] The Court appears to have agreed, faulting Meta because "Meta did not itself require an ongoing production; nor did it issue a follow up subpoena." ECF 534 (3392) at 2.

DATED: August 24, 2026

Respectfully submitted,

By: */s/ Ashley M. Simonsen*

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Paul W. Schmidt (*pro hac vice*)
Timothy C. Hester (*pro hac vice*)
David N. Sneed (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pschmidt@cov.com
Email: thester@cov.com
Email: dsneed@cov.com

Brian L. Stekloff (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street, NW, Floor 10
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
Email: bstekloff@wilkinsonstekloff.com

Moira Penza (*pro hac vice*)
WILKINSON STEKLOFF LLP
130 W 42nd Street, Floor 24
New York, NY 10036
Telephone: (212) 294-8910
Facsimile: (202) 847-4005
Email: mpenza@wilkinsonstekloff.com

*Attorneys for Defendant Meta Platforms, Inc. f/k/a Facebook, Inc.*