Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

*Attorney for Defendant Meta Platforms, Inc. f/k/a Facebook, Inc.*

*[Additional counsel listed on signature pages]*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*ALL ACTIONS*<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case Nos.: 4:22-md-03047-YGR-PHK<br>4:23-cv-05448-YGR<br><br>**META'S NOTICE OF INTENT TO UNDERTAKE REASSESSMENT OF PRIVILEGE REDACTIONS IN PRODUCED DOCUMENTS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

At the end of the AG trial, the Court made several statements regarding privilege, and it overruled privilege redactions in a specific Meta document.

Meta wishes to underscore its efforts to make privilege determinations in good faith. Meta invested meaningful efforts in producing a large volume of documents in a very accelerated manner in this litigation, which required rapid privilege determinations. After completing the bulk of that production and in the course of reviewing those privilege determinations, Meta decided on its own initiative to re-review documents that had been withheld as privileged, and as a result voluntarily de-privileged a meaningful number of documents. Throughout this process, Meta worked to keep the Court and Plaintiffs informed of its efforts, with Plaintiffs ultimately agreeing not to seek further relief as a result of Meta's privilege-downgrade productions. *See* ECF 2949 ¶ 21, *as entered* ECF 2965 at 2.[1] Meta ultimately withheld in full less than 2% of all documents produced,[2] applied privilege redactions to less than 5% of all documents produced, and produced thousands of documents involving in-house attorneys and/or bearing "Attorney-Client Privilege" headers (reflecting that such factors were not dispositive in determining the scope of the privilege asserted).

In making its privilege determinations, Meta has been guided not only by Ninth Circuit law, but also by its review of Northern District of California precedent generally.

Both before and after this process, Meta litigated several privilege challenges brought by Plaintiffs, and prevailed on virtually all of them. *See* **Dec. 20, 2024 Order (Kang, J.)**, ECF 1478 (sealed); ECF 1620 (redacted) (upholding majority of Meta's privilege redactions in 150+ page slide deck following *in camera* review); **Jan 12, 2026 Order (Kang, J.)**, ECF 2629 (sealed); ECF 2633-1 (redacted) (granting motion for protective order as to all of Meta's privilege redactions in four documents following *in camera* review); **May 18, 2026 Order (Kang, J.)**, ECF 3053 (sealed); ECF 3096 (redacted) (reaffirming Jan. 12, 2026 Order and declining to pierce privilege in related document); **June 29, 2026 Order (Gonzalez Rogers, J.)**, ECF 439 at 2 (denying AGs' motion for relief from Magistrate Judge Kang's Jan. 12, 2026 and May 18, 2026 Orders); *see also* **Aug. 21, 2026 Order (Gonzalez Rogers, J.)**, ECF 562

---

[1] All citations are to the MDL docket (4:22-md-3047), where the filings at issue were exclusively made.
[2] By contrast, in *Epic Games, Inc. v. Apple Inc.*, the defendant had asserted privilege "over more than one third of the responsive documents." 2024 WL 5318836, at *1 (N.D. Cal. Dec. 31, 2024).

(memorializing Aug. 20, 2026 oral rulings, *see* Tr. at 644:25–645:6, 650:15–651:18, upholding Meta's privilege claims over two documents in full and excluding all testimony proffered by AGs as either privileged or irrelevant).

Meta specifically prevailed before Magistrate Judge Kang twice, in Orders that were affirmed by this Court, as to the document the Court subsequently de-privileged during trial. *See* Jan. 12, 2026, May 18, 2026, and Aug. 21, 2026 Orders cited above. Meta also prevailed on the only privilege challenge it brought as to the AGs' logs. *See* **June 10, 2026 Order (Kang, J.)**, ECF 3135 (ordering New Jersey state agencies to produce documents originally withheld under deliberative process privilege).

It is critical to Meta that its privilege claims are well-founded and address any concerns of the Court. For this reason, given the Court's recent statements regarding privilege issues, Meta is undertaking a further review of privilege redactions it applied to documents produced in this litigation. To the extent Meta narrows its privilege redactions as a result of this reassessment, Meta anticipates producing less-redacted versions of documents, on a rolling basis, by no later than the end of 2026.

DATED: August 31, 2026

Respectfully submitted,

By: */s/ Ashley M. Simonsen*

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Paul W. Schmidt (*pro hac vice*)
Timothy C. Hester (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pschmidt@cov.com
Email: thester@cov.com

## FILER'S ATTESTATION

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: August 31, 2026    By: */s/ Ashley M. Simonsen*